UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X

STORM LLC,                                                    :

                                        Plaintiff,   :

TELENOR MOBILE COMMUNICATIONS AS,

                                                             :

                                      Defendants.   :

———————————————————————— X     06-CV13157 (GEL)(DF)

TELENOR MOBILE COMMUNICATIONS AS,          :

                                Counterclaimant,   :

                      - against -                             :

STORM LLC,                                                   :

                      Counterclaim-Defendant,   :

                      - and -                                 :

ALTIMO HOLDINGS & INVESTMENTS LIMITED        :
and ALPREN LIMITED

                                Relief Defendants.   :


**OPPOSITION MEMORANDUM OF ALTIMO HOLDINGS & INVESTMENTS LIMITED
AND ALPREN LIMITED TO TELENOR MOBILE'S MOTION FOR
AN ANTI-SUIT INJUNCTION**

"Relief defendants" Altimo Holdings & Investments Limited ("Altimo") and Alpren Limited ("Alpren") respectfully make this limited appearance before the Court solely for the purpose of submitting a memorandum of law in opposition to the motion by counterclaimant Telenor Mobile Communications AS ("Telenor Mobile") for an anti-suit injunction.[1]

### Preliminary Statement

Altimo and Alpren are both foreign companies that do no business in New York. Neither Altimo nor Alpren is alleged in any Complaint or Counterclaim to have done any act to bring themselves within the jurisdiction of this Court. Nor does the memorandum of Telenor Mobile in support of its motion for an anti-suit injunction contain a single fact supporting personal jurisdiction of this Court over either company. There is no allegation that either Altimo or Alpren has activities in New York, has offices in New York, or does business in New York through a New York agent. Instead, Telenor Mobile's memorandum details purported misdeeds of Storm and then makes the conclusory and wholly unsupported assertion that Altimo and Alpren have acted "in concert" with Storm. (Telenor Mobile Br. at 15.) This bald allegation is an insufficient basis for this Court to exercise personal jurisdiction over Altimo or Alpren. To do so would violate constitutional notions of fair play and substantial justice.

Telenor Mobile's attempt to cure the jurisdictional deficiencies in its motion against Altimo and Alpren by invoking Federal Rule of Civil Procedure 65(d) fails. Rule 65(d) is inapplicable to the present situation and, in any event, cannot confer personal jurisdiction where none exists.

---

[1] Altimo and Alpren are separate corporate entities, and their common representation by counsel, done for reasons of expediency, should not be read as an admission or waiver of any sort. Moreover, Altimo and Alpren have not received copies of Telenor Mobile's papers through

## Argument

### I.    Telenor Mobile Has Not Established Personal Jurisdiction Over Altimo or Alpren

Telenor Mobile claims that "[b]ecause Storm's litigation campaign is being waged in concert with two of its privies, Alpren and Altimo, there is personal jurisdiction over them to the same extent as over Storm, because each is an agent for the other". (Telenor Mobile Br. at 15.) That is nothing more than a conclusory statement that fails to articulate a specific theory of personal jurisdiction. The "litigation campaign" is a presumably a reference to the Ukraine court actions involving Storm. However, those actions are being litigated in the Ukraine, not in New York, and cannot be the basis for finding personal jurisdiction over Alpren or Altimo. Storm's sole activity in New York is its participation in the underlying arbitration and related litigation before this Court on its own behalf. In neither instance is there an assertion (let alone proof) that Storm was acting as an agent for Alpren or Altimo.

Second Circuit law states clearly that "the bland assertion of conspiracy or agency is insufficient to establish jurisdiction" and that a party must allege specific facts connecting foreign defendants to a New York activity. *Lehigh Valley Indus., Inc. v. Birenhaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (dismissing action against one defendant because of "threshold failure" to establish out-of-state defendant's alleged tortious activities in New York under a conspiracy theory); *see also E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*, No. 00 CIV 8670 (LTS)GWG, 2003 WL 22064259, at *12 (S.D.N.Y. Sept. 5, 2003) (same) (quoting *Lehigh*). New York case law reveals that this is a difficult standard to meet. *See Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.*, No. 00 CIV. 5663, 2001 WL 1468168 at *8 (S.D.N.Y. Nov. 19, 2001) (rejecting conspiracy theory for jurisdiction purposes where plaintiffs offered nothing

---

service of process, and they reserve all rights relating to the sufficiency and propriety of such service.

more than conclusory allegations); *Plaza Realty Investors v. Bailey*, 484 F. Supp. 335, 344-48 (S.D.N.Y. 1979) (rejecting agency theory as basis for jurisdiction where plaintiff failed to demonstrate that purported agent acted on behalf of out-of-state defendant, and for that defendant's benefit); *Louis Marx & Co. v. Fuji Seiko Co.*, 453 F. Supp. 385, 390-391 (S.D.N.Y. 1978) (rejecting agency theory as basis for jurisdiction, even where in-state activities benefited out-of-state defendant, because plaintiff failed to demonstrate that defendant was aware of in-state activities or controlled those activities).

The main case relied upon by Telenor Mobile, *In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328 (S.D.N.Y. 2000), actually supports Altimo and Alpren's argument that there is no personal jurisdiction here. In *Sumitomo*, the court stated that the plaintiff must:

> "convince the court that [the agent] engaged in purposeful activities in this State in relation to [plaintiffs'] transaction for the benefit of and with the knowledge and consent of the [] defendants and that they exercise[d] some control over [the agent] in the matter. Plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in question; control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation." *Id.* at 336 (internal citations and quotations omitted).

