Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue, New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STORM LLC,**

Plaintiff,

-against-

**TELENOR MOBILE COMMUNICATIONS AS,**

Defendant.

06 CV13157 (GEL) (DF)

**TELENOR MOBILE COMMUNICATIONS AS,**

Counterclaimant,

- against-

**STORM LLC,**

Counterclaim-Defendant,

- and-

**ALTIMO HOLDINGS & INVESTMENTS LIMITED and ALPREN LIMITED,**

Relief Defendants.

**DECLARATION OF OLEKSIY DIDKOVSKIY**

I, **OLEKSIY DIDKOVSKIY**, declare the following to be true:

1. I am a member of the bar of Ukraine and of Shevchenko Didkovskiy & Partners law firm, located in Kyiv, Ukraine. My practice includes

telecommunications law, cable communications, antitrust and trade regulation, loan and

financial transactions, corporate finance, and foreign investment matters. I also serve as

Ukrainian counsel to Telenor Mobile Communications AS ("Telenor Mobile"). I make

this declaration at the request of Telenor Mobile and pursuant to 28 U.S.C. § 1746 in

support of Telenor Mobile's motion for an anti-suit injunction.

        2.     On September 5, 2006, I attended a hearing at the Kharkiv Region

Court of Appeals in a case initiated upon petition of Pavel Kulikov, with Storm LLC

("Storm") as an interested party, No. 22-ts-4386 2006. The purpose of the hearing was to

hear an appeal by Telenor Mobile to vacate an *ex parte,* "fact-finding" decision

purporting to affect Telenor Mobile's rights under Closed Joint Stock Company

"Kyivstar G.S.M's" charter, issued by the Moskovsky District Court of the City of

Kharkiv. Storm, an interested party in that action, was represented at the hearing by

Roman V. Marchenko, an attorney and senior partner at the Ilyashev & Partners law firm.

Earlier in that action, Storm was represented by Artem V. Zinchenko, the head of

Ilyashev & Partners' Kharkiv office. A copy of a petition on withdrawal filed by Storm in

such action, signed by Artem V. Zinchenko, is attached hereto as Exhibit A, together with

an English translation thereof. A copy of Mr. Zinchenko's power of attorney from

Storm, together with an English translation thereof, is attached hereto as Exhibit B. Pavel

Kulikov, the plaintiff in the Kharkiv litigation, is, to my knowledge, an executive of

Altimo and a former general director of Storm. Ilyashev & Partners is external Ukrainian

counsel for Alpren Limited ("Alpren"). A list of Ilyashev & Partners' attorneys, taken

from its website, is attached hereto as Exhibit C.

        3.     As indicated in the Minutes of the Kyiv City Commercial Court

hearing dated April 25, 2006 in *Alpren Limited v. Storm Limited Liability Company*, No. 40/242, and the Decision of the Kyiv City Commercial Court dated April 25, 2006 in the same case, copies of which are attached hereto as Exhibit D, together with English translations thereof, on April 25, 2006, Mr. Marchenko also appeared in *Alpren Limited v. Storm Limited Liability Company*, No. 40/242, in the Kyiv Commercial Court. In that action, Mr. Marchenko represented Alpren. Mr. Vadim Klymenko, Vice President of Altimo Holdings & Investment Ltd. and Representative in Ukraine, appeared in that action on behalf of Storm. Alpren's mailing address in Ukraine, 4 Chapayeva Street, Kyiv 01030, identified in the petition of Storm for clarification of the ruling of the Kyiv Commercial Court of Appeals dated May 25, 2006, a copy of which is attached hereto as Exhibit E, together with an English translation thereof, is the same address as the address of the offices of Ilyashev & Partners in Kyiv. A copy of a page from Ilyashev & Partners' website containing such address is attached hereto as Exhibit F.

4. Attached hereto as Exhibit G is a copy of a business card in Russian given to me by Mr. Klymenko, together with an English translation thereof.

5. At my request and under my supervision, an associate of our law firm has conducted a search of the files of the Ukrainian Unified State Registry of Legal Entities and Individuals-Entrepreneurs (the "State Registry") relating to Storm.

6. According to the information contained in the extract from the State Registry as of December 12, 2006, Mr. Klymenko is the chief executive of Storm, referred to under Storm's Charter as the general director. Attached hereto as Exhibit H is a copy of such extract from the State Registry, together with an English translation thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of December, 2006

________________________________
OLEKSIY DIDKOVSKIY

To: Kharkiv Region Court of Appeals

from: LLC "Storm"

Petition

We hereby withdraw the petition on renewal of the term for appealing filed by LLC "Storm".

August 8, 2006

Representative of LLC "Storm" under Power of Attorney [*signature*] A.V. Zinchenko

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition from LLC "Storm" to Kharkiv Region Court of Appeals dated August 8, 2006, of which I have seen a copy of the original.

December 11, 2006, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal] "ЕРІДАН-2002" м.Київ * Україна Товариство з обмеженою відповідальністю ідентифікаційний код 31905398

143

До Залізничного суду Харківської області
від ТОВ «Сторм»

Заява

Прошу заяву відкликаною заяву про
поновлення строку на апеляційне оскарження, на...
...ТОВ «Сторм».

08.05.2006 р.

Представник ТОВ «Сторм» довірено [signature] А. В. Зінченко

## POWER OF ATTORNEY FOR REPRESENTATION

*Kyiv City* *the third of August, year two thousand and six*

By this power of attorney, Limited Liability Company "Storm" (code in the Unified State Register of Enterprises and Organizations of Ukraine 23163325), hereinafter – the "Company", as represented by its General Director V.V. Klymenko, acting on the basis of the Charter, authorizes

**Zinchenko Artem Volodymyrovych,** residing at 48, Korchagyntsiv Str., Apt. 130, Kharkiv City, passport MH No. 110341, working as a legal advisor,

to represent the interests of the Company in all Ukrainian courts (including commercial courts of all levels), with the right to sign on behalf of the Company, as well as with all other rights vested in a claimant, respondent, third person and interested person, including the right to appeal against a court decision, decree, ruling, and to receive an order, a decision, a ruling or a decree.

The power of attorney is issued for one year without the right to delegate powers hereunder and shall be valid until the third of August, year two thousand and seven.

