Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue, New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- X

**STORM LLC,**

                          Plaintiff,

              -against-

**TELENOR MOBILE COMMUNICATIONS AS,**

                      Defendant.

-------------------------------------------------------------------------- X  06 CV13157 (GEL) (DF)

**TELENOR MOBILE COMMUNICATIONS AS,**

                      Counterclaimant,

            - against-

**STORM LLC,**

                   Counterclaim-Defendant,

            - and-

**ALTIMO HOLDINGS & INVESTMENTS LIMITED and**
**ALPREN LIMITED,**

                 Relief Defendants.

-------------------------------------------------------------------------- X

**DECLARATION OF**
**OLEKSIY DIDKOVSKIY**

I, **OLEKSIY DIDKOVSKIY,** declare the following to be true:

1.      I am a member of the bar of Ukraine and a founding partner of Shevchenko Didkovskiy & Partners law firm, a firm of over fifty lawyers located in Kyiv, Ukraine.  I have practiced law in Ukraine for twelve years.  My practice includes telecommunications law, cable communications, antitrust and trade regulation, loan and financial transactions, corporate finance, and foreign investment matters.  I also serve as Ukrainian counsel to Counterclaimant Telenor Mobile Communications AS ("Telenor Mobile").  I make this declaration at the request of Telenor Mobile and pursuant to 28 U.S.C. § 1746 in support of Telenor Mobile's motion for Relief Defendants Altimo Holdings & Investments Limited ("Altimo"), and Alpren Limited ("Alpren") and Counterclaim-Defendant Storm LLC ("Storm") to be held in contempt.

2.      On February 7, 2007, Telenor Mobile was served with a "ruling on imposing a fine" issued by the State Enforcement Officer and approved by the Head of the State Enforcement Service in the Golosiyivsky District of the City of Kyiv (the "Fine Ruling").  Attached hereto as Exhibit A are copies of the original Ukrainian version of the Fine Ruling and a true and correct English translation thereof.  Attached hereto as Exhibit B are copies of the envelope in which the Fine Ruling was sent, addressed to Telenor Mobile, and a true and correct English translation thereof.

3.      The Fine Ruling is dated January 25, 2007 and imposes a fine of 510 Ukrainian Hryvnias (approximately US$100)[1] on Telenor Mobile, having "established" that Telenor Mobile "fails to comply with the decision of the Golosiyivsky Court of the City of Kyiv dated December 1, 2006."  That decision purported to enjoin

---

[1] This is the maximum amount permitted for such a fine in these circumstances under applicable Ukrainian law.

Vadym Klymenko, Storm's General Director, Storm and Telenor Mobile and any persons authorized by any of the parties, from taking any actions "aimed at performance of the Shareholders Agreement dated January 30, 2004" until the claim brought by Alpren against Storm's General Director, Vadym Klymenko, in the Golosiyivsky District Court of the City of Kyiv (the "Second Alpren Case") has been resolved. The purported injunction includes the "signing and filing . . . any explanations, statements, respondent's statements, motions [and] participating in the arbitration proceedings, hearings, [or] sessions of the arbitration tribunal . . . ."

4.    On February 19, 2007, the Representative Office of Telenor Mobile in Ukraine received Ruling No. 815/10 on the Commencement of Enforcement Proceeding dated December 4, 2006 in respect of Telenor Mobile (the "Enforcement Ruling") and an undated Demand issued by the State Enforcement Officer (the "Demand") to comply with the decree issued by the Golosiyivsky District Court of the City of Kyiv on December 1, 2006 (the "December 1 Injunction"). Attached hereto as Exhibit C are copies of the original Ukrainian version of the Enforcement Ruling and a true and correct English translation thereof. Attached hereto as Exhibit D are copies of the original Ukrainian version of the Demand and a true and correct English translation thereof. Attached hereto as Exhibit E are copies of the envelope in which the Enforcement Ruling and the Demand were sent, addressed to Telenor Mobile, and a true and correct English translation thereof.