Telenor Mobile fails completely to meet this test. It has not shown or even alleged that Storm engaged in purposeful activity in New York for the benefit of and with the knowledge and consent of Altimo or Alpren. Nor has it shown or even alleged that Altimo or Alpren exercised some control over Storm with respect to its New York activities. *Sumitomo* requires a sufficiently detailed showing that Altimo or Alpren is the primary actor with respect to the matter before the Court. Telenor Mobile has not provided <u>any</u> such detail. Instead, in violation of *Sumitomo*, Telenor Mobile is attempting to demonstrate control based solely on Altimo and Alpren's corporate relationship to Storm or upon conclusory allegations that the parties are

3

agents of one another. In short, Telenor Mobile has not come close to satisfying the personal jurisdiction standards that it has acknowledged it must meet.[2]

The other personal jurisdiction cases cited by Telenor Mobile are equally inapposite. In both cases, *F.T.C. v. Cleverlink Trading Ltd.*, No.05 C 2889, 2006 WL 1735276, at *1 (N.D. Ill. June 19, 2006) and *C.F.T.C. v. IBS, Inc.*, 113 F. Supp. 2d 830, 853-54 (W.D.N.C. 2000), *aff'd sub. nom.*, *C.F.T.C. v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 184 (4th Cir. 2002), the assertion of personal jurisdiction turned on the availability of nationwide service of process under a federal statute. No such statute is involved here.

Even if the requirements of New York's long-arm jurisdiction were somehow satisfied—and they are not—any exercise of personal jurisdiction over Altimo and Alpren would violate due process under the U.S. Constitution. Constitutional due process requires (1) minimum contacts with the forum, and (2) that personal jurisdiction be reasonable under "traditional notions of fair play and substantial justice". *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 598 (S.D.N.Y. 1998). As shown above, Telenor Mobile has not alleged that Altimo and Alpren have any contact with New York. Absent such allegations, Telenor Mobile fails to satisfy the first prong for constitutional due process.

Under the second prong of the due process test, exercise of jurisdiction over a foreign defendant is reasonable where that entity can reasonably anticipate being "haled into court" in the forum. In *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano*

---

[2]    In *Sumitomo*, 120 F. Supp. at 336, and in Telenor Mobile's other case, *Simon v. Philip Morris, Inc.*, 2000 U.S. Dist. Lexis 265, at *67-*82 (E.D.N.Y. Jan. 4, 2004), *appeal dismissed*, 229 F.3d 1135 (2d Cir. 2000), there were allegations and a showing that the agent committed or facilitated a tort in New York or engaged in general business activity in New York on behalf of the primary actor. Such allegations or proof are completely lacking here.

*County*, the Supreme Court held that special consideration must be given to defendants who are domiciled outside the United States:

> "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." 480 U.S. 102, 114 (1987).

Here, Altimo and Alpren have no basis whatsoever for anticipating that they will be haled into court in the Southern District of New York. Telenor Mobile's theory that Storm acted as Altimo and Alpren's agent in New York is not supported by a single citation of a specific activity undertaken by Storm in New York on behalf of Altimo or Alpren. Under the "careful inquiry into the reasonableness of the assertion of jurisdiction", *Id.* at 115, it would be onerous, wholly unjustified, and unreasonable to assert jurisdiction over Altimo and Alpren based on what Telenor Mobile has alleged. In light of the lack of allegations regarding contacts with New York, and the considerable burden imposed on Altimo and Alpren as foreign defendants, an exercise of personal jurisdiction would clearly offend "traditional notions of fair play and substantial justice". *Id.* at 113.

## II.    Telenor Mobile's Invocation Of Rule 65 Is Futile

Telenor Mobile tries to rescue its patently deficient allegations on personal jurisdiction by asking the Court to extend any injunction, under Rule 65(d) of the Federal Rules of Civil Procedure, to Altimo or Alpren. The Court should reject this futile effort at bootstrapping.

Rule 65(d) is binding only upon the parties to the action and those who are in "active concert or participation with them." As an initial matter, the rule does not allow the Court to expand an injunction to persons over whom it has no jurisdiction. One of Telenor Mobile's own cases, *F.T.C. v. Cleverlink Trading Ltd.*, 2006 WL 1735276, expressly states that

5

"a court still must have jurisdiction over <u>any</u> person against which [the power under Rule 65] is exercised". *Id.* at *3 (citing concurring opinion in *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982) which in turn cites *Zenith Radio Corp v. Hazeltine Research, Inc.*, 395 U.S. 100, 111-112 (1969)) (emphasis added).

In any event, there has been no showing here that Altimo or Alpren are "in active concert or participation with" Storm with respect to the subject matter of this action. Unlike the typical situation where the court enters an injunction against the party that brought another action and then extends the injunction to another party pursuant to Rule 65(d), here, the party that brought the Ukraine action is <u>Alpren</u>. The Court has no personal jurisdiction over Alpren and therefore cannot issue an injunction against Alpren. *See Zenith*, 395 U.S. at 111-112 (holding that a district court must have personal jurisdiction over a party before it can enjoin its actions). Rule 65(d) is not applicable here and cannot be used by Telenor Mobile to hide the obvious jurisdictional shortcomings that plague their motion for an anti-suit injunction.

**Conclusion**

For the foregoing reasons, Altimo and Alpren respectfully request that this Court reject Telenor Mobile's motion for an injunction against them, and that the Court grant such other and further relief as it may deem appropriate.

December 8, 2006

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP

by _Ronald S. Rolfe_

Ronald S. Rolfe (RR-0846)
A member of the Firm

Attorneys for Relief Defendants Altimo
Holdings & Investments Limited and
Alpren Limited
 Worldwide Plaza
 825 Eighth Avenue
  New York, NY 10019-7475
  (212) 474-1000

7