General Director *[Seal of LLC "Storm"]* V.V. Klymenko

*[Signature]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Power of Attorney issued by Limited Liability Company "Storm" on August 3, 2006, of which I have seen a copy of the original.

December 14, 2006, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

148

# ДОВІРЕНІСТЬ НА ПРЕДСТАВНИЦТВО

*м. Київ* *третє серпня дві тисячі шостого року*

Товариство з обмеженою відповідальністю "Сторм" (код в ЄДРПОУ 23163325), надалі "Товариство", в особі генерального директора Клименка В.В., який діє на підставі Статуту, цією довіреністю уповноважує

**Зінченка Артема Володимировича, який мешкає за адресою:** м. Харків, вул. Корчагинців, 48, кв.130, паспорт МН №110341, працюючого юрисконсультом,

представляти інтереси Товариства в усіх судах України (включаючи Господарські суди всіх рівнів), з правом вчинення підпису від імені Товариства, а також з усіма іншими правами, що надаються позивачу, відповідачу, третій особі, зацікавленій особі, в тому числі з правом оскарження судового рішення, ухвали, постанови, отримання наказу, рішення, постанови, ухвали.

Довіреність видана на один рік без права передоручення і дійсна до третього серпня дві тисячі сьомого року.

Генеральний директор Клименко В.В.

Товариство з обмеженою відповідальністю * м.Київ * Україна * "Сторм" * Свідоцтво 23163325



Ilyashev & Partners, Law Firm

# Lawyers

Firm Profile
Lawyers
Areas of Practice
Clients
Careers
Contacts

**Our team:**

Mikhail I. Ilyashev,
Attorney at Law, Senior Partner (Managing Partner).

*Education:* Institute of International Relations, Kyiv National University (Master of International Law).

*Languages:* Ukrainian, English, Russian.

*Member:* Kyiv City Bar Association.

Email: ilyashev@attorneys.com.ua

Roman V. Marchenko,
Attorney at Law, Senior Partner.

*Education:* Institute of International Relations, Kyiv National University (Master of International Law).

*Languages:* Ukrainian, English, Russian.

*Member:* Kyiv Region Bar Association.

Email: marchenko@attorneys.com.ua

Maksim V. Kopeichikov,
Attorney at Law, Partner.

*Education:* National Law Academy of Ukraine, Kyiv National University, Faculty of Jurisprudence (Master of Law).

*Languages:* Ukrainian, English, Russian.

Evgen A. Solovyov,
Attorney at Law, Associate.

*Education:* Institute of International Relations, Kyiv National University (Specialist of International Law).

*Languages:* Ukrainian, Russian, English.

## Galyna I. Lefor,
Attorney at Law, Associate.

*Education:* Lvivskiy Franko National University, Faculty of Jurisprudence (Master of Law).

*Languages:* Ukrainian, English, Russian.

## Igor B. Khasin,
Attorney at Law, Associate.

*Education:* Kyiv National University, Department of Law. Master of Law.

*Languages:* Ukrainian, Russian.

## Oleg I. Trokhimchuk,
Attorney at Law, Associate.

*Education:* Institute of International Relations, Kyiv National University (Specialist of International Law).

*Languages:* Ukrainian, Russian, English, French.

## Svetlana V. Kiyenko,
Lawyer, Associate.

*Education:* Kyiv National University, Faculty of Jurisprudence (Specialist of Law).

*Languages:* Ukrainian, Russian.

## Irina G. Mishanina,
Lawyer, Associate.

*Education:* Inter-Regional Academy of Personnel Management, Faculty of Jurisprudence (Specialist of Law).

*Languages:* Ukrainian, Russian.

## Irina A. Kirichenko,
Lawyer, Associate.

*Education:* Institute of Intellectual Property and Law (Specialist of Law); Court expert on Intellectual Property issues.

*Languages:* Ukrainian, Russian, English.

## Roman I. Molodetskiy,
Lawyer, Associate.

*Education:* National Law Academy of Ukraine (Master of Law).

*Languages:* Ukrainian, English, Russian.

## Lyubomyr P. Drozdovskyy,
Attorney at Law.

*Education:* National University of Kyiv-Mohyla Academy, Department of Law. Master of Law.

*Languages:* Ukrainian, English, Russian.

## Artem V. Zinchenko,
Lawyer, Head of office in Kharkiv.

*Education:* Kharkiv State Economic University - bachelor degree in economic; National Law Academy of Ukraine nam. Y. Mudriy, economic-legal faculty. Master of Law (diploma with honor).

*Languages:* Ukrainian, English, Russian.

Email: kharkiv@attorneys.com.ua

Home Page Site Map

[Letterhead of the Kyiv City Commercial Court]

**DECISION**
**IN THE NAME OF UKRAINE**

**No. 40/242** **April 25, 2006**

**Upon the claim of:** Alpren Limited, Legal entity under the laws of Cyprus Republic

**against:** Limited Liability Company "Storm"
**RE:** recognition of certain actions as unlawful and their termination

**The Judge: Smirnova L.G.**

**Representatives:**
Of the plaintiff: Marchenko R.V., representative acting on the basis of the Power of Attorney (unnumbered), dated April 5, 2006
Of the defendant: Klimenko V.V., Director General [acting on the basis of] the Minutes, dated February 8, 2006

**FACTUAL BACKGROUND:**

The Plaintiff filed a claim to recognize as unlawful the actions related to the execution and to discontinue the actions related to performance by the Defendant of the Shareholders Agreement, dated January 30, 2004. During the case hearing, the Plaintiff has extended the demanded relief and asks to recognize as unlawful the actions related to execution and to discontinue the actions related to performance by the Defendant of the Shareholders Agreement, dated January 30, 2004, and the Voting Agreement, dated September 2, 2002.

By its Ruling, dated April 14, 2006, the Kyiv City Commercial Court initiated court proceedings in the case, and the court hearing was scheduled for April 21, 2006.

At the court sitting of April 21, 2006 the case hearing was adjourned until April 25, 2006. The Defendant submitted no statement of defense to the statement of claim.

The Plaintiff's representative, present at the court sitting, sustained the demanded relief and asked [the court] to allow the claim in full.

The Defendant's representative objected against the claim and asked [the court] to disallow it.