5.    In response to Telenor Mobile's receipt of the Fine Ruling, the Enforcement Ruling and the Demand, at my request and under my supervision, a paralegal employed by our law firm went to the State Enforcement Service in the

Golosiyivsky District of the City of Kyiv (the "Enforcement Service") on February 20, 2007 to review the enforcement file relating to the enforcement proceeding in respect of the December 1 Injunction in the Second Alpren Case (the "Enforcement File").

6.    The Enforcement File contained no index, no request from Alpren to withdraw the December 1 Injunction in accordance with the order of this Court dated December 18, 2006 and no application of Alpren to enforce the December 1 Injunction in respect of Telenor Mobile.

7.    The Enforcement File did contain a letter from the state enforcement officer dated December 20, 2006 (the "Notification Letter") and addressed to Messrs. Kenneth Feinberg, William Jentes and Gregory Craig, who comprise the arbitration panel deciding the dispute between Telenor Mobile and Storm LLC (the "Panel"). Attached hereto as Exhibit F are copies of the original Ukrainian version of the Notification Letter and a true and correct English translation thereof.

8.    The Notification Letter informs the Panel that the Enforcement Service is "carrying out enforcement proceedings" regarding the December 1 Injunction. I believe the Notification Letter was sent to Messrs. Feinberg, Jentes and Craig in an effort to intimidate them and prevent or delay their disposition of the arbitration proceeding between Telenor Mobile and Storm.

9.    In my 12 years of experience practicing law in Ukraine, I have never seen the State Enforcement Service notify members of an arbitration panel of the State Enforcement Service's intent to carry out enforcement proceedings in a case to which that arbitration panel is not a party, and I am aware of no purpose served by the State Enforcement Service notifying members of an arbitration panel that is not a party to

the underlying action of such intention other than to disrupt, delay or hinder the relevant arbitration proceeding.

10.     On March 12, 2007, at my request and under my supervision, an associate of our law firm went to the Golosiyivsky District Court of the City of Kyiv and reviewed the case file for the Second Alpren Case. The case file did not contain any withdrawal by Alpren of its claim in the Second Alpren Case, and, based on our associate's review of such case file, the Second Alpren Case remains an ongoing proceeding.

11.     Under Ukrainian law, following the issuance of an injunction, unless the party seeking to enforce the injunction or its duly authorized representative specifically requests in writing commencement by the State Enforcement Service of an enforcement proceeding to enforce the injunction, the State Enforcement Service will take no action to enforce the injunction. Following submission of a request to enforce an injunction by the party to whom the injunction has been granted, the State Enforcement Service will examine the request and commence enforcement proceedings. While carrying out enforcement proceedings, a State Enforcement Officer has the right to impose fines and petition law enforcement authorities to initiate criminal proceedings in respect of the persons guilty of failing to comply with an injunction. The party for whose benefit or in whose interests the injunction has been granted (or its authorized representative) is the only party who can cause enforcement proceeding to be commenced. In addition, if a party has requested the enforcement proceeding to be commenced to enforce an injunction and later wishes to stop such enforcement, it can file

a petition with the State Enforcement Service and request that the State Enforcement Service return the relevant decree. The party who has previously requested enforcement of an injunction can also file a statement of refusal of enforcement with a state enforcement officer of the State Enforcement Service. The state enforcement officer will transmit such statement to the relevant court for acceptance. The court has the right to verify and reject such statement if it is contrary to applicable law or violates the rights or freedoms of third parties. However, if the court accepts that statement, the enforcement proceeding will be terminated. It is inconceivable that the State Enforcement Service would, of its own volition, seek to enforce an injunction that it either (a) has not been requested to enforce by the party to whom the injunction was granted or (b) had been petitioned to return (unless the injunction has been enforced in its entirety). Accordingly, based on the service of the Enforcement Ruling, the Demand and the Fine Ruling on Telenor Mobile by the State Enforcement Service and the results of our paralegal's review of the Enforcement File, I am of the opinion that Alpren specifically requested the State Enforcement Service to commence enforcement proceeding to enforce the December 1 Injunction issued in the Second Alpren Case in respect of Telenor Mobile and has never petitioned the State Enforcement Service to (i) return the December 1 Injunction or (ii) refuse enforcement of the December 1 Injunction. In addition, as noted above, there is no evidence that suggests that Alpren has withdrawn its claim in the Second Alpren Case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 12, 2007.