[round seal of the Clerk's Office No. 1 of the Kyiv City Commercial Court] [stamp: A TRUE COPY]

Having studied the case papers and having heard the arguments of the parties' representatives, the Kyiv City Commercial Court, -

**DETERMINED THAT:**

Pursuant to Article 124 of the Constitution of Ukraine, the jurisdiction of the courts extends to all legal relations that arise in the state. Pursuant to Article 12 of the Commercial Procedural Code of Ukraine, commercial courts have jurisdiction over cases regarding disputes arising in connection with execution, amendment, termination or performance of commercial agreements or on other grounds, unless the parties have referred the dispute for settlement to a court of arbitration (arbitration tribunal). It appears from the case papers that the dispute in question has not been referred for settlement to a court of arbitration (arbitration tribunal) and, therefore, it is within the jurisdiction of the commercial courts of Ukraine.

The Defendant is a limited liability company operating on the basis of the laws of Ukraine and its Charter.

The Plaintiff is one of the Defendant's participants holding 49.9 percent of votes. The Plaintiff, as the Defendant's participant, is entitled to participate in the management of the Defendant.

The Defendant's operations have been and are managed by its bodies, the powers of which are determined in the Charter and by the laws of Ukraine. [Its] day-to-day operations are managed by [its] executive body - the Director General. Pursuant to Article 145 of the Civil Code of Ukraine, powers of the Defendant's Director General and limitations of his powers are defined in Article 12 of the Defendant's Charter.

On September 2, 2002 the Defendant, as represented by its Director General, executed the Voting Agreement between Telenor Mobile Communications AS and Storm Limited Liability Company. The said agreement established an obligation of the Defendant to purchase shares of Closed Joint Stock Company "Kyivstar G.S.M." under certain conditions (Clause 2.04, b). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Voting Agreement, the Director General had the right to sign the said agreement only after approval by the Meeting of Participants, unless otherwise agreed between the participants. The court established that the Defendant's Meeting of Participants did not approve the said agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in its constituent documents, and that there was no evidence of its subsequent approval by the Defendant.

Therefore, signing the said Voting Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of his powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and the Defendant's Charter.

On January 30, 2004 the Defendant, as represented by its Director General, executed the Shareholders Agreement between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company. The said agreement established an obligation of the Defendant to purchase shares of "Kyivstar G.S.M." CJSC under certain conditions (Clause 2.03, b. i). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Shareholders Agreement, the Director General had the right to sign the said agreement only after approval by the Meeting of Participants, unless otherwise agreed between

[round seal of the Clerk's Office No.1 of the Kyiv City Commercial Court] [stamp: A TRUE COPY]



the participants. The court established that the Defendant's Meeting of Participants did not approve the said agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in the constituent documents, and that there was no evidence of its subsequent approval by the Defendant.

Therefore, signing the said Shareholders Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of his powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and the Defendant's Charter.

Pursuant to Article 228 of the Civil Code of Ukraine, a transaction is considered as such that violates public policy, in particular, if it is aimed at misappropriation of property of a legal entity. As the Voting Agreement, dated September 2, 2002, and the Shareholders Agreement, dated January 30, 2004, are aimed at misappropriation of the Defendant's funds, the court concludes that the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and Storm Limited Liability Company is a void transaction, as well as the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company is a void transaction pursuant to Articles 215 and 228 of the Civil Code of Ukraine in [their] entirety, including the arbitration clause, from the time of their conclusion.

Pursuant to Article 216 of the Civil Code of Ukraine, an invalid transaction does not create legal consequences, except for those related to its invalidity. Any interested person has the right to demand application of the consequences of invalidity of a void transaction.

Therefore, the court concludes that there are no legal grounds for the Defendant to take any actions to perform the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and Storm Limited Liability Company, and the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company, and that such actions need to be discontinued.

The court also takes into account the fact that the Voting Agreement and the Shareholders Agreement, being actually in part amendments and supplements to the Charter of "Kyivstar G.S.M." CJSC, are not duly registered and are set forth in English, contrary to the requirements of the rule of the public law as to the state language contained in Article 10 of the Constitution of Ukraine, and therefore, inconsistent with the requirements of Article 203 of the Civil Code of Ukraine, [these facts alone] are sufficient grounds to recognize them as null and void.

In view of the foregoing and being governed by Articles 49, 82 - 85 of the Commercial Procedural Code of Ukraine, the court, -

RESOLVED:

1. To allow the claim in its entirety.

2. To recognize as unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

3. To recognize as unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Shareholders Agreement, dated January 30, 2004, between Telenor

[round seal of the Clerk's Office No. 1 of the Kyiv City Commercial Court]                    [stamp: A TRUE COPY]

Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

4. To apply the consequences of invalidity of the void transaction - the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and Storm Limited Liability Company - and discontinue the actions of the "Storm" Limited Liability Company towards performance of the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

5. To apply the consequences of invalidity of the void transaction - the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company – and discontinue the actions of the "Storm" Limited Liability Company towards performance of the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, "Storm" Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

6. To collect from "Storm" Limited Liability Company (1 Narodnogo Opolchennya Street, Kyiv 01001, c/a 26000100675001 opened with Alfa-Bank CJSC, USREOU[1] Code 23163325, MFO 300346) for the benefit of Alpren Limited, Legal entity under the laws of Cyprus Republic, UAH 85.00 (eighty five) of the state duty and UAH 118.00 (one hundred eighteen) of the costs of services related to the technical and information support of the court proceedings.

7. To issue an appropriate order.

This decision shall come into legal force ten days after its adoption.

**The Judge** **Smirnova L.G.**

*[handwritten:* Secretary [signature]]

[1] the Unified State Register of Enterprises and Organizations of Ukraine

[round seal of the Clerk's Office No. 1 of the Kyiv City Commercial Court]

[stamp: A TRUE COPY]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decision of the Kyiv City Commercial Court No. 40/242 dated April 25, 2006, of which I have seen a copy of the original.