OLEKSIY DIDKOVSKIY

6

*[National Emblem of Ukraine]*

<u>DEPARTMENT OF THE STATE ENFORCEMENT SERVICE</u>

**STATE ENFORCEMENT SERVICE**
**in the Golosiyivsky District of Kyiv City**

22/15, Lomonosova St., Kyiv City

January 25, 2007 No. *814/40*       cc:    Telenor Mobile Communications AS
                                           19-a, Khreshchatyk St., Kyiv City

                                           ✓Telenor Mobil Communication
                                           Norway,
                                           Fornebu Snaroyveien, 30D, 1331

                                    cc:    Alpren Limited,
                                           4-12, Chapayeva St., Kyiv City

                                    cc:    **Golosiyivsky d/c [District Court] of the City of Kyiv**


The State Enforcement Service in Golosiyivsky District of Kyiv City hereby sends to you **the ruling on imposing a fine.**



/ Head of the State Enforcement
Service in the Golosiyivsky District of Kyiv City      *[signature]*        O.I. Grebenyuk

State Enforcement Officer                              *[signature]*        V.A. Ustymenko

<table>
<tr><td>[<em>Round seal of the State Enforcement Service in the Golosiyivsky District of Kyiv City</em>]</td><td>"APPROVED"<br>by Head of the State Enforcement Service in the Golosiyivsky District of Kyiv City<br>January 25, 2007<br>[<em>signature</em>] O.I. Grebenyuk</td></tr>
</table>

[*Round seal of the State
Enforcement
Service in the Golosiyivsky
District of Kyiv City*]

**"APPROVED"**
**by Head of the State**
**Enforcement Service**
**in the Golosiyivsky**
**District of Kyiv City**
**January 25, 2007**
[*signature*] **O.I. Grebenyuk**

## RULING
on imposing a fine

January 25, 2007                                                                 Kyiv City

I, V.A. Ustymenko, State Enforcement Officer of the State Enforcement Service in the Golosiyivsky District of Kyiv City, have considered the petition on enforcement of decree No. 2-5613 dated December 1, 2006 issued by the Golosiyivsky District Court of the City of Kyiv on enjoining Vadym V. Klymenko, as the General Director of Limited Liability Company "Storm", and any persons authorized by him, from taking any actions aimed at performance of the Shareholders Agreement dated January 30, 2004 until resolution of this case *per se*, including to enjoin [them] from signing and filing on behalf of LLC "Storm" any explanations, statements, respondent's statements, motions, participating in the arbitration proceedings, hearings, sessions of the arbitration tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg) being held under the UNCITRAL Arbitration Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; to enjoin Limited Liability Company "Storm" and any persons authorized by it from taking any actions aimed at performance of the Shareholders Agreement dated January 30, 2004 until resolution of this case *per se*, including to enjoin [them] from filing any explanations, statements, respondent's statements, motions, participating in the arbitration proceedings, hearings, sessions of the arbitration tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg) being held under the UNCITRAL Arbitration Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; to enjoin Telenor Mobile Communications AS and any persons authorized by it from taking any actions aimed at performance of the Shareholders Agreement dated January 30, 2004 until resolution of this case *per se*, including enjoin [them] from signing and filing any explanations, statements, respondent's statements, motions, participating in the arbitration proceedings, hearings, sessions of the arbitration tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg) being held under the UNCITRAL Arbitration Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York.

## HAVE ESTABLISHED THAT:

Telenor Mobile Communications AS fails to comply with the decision of the Golosiyivsky Court of the City of Kyiv dated December 1, 2006.

In view of the foregoing, pursuant to Articles 5, , 50 of the Law of Ukraine "On Enforcement Proceedings", Article 59 of the Law of Ukraine "On Banks and Banking Activity",

**IT IS HEREBY RULED TO:**

1. Impose a fine in the amount of <u>510.00 UAH</u> on Telenor Mobile Communications AS for failing to comply with the decision of the Golosiyivsky District Court of the City of Kyiv.
2. The ruling may be appealed to a court with 10 days.