______________________

December 11, 2006, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

______________________

[Seal]



\\server\name

PSCRIPT Page Separator

[Letterhead of the Kyiv City Commercial Court]

**DECISION**
**IN THE NAME OF UKRAINE**

**No. 40/242** **April 25, 2006**

**Upon the claim of:** Alpren Limited, Legal entity under the laws of Cyprus Republic

**against:** Limited Liability Company "Storm"
**RE:** recognition of certain actions as unlawful and their termination

**The Judge: Smirnova L.G.**

**Representatives:**
Of the plaintiff: Marchenko R.V., representative acting on the basis of the Power of Attorney (unnumbered), dated April 5, 2006
Of the defendant: Klimenko V.V., Director General [acting on the basis of] the Minutes, dated February 8, 2006

**FACTUAL BACKGROUND:**

The Plaintiff filed a claim to recognize as unlawful the actions related to the execution and to discontinue the actions related to performance by the Defendant of the Shareholders Agreement, dated January 30, 2004. During the case hearing, the Plaintiff has extended the demanded relief and asks to recognize as unlawful the actions related to execution and to discontinue the actions related to performance by the Defendant of the Shareholders Agreement, dated January 30, 2004, and the Voting Agreement, dated September 2, 2002.

By its Ruling, dated April 14, 2006, the Kyiv City Commercial Court initiated court proceedings in the case, and the court hearing was scheduled for April 21, 2006.

At the court sitting of April 21, 2006 the case hearing was adjourned until April 25, 2006. The Defendant submitted no statement of defense to the statement of claim.

The Plaintiff's representative, present at the court sitting, sustained the demanded relief and asked [the court] to allow the claim in full.

The Defendant's representative objected against the claim and asked [the court] to disallow it.

[round seal of the Clerk's Office No. 1 of the Kyiv City Commercial Court] [stamp: A TRUE COPY]

Having studied the case papers and having heard the arguments of the parties' representatives, the Kyiv City Commercial Court, -

**DETERMINED THAT:**

Pursuant to Article 124 of the Constitution of Ukraine, the jurisdiction of the courts extends to all legal relations that arise in the state. Pursuant to Article 12 of the Commercial Procedural Code of Ukraine, commercial courts have jurisdiction over cases regarding disputes arising in connection with execution, amendment, termination or performance of commercial agreements or on other grounds, unless the parties have referred the dispute for settlement to a court of arbitration (arbitration tribunal). It appears from the case papers that the dispute in question has not been referred for settlement to a court of arbitration (arbitration tribunal) and, therefore, it is within the jurisdiction of the commercial courts of Ukraine.

The Defendant is a limited liability company operating on the basis of the laws of Ukraine and its Charter.

The Plaintiff is one of the Defendant's participants holding 49.9 percent of votes. The Plaintiff, as the Defendant's participant, is entitled to participate in the management of the Defendant.

The Defendant's operations have been and are managed by its bodies, the powers of which are determined in the Charter and by the laws of Ukraine. [Its] day-to-day operations are managed by [its] executive body - the Director General. Pursuant to Article 145 of the Civil Code of Ukraine, powers of the Defendant's Director General and limitations of his powers are defined in Article 12 of the Defendant's Charter.

On September 2, 2002 the Defendant, as represented by its Director General, executed the Voting Agreement between Telenor Mobile Communications AS and Storm Limited Liability Company. The said agreement established an obligation of the Defendant to purchase shares of Closed Joint Stock Company "Kyivstar G.S.M." under certain conditions (Clause 2.04, b). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Voting Agreement, the Director General had the right to sign the said agreement only after approval by the Meeting of Participants, unless otherwise agreed between the participants. The court established that the Defendant's Meeting of Participants did not approve the said agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in its constituent documents, and that there was no evidence of its subsequent approval by the Defendant.

Therefore, signing the said Voting Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of his powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and the Defendant's Charter.

On January 30, 2004 the Defendant, as represented by its Director General, executed the Shareholders Agreement between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company. The said agreement established an obligation of the Defendant to purchase shares of "Kyivstar G.S.M." CJSC under certain conditions (Clause 2.03, b. i). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Shareholders Agreement, the Director General had the right to sign the said agreement only after approval by the Meeting of Participants, unless otherwise agreed between

[round seal of the Clerk's Office No.l of the Kyiv City Commercial Court] [stamp: A TRUE COPY]

the participants. The court established that the Defendant's Meeting of Participants did not approve the said agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in the constituent documents, and that there was no evidence of its subsequent approval by the Defendant.

Therefore, signing the said Shareholders Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of his powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and the Defendant's Charter.

Pursuant to Article 228 of the Civil Code of Ukraine, a transaction is considered as such that violates public policy, in particular, if it is aimed at misappropriation of property of a legal entity. As the Voting Agreement, dated September 2, 2002, and the Shareholders Agreement, dated January 30, 2004, are aimed at misappropriation of the Defendant's funds, the court concludes that the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and Storm Limited Liability Company is a void transaction, as well as the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company is a void transaction pursuant to Articles 215 and 228 of the Civil Code of Ukraine in [their] entirety, including the arbitration clause, from the time of their conclusion.

Pursuant to Article 216 of the Civil Code of Ukraine, an invalid transaction does not create legal consequences, except for those related to its invalidity. Any interested person has the right to demand application of the consequences of invalidity of a void transaction.

Therefore, the court concludes that there are no legal grounds for the Defendant to take any actions to perform the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and Storm Limited Liability Company, and the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company, and that such actions need to be discontinued.

The court also takes into account the fact that the Voting Agreement and the Shareholders Agreement, being actually in part amendments and supplements to the Charter of "Kyivstar G.S.M." CJSC, are not duly registered and are set forth in English, contrary to the requirements of the rule of the public law as to the state language contained in Article 10 of the Constitution of Ukraine, and therefore, inconsistent with the requirements of Article 203 of the Civil Code of Ukraine, [these facts alone] are sufficient grounds to recognize them as null and void.

In view of the foregoing and being governed by Articles 49, 82 - 85 of the Commercial Procedural Code of Ukraine, the court, -

RESOLVED:

1. To allow the claim in its entirety.

2. To recognize as unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

3. To recognize as unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Shareholders Agreement, dated January 30, 2004, between Telenor

[round seal of the Clerk's Office No. 1 of the Kyiv City Commercial Court]        [stamp: A TRUE COPY]

Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

4. To apply the consequences of invalidity of the void transaction - the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and Storm Limited Liability Company - and discontinue the actions of the "Storm" Limited Liability Company towards performance of the Voting Agreement, dated September 2, 2002, between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

5. To apply the consequences of invalidity of the void transaction - the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company – and discontinue the actions of the "Storm" Limited Liability Company towards performance of the Shareholders Agreement, dated January 30, 2004, between Telenor Mobile Communications AS, "Storm" Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

6. To collect from "Storm" Limited Liability Company (1 Narodnogo Opolchennya Street, Kyiv 01001, c/a 26000100675001 opened with Alfa-Bank CJSC, USREOU[1] Code 23163325, MFO 300346) for the benefit of Alpren Limited, Legal entity under the laws of Cyprus Republic, UAH 85.00 (eighty five) of the state duty and UAH 118.00 (one hundred eighteen) of the costs of services related to the technical and information support of the court proceedings.