State Enforcement Officer            [*signature*]            V.A. Ustymenko



ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

## ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА

### У Голосіївському районі міста Києва

м. Київ, вул. Ломоносова, 22/15

25.01.2007 р. № 814/10

Копія:  Теленор мобайл ком''юнікейшнз АС
        м. Київ, вул. Хрещатик, 19-а

        Telenor Mobil Communication
        Norway,
        Fornebu Snaroyveien, 30D, 1331

Копія:  «Альпрен Лімітед»,
        м. Київ, вул. Чапаєва, 4-12

Копія:  Голосіївський р/с м. Києва

Державна виконавча служба у  Голосіївському районі м. Києва     направляє на Вашу адресу **постанову про накладення штрафу.**

Начальник  ДВС

у Голосіївському районі м. Києва                    О. І. Гребенюк

Державний виконавець                                В. А. Устименко



"ЗАТВЕРДЖУЮ"
Начальник державної
виконавчої служби у
Голосіївському районі
м.Києва
"25" січня 2007 року
О.І. Гребенюк

## ПОСТАНОВА
### Про накладення штрафу

"25" січня  2007 року                                                                м. Київ

Мною, державним виконавцем  В.А.Устименко, Державної виконавчої служби у Голосіївському  районі м. Києва , розглянута заява  про примусове виконання  ухвали № 2-5613 від 01.12.2006 року Голосіївського районного суду м. Києва про заборону до вирішення справи по суті Клименку Вадиму Вікторовичу, як генеральному директору Товариства з обмеженою відповідальністю «Сторм» та  будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати  та подавати від імені ТОВ «Сторм» будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з  арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS)  до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення справи по суті Товариству з обмеженою відповідальністю «Сторм» та  будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі  заборонити подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з  арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS)  до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення цієї справи по суті Теленор мобайл ком»юнікейшнз АС та  будь-яким уповноваженим нею  особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р, в тому числі заборонити підписувати  та подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з  арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк.

## ВСТАНОВЛЕНО:

Компанією Теленор мобайл ком»юнікейшнз АС рішення Голосіївського суду м. Києва від 01.12.2006 року не виконується.

Ураховуючи викладене, керуючись статтями 5, , 50 Закону України "Про виконавче провадження", статтею 59 Закону України "Про банки та банківську діяльність",

## П О С Т А Н О В Л Я Ю:

1. За невиконання рішення Голосіївського районного суду м. Києва накласти на Теленор мобайл ком»юнікейшнз АС штраф у розмірі 510,00 грн.

2. Постанова може бути оскаржена до суду в 10-денний строк.


Державний виконавець                                        В.А.Устименко



[Envelope]

---

Sender's address, post code

The State Enforcement Service in
the Golosiyivsky District of the City of Kyiv
22\15 Lomonosova Street
Kyiv, 3022

[Stamps]

[Postal Stamp as of
January 31, 2007]

KYIV 127

**R**    RA 031 39399 6 UA
[bar code]

Recipient's address, post code
[handwritten]

Telenor Mobile Communications
Norway
Fornebu Snaroyveien
30 D, 1331
Norway

---

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Ruling on imposing a fine of the State Enforcement Service in the Golosiyivsky District of Kyiv City, dated January 25, 2007, and the above envelope from the State Enforcement Service in the Golosiyivsky District of Kyiv City, of which I have seen a copy of the original.

February 23, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

*[National Emblem of Ukraine]*

<u>THE MINISTRY OF JUSTICE OF UKRAINE</u>

**THE STATE ENFORCEMENT SERVICE**
**in the Golosiyivsky District of the City of Kyiv**

2/15 Lomonosova Street, Kyiv

December 4, 2006
No. 815/10
*Outgoing No. 1278*

|  |  |  |
|---|---|---|
| To: | V.V. Klymenko | |
| | Apt. 21, 17-B Gorkogo Street, Kyiv | |
| To: | LLC "Storm" | |
| | Apt. 21, 17-B Gorkogo Street, Kyiv | |
| √ Cc: | Telenor Mobile Communications AS | |
| | 19-A Khreschatyk Street, Kyiv | |
| Cc: | Alpren Limited | |
| | 4-12 Chapayeva Street, Kyiv | |
| Cc: | Golosiyivsky District Court of the City of Kyiv | |