7. To issue an appropriate order.

This decision shall come into legal force ten days after its adoption.

**The Judge** **Smirnova L.G.**

*[handwritten:* Secretary [signature]]

[1] the Unified State Register of Enterprises and Organizations of Ukraine

[round seal of the Clerk's Office No. 1 of the Kyiv City Commercial Court]

[stamp: A TRUE COPY]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decision of the Kyiv City Commercial Court No. 40/242 dated April 25, 2006, of which I have seen a copy of the original.

____________________

December 11, 2006, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko

____________________

[Seal]



**ГОСПОДАРСЬКИЙ СУД міста КИЄВА**

01030, м.Київ, вул.Б.Хмельницького,44-Б тел.486-65-72

# РІШЕННЯ
## ІМЕНЕМ УКРАЇНИ

**№40/242** **25.04.2006**

| | |
|---|---|
| **За позовом** | Альпрен Лімітед, Юридична особа за законодавством Республіки Кіпр |
| **до** | Товариства з обмеженою відповідальністю "Сторм" |
| **про** | визнання дій незаконними та припинення дій |

**Суддя Смірнова Л.Г.**

**Представники:**

| | |
|---|---|
| Від позивача: | Марченко Р.В., представник за довіреністю б/н від 05.04.2006 |
| Від відповідача: | Клименко В.В. – Генеральний директор, протокол від 08.02.2006 |

## ОБСТАВИНИ СПРАВИ:

Позивач звернувся з позовом про визнання незаконними дій по підписанню та припинення дій по виконанню Відповідачем Акціонерної угоди, датованої 30.01.2004 року. Під час розгляду справи Позивач збільшив позовні вимоги, та просить визнати незаконними дії по підписанню та припинити дії по виконанню Відповідачем Акціонерної угоди, датованої 30.01.2004 року та Договору про голосування, датованого 02.09.2002 року.

Ухвалою Господарського суду міста Києва від 14.04.2006 порушено провадження у справі, розгляд справи призначено на 21.04.2006.

У судовому засіданні 21.04.2006 було оголошено перерву до 25.04.2006.

Відповідач відзиву на позовну заяву не подав.

Присутній у судовому засіданні представник Позивача позовні вимоги підтримав, просив задовольнити позов в повному обсязі.

Представник Відповідача проти позову заперечив, просив в його

Розглянувши матеріали справи та заслухавши пояснення представників сторін, Господарський суд міста Києва, -

**ВСТАНОВИВ:**

Згідно зі ст.124 Конституції України юрисдикція судів поширюється на всі правовідносини, що виникають у державі. Відповідно до ст.12 Господарського процесуального кодексу України господарським судам підвідомчі справи у спорах, що виникають при укладенні, зміні, розірванні і виконанні господарських договорів та з інших підстав, якщо сторони не передали спір на вирішення третейського суду (арбітражу). З матеріалів справи вбачається, що даний спір на вирішення третейському суду (арбітражу) не переданий, отже він підвідомчій господарським судам України.

Відповідач є товариством з обмеженою відповідальністю, яке діє на підставі законодавства України та статуту.

Позивач є одним із учасників Відповідача, якому належить 49,9 відсотків голосів. Позивачу, як учаснику Відповідача, належить право на участь в управлінні Відповідачем.

Керівництво діяльністю Відповідача здійснювалось та здійснюється його органами, повноваження яких визначені в Статуті, а також законодавством України. Поточною діяльністю керує виконавчий орган – генеральний директор. Повноваження генерального директора Відповідача та обмеження його повноважень, у відповідності до ст.145 Цивільного кодексу України, визначені в ст.12 Статуту Відповідача.

02.09.2002 року Відповідачем в особі генерального директора було підписано Договір про голосування між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм". Вказаним договором встановлено обов'язок по придбанню Відповідачем акцій "Київстар Дж.Ес.Ем." за певних умов (п.2.04, b). У відповідності до Статуту Відповідача (ст.12) в редакції, що діяла на момент підписання Договору про голосування, генеральний директор мав право підписувати вказаний договір тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками. Судом встановлено, що зборами учасників Відповідача вказаний договір не затверджувався, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази його наступного схвалення Відповідачем відсутні.

Таким чином, підписуючи вказаний Договір про голосування та фактично намагаючись розпорядитися грошовими коштами Відповідача, генеральний директор Відповідача діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема ст.145 Цивільного кодексу України, та статуту Відповідача.

Товариством з обмеженою відповідальністю "Сторм"  та Закритим акціонерним товариством "Київстар Дж.Ес.Ем.". Вказаною угодою встановлено обов'язок по придбанню Відповідачем акцій ЗАТ "Київстар Дж.Ес.Ем." за певних умов (п.2.03, b. i). У відповідності до Статуту Відповідача (ст.12) в редакції, що діяла на момент підписання Акціонерної угоди, генеральний директор мав право підписувати вказану угоду тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками. Судом встановлено, що зборами учасників Відповідача вказана угода не затверджувалась, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази її наступного схвалення Відповідачем відсутні.

Таким чином, підписуючи вказану Акціонерну угоду та фактично намагаючись розпорядитися грошовими коштами Відповідача, генеральний директор Відповідача діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема ст.145 Цивільного кодексу України, та статуту Відповідача.

Згідно зі ст.228 Цивільного кодексу України правочин вважається таким, що порушує публічний порядок, якщо, зокрема, він спрямований на незаконне заволодіння майном юридичної особи. Оскільки Договір про голосування від 02.09.2002 та Акціонерна угода від 30.01.2004 спрямовані на незаконне заволодіння грошовими коштами Відповідача суд приходить до висновку, що Договір про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС  та Товариством з обмеженою відповідальністю "Сторм" є нікчемним правочином, також нікчемним правочином є Акціонерна угода від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм"  та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." згідно зі ст.215, 228 Цивільного кодексу України в повному обсязі, включаючи арбітражне застереження з моменту їх вчинення.