    The State Enforcement Service in the Golosiyivsky District of the City of Kyiv hereby dispatches to you **the ruling on the commencement of enforcement proceeding**.

| | | |
|---|---|---|
| *Deputy* **Head of Division** | *[signature]* | *T.S. Ustymenko* |
| | *[Round Seal of the State Enforcement Service in the Golosiyivsky District of the City of Kyiv]* | |
| State Enforcement Officer | *[signature]* | *V.A. Ustymenko* |

**RULING No. *815/10***
**on the Commencement of Enforcement Proceeding**

*December 4*, 2006                                                City of Kyiv

I, state enforcement officer *V.A. Ustymenko* of the State Enforcement Service in the Golosiyivsky District of the City of Kyiv, have examined application for the enforcement of Decree No. 2-5613, dated December 1, 2006, of the Golosiyivsky District Court of the City of Kyiv, which enjoins, until the case is resolved on the merits, Vadym Viktorovych Klymenko, as the General Director of Limited Liability Company "Storm", and any of his authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from signing and submitting on behalf of LLC "Storm" any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; and enjoins, until the case is resolved on the merits, Limited Liability Company "Storm" and any of its authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from filing any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; and enjoins, until the case is resolved on the merits, Telenor Mobile Communications AS and any of its authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from signing and submitting any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York,

which became legally effective on December 1, 2006

Given the above and governed by Articles 3, 18, 24, 76 and 87 of the Law of Ukraine "On Enforcement Proceedings",

### IT IS HEREBY RULED:

1.    To commence enforcement proceeding regarding the enforcement of Decree No. 2-5613, dated December 1, 2006, of the Golosiyivsky District Court of Kyiv, which **enjoins, until the case is resolved on the merits, Telenor Mobile Communications AS and any of its authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from signing and submitting any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal**

(arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York.

2.      That the debtor voluntarily implement the writ of execution prior to _____, 2006.

3.      Unless implemented by the stated date, to enforce the same. To levy on the debtor an enforcement fee of 10% and recover expenses related to the fulfillment of enforcement actions.

4.      To deliver copies of the Ruling to the parties and the court.

5.      An appeal from the Ruling may be taken to the Head of the Enforcement Service in the Golosiyivsky District of the City of Kyiv or to the court within 10 days of its receipt.


State Enforcement Officer          *[signature]*          _V.A. Ustymenko_


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Ruling No. 815/10 on the Commencement of Enforcement Proceeding of the State Enforcement Service in the Golosiyivsky District of the City of Kyiv, dated December 4, 2006, of which I have seen a copy of the original.

February 23, 2007, I, Narinskii F.M., director of Translation Agency "Eridan − 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



МІНІСТЕРСТВО ЮСТИЦІЇ УКРАЇНИ

## ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА
У Голосіївському районі міста Києва

м. Київ, вул. Ломоносова, 2/15

Кому:   Клименко В.В.
м. Київ, Горького, 17-б, кв.21

Кому:   ТОВ «Сторм»
м. Київ, Горького, 17-б, кв.21

Копія:   Теленор мобайл ком''юнікейшнз АС
м. Київ, вул. Хрещатик,19-а

Копія:   «Альпрен Лімітед»,
м. Київ, вул. Чапаєва, 4-12

Копія:   Голосіївський р/с м. Києва


Державна виконавча служба у Голосіївському районі м. Києва    направляє на Вашу адресу **постанову про відкриття   виконавчого провадження**.


**Начальник відділу**

Державний виконавець

ПОСТАНОВА № _815/10_
про відкриття виконавчого провадження

_04  12._ 2006 року

м. Київ

Мною, державним виконавцем _В.А. Калишенко_, Державної виконавчої служби у Голосіївському   районі м. Києва , розглянута заява   про примусове виконання  ухвали № 2-5613 від 01.12.2006 року Голосіївського районного суду м. Києва про  заборону до вирішення справи по суті Клименку Вадиму Вікторовичу, як генеральному директору Товариства з обмеженою відповідальністю «Сторм» та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати  та подавати від імені ТОВ «Сторм» будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення справи по суті Товариству з обмеженою відповідальністю «Сторм» та   будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати   будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з  арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS)   до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення цієї справи по суті Теленор мобайл ком»юнікейшнз АС та  будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі   заборонити підписувати   та подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з  арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк.