Відповідно до ст.216 Цивільного кодексу України недійсний правочин не створює юридичних наслідків, крім тих, що пов'язані з його недійсністю. Будь-яка заінтересована особа має право пред'явити вимогу про застосування наслідків недійсності нікчемного правочину.

Таким чином суд приходить до висновку про відсутність будь-яких правових підстав для вчинення Відповідачем дій по виконанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС  та Товариством з обмеженою відповідальністю "Сторм" та Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм"  та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." та про необхідність зупинення цих дій.

Також суд враховує, що Договір про голосування та Акціонерна угода,

публічно-правової норми про державну мову, що міститься в ст.10 Конституції України, викладені англійською мовою, отже не відповідаючи вимогам ст.203 Цивільного кодексу України є самостійно вже достатніми підставами для визнання їх недійсними.

Виходячи з наведеного та керуючись ст.ст. 49, 82 – 85 ГПК України, суд

**ВИРІШИВ:**

1. Позов задовольнити повністю.

2. Визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" по підписанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

3. Визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" по підписанню Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем."

4. Застосувати наслідки недійсності нікчемного правочину - Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" та припинити дії Товариства з обмеженою відповідальністю "Сторм" по виконанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

5. Застосувати наслідки недійсності нікчемного правочину - Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." та припинити дії Товариства з обмеженою відповідальністю "Сторм" по виконанню Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем.".

6. Стягнути з Товариства з обмеженою відповідальністю "Сторм" (01001, м.Київ, вул.Народного ополчення,1, п/р 26000100675001 в ЗАТ "Альфа-Банк", код ЄДРПОУ 23163325, МФО 300346) на користь Юридичної особи за законодавством Республіки Кіпр "Альпрен Лімітед" (Alpren Limited) 85(вісімдесят п'ять)грн.00коп – державного мита та 118(сто вісімнадцять)грн.00коп. – витрат на оплату послуг з інформаційно-технічного забезпечення судового процесу.

7. Видати наказ.

Рішення набирає законної сили після закінчення десятиденного строку з дня його прийняття.

Згідно з ориг...

*1583*

October 26, 2006

*94*

**Kyiv Commercial Court of Appeals**
**V.O. Zelenin, Presiding Judge**
**Case No.40/242**

**Claimant:**
*Name:* "Alpren Limited"
a legal entity under the laws of
the Republic of Cyprus
*Location:* 3 Themistocles Dervis Street,
Julia House, 1st Floor, 1066, Nicosia, Cyprus
**Mailing address**: 4 Chapayev Str., off. No.12
Kyiv, 01030

**Respondent (Petitioner):**
*Name:* Limited Liability Company "Storm"
*Location:* 1 Narodnogo Opolchennya Str.
Kyiv, 01001
*Corporate identification code:*
23163325
Current account 26000100675001 with CJSC "Alfa-Bank",
MFO 300346

## *PETITION*
## FOR CLARIFICATION OF THE RULING OF MAY 25, 2006
### in case No.40/242

On May 25, 2006, the Kyiv Commercial Court of Appeals issued the ruling whereby it dismissed the appeal brought by LLC "Storm" against the decision issued by the Kyiv City Commercial Court. The decision by the Kyiv City Commercial Court of April 25, 2006 in case No.40/242 was affirmed.

Relying on Article 89 of the Code of Commercial Procedure of Ukraine, the Respondent hereby requests to clarify the content of the issued ruling, specifically to clarify the following issues.

1. The court has established that the Shareholders Agreement, being a transaction that violates the public policy, is a void transaction in its entirety, including the arbitration clause, as from the moment of execution thereof. Does this mean that the said transaction and the arbitration clause, being its part, do not have and have not had any legal effect, regardless of the so called independent nature of the arbitration clause as determined by the UNCITRAL Rules or other acts?
2. Does the recognition of the Shareholders Agreement as a void transaction result in restoration of the parties to the status quo ante?

[*Stamp:* KYIV COMMERCIAL
COURT OF APPEALS
Identification code 23980043
**RECEIVED**
*October 30, 2006*
Incoming No. *02 - 21 / 5552*
Signature [*signature illegible*]]

3. Does the recognition of the Shareholders Agreement as a void transaction result in the impossibility to apply the arbitration clause contained therein?
4. The court has established that the parties have no grounds whatsoever to perform the Shareholders Agreement, and the court has discontinued actions towards its performance. Does this mean that, in the event of disputes, the parties cannot have them considered in accordance with the Shareholders Agreement and specifically the arbitration clause contained in the text thereof, and the arbitration taking place in New York (U.S.A.) has no grounds to find that it has jurisdiction to consider such disputes, and any awards, rulings issued by it will be in conflict with the judicial decision, the clarification whereof is hereby requested?
5. Does the judicial decision extend to third parties, which were not the parties in the case?
6. Can the parties and other persons voluntarily disclaim the application to them of the effects of invalidity of a void transaction – the Shareholders Agreement and/or the arbitration clause, being its part?

V.V. Klymenko
General Director.

[*Signature under the seal of Limited Liability Company "Storm"*]

I, Oksana Kha[illegible]enko, HEREBY CERTIFY THAT I HAVE KNOWLEDGE OF ENGLISH AND RUSSIAN, UKRAINIAN LANGUAGES AND THAT I AM COMPETENT TO TRANSLATE TO AND FROM SAID LANGUAGES. I DECLARE THAT THE ATTACHED TRANSLATION WAS DONE BY ME AND IS TRUE, ACCURATE AND CORRECT TRANSLATION OF THE PETITION FOR CLARIFICATION OF THE RULING OF MAY 23, 2006, IN CASE NO. 40/242, DATED OCTOBER 26, 2006, OF WHICH I HAVE SEEN THE COPY OF THE ORIGINAL.