що вступив у законну силу (набрав чинності) 01 грудня 2006 року,

Враховуючи вищевикладене, керуючись статтями 3, 18, 24, 76, 87 Закону України "Про виконавче провадження".

П О С Т А Н О В И В :

**1.** Відкрити виконавче провадження по примусовому виконанню ухвали № 2- 5613 від 01.12.2006 року Голосіївського районного суду м. Києва про **заборону до вирішення цієї справи по суті Теленор мобайл ком»юнікейшнз АС та  будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати  та подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному  процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з  арбітражними правилами UNCITRAL, за позовом Теленор мобайл**

**ком''юнікейшнз АС (Telenor Mobile Communications AS)   до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк**

**2.** Боржнику добровільно виконати виконавчий документ в строк до _____ 2006 р.

**3.** При невиконанні рішення в наданий строк, виконати його в примусовому порядку. Стягнути за примусове виконання рішення з боржника 10% виконавчого збору   та витрати, пов"язані з провадженням виконавчих дій.

4.   Копію постанови направити сторонам та в суд.

5.   Постанова може бути оскаржена начальнику   Державної виконавчої служби у Голосіївському районі м Києва  або до   суду в 10-денний строк з моменту її одержання.

Державний виконавець                              _____ В.А. _____

*[National Emblem of Ukraine]*

<u>THE MINISTRY OF JUSTICE OF UKRAINE</u>

**THE STATE ENFORCEMENT SERVICE**
**in the Golosiyivsky District of the City of Kyiv**

2/15 Lomonosova Street, Kyiv

_____No. _____

|       |                                                     |
|-------|-----------------------------------------------------|
| To:   | V.V. Klymenko<br>Apt. 21, 17-B Gorkogo Street, Kyiv |
| To:   | **LLC "Storm"**<br>Apt. 21, 17-B Gorkogo Street, Kyiv |
| √ Cc: | Telenor Mobile Communications AS<br>19-A Khreschatyk Street, Kyiv |
| Cc:   | Alpren Limited<br>4-12 Chapayeva Street, Kyiv       |
| Cc:   | **Golosiyivsky District Court of the City of Kyiv** |

# DEMAND

The State Enforcement Service of the Golosiyivsky District of the City of Kyiv executes in enforcement proceeding Decree No. 2-5613, dated December 1, 2006, of the Golosiyivsky District Court of the City of Kyiv, which enjoins, until the case is resolved on the merits, Vadym Viktorovych Klymenko, as the General Director of Limited Liability Company "Storm", and any of his authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from signing and submitting on behalf of LLC "Storm" any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; and enjoins, until the case is resolved on the merits, Limited Liability Company "Storm" and any of its authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from filing any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York;  and enjoins,

until the case is resolved on the merits, Telenor Mobile Communications AS and any of its authorized persons from taking any actions regarding the performance of Shareholders Agreement, dated January 30, 2004, including, from signing and submitting any explanations, applications, statements of defense and petitions, from participating in arbitration proceedings, hearings, sessions of arbitral tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg), which arbitration is carried out in accordance with UNCITRAL Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York,

The debtor is hereby compelled to IMMEDIATELY execute the decision of the court and report the execution at the address of the State Enforcement Service.