NOVEMBER 21, 2006, I, NARINSKIY E.M., DIRECTOR OF TRANSLATION AGENCY "ERIDAN – 2002" CERTIFY AUTHENTICITY OF SIGNATURE WHICH IS MADE BY INTERPRETER Oksana Kha[illegible]enko

1585
94

26.10.2006

**Київський апеляційний господарський суд**
**Головуючому колегії Зеленіну В.О.**
**справа №40/242**

**Позивач:**
*Найменування:* "Альпрен Лімітед",
юридична особа за законодавством Республіки Кіпр
*Місцезнаходження:* 3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus (Кіпр)
Адреса для кореспонденції: 01030, м. Київ, вул. Чапаєва, буд. 4, оф. 12.

**Відповідач (Заявник):**
*Найменування:* Товариство з обмеженою відповідальністю "Сторм",
*Місцезнаходження:* 01001, м. Київ, вул. Народного ополчення, буд.1.
*Ідентифікаційний код* юридичної особи 23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк", МФО 300346

# ЗАЯВА
## ПРО РОЗ'ЯСНЕННЯ ПОСТАНОВИ ВІД 25.05.2006 року у справі №40/242.

Київським апеляційним господарським судом 25.05.2006 року було прийнято постанову, якою відмовлено в задоволенні апеляційної скарги ТОВ "Сторм" на рішення, господарського суду міста Києва. Рішення господарського суду міста Києва від 25.04.2006 року у справі №40/242 залишено без змін.

Керуючись статтею 89 ГПК України Відповідач просить роз'яснити зміст прийнятої постанови, зокрема роз'яснити наступні питання.

1. Судом встановлено, що Акціонерна угода, як правочин, який порушує публічний порядок, є нікчемним правочином в повному обсязі, включаючи арбітражне застереження, з моменту її вчинення. Чи означає це, що вказаний правочин та його складова частина – арбітражне застереження не мають та не мали жодної юридичної сили, незважаючи на так звану автономність арбітражного застереження, визначену правилами ЮНСІТРАЛ чи іншими актами?
2. Чи має наслідком визнання Акціонерної угоди нікчемним правочином повернення сторін в переддоговірне становище?



3. Чи має наслідком визнання Акціонерної угоди нікчемним правочином неможливість застосування арбітражного застереження, що міститься в її тексті?

4. Судом встановлено, що у сторін відсутні будь-які підстави для виконання Акціонерної угоди, а дії щодо її виконання судом припинені. Чи означає це, що сторони при наявності спорів позбавлені можливості на їх розгляд у відповідності до Акціонерної угоди, та зокрема арбітражного застереження в її тексті, а арбітраж, що відбувається в Нью Йорку (США) не має підстав для визнання себе компетентним на розгляд таких спорів, та будь-які рішення, ухвали, прийняті ним, суперечитимуть рішенню суду, про роз'яснення якого подана ця заява?

5. Чи розповсюджується рішення суду на треті особи, які не були сторонами справи?

6. Чи можуть сторони та інші особи добровільно відмовитись від застосування до них наслідків недійсності нікчемного правочину – Акціонерної угоди та/або її складової частини – арбітражного застереження?

Клименко В.В.,
Генеральний директор.

Ilyashev & Partners, Law Firm

# Contacts

If you have any proposition or comment regarding our site or you would like to ask us a question we kindly invite you to fill the form below.

- Firm Profile
- Lawyers
- Areas of Practice
- Clients
- Careers
- Contacts

*"By failing to prepare, you are preparing to fail"*
*Winston Churchill*

**Name**

**Email**

**Subject**

**Message**

Submit Reset

**KYIV:**
4 Chapaeva Str, Kyiv, 01030, Ukraine
**Tel.:** +380 44 494 1919
**Fax:** +380 44 494 1999
**Email:** office@attorneys.com.ua
**To find us:** View the map

**KHARKIV:**
5 Pravdy Avenue, Kharkiv, 61022, Ukraine
**Tel.:** +380 57 717 5497
**Fax:** +380 57 717 5964
**Email:** kharkiv@attorneys.com.ua

Home Page Site Map

**KLYMENKO**
**VADIM VIKTOROVICH**
VICE-PRESIDENT
representative in Ukraine

[*Altimo's logo*]
**ALTIMO**

11 Savvinskaya Naberezhnaya
Moscow, 119435, Russia
Mob.: +380 39 491 66 18
Fax: +380 44 287 70 58
KLYMENKO@ALTIMO.RU
WWW.ALTIMO.RU

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the business card of Vadim Viktorovich Klymenko, of which I have seen a copy of the original.

December 13, 2006, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



**КЛИМЕНКО**
**ВАДИМ ВИКТОРОВИЧ**

ВИЦЕ-ПРЕЗИДЕНТ
представитель в Украине

119435, Россия, Москва
Саввинская Набережная, д. 11
Моб.: +380 39 491 66 18
Факс: +380 44 287 70 58
KLYMENKO@ALTIMO.RU
WWW.ALTIMO.RU

*[Printed on the officially stamped paper]*

**Series AB** **No. 384619**

# UNIFIED STATE REGISTRY
OF LEGAL ENTITIES AND INDIVIDUALS-ENTREPRENEURS

## EXTRACT
## from the Unified State Registry of Legal Entities and Individuals-Entrepreneurs

Under Article 20 of the Law of Ukraine "On State Registration of Legal Entities and Individuals-Entrepreneurs" upon request of: **VADYM VALERIYOVYCH MIZYAKOV**

dated **December 12, 2006** under No. **71/51** as of **December 12, 2006**

hereby is provided the information from the Unified State Registry of Legal Entities and Individuals-Entrepreneurs in 1 record:

**Record 1**

| | |
|---|---|
| Form of incorporation: | LIMITED LIABILITY COMPANY |
| Name of the legal entity: | STORM |
| USREOU[1]: | 23163325 |
| Place of business: | 1 NARODNOGO OPOLCHENNYA STR., SOLOMYANSKY DISTRICT, KYIV, postcode 03110; |
| Series and No. of the Certificate of State Registration: | A00 000006 |
| Place of registration: | Solomyansky District State Administration in the City of Kyiv, 40 Povitroflotsky Prospect, Kyiv |
| Form of ownership of the legal entity: | COLLECTIVE PROPERTY |
| Highest governing body: | DIRECTOR |
| Amount of contribution to the charter or share capital of the legal entity: | 349923179.58 |

*[Holographic image of the National Emblem of Ukraine]*

[1] [Identification code under the Unified State Registry of Enterprises and Organizations of Ukraine]