*In accordance with Article 87 of the Law of Ukraine "On Enforcement Proceedings", for failure to comply with a court decision, a state enforcement officer issues a ruling on imposing a fine on the person guilty of the failure to comply with the court decision.*

*The repeated failure to comply with lawful requirements of the state enforcement officer will result in a ruling to impose a double fine and a motion to the Prosecutor's Office to subject the failing persons to prosecution.*

***We hereby remind that, in accordance with Articles 6, 87 and 88 of the Law of Ukraine "On Enforcement Proceedings", the failure to comply with lawful requirements of a state enforcement officer entails liability stipulated by the Law. If a court decision is not executed, the state enforcement officer should institute prosecution in accordance with applicable law.***

State Enforcement Officer          *[signature]*          <u>*V.A. Ustymenko*</u>
                                   *[Round Seal of the State Enforcement Service*
                                   *in the Golosiyivsky District of the City of Kyiv]*


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Demand of the State Enforcement Officer (the State Enforcement Service in the Golosiyivsky District of the City of Kyiv) regarding Decree No. 2-5613, dated December 1, 2006, of which I have seen a copy of the original.

*[signature]*

February 23, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



<u>МІНІСТЕРСТВО ЮСТИЦІЇ УКРАЇНИ</u>

## ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА

У Голосіївському районі міста Києва

м. Київ, вул. Ломоносова, 2/15

_____ № _____

Кому:     Клименко В.В.
          м. Київ, Горького, 17-б, кв.21

Кому:     **ТОВ «Сторм»**
          м. Київ, Горького, 17-б, кв.21

Копія:    Теленор мобайл ком``юнікейшнз АС
          м. Київ, вул. Хрещатик,19-а

Копія:    «Альпрен Лімітед»,
          м. Київ, вул. Чапаєва, 4-12

Копія:    **Голосіївський р/с м. Києва**

## В И М О Г А

На виконанні у Державній виконавчий службі Голосіївського району м. Києва перебуває ухвала № 2- 5613 від 01.12.2006 року Голосіївського районного суду м. Києва про заборону до вирішення справи по суті Клименку Вадиму Вікторовичу, як генеральному директору Товариства з обмеженою відповідальністю «Сторм» та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати та подавати від імені ТОВ «Сторм» будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком``юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення справи по суті Товариству з обмеженою відповідальністю «Сторм» та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B.

Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення цієї справи по суті Теленор мобайл ком»юнікейшнз АС та будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати та подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк.

Зобов'язуємо боржника НЕГАЙНО виконати рішення суду та повідомити про виконання на адресу Державної виконавчої служби.

*За невиконання рішення суду, відповідно до ст..87 Закону України "Про виконавче провадження", державний виконавець виносить постанову про накладення штрафу на винну у невиконанні рішення суду особу.*

*У разі повторного невиконання законних вимог державного виконавця виноситься постанова про накладення штрафу у подвійному розмірі і порушується клопотання перед Прокуратурою про притягнення винних осіб до кримінальної відповідальності.*

***Нагадуємо, що згідно ст..6, 87, 88 Закону України "Про виконавче провадження", невиконання законних вимог державного виконавця тягне за собою відповідальність згідно Закону. При невиконанні рішення суду державний виконавець порушує клопотання перед судом про кримінальну відповідальність відповідно до чинного законодавства.***

Державний виконавець

АВС у Голос\*\ \*вс\*ком
РАЙОН\ м. Києва
3022 м. Київ
. Ломоносова 22\15

815/10

P

**КИЇВ 127**
03127 0157364 3

Тешюр повой колю. 1©
Хрещатик 191
Київ
01001

The State Enforcement Service in the
Golosiyivsky District of the City of Kyiv
22\15 Lomonosova Street,
Kyiv, 3022
[handwritten] 815/10

**P**

[bar code]

KYIV 127
03127 0157364 3

[Stamps]

[Postal Stamp as of
February 16, 2007]

[handwritten]
Telenor Mobile Communications AS
19-A Khreschatyk Street
Kyiv
01001

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the envelope from the State Enforcement Service in the Golosiyivsky District of the City of Kyiv regarding Ruling No. 815/10, of which I have seen a copy of the original.