*[Printed on the officially stamped paper]*

**Series AB**                                                                                        **No. 384620**

# UNIFIED STATE REGISTRY
## OF LEGAL ENTITIES AND INDIVIDUALS-ENTREPRENEURS

| | |
|---|---|
| End date of formation of the charter or share capital of the legal entity: | July 12, 2004 |
| Chief executive of the legal entity: | VADYM VIKTOROVYCH KLYMENKO |
| Body authorized to manage a legal entity of state form of ownership or a legal entity, wherein the state owns not less than 25 percent: | none |
| Information on persons authorized to perform legal acts on behalf of the legal entity without a power of attorney: | VADYM VIKTOROVYCH KLYMENKO |
| Founders of the legal entity: | ALPREN LIMITED<br>HARDLAKE LIMITED |
| Separate subdivisions of the legal entity: | none |
| Main types of activity of the legal entity: | CURRENCY AND FINANCIAL INTERMEDIATION; WHOLESALE TRADE AND INTERMEDIATION IN WHOLESALE TRADE; RETAIL TRADE; HOUSEHOLD GOODS AND INDIVIDUAL SUPPLIES REPAIR |
| Status of the legal entity: | Engaged in business activity with the formed charter capital |
| Status of the information on the legal entity: | unconfirmed |
| Contact telephone: | 2322109 |

*[Holographic image of the National Emblem of Ukraine]*

*[Printed on the officially stamped paper]*

**Series AB** **No. 384621**

# UNIFIED STATE REGISTRY
## OF LEGAL ENTITIES AND INDIVIDUALS-ENTREPRENEURS

| | |
|---|---|
| Information on persons that have applied to the state registrar for obtaining the data from the Unified State Registry of Legal Entities and Individuals-Entrepreneurs: | none |

State Registrar ______*[signature]*___ Mykola Volodymyrovych Antoshkin

[*Seal of the State Registrar of the Podilsky District State Administration in the City of Kyiv*]

26077514, Podilsky
District State
Administration
in the City of Kyiv

*[Holographic image of the National Emblem of Ukraine]*

Серія АБ

№ 384619

# ЄДИНИЙ ДЕРЖАВНИЙ РЕЄСТР

## ЮРИДИЧНИХ ОСІБ ТА ФІЗИЧНИХ ОСІБ-ПІДПРИЄМЦІВ

## ВИТЯГ
## з Єдиного державного реєстру юридичних осіб та фізичних осіб - підприємців

Відповідно до статті 20 Закону України "Про державну реєстрацію юридичних та фізичних осіб - підприємців" на запит: **МІЗЯКОВ ВАДИМ ВАЛЕРІЙОВИЧ**

від 12.12.2006 за № 71/51 за станом на 12.12.2006

надається інформація з Єдиного державного реєстру юридичних осіб та фізичних осіб - підприємців у кількості 1 записів:

**Запис 1**

| | |
|---|---|
| Організаційно-правова форма: | ТОВАРИСТВО З ОБМЕЖЕНОЮ ВІДПОВІДАЛЬНІСТЮ |
| Назва юридичної особи: | СТОРМ |
| ЄДРПОУ: | 23163325 |
| Місцезнаходження: | індекс 03110, СОЛОМ'ЯНСЬКИЙ РАЙОН, МІСТО КИЇВ, ВУЛ. НАРОДНОГО ОПОЛЧЕННЯ, 1 |
| Серія та номер свідоцтва про державну реєстрацію: | А00 000006 |
| Місце проведення державної реєстрації: | Солом'янська районна у місті Києві державна адміністрація , м. Київ, пр-т Повітрофлотський,40 |
| Форма власності юридичної особи: | КОЛЕКТИВНА ВЛАСНІСТЬ |
| Вищий орган управління: | ДИРЕКТОР |
| Розмір внеску до статутного або складеного капіталу юридичної особи: | 349923179.58 |



Серія АБ № 384620

# ЄДИНИЙ ДЕРЖАВНИЙ РЕЄСТР

## ЮРИДИЧНИХ ОСІБ ТА ФІЗИЧНИХ ОСІБ-ПІДПРИЄМЦІВ

| | |
|---|---|
| Дата закінчення формування статутного або складенного капіталу юридичної особи: | 12.07.2004 |
| Керівник юридичної особи: | КЛИМЕНКО ВАДИМ ВІКТОРОВИЧ |
| Орган, до сфери управління якого належить юридична особа державної форми власності чи юридична особа, в статутному фонді якої частка держави становить не меньше 25 відсотків: | немає |
| Відомості про осіб, які мають право вчиняти юридичні дії від імені юридичної особи без довіренності: | КЛИМЕНКО ВАДИМ ВІКТОРОВИЧ |
| Засновники юридичної особи: | "АЛЬПРЕН ЛІМІТЕД, КОМПАНІЯ "ХАРДЛЕЙК ЛІМІТЕД" |
| Відокремлені підрозділи юридичної особи: | немає |
| Основні види діяльності юридичної особи: | ГРОШОВЕ ТА ФІНАНСОВЕ ПОСЕРЕДНИЦТВО; ОПТОВА ТОРГІВЛЯ І ПОСЕРЕДНИЦТВО В ОПТОВІЙ ТОРГІВЛІ; РОЗДРІБНА ТОРГІВЛЯ; РЕМОНТ ПОБУТОВИХ ВИРОБІВ ТА ПРЕДМЕТІВ ОСОБИСТОГО ВЖИТКУ |
| Стан юридичної особи: | Провадить господарську діяльність зі сформованим статутним фондом |
| Статус відомостей про юридичну особу: | не підтверджені |
| Телефон для зв'язку: | 2322109 |

Серія АБ №384621

# ЄДИНИЙ ДЕРЖАВНИЙ РЕЄСТР

## ЮРИДИЧНИХ ОСІБ ТА ФІЗИЧНИХ ОСІБ-ПІДПРИЄМЦІВ

| | |
|---|---|
| Дані про запитувачів, що звертались до державного реєстратора про надання відомостей з Єдиного державного реєстру про юридичну особу та фізичну особу - підприємця: | немає |

Державний реєстратор

Антошкін Микола Володимирович

26077514, Подільська районна у місті Києві державна адміністрація