February 23, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

*[Letterhead of the State Enforcement Service
in Golosiyivsky District of the City of Kyiv]*

<u>December 20, 2006</u>
No. <u>815/10</u>

Kenneth R. Feinberg, Esq.
The Feinerg Group LLP
The Willard Office Building
1455 Pennsylvania Ave., NW
Suite 390
Washington, DC 20004

William R. Jentes, Esq.
1500 North Lake Shore Drive
Suite 4C
Chicago, IL 60610

√ Gregory B. Craig, Esq.
Williams & Connolly LLP
725 Twelfth St., NW
Washington, DC 20005

We hereby notify you that the State Enforcement Service in Golosiyivsky District of the City of Kyiv is carrying out enforcement proceedings regarding decree No. 2-5613 issued on December 1, 2006, by the Golosiyivsky District Court of the City of Kyiv on enjoining Vadym Viktorovych Klymenko, as the General Director of Limited Liability Company "Storm", and any other persons authorized by him from taking any actions aimed at performance of the Shareholders Agreement dated January 30, 2004 until resolution of the case *per se*, including enjoin [them] from signing and filing on behalf of LLC "Storm" any explanations, statements, respondent's statements, motions, participating in the arbitration proceedings, hearings, sessions of the arbitration tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg) being held under the UNCITRAL Arbitration Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; enjoining Limited Liability Company "Storm" and any persons authorized by it from taking any actions aimed at performance of the Shareholders Agreement dated January 30, 2004 until resolution of the case *per se*, including enjoin [them] from filing any explanations, statements, respondent's statements, motions, participating in the arbitration proceedings, hearings, sessions of the arbitration tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg) being held under the UNCITRAL Arbitration Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York; enjoining Telenor Mobile Communications AS and any persons authorized by

it from taking any actions aimed at performance of the Shareholders Agreement dated January 30, 2004 until resolution of the case *per se*, including enjoin [them] from signing and filing any explanations, statements, respondent's statements, motions, participating in the arbitration proceedings, hearings, sessions of the arbitration tribunal (arbitrators Gregory B. Craig, William R. Jentes, presiding arbitrator Kenneth R. Feinberg) being held under the UNCITRAL Arbitration Rules upon a claim brought by Telenor Mobile Communications AS against Limited Liability Company "Storm" in New York.

On December 4, 2006, the State Enforcement Service issued a ruling on commencement of enforcement proceedings, whereby Vadym Viktorovych Klymenko, as the General Director of Limited Liability Company "Storm", Limited Liability Company "Storm" and Telenor Mobile Communications AS are obliged to comply with the requirements of the abovementioned decree.

State Enforcement Officer          [*signature*]          *V.A. Ustymenko*

[*Round seal of the State Enforcement
Service in Golosiyivsky District of the City
of Kyiv*]



ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

## ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА

### У Голосіївському районі міста Києва

м. Київ, вул. Ломоносова,22/15

20.12.2006 р

№ 815/10

Kenneth R.Feinberg, Esq.
The Feinerg Group LLP
The Willard Office Building
1455 Pennsylvania Ave., NW
Suite 390
Washington, DC 20004

William R.Jentes, Esq.
1500 North Lake Shore Drive
Suite 4C
Chicago, IL 60610

Gregory B. Craig, Eeq.
Williams & Connolly LLP
725 Twelfth St., NW
Wasgington, DC 20005

     Доводимо до Вашого відома про те, що на виконанні у Державній виконавчий службі у Голосіївському районі м. Києва перебуває ухвала № 2- 5613 від 01.12.2006 року Голосіївського районного суду м. Києва про заборону до вирішення справи по суті Клименку Вадиму Вікторовичу, як генеральному директору Товариства з обмеженою відповідальністю «Сторм» та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати та подавати від імені ТОВ «Сторм» будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення справи по суті Товариству з обмеженою відповідальністю «Сторм» та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом

Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк; заборону до вирішення цієї справи по суті Теленор мобайл ком»юнікейшнз АС та будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати та подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Григорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг ( Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком''юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю «Сторм» в місті Нью-Йорк.

04.12.2006 року Державною виконавчою службою винесено постанову про відкриття виконавчого провадження, якою зобов»язано Клименка Вадима Вікторовича, як генерального директора Товариства з обмеженою відповідальністю «Сторм», Товариству з обмеженою відповідальністю «Сторм», Теленор мобайл ком»юнікейшнз АС виконувати умови зазначеної ухвали.

Державний виконавець



В.А.Устименко