Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue, New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- X

STORM LLC,                                                    :

                              Plaintiff,                      :

                    -against-                                 :

**TELENOR MOBILE COMMUNICATIONS AS,**        :

                         Defendant.                           :

-------------------------------------------------------------------------- X    06 CV13157 (GEL) (DF)

**TELENOR MOBILE COMMUNICATIONS AS,**        :

                         Counterclaimant,                     :

                    - against-                                :    **DECLARATION OF**
                                                              :    **OLEKSIY DIDKOVSKIY**

**STORM LLC,**                                                :

                    Counterclaim-Defendant,                   :

                    - and-                                     :

**ALTIMO HOLDINGS & INVESTMENTS LIMITED and** :
**ALPREN LIMITED,**                                           :

                         Relief Defendants.                   :

-------------------------------------------------------------------------- X

I, **OLEKSIY DIDKOVSKIY,** declare the following to be true:

1.      I am a member of the bar of Ukraine and of Shevchenko Didkovskiy & Partners law firm, located in Kyiv, Ukraine.  My practice includes telecommunications law, cable communications, antitrust and trade regulation, loan and financial transactions, corporate finance, and foreign investment matters.  I also serve as Ukrainian counsel to Counterclaimant Telenor Mobile Communications AS ("Telenor Mobile").  I make this declaration at the request of Telenor Mobile and pursuant to 28 U.S.C. § 1746 in support of Telenor Mobile's motion for Relief Defendants Altimo Holdings & Investments Limited ("Altimo") and Alpren Limited ("Alpren") and Counterclaim-Defendant Storm LLC ("Storm") to be held in contempt.

**The First E&Y Case**

2.      On December 21, 2006, without notice to Telenor Mobile or, so far as I am aware, any other party, Storm filed a claim in the Kyiv City Commercial Court (the "First E&Y Claim") against Closed Joint Stock Company "Kyivstar G.S.M." ("Kyivstar"), Limited Liability Company "Ernst & Young Audit Services" ("E&Y I") and Limited Liability Company "Ernst & Young" ("E&Y II"), seeking, among other things, to have the court (a) declare null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006 (the "First E&Y Agreement") between Kyivstar, E&Y I and E&Y II  and the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 (the "Second E&Y Agreement") between Kyivstar and E&Y II, (b) declare unlawful the appointment of E&Y I and E&Y II as Kyivstar's auditors for the year 2005, and (c) compel Kyivstar and E&Y II to return to one another documents and other information and funds obtained under the Second E&Y

Agreement.  Attached hereto as Exhibit A are copies of the original Ukrainian version of

the First E&Y Claim and a true and correct English translation thereof.

3.      In addition, on December 21, 2006, without notice to Telenor

Mobile or, so far as I am aware, any other party, Storm filed a petition for injunctive

relief with the Kyiv City Commercial Court (the "First E&Y Claim Petition for

Injunctive Relief"), requesting the court to enjoin, until the First E&Y Claim has been

resolved on the merits, (a)  Kyivstar, E&Y I and E&Y II and "any of their authorized

persons, officers and shareholders" of Kyivstar  "from taking any actions aimed at

performance of any contracts …, the subject matter of which consists in providing

(obtaining) audit services, including [to] enjoin from providing and receiving any

information on financial and commercial activity" of Kyivstar, (b) Kyivstar, E&Y I and

E&Y II and "any of their authorized persons, officers and shareholders" of Kyivstar

"from using in any way the financial statements, reports, documents or information

already obtained from one another", and (c) Kyivstar "from entering into any transactions

(contracts, agreements), the subject matter of which consists in providing (obtaining)

audit services".  Attached hereto as Exhibit B are copies of the original Ukrainian

version of the First E&Y Claim Petition for Injunctive Relief and a true and correct

English translation thereof.

4.      On December 28, 2006, Judge L.G. Smirnova of the Kyiv City

Commercial Court issued a decree accepting the First E&Y Claim filed by Storm and

scheduling a hearing for January 22, 2007.  Judge Smirnova is the same Kyiv City

Commercial Court judge who rendered the April 25, 2006 decision in the case brought by

Relief Defendant Alpren against Counterclaim-Defendant Storm addressed in my

declaration dated December 14, 2006 and filed with this Court.   Attached hereto as
Exhibit C are copies of the original Ukrainian version of Judge Smirnova's decree and a
true and correct English translation thereof.

        5.      On December 29, 2006, Judge Smirnova issued a decree (the "First
E&Y Injunction") granting Storm's request in the First E&Y Claim Petition for
Injunctive Relief and enjoining, until the resolution of the First E&Y Claim (a) Kyivstar,
E&Y I and E&Y II and "any of their authorized persons, officers and shareholders" of
Kyivstar "from taking any actions aimed at performance of any contracts …, the subject
matter of which consists in providing (obtaining) audit services, including to enjoin from
providing and receiving any information on financial and commercial activity" of
Kyivstar, "including underlying accounting documents, reports and information, from
signing and submitting any reports; letters", (b) Kyivstar, E&Y I and E&Y II and "any of
their authorized persons, officers and shareholders" of Kyivstar "from using in any way
the financial statements, reports, documents or information already obtained from one
another", and (c) Kyivstar "from entering into any transactions (contracts, agreements),
the subject matter of which consists in providing (obtaining) audit services".   Attached
hereto as Exhibit D are copies of the original Ukrainian version of the First E&Y
Injunction and a true and correct English translation thereof.

        6.      On December 29, 2006, the State Enforcement Service in the
Pechersky District of the City of Kyiv issued an order addressed to Kyivstar, E&Y I and
E&Y II instructing them to "perform the court decision IMMEDIATELY and report
about the performance to the State Enforcement Service" and stating that "[s]hould you
fail to comply with the court decision, the state enforcement officer will bring a motion to

the court to hold the persons guilty of failing to comply with the court decision criminally liable." Attached hereto as Exhibit E are copies of the original Ukrainian version of the State Enforcement Service's order and a true and correct English translation thereof.

       7.    On January 19, 2007, Telenor Mobile filed a petition with the Kyiv City Commercial Court requesting the court to permit Telenor Mobile to participate in the case before the Kyiv City Commercial Court (the "First E&Y Case") as a third person without independent claims, on the side of Kyivstar, and a petition requesting the court to cancel the First E&Y Injunction on procedural grounds. In its petition requesting permission to participate in the First E&Y Case, Telenor Mobile stated that "a decision in the case may affect the rights or obligations of Telenor (the majority shareholder in [Kyivstar]) in respect of [Kyivstar]", that Storm's "filing of its claim ... is a violation of an agreement between Telenor and [Storm] that is the subject of an arbitration proceeding in New York ..., and that Telenor has brought [Storm's] filing of its claim to the attention of the arbitration tribunal in such proceeding", and that "[b]y filing [its] petition, Telenor is not waiving its right to arbitrate this or any other dispute with [Storm]". Attached hereto as Exhibit F are copies of the original Ukrainian version of Telenor Mobile's petitions requesting permission to participate in the First E&Y Case and to cancel the First E&Y Injunction on procedural grounds, and true and correct English translations thereof.

       8.    On January 19, 2007, Judge Smirnova issued a decree in which she permitted Telenor Mobile to participate in the First E&Y Case as a third person without independent claims and vacated the First E&Y Injunction. Attached hereto as Exhibit G are copies of the original Ukrainian version of Judge Smirnova's decree. Judge Smirnova

did not, however, dismiss the First E&Y Case, and, to the best of my knowledge, as of the date of this declaration, that case remains active. Storm appealed Judge Smirnova's decree dated January 19, 2007 to the Kyiv Commercial Court of Appeals. At a hearing on March 5, 2007, the Kyiv Commercial Court of Appeals terminated appellate proceedings regarding Judge Smirnova's decree. As a result of this hearing, Judge Smirnova's decree dated January 19, 2007 remains effective. The Kyiv Commercial Court of Appeals should now remand the First E&Y Case back to Judge Smirnova for resolution on the merits. Attached hereto as Exhibit H are copies of the original Ukrainian versions of the other filings, orders, petitions and decrees made or issued in the First E&Y Case and true and correct English translations thereof.

**The Second E&Y Case**

9.      On January 31, 2007, without notice to Telenor Mobile or, so far as I am aware any other party, Relief Defendant Alpren filed a claim in the Krasnolutsky District Court of Lugansk Region[1] (the "Second E&Y Claim") against Counterclaim-Defendant Storm's General Director, Vadym Klymenko, Kyivstar, Trond Moe, the current head of Telenor Mobile's country office in Ukraine and, formerly, the Vice President and Chief Financial Officer of Kyivstar, E&Y I and E&Y II, seeking, among other things, to have the court (a) declare null and void the First E&Y Agreement and the Second E&Y Agreement, (b) declare unlawful the actions of Trond Moe, Kyivstar, E&Y I and E&Y II in respect of the execution and performance of the First E&Y Agreement and the Second E&Y Agreement, (c) declare unlawful the appointment of E&Y I and

---

[1] It appears Alpren filed its claim in the Lugansk court, which is located in eastern Ukraine near the Russian border, because Mr. Klymenko, Storm's General Director, allegedly lives in Lugansk, even though he actually lives and works in Kyiv.

E&Y II as Kyivstar's auditors for the year 2005, and (d) compel Kyivstar and E&Y II to return to one another documents and other information and funds obtained under the Second E&Y Agreement. Attached hereto as Exhibit I are a copy of the Second E&Y Claim and a true and correct English translation thereof.

10.    In addition, on January 31, 2007, without notice to Telenor Mobile or, so far as I am aware, any other party, Relief Defendant Alpren filed a petition for injunctive relief with the Krasnolutsky District Court of Lugansk Region (the "Second E&Y Claim Petition for Injunctive Relief") requesting the court to enjoin, until the Second E&Y Claim has been resolved on the merits, (a) Kyivstar, E&Y I and E&Y II and "any of their authorized persons, officers and shareholders" of Kyivstar "from taking any actions aimed at performance of any contracts …, the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity" of Kyivstar, "including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except where such submission to the governmental authorities of Ukraine is required by applicable law)", (b) Kyivstar, E&Y I and E&Y II and "any of their authorized persons, officers and shareholders" of Kyivstar "from using, in whatever manner, the financial statements, reports, documents and information they have already obtained from each other", and (c) Kyivstar "from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services". Attached hereto as Exhibit J are copies of the original Ukrainian version of the Second E&Y Claim Petition for Injunctive Relief and a true and correct English translation thereof.

11.    On January 31, 2007, Judge I.G. Bychkov of the Krasnolutsky District Court of Lugansk Region issued a decree (the "Second E&Y Injunction") granting Alpren's request in the Second E&Y Claim Petition for Injunctive Relief and enjoining, until the resolution of the Second E&Y Claim (a) Kyivstar,  E&Y I and E&Y II and "any of their authorized persons, officers  and shareholders" of Kyivstar "from taking any actions aimed at performance of any contracts …, the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity" of Kyivstar, "including underlying accounting documents, reports and information, from signing and submitting any reports; letters (except for those filed with the Ukrainian state authorities to comply with the requirements of applicable law)", (b) Kyivstar, E&Y I and E&Y II and "any of their authorized persons, officers and shareholders" of Kyivstar "from using in any way the financial statements, reports, documents or information already obtained from one another", and (c) Kyivstar "from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services".   Attached hereto as Exhibit K are copies of the original Ukrainian version of the Second E&Y Injunction and a true and correct English translation thereof.

12.    On February 2, 2007, the State Enforcement Service in the Pechersky District of the City of Kyiv issued an order addressed to Kyivstar, E&Y I and E&Y II notifying them of the commencement of enforcement proceedings in the case before the Krasnolutsky City Court of Lugansk Region (the "Second E&Y Case") and instructing them to "report within 7 days on the implementation of the above ruling".

This order was accompanied by an Imperative Demand dated February 2, 2007 from the State Enforcement Service demanding that Kyivstar, E&Y I and E&Y II "IMMEDIATELY execute the decision of the court and report the execution [to] the enforcement service" and stating that "[t]he repeated failure to comply with lawful requirements of the state enforcement officer will result in a ruling to impose a double penalty and a motion to the Prosecutor's Office to hold the failing persons criminally liable." Attached hereto as Exhibit L are copies of the original Ukrainian versions of the State Enforcement Service's order and demand and true and correct English translations thereof.

13.    On February 5, 2007, Telenor Mobile filed a statement of appeal with the Lugansk Region Court of Appeals requesting the court to reverse on procedural grounds the decree of the Krasnolutsky District Court of Lugansk Region granting the Second E&Y Injunction, and Trond Moe filed a statement of appeal to terminate proceedings in the Second E&Y Case. In its statement of appeal, Telenor Mobile stated that "[w]hile Telenor addresses procedural issues, as the majority shareholders in [Kyivstar], Telenor's rights and interests are affected by the above-mentioned decree," that "the filing of the claim … is a violation of an agreement between Telenor and [Storm] that is the subject of an arbitration proceeding in New York …," and that "[b]y filing [its] statement, Telenor is not waiving its right to arbitrate this or any other dispute". Attached hereto as Exhibit M are copies of the original Ukrainian version of Telenor Mobile's statement of appeal and a true and correct English translation thereof.

14.    To the best of my knowledge, as of the date of this declaration, the Second E&Y Case remains active. Attached hereto as Exhibit N are copies of the

original Ukrainian versions of the other filings, orders, petitions and decrees made or

issued in the Second E&Y Case and true and correct English translations thereof.

**The Third E&Y Case**

15.     On February 16, 2007, without notice to Telenor Mobile or, so far

as I am aware, any other party, Alpren filed a claim in the Kyiv City Commercial Court

(the "Third E&Y Claim") against Kyivstar, E&Y I and E&Y II, seeking, among other

things, to have the court (a) declare null and void the First E&Y Agreement and the

Second E&Y Agreement, (b) declare unlawful the actions of Kyivstar and E&Y I and

E&Y II in relation to the execution and performance of the First E&Y Agreement and the

Second E&Y Agreement,  (c) declare unlawful the appointment of E&Y I and E&Y II as

Kyivstar's auditors for the year 2005, and (d) compel Kyivstar and E&Y II to return to

one another documents and other information and funds obtained under the Second E&Y

Agreement.   Attached hereto as Exhibit O are copies of the original Ukrainian version of

the Third E&Y Claim and a true and correct English translation thereof.

16.     In addition, on or about February 16, 2007, without notice to

Telenor Mobile or, so far as I am aware, any other party, Alpren filed a petition for

injunctive relief with the Kyiv City Commercial Court (the "Third E&Y Claim Petition

for Injunctive Relief"), requesting the court to enjoin, until the Third E&Y Claim has

been resolved on the merits, (a) Kyivstar, E&Y I and E&Y II and "any of their

authorized persons, officers  and shareholders" of Kyivstar  "from taking any actions

aimed at performance of any contracts …, the subject matter of which is to provide

(obtain) audit services, including [to] enjoin from providing and receiving any

information on financial and business activity" of Kyivstar,  "including primary

accounting documents, reports and data, and from signing and submitting any reports;

letters", (b) Kyivstar, E&Y I and E&Y II and "any of their authorized persons, officers

and shareholders" of Kyivstar "from using, in whatever manner, the financial statements,

reports, documents and information they have already obtained from one another", (c)

Kyivstar "from entering into any transactions (contracts, agreements), the subject matter

of which consists is to provide (obtain) audit services" and (d) Kyivstar and "any of its

authorized persons, officers and shareholders of [Kyivstar], specifically, financial and

other reports of [Kyivstar] not approved by authorized bodies of [Kyivstar], from making

such information available to any persons in any way whatsoever, including by making it

public using any media, specifically, printed and/or electronic mass media, from placing

such information in the Internet, from disseminating (distributing), using in any manner

whatsoever and for any purpose any information on [Kyivstar], including financial or

other reports of [Kyivstar] not approved by authorized bodies of [Kyivstar], as well as

enjoin from using the said information in their consolidated financial statements."

Attached hereto as Exhibit P are copies of the original Ukrainian version of the Third

E&Y Claim Petition for Injunctive Relief and a true and correct English translation

thereof.

       17.    On February 21, 2007, Judge I.O. Domnicheva of the Kyiv City

Commercial Court issued a decree commencing proceedings in the case (the "Third E&Y

Case") and scheduling a hearing for March 15, 2007.   Attached hereto as Exhibit Q are

copies of the original Ukrainian version of Judge Domnicheva's decree and a true and

correct English translation thereof.

       18.    On February 22, 2007, Judge Domnicheva issued a decree (the

"Third E&Y Injunction") granting Alpren's request in the Third E&Y Claim Petition for

Injunctive Relief and enjoining, until the resolution of the Third E&Y Case (a) Kyivstar,

E&Y I and E&Y II and "any other individuals or legal entities" "from taking any actions

aimed at performance of any contracts …, the subject matter of which is to provide

(obtain) audit services to/by [Kyivstar], including [to] enjoin from providing and

receiving any information, reports or data on financial and business  activity" of Kyivstar,

(b) Kyivstar "from entering into any transactions (contracts, agreements), the subject

matter of which is to provide (obtain) audit services" and (c) Kyivstar, E&Y I, E&Y II

and "any other individuals or legal entities, which have received information on

[Kyivstar], specifically, financial and other reports of [Kyivstar] not approved by

authorized bodies of [Kyivstar], from making such information available to any persons

in any way whatsoever, including by making it public using any media, specifically,

printed and/or electronic mass media, from placing such information in the Internet, from

disseminating (distributing), using in any manner whatsoever and for any purpose any

information on [Kyivstar], including financial or other reports of [Kyivstar] not approved

by authorized bodies of [Kyivstar], as well as enjoin from using the said information in

their consolidated financial statements."    Attached hereto as Exhibit R are copies of the

original Ukrainian version of the Third E&Y Injunction and a true and correct English

translation thereof.

    19.  On February 28, 2007, the State Enforcement Service in the

Pechersky District of Kyiv City issued an order addressed to Kyivstar, E&Y I and E&Y

II notifying them of the commencement of enforcement proceedings in the Third E&Y

Case and instructing them to "notify us of the implementation status within 7 days

hereof." This order was accompanied by an Imperative Demand dated February 28,

2007 from the State Enforcement Service demanding that Kyivstar, E&Y I and E&Y II

"execute the decision of the court and report the execution [to] the Enforcement Service"

and stating that "[t]he repeated failure to comply with lawful requirements of the state

enforcement officer will result in a ruling to impose a double penalty and a motion to the

Prosecutor's Office to hold the failing persons criminally liable." Attached hereto as

Exhibit S are copies of the original Ukrainian versions of the State Enforcement Service's

order and demand and true and correct English translations thereof.

   20. To the best of my knowledge, as of the date of this declaration, the

Third E&Y Case remains active.

  I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct. Executed on March 12, 2007.

OLEKSIY DIDKOVSKIY

21.12.2006

**Kyiv City Commercial Court**

*8*

[*Handwritten: Smirnova L.G.*
*22.12.06*]
[*signature*]

**Claimant:**
*Name:* Limited Liability Company "Storm"
*Location:* 1 Narodnogo Opolchennya Str.
Kyiv, 01001
*Identification code* of legal entity: 23163325
Current account No. 26000100675001 in CJSC "Alfa-Bank",
MFO code 300346

**Respondent 1:**
Closed Joint Stock Company "Kyivstar G.S.M."
*Location:* 51 Chervonozoryany Prospect
Kyiv, 03110.
*Identification code* of legal entity:
21673832
Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO code 300733

**Respondent 2:**
*Name:* Limited Liability Company "Ernst & Young Audit Services"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306921
Current account No. 26008200313003 in Citibank (Ukraine),
MFO code 300584

**Respondent 3:**
*Name:* Limited Liability Company "Ernst & Young"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306958
Current account No. 26005200311019 in Citibank (Ukraine),
MFO code 300584

[*Stamp:* Kyiv City Commercial Court
December 21, 2006    RECEIVED
No. *37352*    Signature [*signed*]]

1

9

## STATEMENT OF CLAIM
### on recognizing agreements as null and void, recognizing actions as unlawful and compelling to take actions

The Claimant is a shareholder of Respondent 1, holding 43.4823% of the shares.

In accordance with the Civil Code of Ukraine, the Commercial Code of Ukraine, the Law of Ukraine "On Business Entities", the Claimant is entitled to manage Respondent 1 as a member of the general meeting of shareholders, the highest governing body of Respondent 1.

Under Article 4 of the Law of Ukraine "On Business Entities", the procedure for managing Respondent 1 is established in the Charter and the founding agreement, which must define the competence of governing bodies and their decision-making procedure. The Claimant, in its capacity as a shareholder of Respondent 1, approved the charter of Respondent 1 and defined the competence of the governing bodies of Respondent 1. In particular, Article 9.10 of the Charter provided that: "... [the following matters] shall fall within the exclusive authority of the Board...:

> ...
> *(j) the appointment of the Company's external auditors".*

Article 161 of the Civil Code of Ukraine defines the powers of executive body of a joint stock company. In particular, part 1 of Article 161 provides that executive body acts on behalf of a joint stock company within the limits established by the charter and the law.

However, as the Claimant has found out, Respondent 1 has acted and is acting contrary to the requirements of the Charter, has systematically ignored and is ignoring its provisions, has violated and is violating the Ukrainian law, the rights of the Claimant to participate in managing Respondent 1.

Thus, Respondent 1 (represented by Trond Moe, an attorney-in-fact) appointed Respondent 2 and Respondent 3 as auditors of Respondent 1 and signed the Agreement on Provision of Professional Services No. 9331 of January 6, 2006 (with Respondent 2 and Respondent 3), hereinafter "Disputed Agreement 1", and the Agreement on Provision of Professional Services No. 12352 of May 3, 2006 (with Respondent 3), hereinafter "Disputed Agreement 2", as well as has partially performed them.

However, the mentioned actions of the Respondents are illegal, and the disputed agreements are null and void transactions in connection with the following.

So, according to Article 203 of the Civil Code of Ukraine, a person performing a transaction shall have the required scope of civil capacity.

A legal entity incurs rights and obligations through its bodies acting in accordance with constituent documents and the law.

2

*10*

Under Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 – 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

Hence, Trond Moe, a representative of Respondent 1, did not have the sufficient scope of civil capacity to appoint Respondents 2 and 3 as auditors of Respondent 1. Neither Respondent 1, nor Trond Moe, a representative of Respondent 2, had sufficient powers to enter into the disputed agreements without a resolution of the Board of Respondent 1 on appointment of the auditors, and this undoubtedly evidences the need to recognize them [the disputed agreements] as null and void and recognize the actions relating to appointment of the auditors by the executive body of Respondent 1 and execution of the disputed agreements with them as unlawful.

Under Article 216 of the Civil Code of Ukraine, an invalid transaction does not entail any legal consequences, except for those related to its invalidity. Therefore, the Respondents have no grounds whatsoever to continue taking any actions to perform the disputed agreements, any such actions must be ceased, and each Party must return to the other one everything it obtained under the disputed agreements.

At the same time, one should note that, under Article 18 of the Law of Ukraine "On Business Entities", financial statements of a company shall be confirmed by an auditor (an audit firm).

Pursuant to Article 20 of the Law of Ukraine "On Audit Activity", an audit shall be conducted on the basis of an agreement.

Under Article 28 of the Law of Ukraine "On Audit Activity", an entity, for which an audit is mandatory under the law, shall notify a relevant tax inspectorate of execution of an agreement for conducting an audit by December 1.

Since an audit is mandatory for Respondent 1, as under Article 40 of the Law of Ukraine "On Securities and Stock Market", an issuer (in this case, Respondent 1) shall submit an auditor's report to the State Securities and Stock Market Commission by April 30 of the year following the reporting year, Respondent 1 was to have appointed an auditor and have entered into a respective agreement with it by December 1, 2006, and have notified thereof a tax inspectorate where it is registered within December 1, 2006.

Contrary to the above-mentioned statutory rules, Respondent 1 has failed to appoint any auditor for the year 2006 and, as a result, did not enter into any audit agreement with it and did not notify the tax inspectorate thereof. This may negatively influence its activity and inflict losses both on Respondent 1 and the Claimant as a shareholder of Respondent 1 since this may affect the amount of profit subject for distribution between the shareholders.

*11*

Pursuant to Article 124 of the Ukrainian Constitution, the courts' jurisdiction shall encompass all legal relations arising in the state, including those relating to this particular case.

Under part 1 of Article 20 of the Civil Code of Ukraine, a person exercises the right to protection at its own discretion, i.e. a person freely chooses a legal remedy for its violated rights and legitimate interests.

In view of the foregoing, based on Article 124 of the Ukrainian Constitution, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activity", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Entities", Articles 83 and 84 of the Code of Commercial Procedure of Ukraine,

## IT IS HEREBY REQUESTED TO:

- recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing;

- recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing;

- recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006;

- recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006;

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance;

4

*12*

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006;

- hold Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" jointly liable for reimbursing Limited Liability Company "Storm" for the litigation costs in the ratio of 80%, 10% and 10% respectively.


Annexes:

1. Copy of the charter of CJSC "KYIVSTAR G.S.M.";
2. Copy of the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006;
3. Copy of the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006;
4. Evidence that a copy of the statement of claim and the annexed documents (which respondents do not have) have been sent to the respondents;
5. Evidence of payment of the state duty;
6. Evidence of payment of costs for information and technical support of the legal process;


*[Signature]*

V.V. Klymenko
General Director


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Limited Liability Company "Storm" on Recognizing Agreements as Null and Void, Recognizing Actions as Unlawful and Compelling to Take Actions dated December 21, 2006, of which I have seen a copy of the original.

March 6, 2007, I, Natinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

5

21.12.06

8

## Господарський суд міста Києва

**Позивач:**
*Найменування:* Товариство з обмеженою
відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул.
Народного ополчення, буд.1
*Ідентифікаційний код юридичної особи*
23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк",
МФО 300346

**Відповідач 1:**
Закрите акціонерне товариство "КИЇВСТАР
Дж. Ес. Ем."
*Місцезнаходження:* 03110, м. Київ,
Червонозоряний проспект, 51.
*Ідентифікаційний код юридичної особи*
21673832
п/р 26007011250098 в Філія АКІБ
"УкрСиббанк" "Київське регіональне
управління, МФО 300733

**Відповідач 2:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а.
*Ідентифікаційний код юридичної особи*
33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

**Відповідач 3:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а
*Ідентифікаційний код юридичної особи*
33306958
п/р 26005200311019 в Сітібанк (Україна),
МФО 300584

Господарський суд міста Києва
**ОДЕРЖАНО**
2 1 ГРУ 2006
№ _____  Підпис

1

## ПОЗОВНА ЗАЯВА
...ання договорів недійсними, дій незаконними та зобов'язання
вчинити дії

...озивач є акціонером Відповідача 1, якому належить 43,4823 % акцій.

...відповідності до Цивільного кодексу України, Господарського кодексу
...акону України "Про господарські товариства" Позивач має право на
... Відповідачем 1, як один з членів вищого органу управління
...а 1 – загальних зборів акціонерів.

...орядок управління Відповідачем 1 згідно зі ст.4 Закону України "Про
...кі товариства" встановлюється в Статуті та установчому договорі,
...нен містити компетенцію органів управління та порядок прийняття
...ень. Позивачем, як акціонером Відповідача 1, було ухвалено статут
...ча 1 та визначено компетенцію органів управління Відповідача 1.
... п.9.10 Статуту було встановлено, що: "...належать до виключної
...ії Ради ...:

...

*(и) призначення незалежних аудиторів Товариства".*

...161 ЦК України визначено повноваження виконавчого органу
...ого товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган
...ого акціонерного товариства в межах, встановлених статутом і законом.

...роте, як стало відомо Позивачу, Відповідач 1 діяв та діє всупереч
... Статуту, систематично ігнорував та ігнорує його положення,
... та порушує законодавство України, права Позивача на участь в
... Відповідачем 1.

...к, Відповідачем 1 (в особі представника Тронд Моє) Відповідача 2 та
...ча 3 було призначено аудиторами Відповідача 1 та підписано договір
...ня професійних послуг №9331 від 06.01.2006 року (з Відповідачем 2,
...відачем 3), надалі "Спірний договір 1", та договір про надання
...них послуг №12352 від 03.05.2006 року (з Відповідачем 3), надалі
...договір 2", а також частково було здійснено їх виконання.

...роте вказані дії Відповідачів є незаконними, а спірні договори є
...ми правочинами з огляду на таке.

...к, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна
...ідний обсяг цивільної дієздатності.

...рава та обов'язки юридична особа набуває через свої органи, які діють
...о до установчих документів та закону.

2

...ставою недійсності правочину згідно зі ст.215 ЦК України є ...и в момент вчинення правочину стороною вимог, визначених ...тинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без ...обсягу своєї цивільної дієздатності (з перевищенням повноважень).

...представник Відповідача 1 Тронд Мое не мав достатнього обсягу ...єздатності для призначення Відповідачів 2 та 3 аудиторами ...1. Ані Відповідач 1, ані представник Відповідача 1 Тронд Мое не ...них повноважень для укладання спірних договорів за відсутності ...Відповідача 1 про призначення аудиторів, що беззаперечно ...о необхідність визнання їх недійсними, а дії по призначенню ...конавчим органом Відповідача 1 та укладанню з ними спірних ...аконними.

...но зі ст.216 ЦК України недійсний правочин не створює жодних ...наслідків, крім тих, що пов'язані з його недійсністю. Отже у ...відсутні будь-які підстави для продовження дій по виконанню ...оворів, будь-які подібні дії повинні бути припинені, а кожна зі ...на повернути іншій стороні все одержане за спірними договорами.

...з тим, слід зазначити, що у відповідності до ст.18 Закону України ...рські товариства" звітність товариства повинна бути підтверджена ...удиторською фірмою).

...Закону України "Про аудиторську діяльність" передбачено, що ...ться на підставі договору.

...Закону України "Про аудиторську діяльність" передбачено, що ...и якого обов'язковість проведення аудиту встановлена ...ом, зобов'язаний повідомити про укладення договору відповідну ...пекцію про укладання договору на проведення аудиту до 01

...ки для Відповідача 1 встановлена обов'язковість проведення ...ст.40 Закону України «Про цінні папери та фондовий ринок" ...що емітент (в даному випадку Відповідач 1) повинен надати ...ісії з цінних паперів та фондового ринку аудиторський висновок ...наступного за звітним року, то Відповідач 1 зобов'язаний був ...удитора та укласти з ним відповідний договір до 01.12.2006 року ...вин був повідомити податкову інспекцію, де він перебуває на ...2.2006 року.

...ушення вказаних норм законодавства Відповідач 1 не призначив ...006 рік, та, як наслідок, не уклав з ним договір про проведення ...слав про це повідомлення в податкову інспекцію. Це може ...начитися на його діяльності та завдати збитків як самому ...так і Позивачу, як акціонеру Відповідача 1, оскільки може ...вплинути на розмір прибутку, що підлягає розподіленню між

3

ст.124 Конституції України передбачає, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі, зокрема й ті, що мають місце в даному випадку.

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених охоронюваних законом інтересів.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20, Закону України "Про аудиторську діяльність", ст.40 Закону України «Про цінні папери та фондовий ринок», ст.4, ст.18 Закону України "Про господарські товариства" ст.83, ст.84 Господарського процесуального кодексу України,

## ПРОСИМО:

визнати недійсним договір про надання професійних послуг №9331 від 2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

визнати недійсним договір про надання професійних послуг №12352 від 2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту укладання;

визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 2006 року;

визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 2006 року;

визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором надання професійних послуг №12352 від 03.05.2006 року та в ході його

4

Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі ...ного органу - Ради призначити аудитора на 2005 рік;

...крите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі ...ого органу - Ради призначити аудитора на 2006 рік;

...акрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після ...ою аудиторів на 2005 та 2006 роки укласти з такими аудиторами ...проведення аудиту та повідомити про їх укладення податкову

...на Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", ...обмеженою відповідальністю "Ернст енд Янг Аудиторські ...Товариство з обмеженою відповідальністю "Ернст енд Янг" ...обов'язок по відшкодуванню Товариству з обмеженою ...но "Сторм" судових витрат в співвідношенні 80%, 10%, 10%

...ня:
...статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
...договору про надання професійних послуг №9331 від 06.01.2006

...договору про надання професійних послуг №12352 від 03.05.2006

...про забезпечення позову;



...го В.В.
...ний директор.

5



2006

**Господарський суд міста Києва**

**Позивач:**
*Найменування:* Товариство з обмеженою відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул. Народного ополчення, буд.1
*Ідентифікаційний код юридичної особи* 23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк", МФО 300346

**Відповідач 1:**
Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем."
*Місцезнаходження:* 03110, м. Київ, Червонозоряний проспект, 51.
*Ідентифікаційний код юридичної особи* 21673832
п/р 26007011250098 в Філія АКІБ "УкрСиббанк" "Київське регіональне управління, МФО 300733

**Відповідач 2:**
*Найменування:* Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги"
*Місцезнаходження:* 01001, м. Київ, вул. Хрещатик, буд.19а.
*Ідентифікаційний код юридичної особи* 33306921
п/р 26008200313003 в Сітібанк (Україна), МФО 300584

**Відповідач 3:**
*Найменування:* Товариство з обмеженою відповідальністю "Ернст енд Янг"
*Місцезнаходження:* 01001, м. Київ, вул. Хрещатик, буд.19а
*Ідентифікаційний код юридичної особи* 33306958
п/р 26005200311019 в Сітібанк (Україна), МФО 300584

**Заява про забезпечення позову**

...озивач звернувся з позовом про визнання договорів недійсними, дій
...ними та зобов'язання вчинити дії, а саме просив суд визнати недійсним
...про надання професійних послуг №9331 від 06.01.2006 року між
...им акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з
...тою відповідальністю "Ернст енд Янг Аудиторські Послуги",
...ством з обмеженою відповідальністю "Ернст енд Янг з моменту його
...ння; визнати недійсним договір про надання професійних послуг №12352
...5.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес.
...Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту
...адання; визнати незаконними дії Закритого акціонерного товариства
...ТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд
...диторські Послуги", Товариства з обмеженою відповідальністю "Ернст
... по укладанню та виконанню договору про надання професійних послуг
...від 06.01.2006 року; визнати незаконними дії Закритого акціонерного
...тва "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою
...альністю "Ернст енд Янг" по укладанню та виконанню договору про
... професійних послуг №12352 від 03.05.2006 року; визнати незаконним
...ення Товариства з обмеженою відповідальністю "Ернст енд Янг
...рські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд
...диторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем."
...6 рік; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес.
...Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути
...дному документи, дані, відомості, кошти та все інше одержане за
...ром про надання професійних послуг №12352 від 03.05.2006 року в
...ого виконання; зобов'язати Закрите акціонерне товариство "КИЇВСТАР
...Ем." в особі його компетентного органу - Ради призначити аудитора на
...с зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в
...ого компетентного органу - Ради призначити аудитора на 2006 рік;
...вати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після
...ення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами
...и про проведення аудиту та повідомити про їх укладення податкову
...цію.

...В позовній заяві йдеться про те, що дії Відповідачів, зокрема по
...нню спірних договорів (про визнання яких недійсними йдеться), та не
...ня Відповідачем дій, необхідність вчинення яких встановлена
...авством, ставить під загрозу можливість реалізації Позивачем своїх прав,
...онера Відповідача І. Спірні договори передбачають необхідність
...ня Відповідачами певних дій, які унеможливлюють наступну
...цію, адже йдеться про договори про надання послуг, повернення яких
...иве. Крім того, виконання спірних договорів передбачає незаконне



Відповідачем 1 Відповідачам 2 та 3 інформації, яка становить ...таємницю

...що зі ст.66 ГПК України забезпечення позову допускається в будь-... провадження у справі, якщо невжиття заходів забезпечення може ...ти зробити неможливим виконання рішення господарського суду.

...ховуючи викладене, керуючись ст.66, ст.67 Господарського ...ного кодексу України,

### ПРОСИМО:

...боронити до вирішення цієї справи по суті Закритому акціонерному ...ариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний ...оспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг ...удиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а), ...ариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. ...їв, вул. Хрещатик, буд.19а) та будь-яким уповноваженим ними особам, ...адовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти ...дь-які дії по виконанню будь-яких договорів (угод) предметом яких є ...дання (отримання) аудиторських послуг, в тому числі заборонити ...давати та отримувати будь-яку інформацію про фінансово-господарську ...льність ЗАТ "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні ...алтерські документи, звіти, відомості, підписувати та подавати будь-... звіти; листи;

...боронити до вирішення цієї справи по суті Закритому акціонерному ...ариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний ...оспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг ...удиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а), ...овариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. ...їв, вул. Хрещатик, буд.19а) та будь-яким уповноваженим ними особам, ...адовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." ...користовувати вже отримані одне від одного фінансову звітність, звіти, ...кументи, відомості в будь-який спосіб;

...боронити до вирішення цієї справи по суті Закритому акціонерному ...ариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний ...оспект, 51) укладати будь-які правочини (договори, угоди) предметом ...их є надання (отримання) аудиторських послуг.

...Київ * Україна *

..."СТОРМ"
...Спілоцтво
...23163325

...нко В.В.
...ральний директор.

21.12.2006

**Kyiv City Commercial Court**

*13*

**Claimant:**
*Name:* Limited Liability Company "Storm"
*Location:* 1 Narodnogo Opolchennya Str.
Kyiv, 01001
*Identification code* of legal entity: 23163325
Current account No. 26000100675001 in CJSC
"Alfa-Bank",
MFO code 300346

**Respondent 1:**
Closed Joint Stock Company "KYIVSTAR
G.S.M."
*Location:* 51 Chervonozoryany Prospect
Kyiv, 03110.
*Identification code* of legal entity:
21673832
Current account No. 26007011250098 in
"Kyivske Regionalne Upravlinnya" Branch of
JSCIB "UkrSibbank", MFO code 300733

**Respondent 2:**
*Name:* Limited Liability Company "Ernst &
Young Audit Services"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306921
Current account No. 26008200313003 in Citibank
(Ukraine),
MFO code 300584

**Respondent 3:**
*Name:* Limited Liability Company "Ernst &
Young"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306958
Current account No. 26005200311019 in Citibank
(Ukraine),
MFO code 300584

*14*

## Petition for Injunctive Relief

The Claimant has filed a claim in which it seeks to recognize agreements null and void, actions as unlawful and to compel to take actions, specifically, [the Claimant] has asked the court to recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing; recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing; recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006; recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006; recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005; compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance; compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005; compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006; compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006.

It is asserted in the statement of claim that actions of the Respondents, specifically, regarding the performance of disputed agreements (which are sought to be held null and void), and the Respondent's failure to take actions required by applicable law to be so taken, jeopardize the ability of the Claimant to exercise its rights, as a shareholder of Respondent 1. The disputed agreements require the Respondents to take certain actions that render further restitution impossible, as the agreements in question concern provision of services that cannot be restituted. Additionally, the performance of the disputed agreements involves illegal provision by Respondent 1 to Respondents 2 and 3 of information that constitutes a commercial secret

*15*

In accordance with Article 66 of the Commercial Procedure Code of Ukraine, injunctive relief may be granted at any stage of proceedings in a case if the withholding of such relief may render the enforcement of a commercial court decision difficult or impossible.

Given the foregoing and governed by Articles 66 and 67 of the Commercial Procedure Code of Ukraine,

## WE HEREBY REQUEST TO:

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including enjoin from providing and receiving any information on financial and commercial activity of CJSC "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters;
- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another;
- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832) from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

*[Corporate seal
of LLC "Storm"]*
*[Signature]*

V.V. Klymenko
General Director.

3

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of LLC "Storm" to the Kyiv City Commercial Court for Injunctive Relief. dated December 21, 2006, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

4



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького, 44-Б    тел.230-31-34

## УХВАЛА
### ПРО ПОРУШЕННЯ ПРОВАДЖЕННЯ У СПРАВІ

28.12.06                                                        Справа № 40/37.

Суддя Смірнова Л.Г. розглянувши позовну заяву Товариства з обмеженою відповідальністю "Сторм"
до Закритого акціонерного товариства "Київстар Дж.Ес.Ем"; Товариства з обмеженою відповідальністю "Ернст енд ЯНГ Аудиторські послуги"; Товариства з обмеженою відповідальністю "Ернст енд Янг";
про визнання договорів недійсними, зобов'язання вчинити дії
визнав подані матеріали достатніми для прийняття позовної заяви до розгляду.

Керуючись ст.ст. 64, 65 Господарського процесуального кодексу України,

## СУДДЯ УХВАЛИВ:

1. Порушити провадження у справі та прийняти позовну заяву до розгляду.
2. Розгляд справи призначити на 22.01.07 о 14:45. Засідання відбудеться у приміщенні суду в кімнаті № 23.
3. Зобов'язати учасників процесу подати суду:
   - на підтвердження їх статусу юридичної особи і повного найменування подати оригінал і належним чином засвідчену копію статуту (положення), свідоцтва про державну реєстрацію (перереєстрацію) суб'єкта підприємницької діяльності - юридичної особи; довідку з органів статистики про їх знаходження в Єдиному державному реєстрі підприємств та організацій України на час розгляду справи;
   - довідку з банку про найменування відкритих рахунків;
   Позивачу подати суду:
   - власне письмове підтвердження того, що у провадженні господарських судів України або іншого органу, який в межах своєї компетенції вирішує спір, немає справи зі спору між тими ж сторонами, про той же предмет і з тих же підстав та немає рішення цих органів з такого спору;
   - довідку з органів статистики про знаходження в Єдиному державному реєстрі підприємств та організацій України відповідача на час розгляду справи;
   - оригінали документів доданих до позовної заяви;
   Відповідачам подати суду:
   - письмово та нормативно обгрунтовані пояснення по суті позовних вимог з доданням доказів, що підтверджують викладені обставини, докази направлення цих документів позивачеві;
   - докази, які підтверджують повноваження особи, яка підписала оспорювані договори з боку відповідача 1;
   - докази, які підтверджують повноваження Тронд Мое для призначення

відповідача 2 та відповідача 3  аудиторами  відповідача 1.

4. Сторонам направити у судове засідання повноважних представників.

5. Попередити сторін про те, що незʼявлення в засідання господарського суду їх представників або однієї з них, не є перешкодою для розгляду справи по суті.

6. Попередити сторін про відповідальність за невиконання вимог ухвали суду у відповідності з вимогами пункту 5 статті 83 ГПК України, а окрім цього позивача - у відповідності з вимогами пункту 5 статті 81 ГПК України.


**Суддя**                                                   **Смірнова Л.Г.**

*[Letterhead of the Kyiv City Commercial Court]*

**DECREE**
**ON COMMENCEMENT OF COURT PROCEEDINGS**

December 28, 2006                                                    Case No. 40/37

      Upon review of the statement of claim brought by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M."; Limited Liability Company "Ernst & Young Audit Services"; Limited Liability Company "Ernst & Young";
on recognizing agreements as null and void and compelling to take actions,
judge L.G. Smirnova has found that the filed materials are sufficient to accept the statement of claim for consideration.

      Based on Articles 64, 65 of the Code of Commercial Procedure of Ukraine,

**THE JUDGE HAS RULED TO**:

1.    Commence the proceedings regarding the case and accept the statement of claim for consideration.
2.    Schedule the hearing of the case for January 22, 2007 at 2:45 p.m. The hearing will take place at the court premises, Room No. 23.
3.    Compel the participants of the proceeding to provide the court with:

- in order to confirm their legal entity status and full name, to submit the original and a duly certified copy of the charter (by-law), certificate of state registration (re-registration) of a business entity – legal entity; certificate from statistics authorities confirming that they are registered in the Unified State Register of Enterprises and Organizations of Ukraine as of the time when the case is heard;
- letter from the bank specifying open bank accounts;

The claimant shall provide the court with:

- its own written confirmation that neither commercial courts of Ukraine, nor other bodies in charge of resolving a dispute within their competence are considering a dispute between the same parties, regarding the same subject matter, with the same cause of action, and that these bodies have not issued a decision on such a dispute;
- certificate from statistics authorities confirming that the respondent is registered in the Unified State Register of Enterprises and Organizations of Ukraine as of the time when the case is heard;
- originals of the documents annexed to the statement of claim;

The respondents shall provide the court with:

- written and legally substantiated clarifications regarding the relief sought together with the evidence confirming the stated facts and confirmation that such documents have been sent to the claimant;
- evidence confirming the powers of the person who signed the disputed agreements on behalf of respondent 1;
- evidence confirming the authority of Trond Moe to appoint respondent 2 and respondent 3 as auditors of respondent 1.

4. The parties shall send their authorized representatives to participate in the court hearing.

5. Warn the parties that, if their representatives or one of them fail to attend the commercial court hearing, this shall not prevent consideration of the merits of the case.

6. Warn the parties of the liability for failing to perform the requirements contained in a court decree in accordance with Section 5 of Article 83 of the Code of Commercial Procedure of Ukraine and, in addition, [to warn] the claimant – in accordance with Section 5 of Article 81 of the Code of Commercial Procedure of Ukraine.

**Judge**                          *[Signature]*                          **L.G. Smirnova**


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree on Commencement of Court Proceedings issued by the Kyiv City Commercial Court on December 28, 2006 regarding case No. 40/37, of which I have seen a copy of the original.

January 12, 2007 / I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

*[Letterhead of the Kyiv City Commercial Court]*

## DECREE

**No. 40/37**                                                **December 29, 2006**

### Kyiv City

| | |
|---|---|
| **Upon the claim of:** | Limited Liability Company "Storm", Kyiv City |
| **to:** | Closed Joint Stock Company "KYIVSTAR G.S.M.", Kyiv City |
| **to:** | Limited Liability Company "Ernst & Young Audit Services", Kyiv City |
| **to:** | Limited Liability Company "Ernst & Young", Kyiv City |

| | |
|---|---|
| **on:** | recognizing agreements as null and void, recognizing actions as unlawful and compelling to take actions |

**Judge L.G. Smirnova**

**Representatives:** not summoned

### MERITS OF THE CASE:

Limited Liability Company "Storm" brought for consideration of the Kyiv City Commercial Court the claim against Closed Joint Stock Company "KYIVSTAR G.S.M."; Limited Liability Company "Ernst & Young Audit Services"; Limited Liability Company "Ernst & Young", seeking to recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited

Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006; to recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006.

By its decree dated December 28, 2006, the Kyiv City Commercial Court commenced proceedings in the case, and consideration of the case is scheduled for January 22, 2007.

The claimant has also brought a petition to apply injunctive relief to secure the claim, whereby the latter requested to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters; to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another; to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

The petition is substantiated with the fact that the actions taken by the respondents, particularly regarding the performance of the disputed agreements (that are sought to be recognized as null and void), and the respondents' failing to take actions required by the law jeopardize the possibility for the claimant to exercise its rights as a shareholder of respondent 1. Under the disputed agreements,

the respondents should take certain actions that render any subsequent restitution impossible since the agreements in question concern provision of services that cannot be restituted. In addition, the performance of the disputed agreements involves illegal provision of information classified as commercial secret by respondent 1 to respondents 2 and 3.

Pursuant to Article 66 of the Commercial Procedural Code of Ukraine, upon petition of a party, public prosecutor or its deputy who brought a claim, or upon its own initiative, the commercial court has the right to apply injunctive relief to secure the claim. Applying injunctive relief is allowed in any stage of the proceeding if non-application of such relief may complicate the enforcement of a commercial court decision or render it impossible.

Under Article 67 of the Code of Commercial Procedure of Ukraine, a claim is secured by: seizure of property or money owned by a respondent; enjoining a respondent from taking certain actions; enjoining other persons from taking actions relating to the subject matter of the dispute; suspending collection on the basis of an enforcement document or other document under which collection is performed without recourse.

Injunctive relief to secure a claim is applied as an instrument for preventing possible infringements on property rights or legitimate interests of a legal entity or an individual.

Upon review of the statement of claim materials and arguments of the claimant set forth in its petition for injunctive relief, the court has come to a conclusion that they are well-grounded and, therefore, there are reasons to apply injunctive relief to secure the claim since non-application of injunctive relief may complicate the enforcement of a court decision on the case or render it impossible, if the relief sought is granted.

Based on Articles 66, 67 and 86 of the Code of Commercial Procedure of Ukraine, the court

## RULED TO:

1. Grant the petition of Limited Liability Company "Storm" on applying injunctive relief.

2. Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters.

3. Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another.

4. Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832) from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

The Decree becomes legally effective as from the time of its adoption and is binding.

*[Stamp:* TRUE COPY*]*

**Judge**             *[Signature]*                              **L.G. Smirnova**

*[Handwriting illegible]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court No. 40/37, dated December 29, 2006, of which I have seen a copy of the original.

January 12, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького,44-Б    тел.216-65-72

---

### УХВАЛА

№40/37

м. Київ                                                          29.12.2006

| | |
|---|---|
| За позовом | Товариства з обмеженою відповідальністю «Сторм», м.Київ |
| до | Закритого акціонерного товариства «КИЇВСТАР Дж.Ес.Ем., м.Київ |
| до | Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», м.Київ |
| до | Товариства з обмеженою відповідальністю «Ернст енд Янг», м.Київ |
| про | визнання недійсними договорів, визнання незаконними дій та зобов'язання вчинити дії |

**Представники:** не викликались

**Судця Смірнова Л.Г.**

### ОБСТАВИНИ СПРАВИ:

На розгляд Господарського суду міста Києва передано позовні вимоги Товариства з обмеженою відповідальністю "Сторм» до Закритого акціонерного товариства "КИЇВСТАР Дж.Ес.Ем»; до Товариства з обмеженою відповідальністю «Ернст енд ЯНГ Аудиторські Послуги»; до Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання недійсним договору про надання професійних послуг №9331 від 06.01.2006, укладеного між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання недійсним договору про надання професійних послуг №12352 від 03.05.2006, укладеного між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" щодо укладання та виконання договору про надання професійних послуг №9331 від 06.01.2006; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою

2

відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006; визнання незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;  про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.",  Товариства з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та  все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;  про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік;  про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік;  про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію.

Ухвалою Господарського суду міста Києва      від 28.12.2006     було порушено провадження у справі, розгляд справи призначено на  22.01.2007.

Від позивача надійшла також заява про  вжиття заходів забезпечення позову, відповідно до якої останній просив заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з  обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи; заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Заяву обгрунтовано тим, що дії відповідачів, зокрема щодо виконання спірних договорів (про визнання яких недійсними йдеться), та не вчинення відповідачами дій, необхідність вчинення яких встановлена законодавством, ставить під загрозу можливість реалізації позивачем своїх прав, як акціонера

3

відповідача 1. Спірні договори передбачають необхідність виконання Відповідачами певних дій, які унеможливлюють наступну реституцію, адже йдеться про договори про надання послуг, повернення яких неможливе. Крім того, виконання спірних договорів передбачає незаконне надання відповідачем 1 відповідачам 2 та 3 інформації, яка становить комерційну таємницю.

Відповідно до приписів статті 66 ГПК України господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Згідно з статтею 67 ГПК України позов забезпечується: накладанням арешту на майно або грошові суми, що належать відповідачеві; забороною відповідачеві вчиняти певні дії; забороною іншим особам вчиняти дії, що стосуються предмета спору; зупиненням стягнення на підставі виконавчого документа або іншого документа, за яким стягнення здійснюється у безспірному порядку.

Забезпечення позову застосовується як засіб запобігання можливим порушенням майнових прав чи охоронюваних законом інтересів юридичної або фізичної особи.

Дослідивши матеріали позовної заяви і доводи позивача, викладені у заяві про заходів до забезпечення позову, суд дійшов до висновку про їх достатню обґрунтованість, у зв'язку з чим є підстави для вжиття заходів по забезпеченню позову, оскільки невжиття заходів по забезпеченню позову, може утруднити або унеможливити виконання, у випадку задоволення позовних вимог, судового рішення по справі.

Керуючись ст. ст. 66, 67, 86 ГПК України, суд -

**У Х В А Л И В:**

1.    Заяву    Товариства з обмеженою відповідальністю «Сторм» про забезпечення позову задовольнити.

2. Заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832); Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а; код 33306921), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул.Хрещатик, буд.19а; код 33306958) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи.

4

3.Заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а; код 33306921), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19а; код 33306958) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.

4. Заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Ухвала набирає законної сили з моменту її прийняття і є обов'язковою для її виконання.

**Суддя**                                                                    **Л.Г.Смірнова**

*[National Emblem of Ukraine]*

## DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

### STATE ENFORCEMENT SERVICE
**in the Pechersky District of Kyiv City**

11b, Riznytska St., Kyiv City                                    tel. 280-96-79

---

December 29, 2006

To:                                 CJSC "Kyivstar G.S.M."
                                    51 Chervonozoryany Prospect, Kyiv

                                    LLC "Ernst & Young Audit Services"
                                    19a, Khreshchatyk St., Kyiv

                                ✓ LLC "Ernst & Young"
                                    19a, Khreshchatyk St., Kyiv

### ORDER – REQUIREMENT

The State Enforcement Service in the Pechersky District of Kyiv City is carrying out the enforcement proceedings regarding Decree No. 40/37 of December 29, 2006 issued by the Kyiv City Commercial Court to:

- Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters;
- Enjoin Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another;
- Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

We hereby oblige you to perform the court decision IMMEDIATELY and report about the performance to the State Enforcement Service at the address: 11b, Riznytska St., Kyiv City

*Pursuant to Article 6 of the Law of Ukraine "On Enforcement Proceedings", the requirements issued by a state enforcement officer shall be binding for all bodies, organizations, officials, citizens, legal entities in the Ukrainian territory. Any failure to comply with lawful requirements issued by a state enforcement officer shall entail liability in accordance with the applicable Ukrainian law.*

*Should you fail to comply with the court decision, the state enforcement officer will bring a motion to the court to hold the persons guilty of failing to comply with the court decision criminally liable.*

State Enforcement Officer            *[signature]*            A.V. Filonchuk

*[Round seal of the Department of the State Enforcement Service in the Pechersky District of Kyiv City]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Order – Requirement of the State Enforcement Service in the Pechersky District of Kyiv City dated December 29, 2006, of which I have seen a copy of the original.

January 12, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

### ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА
у Печерському районі  м. Києва

м. Київ, вул. Різницька, 11б _____ т 280-96-79
29 12 2006р

ЗАТ „Київстар Дж Ес Ем ”
м. Київ, пр-т Червонозоряний, 51

ТОВ „Ернст енд Янг Аудиторські Послуги”
м. Київ, Хрещатик, 19а

√   ТОВ „Ернст енд Янг”
м. Київ, Хрещатик, 19а


## В И М О Г А – ЗОБОВ"ЯЗАННЯ

В провадженні державної виконавчої служби у Печерському районі м. Києва
виконавчого наказу № 10/37 від 29 12 2006р Господарського суду м. Києва
п-

- Заборонити до вирішення справи по суті Закритому акціонерному товариству
  КИЇВСТАР Дж Ес Ем ”, Товариству з обмеженою відповідальністю „Ернст енд
  Янг Аудиторські Послуги”, Товариству з обмеженою відповідальністю „Ернст енд
  Янг”  та будь-яким уповноваженим ними особам, посадовим особам, акціонерам
  Закритого акціонерного товариству „КИЇВСТАР Дж Ес Ем ”, вчиняти будь-які дії
  по виконанню будь-яких договорів (угод) предметом яких є надання (отримання)
  аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку
  інформацію про фінансово-господарську діяльність Закритого акціонерного
  товариства  КИЇВСТАР Дж Ес Ем ”, в тому числі первинні бухгалтерські
  документи, звіти, відомості, підписувати та подавати будь-які звіти, листи.
- Заборонити Закритому акціонерному товариству „КИЇВСТАР Дж Ес Ем ”,
  Товариству з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги”,
  Товариству з обмеженою відповідальністю „Ернст енд Янг” та будь-яким
  уповноваженим ними особам, посадовим особам, акціонерам Закритого
  акціонерного товариству „КИЇВСТАР Дж Ес Ем ”, використовувати вже отриманні
  себе від одного фінансово звітність, звіти, документи, відомості в будь-який спосіб.
- Заборонити до вирішення справи по суті Закритому акціонерному товариству
  КИЇВСТАР Дж Ес Ем ” Укладати будь-які право чини(договори, угоди) предметом
  яких  надання(отримання) аудиторських послуг

Зобов'язуємо Вас **НЕГАЙНО** виконати рішення суду та повідомити про виконання на адресу виконавчої служби: м. Київ, Різницька, 11б

*Згідно ст.6 Закону України "Про виконавче провадження", вимоги державного виконавця є обов'язковими для всіх органів, організацій, громадян, юридичних осіб на теріторії України. **Невиконання законних вимог державного виконавця тягне відповідальність, згідно чинного законодавства України.***

*У разі невиконання Вами рішення суду, державним виконавцем буде порушено клопотання перед судом про притягнення винних у невиконанні рішення суду осіб до кримінальної відповідальності.*

Державний виконавець                                                                 А.В.Філончук

**Kyiv City Commercial Court**
44<sup>B</sup> B. Khmelnytskogo Str., Kyiv, 01030

**Petitioner:**    **Telenor Mobile Communications AS**
Snarøyveien 30, Fornebu, N-1331, Norway

*Mailing address: "Law Firm "Shevchenko Didkovskiy
and Partners" Attorneys' Partnership,
2A Kostyantynivska Str., Kyiv 04071, Ukraine*

**Claimant:**    **Limited Liability Company "Storm"**
1 Narodnogo Opolchennya Str., Kyiv, 01001
Identification code: 23163325
Current account No. 26000100675001 in CJSC
"Alfa-Bank",
MFO code 300346

**Respondent 1:**    **Closed Joint Stock Company "Kyivstar G.S.M."**
51 Chervonozoryany Prospect, Kyiv, 03110
Identification code: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB
"UkrSibbank", MFO code 300733

**Respondent 2:**    **Limited Liability Company "Ernst & Young
Audit Services"**
19a, Khreschatyk Str., Kyiv, 01001
Identification code: 33306921
Current account No. 26008200313003 in Citibank
(Ukraine),
MFO code 300584

**Respondent 3:**    **Limited Liability Company "Ernst & Young"**
19a, Khreschatyk Str., Kyiv, 01001
Identification code: 33306958
Current account No. 26005200311019 in Citibank
(Ukraine),
MFO code 300584

January 18, 2007                                                            No. 40/37

### PETITION
#### to enter the case as a third person without independent claims,
#### on the respondent's side

As Telenor Mobile Communications AS ("**Telenor**") has learned, Kyiv City Commercial
Court is hearing case No. 40/37 initiated upon a claim by Limited Liability Company "Storm"
("**LLC "Storm"**") against Closed Joint Stock Company "Kyivstar G.S.M." ("**CJSC "Kyivstar
G.S.M."**"), Limited Liability Company "Ernst & Young Audit Services" ("**LLC "Ernst & Young
Audit Services"**"), and Limited Liability Company "Ernst & Young" ("**LLC "Ernst & Young"**"),
seeking recognition of [certain] agreements as null and void and compelling [certain parties] to take
actions.

[*Handwritten: 12*<sup>58</sup>]    [*Stamp*: Kyiv City
Commercial Court
44-B B. Khmelnytskogo Str.,
Kyiv, 01030]    [*Stamp*: 19 JAN 2007]
[*Signature*]

Telenor is the majority shareholder in CJSC "Kyivstar G.S.M.", which is evidenced by a statement of securities account No. 40749001 of January 18, 2007.

The subject-matter of the claim in this case is recognition as null and void of the agreements on provision of auditing services entered into between the respondents. The claimant argues that the performance of the said agreements infringes upon its rights as a shareholder in CJSC "Kyivstar G.S.M.".

While Telenor intends to enter the case as a third person without independent claims for the purpose of arguing on procedural issues, Telenor wishes to bring to the Court's attention that recognition of the said agreements as null and void will in fact prevent the financial statements of CJSC "Kyivstar G.S.M." for the fiscal year ended December 31, 2006 from being audited, which in turn will affect the rights and interests of Telenor as the majority shareholder in CJSC "Kyivstar G.S.M.".  For instance, one possible consequence of treating such agreements as null and void is that CJSC "Kyivstar G.S.M."'s financial statements will not be audited, which may, in turn, prevent the payment of dividends to Telenor, because CJSC "Kyivstar G.S.M."'s ability to pay dividends will be determined on the basis of the its audited financial statements.

Therefore, a decision in the case may affect the rights or obligations of Telenor (the majority shareholder in CJSC "Kyivstar G.S.M.") in respect of CJSC "Kyivstar G.S.M.".

Telenor notes that the claimant's filing of its claim in this case is a violation of an agreement between Telenor and the claimant that is the subject of an arbitration proceeding in New York, New York, United States of America, and that Telenor has brought the claimant's filing of its claim to the attention of the arbitration tribunal in such proceeding.  By filing this petition Telenor is not waiving its right to arbitrate this or any other dispute with the claimant.

According to Article 27 of the Code of Commercial Procedure of Ukraine, third persons who do not have independent claims on the subject matter of a dispute may enter the case on the side of a claimant or a respondent before a Commercial Court has rendered a decision if the decision on a commercial dispute may influence their rights or obligations with regard to one of the parties. They may also be involved to participate in a case based on a motion of a party, a prosecutor or on the initiative of a Commercial Court.

The petitions on involving third persons and the petitions of third persons on entering a case on the side of a claimant or a respondent must specify the grounds on which such third persons should be involved or allowed to participate in a case.

A Commercial Court shall decide on the issue of permitting or involving third persons to participate in a case and shall issue a decree to this effect.

**Considering the foregoing and according to Article 27 of the Code of Commercial Procedure of Ukraine,**

## YOU ARE HEREBY REQUESTED TO:

Permit Telenor Mobile Communications AS, Snarøyveien 30, Fornebu, N-1331, Norway, to participate in case No. 40/37 as a third person without independent claims, on the side of Closed Joint Stock Company "Kyivstar G.S.M.".

**Annexes:**

1. A copy of the statement of securities account of Telenor Mobile Communications AS No. 40749001 of January 18, 2007.

2. A copy of the Power of Attorney empowering the Attorney-in-Fact.

**Attorney-in-Fact of Telenor Mobile Communications AS**
**on the basis of Power of Attorney dated August 21, 2006**      *[signature]*      **O.V. Didkovskiy**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition to Kyiv City Commercial Court to enter the case as a third person without independent claims, on the respondent's side, dated January 18, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

3

**Господарський суд м. Києва**
01030, м. Київ, вул. Б. Хмельницького, 44Б

**Заявник:** **Теленор Мобайл Ком'юнікейшнз АС**
(Telenor Mobile Communications AS)
Норвегія, N-1331, м. Форнебу, Снаройвейен, 30
(Snarøyveien 30, Fornebu, N-1331, Norway)

*Адреса для листування: 04071, м. Київ, вул. Костянтинівська, 2А, Адвокатське об'єднання "Юридична фірма "Шевченко Дідковський і Партнери"*

**Позивач:** **Товариство з обмеженою відповідальністю «Сторм»**
01001 м. Київ, вул. Народного ополчення, 1
Ідентифікаційний код: 23163325
п/р 26000100675001 в ЗАТ «Альфа-Банк»,
МФО: 300346

**Відповідач 1:** **Закрите акціонерне товариство «Київстар Дж.Ес.Ем.»**
03110 м. Київ, Червонозоряний проспект, 51
Ідентифікаційний код: 21673832
п/р 26007011250098 в Філії АКІБ «УкрСиббанк»
Київське регіональне управління, МФО 300733

**Відповідач 2:** **Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги»**
01001 м. Київ, вул. Хрещатик, 19а.
Ідентифікаційний код: 33306921
п/р 26008200313003 в Сітібанк (Україна)
МФО 300584

**Відповідач 3:** **Товариство з обмеженою відповідальністю «Ернст енд Янг»**
01001 м. Київ, вул. Хрещатик, 19а
Ідентифікаційний код: 33306958
п/р 26005200311019 в Сітібанк (Україна)
МФО 300584

18 січня 2007 року                                    № 40/37

### ЗАЯВА
**про вступ у справу у якості третьої особи, яка не заявляє самостійних вимог на стороні відповідача**

Як стало відомо компанії Теленор Мобайл Ком'юнікейшнз АС  (надалі – **Теленор** ) в провадженні Господарського суду м. Києва знаходиться справа № 40/37 за позовом Товариства з обмеженою відповідальністю «Сторм» (надалі – **ТОВ «Сторм»**) до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.» (надалі – **ЗАТ «Київстар Дж.Ес.Ем.»**), Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» (надалі- **ТОВ«Ернст енд Янг Аудиторські Послуги»**) Товариства з обмеженою відповідальністю

ГОСПОДАРСЬКИЙ СУД
міста Києва
01030, місто Київ,
вул. Б.Хмельницького, 44-В            1 9 СІЧ 2007

«Ернст енд Янг» (надалі - ТОВ «Ернст енд Янг») про визнання договорів недійсними, зобов'язання вчинити дії.

Теленор є основним акціонером ЗАТ «Київстар Дж.Ес.Ем.», що підтверджується випискою про стан рахунку у цінних паперах № 40749001 від 18 січня 2007 року.

Предметом позову у даній справі є визнання недійсними договорів укладених між відповідачами про надання аудиторських послуг. Позивач посилається на те, що виконанням зазначених договорів порушуються його права, як акціонера ЗАТ «Київстар Дж.Ес.Ем.».

У той час як Теленор має намір вступити у справу у якості третьої особи, яка не заявляє самостійних вимог, з метою наведення міркувань з процесуальних питань, Теленор бажає довести до відома суду, що визнання зазначених договорів недійсними фактично не дозволить провести аудит фінансової звітності ЗАТ «Київстар Дж.Ес.Ем.» за фінансовий рік, який закінчився 31 грудня 2006 року, що в свою чергу вплине на права та інтереси Теленор, як основного акціонера ЗАТ «Київстар Дж.Ес.Ем.». Наприклад, одним з можливих наслідків визнання таких договорів недійсними є те, що не буде проведено аудит фінансової звітності ЗАТ «Київстар Дж.Ес.Ем.», що, у свою чергу, не дозволить провести виплату дивідендів Теленору, оскільки можливість ЗАТ «Київстар Дж.Ес.Ем.» виплатити дивіденди визначатиметься на підставі фінансової звітності, підтвердженої аудиторським висновком.

Таким чином, рішення у даній справі може вплинути на права або обов'язки Теленор (основного власника ЗАТ «Київстар Дж.Ес.Ем.») щодо компанії ЗАТ «Київстар Дж.Ес.Ем.».

Теленор відзначає, що подання позивачем позову у цій справі є порушенням угоди між Теленором та позивачем, яка є предметом арбітражного розгляду, що ведеться у Нью-Йорку, штат Нью-Йорк, Сполучені Штати Америки, та що Теленор повідомив колегію арбітрів у зазначеному провадженні про подання позивачем цього позову. Поданням цієї заяви Теленор не відмовляється від свого права передати цей або інший спір з позивачем на вирішення арбітражу.

Відповідно до ст. 27 ГПК України, треті особи, які не заявляють самостійних вимог на предмет спору, можуть вступити у справу на стороні позивача або відповідача до прийняття рішення господарським судом, якщо рішення з господарського спору може вплинути на їх права або обов'язки щодо однієї з сторін. Їх може бути залучено до участі у справі також за клопотанням сторін, прокурора або ініціативи господарського суду.

У заявах про залучення третіх осіб і у заявах третіх осіб про вступ у справу на стороні позивача або відповідача зазначається, на яких підставах третіх осіб належить залучити або допустити до участі у справі.

Питання про допущення або залучення третіх осіб до участі у справі вирішується господарським судом, який виносить з цього приводу ухвалу.

З урахуванням вищенаведеного, на підставі ст. 27 ГПК України,

ПРОШУ:

Залучити Теленор Мобайл Ком'юнікейшнз АС  (Telenor Mobile Communications AS) Норвегія, N-1331, м. Форнебу, Снарøйвейен, 30 (Snarøyveien 30, Fornebu, N-1331, Norway) до участі у справі № 40/37 у якості третьої особи без самостійних вимог на стороні Закритого акціонерного товариства «Київстар Дж.Ес.Ем.»

Додатки:
1. Копія виписки про стан рахунку у цінних паперах Теленор Мобайл Ком'юнікейшнз АС  № 40749001 від 18 січня 2007 року.
2. Копія довіреності на представника.

**Представник Теленор Мобайл Ком'юнікейшнз АС**
**на підставі довіреності від 21 серпня 2006 року**

Ділковський О.В.

2

**Kyiv City Commercial Court**
44[B] B. Khmelnytskogo Str., Kyiv, 01030

| | |
|---|---|
| **Claimant:** | **Limited Liability Company "Storm"**<br>1 Narodnogo Opolchennya Str., Kyiv, 01001<br>Identification code: 23163325<br>Current account No. 26000100675001 in CJSC<br>"Alfa-Bank",<br>MFO code 300346 |
| **Respondent 1:** | **Closed Joint Stock Company "Kyivstar G.S.M."**<br>51 Chervonozoryany Prospect, Kyiv, 03110<br>Identification code: 21673832<br>Current account No. 26007011250098 in "Kyivske<br>Regionalne Upravlinnya" Branch of JSCIB<br>"UkrSibbank", MFO code 300733 |
| **Respondent 2:** | **Limited Liability Company "Ernst & Young Audit Services"**<br>19a, Khreschatyk Str., Kyiv, 01001<br>Identification code: 33306921<br>Current account No. 26008200313003 in Citibank<br>(Ukraine),<br>MFO code 300584 |
| **Respondent 3:** | **Limited Liability Company "Ernst & Young"**<br>19a, Khreschatyk Str., Kyiv, 01001<br>Identification code: 33306958<br>Current account No. 26005200311019 in Citibank<br>(Ukraine),<br>MFO code 300584 |
| **Third person:** | **Telenor Mobile Communications AS**<br>Snarøyveien 30, Fornebu, N-1331, Norway<br><br>*Mailing address: "Law Firm "Shevchenko Didkovskiy<br>and Partners" Attorneys' Partnership,<br>2A Kostyantynivska Str., Kyiv 04071, Ukraine* |

**January 18, 2007**                                                      **No. 40/37**

### PETITION
### to cancel injunctive relief

The Kyiv City Commercial Court is hearing case No. 40/37 initiated upon a claim by Limited Liability Company "Storm" ("**LLC "Storm**") against Closed Joint Stock Company "Kyivstar G.S.M." ("**CJSC "Kyivstar G.S.M.**"), Limited Liability Company "Ernst & Young Audit Services" ("**LLC "Ernst & Young Audit Services**") and Limited Liability Company "Ernst & Young" ("**LLC "Ernst & Young**"), seeking recognition of [certain] agreements as null and void and compelling [certain parties] to take actions.

[*Handwritten: 12*[58]]

[*Stamp*: Kyiv City
Commercial Court
44-B B. Khmelnytskogo Str.,
Kyiv, 01030]

[*Signature*]
[*Stamp*: 19 JAN 2007]
[*Initials*]

On December 29, 2006, the Kyiv City Commercial Court issued a decree whereby it:

1.  Granted the petition of LLC "Storm" on applying injunctive relief;

2.  Enjoined the respondents and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of CJSC "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters;

3.  Enjoined the respondents and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another; and

4.  Enjoined CJSC "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

While Telenor addresses procedural issues, as the majority shareholder in CJSC "Kyivstar G.S.M.", Telenor's rights and interests are affected by the above-mentioned decree. Telenor notes that the claimant's filing of its claim in this case is a violation of an agreement between Telenor and the claimant that is the subject of an ongoing arbitration proceeding in New York, New York, United States of America, and that Telenor has brought the claimant's filing of its claim to the attention of the arbitration tribunal in such proceeding.  By filing this petition Telenor is not waiving its right to arbitrate this or any other dispute with the claimant.

**We believe that the abovementioned decree is subject to cancellation since there are currently no grounds in this case requiring the claim to be secured.**

1) Pursuant to Article 66 of the Commercial Procedural Code of Ukraine, upon petition of a party, public prosecutor or its deputy who brought a claim, or upon its own initiative, a Commercial Court has the right to grant injunctive relief to secure a claim. Applying injunctive relief is allowed at any stage of the proceeding if non-application of such relief may complicate the enforcement of a Commercial Court decision or render it impossible.

In securing the claim in this case, the Court proceeded from the premise that withholding such relief would render restitution under the disputed agreements impossible, because these agreements relate to the provision of services and that performing the agreements involved the illegal use of information classified as commercial secrets by respondents.

Under Article 216 of the Civil Code of Ukraine, in the event of any invalid transaction, each party must return in kind to the other party everything it [the first party] obtained while performing such transaction and if such restitution is impossible, particularly when what has been obtained relates to property use, work that has been performed, or services that have been provided, to reimburse [the other party] for everything [the first party] obtained, at the prices existing at the moment of such reimbursement.

Hence, non-application of such relief and recognizing the disputed services agreements as null and void will not make restitution under such agreements impossible, as stipulated by Article 216 of the Civil Code of Ukraine.

Besides, the Court's statement that performance of the disputed agreements involves the illegal provision of information classified as commercial secrets from CJSC "Kyivstar G.S.M." to the respondents cannot be a basis for granting injunctive relief, since the disputed agreements do not provide for any illegal distribution of information.

In view of the foregoing, at present, the non-application of such injunctive relief will not complicate enforcement of the decision in this case or render it impossible.

**Accordingly, the Court's decree dated December 29, 2006 on applying injunctive relief should be canceled, since there are no grounds in this case requiring the claim to be secured.**

2) Part 1 of Article 3 of the Commercial Code of Ukraine defines business activity as an

*[Initials]*

activity of business entities within social production area, aimed at manufacturing and marketing of products, performing works or providing services of value with defined price.

Pursuant to Article 1 of the Law of Ukraine "On Accounting and Financial Reporting in Ukraine", financial statements are accounts that contain information about financial standing, activity results and cash-flow of a company for an accounting period.

Hence, the financial statements of a business company are one of the aspects of how it conducts its business activity.

Pursuant to Article 18 of the Law of Ukraine "On Business Companies", a company shall keep accounting records, prepare and file statistical information and administrative data according to the procedure established by the law. Reliability and completeness of annual financial statements of a company shall be confirmed by an auditor (audit firm). Compulsory auditing of annual financial statements of companies with their turnover of less than two hundred and fifty tax-free allowances shall be carried out every third year.

Pursuant to Article 20 of the Law of Ukraine "On Audit and Auditing Activity", auditing shall be conducted on the basis of an agreement between an auditor (audit firm) and a client.

Considering the foregoing, the existing relations between CJSC "Kyivstar G.S.M." and its relevant auditors make up a part of their business relations.

Article 6 of the Commercial Code of Ukraine forbids illegitimate interference of state authorities and agencies of local self-governance, as well as their officers into any business relations.

**Hence, granting the aforementioned injunctive relief leads, in fact, to illegitimate interference into the business relations and activity of the respondents.**

3) Pursuant to Article 68 of the Commercial Procedural Code of Ukraine, the issue on cancelling injunction relief shall be decided by the Commercial Court that is considering the case, specifying it in a decision or a decree.

**In view of the foregoing, based on Article 22 of the Commercial Procedural Code of Ukraine,**

### IT IS HEREBY REQUESTED TO:

Cancel the injunctive relief in case No. 40/37 upon a claim brought by LLC "Storm" against CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" on recognizing [certain] agreements as null and void and compelling to take actions.

A copy of the power of attorney is in the case files.

**Attorney-in-Fact of Telenor Mobile Communications AS**
**on the basis of Power of Attorney dated August 21, 2006**      [*signature*]      **O.V. Didkovskiy**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition to the Kyiv City Commercial Court to cancel injunctive relief, dated January 18, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

3

**Господарський суд м. Києва**
01030, м. Київ, вул. Б. Хмельницького, 44[Б]

**Позивач:**    **Товариство з обмеженою відповідальністю «Сторм»**
01001 м. Київ, вул. Народного ополчення, 1
Ідентифікаційний код: 23163325
п/р 26000100675001 в ЗАТ «Альфа-Банк»,
МФО: 300346

**Відповідач 1:**    **Закрите акціонерне товариство «Київстар Дж.Ес.Ем.»**
03110 м. Київ, Червонозоряний проспект, 51
Ідентифікаційний код: 21673832
п/р 26007011250098 в Філії АКІБ «УкрСиббанк»
Київське регіональне управління, МФО 300733

**Відповідач 2:**    **Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги»**
01001 м. Київ, вул. Хрещатик, 19а.
Ідентифікаційний код: 33306921
п/р 26008200313003 в Сітібанк (Україна)
МФО 300584

**Відповідач 3:**    **Товариство з обмеженою відповідальністю «Ернст енд Янг»**
01001 м. Київ, вул. Хрещатик, 19а
Ідентифікаційний код: 33306958
п/р 26005200311019 в Сітібанк (Україна)
МФО 300584

**Третя особа:**    **Теленор Мобайл Ком'юнікейшнз АС**
(Telenor Mobile Communications AS)
Норвегія, N-1331, м. Форнебу, Снаройвейен, 30
(Snarøyveien 30, Fornebu, N-1331, Norway)

*Адреса для листування: 04071, м. Київ, вул. Костянтинівська, 2А, Адвокатське об'єднання "Юридична фірма "Шевченко Дідковський і Партнери"*

18 січня 2007 року                                  № 40/37

### ЗАЯВА
#### про скасування заходів забезпечення позову

В провадженні Господарського суду м. Києва знаходиться справа № 40/37 за позовом Товариства з обмеженою відповідальністю «Сторм» (надалі – **ТОВ «Сторм»**) до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.» (надалі – **ЗАТ «Київстар Дж.Ес.Ем.»**), Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» (надалі- **ТОВ«Ернст енд Янг Аудиторські Послуги»**), Товариства з обмеженою відповідальністю «Ернст енд Янг» (надалі - **ТОВ «Ернст енд Янг»**) про визнання договорів недійсними, зобов'язання вчинити дії.

Господарський суд
міста Києва
01030, місто Київ,
вул. Б.Хмельницького, 44-В    1 9 СІЧ 2007

29.12.2006 року Господарський суд м. Києва виніс ухвалу, якою:

1. Заяву ТОВ «Сторм» про забезпечення позову задовольнив;

2. Заборонив відповідачам та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ «Київстар Дж.Ес.Ем.» ,в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи;

3. Заборонив відповідачам та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; та

4. Заборонив ЗАТ «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг

У той час як Теленор наводитиме міркування з процесуальних питань, вищезазначена ухвала впливає на права та інтереси Теленора як основного акціонера ЗАТ «Київстар Дж.Ес.Ем.». Теленор відзначає, що подання позивачем позову у цій справі є порушенням угоди між Теленором та позивачем, яка є предметом арбітражного розгляду, що ведеться у Нью-Йорку, штат Нью-Йорк, Сполучені Штати Америки, та що Теленор повідомив колегію арбітрів у зазначеному провадженні про подання позивачем цього позову. Поданням цієї заяви Теленор не відмовляється від свого права передати цей або інший спір з позивачем на вирішення арбітражу.

**Вважаємо вищезазначену ухвалу такою, що підлягає скасуванню у зв'язку з тим, що на сьогодні підстави для забезпечення позову у даній справі відсутні.**

1) Згідно зі ст. 66 ГПК України, господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Забезпечуючи позов у даній справі, суд виходив з того, що не вжиття таких заходів унеможливить реституцію за спірними договорами, оскільки ці договори стосуються надання послуг, та що виконання договорів передбачає незаконне використання відповідачами інформації, яка становить комерційну таємницю.

Відповідно до ст. 216 Цивільного кодексу України, у разі недійсності правочину кожна із сторін зобов'язана повернути другій стороні у натурі все, що вона одержала на виконання цього правочину, а в разі неможливості такого повернення, зокрема тоді, коли одержане полягає у користуванні майном, виконаній роботі, наданій послузі, - відшкодувати вартість того, що одержано, за цінами, які існують на момент відшкодування.

Отже, невжиття заходів забезпечення позову та визнання спірних договорів про надання послуг недійсними не унеможливить реституцію за такими договорами, як це передбачено ст. 216 Цивільного кодексу України.

Крім того, посилання суду на те, що виконання спірних договорів передбачає незаконне надання ЗАТ «Київстар Дж.Ес.Ем.» відповідачам інформації, яка становить комерційну таємницю, також не може бути підставою для вжиття заходів забезпечення позову, оскільки спірні договори не передбачають незаконне поширення інформації.

З вищезазначеного вбачається, що на даний момент невжиття заходів забезпечення позову не призведе до утруднення чи унеможливлення виконання рішення у даній справі.

**Таким чином, ухвала суду від 29.12.2006 року про забезпечення позову підлягає скасуванню у зв'язку з відсутністю підстав для забезпечення позову у даній справі.**

2) Частина 1 ст. 3 Господарського кодексу України визначає господарську діяльність як діяльність суб'єктів господарювання у сфері суспільного виробництва, спрямовану на

2

виготовлення та реалізацію продукції, виконання робіт чи надання послуг вартісного характеру, що мають цінову визначеність.

Згідно ст. 1 Закону України «Про бухгалтерський облік та фінансову звітність в Україні», фінансова звітність – це, бухгалтерська звітність, що містить інформацію про фінансове становище, результати діяльності та рух грошових коштів підприємства за звітний період.

Отже, фінансова звітність господарського товариства є одним із аспектів ведення ним господарської діяльності.

Відповідно до ст. 18 Закону України «Про господарські товариства», товариство веде бухгалтерський облік, складає і подає статистичну інформацію та адміністративні дані у порядку, встановленому законодавством. Достовірність та повнота річної фінансової звітності товариства повинні бути підтверджені аудитором (аудиторською фірмою). Обов'язкова аудиторська перевірка річної фінансової звітності товариств з річним господарським оборотом менш як двісті п'ятдесят неоподаткованих мінімумів проводиться один раз на три роки.

Згідно ст. 20 Закону України «Про аудит і аудиторську діяльність», аудит проводиться на підставі договору між аудитором (аудиторською фірмою) та замовником.

З вищезазначеного вбачається, що відносини, які складаються між ЗАТ «Київстар Дж.Ес.Ем.» та його відповідними аудиторами, складають частину їх господарських відносин.

Приписами ст. 6 Господарського кодексу України встановлено заборону незаконного втручання органів державної влади та органів місцевого самоврядування, їх посадових осіб у господарські відносини.

**Таким чином, вжиття вищезазначених заходів забезпечення позову фактично призводить до забороненого законом втручання в господарські відносини та діяльність відповідачів.**

3) Відповідно до ст. 68 ГПК України, питання про скасування забезпечення позову вирішується господарським судом, що розглядає справу, із зазначенням про це в рішенні чи ухвалі.

**З урахуванням вищенаведеного, на підставі ст.ст. 22 ГПК України,**

**ПРОСИМО:**

Скасувати забезпечення позову у справі № 40/37 за позовом ТОВ «Сторм» ЗАТ «Київстар Дж.Ес.Ем.», ТОВ«Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» про визнання договорів недійсними, зобов'язання вчинити дії.


Копія довіреності в матеріалах справи.


**Представник Теленор Мобайл Ком'юнікейшнз АС**
**на підставі довіреності від 21 серпня 2006 року**                    **Дідковський О.В.**



*[Letterhead of the Kyiv City Commercial Court]*

## DECREE

No. 40/37                                                          **January 19, 2007**

### Kyiv City

**Upon the claim of:**      Limited Liability Company "Storm", Kyiv City

**to:**            Closed Joint Stock Company "KYIVSTAR G.S.M.", Kyiv City

**to:**            Limited Liability Company "Ernst & Young Audit Services", Kyiv City

**to:**            Limited Liability Company "Ernst & Young", Kyiv City

**on:**            recognizing [certain] agreements as null and void, recognizing [certain] actions as unlawful and compelling to take [certain] actions

**Judge L.G. Smirnova**

**Representatives:** not summoned

### MERITS OF THE CASE:

Limited Liability Company "Storm" brought for consideration of the Kyiv City Commercial Court the claim against Closed Joint Stock Company "KYIVSTAR G.S.M."; Limited Liability Company "Ernst & YOUNG Audit Services"; Limited Liability Company "Ernst & Young", seeking to recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006; to recognize as unlawful the appointment of Limited Liability Company "Ernst

*[Round seal of the Kyiv City Commercial Court, Records Management Office]*

& Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006.

By its decree dated December 28, 2006, the Kyiv City Commercial Court commenced proceedings in the case, and consideration of the case was scheduled for January 22, 2007.

By its decree dated December 29, 2006, the Kyiv City Commercial Court allowed the claimant's petition to grant injunctive relief to secure the claim, namely: enjoined, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including enjoined from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters; enjoined, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another; to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

On January 19, 2007, the Court received a petition of Telenor Mobile Communications AS seeking permission to participate in the case as a third person without independent claims on the subject matter of the dispute. Having considered the above-mentioned petition, the Court found it necessary to permit Telenor Mobile Communications AS to participate in the case as a third person, since the latter is a majority shareholder of Closed Joint Stock Company

*[Round seal of the Kyiv City Commercial Court, Records Management Office]*

3

"KYIVSTAR G.S.M." and, therefore, the decision in this case may influence the rights and obligations of the latter with regard to one of the parties.

Furthermore, Telenor Mobile Communications AS brought a petition to cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.

Upon review of the case files and the above-mentioned petition, considering the fact that the Court has learnt about the circumstances that had not been reported by the claimant when bringing its claim to the Court, and also considering the fact that any interference of state authorities into companies' business activity shall not be allowed provided that it does not affect the rights of the state authorities envisaged by Ukrainian law to control companies' activity, the Court deems it necessary to cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.

Based on Articles 27, 68 and 86 of the Code of Commercial Procedure of Ukraine, the Court –

## RULED TO:

1. Permit Telenor Mobile Communications AS to participate in the case as a third person without independent claims on the subject matter of the dispute.

2. Grant the petition of Telenor Mobile Communications AS to cancel injunctive relief to secure the claim.

3. Cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.


*[Round seal of the Kyiv City Commercial Court]*

*[Signature]*

**L.G. Smirnova**

**Judge**


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court No. 40/37, dated January 19, 2007, of which I have seen a copy of the original.

March 6, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького,44-Б     тел.216-65-72

### У Х В А Л А

**№40/37**                                                                                       **19.01.2007**

**м. Київ**

| | |
|---|---|
| **За позовом** | Товариства з обмеженою відповідальністю «Сторм», м.Київ |
| **до** | Закритого акціонерного товариства «КИЇВСТАР Дж.Ес.Ем., м.Київ |
| **до** | Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», м.Київ |
| **до** | Товариства з обмеженою відповідальністю «Ернст енд Янг», м.Київ |
| **про** | визнання недійсними договорів, визнання незаконними дій та зобов'язання вчинити дії |

                                                                     **Суддя Смірнова Л.Г.**

**Представники:** не викликались

### ОБСТАВИНИ СПРАВИ:

На розгляд  Господарського суду міста Киева передано позовні вимоги Товариства з обмеженою відповідальністю "Сторм" до Закритого акціонерного товариства  "КИЇВСТАР Дж.Ес.Ем»;  до  Товариства  з  обмеженою відповідальністю «Ернст енд ЯНГ Аудиторські  Послуги»; до Товариства з обмеженою відповідальністю «Ернст енд Янг» про  визнання недійсним договору про надання профейних послуг №9331 від 06.01.2006, укладеного між Закритим  акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги",   Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту  його  укладання;  визнання  недійним  договору  про  надання профеійних  послуг  №12352  від  03.05.2006,  укладеного  між  Закритим акціонерним  товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.",  Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги",  Товариства з обмеженою відповідальністю "Ернст енд Янг" щодо укладання та виконання договору про надання професійних послуг №9331 від 06.01.2006; визнання незаконними дій Закритого акціонерного товариства  "КИЇВСТАР Дж. Ес. Ем.",   Товариства з обмеженою

2

відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006; визнання незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію.

Ухвалою Господарського суду міста Києва від 28.12.2006 було порушено провадження у справі, розгляд справи призначено на 22.01.2007.

Ухвалою Господарського суду міста Києва від 29.12.2006 було задоволено заяву позивача про вжиття заходів забезпечення позову, а саме: до вирішення справи по суті заборонено Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонено надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи; заборонено до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

До суду 19.01.2007 надійшла заява Теленор Мобайл Комюнікейшнз АС (Telenor Mobile Communications AS) про залучення до участі у справі третьою особою без самостійних вимог на предмет спору. Розглянувши вищезазначену заяву, суд дійшов висновку про необхідність залучення до участі у справі

3

третьою особою Теленор Мобайл Ком'юнікейшнз АС, оскільки останній є основним акціонером Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», а тому рішення у даній справі може вплинути на права та обов'язки останнього щодо однієї із сторін.

Крім того, надійшла заява Теленор Мобайл Ком'юнікейшнз АС про скасування заходів забезпечення позову вжитих ухвалою Господарського суду міста Києва від 29.12.2006.

Розглянувши матеріали справи та вищезазначену заяву, враховуючи той факт, що суду стали відомі обставини, про наявність яких не було зазначено позивачем при зверненні з позовом до суду, а також враховуючи, що втручання державних органів у господарську діяльність підприємств не допускається, якщо вона не зачіпає передбачених законодавством України прав державних органів по здійсненню контролю за діяльністю підприємств суд вважає за необхідне скасувати заходи забезпечення позову вжиті ухвалою Господарського суду міста Києва від 29.12.2006.

Керуючись ст.ст. 27, 68, 86 Господарського процесуального кодексу України, суд –

## УХВАЛИВ:

1. Залучити до участі у справі третьою особою без самостійних вимог на предмет спору Теленор Мобайл Ком'юнікейшнз АС.

2. Заяву Теленор Мобайл Ком'юнікейшнз АС про скасування заходів забезпечення позову задовольнити.

3. Заходи забезпечення позову вжиті ухвалою Господарського суду міста Києва від 29.12.2006 скасувати.



Суддя                                                                                      Л.Г.Смірнова

December 27, 2006

To:     **Kyiv City Commercial Court**
Attn.:  Judge L.G. Smirnova

From:   Limited Liability Company "Storm"

     LLC "Storm" has filed a claim seeking [certain] agreements to be adjudicated null and void, [certain] actions to be adjudicated unlawful, and [certain] actions to be compelled.
     Since the case files provided to you for review do not contain any evidence of payment of the state duty, payment of the costs of information and technical support of the judicial proceedings, and evidence of dispatch of a copy of the statement of claim and the documents appended thereto (which are not in possession of the respondents) to the respondents, please find enclosed herewith the said documents to be reviewed along with the case files.

    Annexes:

1.  Evidence of dispatch to the respondents of a copy of the statement of claim and the documents appended thereto (which are not in possession of the respondents).
2.  Evidence of payment of the state duty.
3.  Evidence of payment of the costs of information and technical support of the judicial proceedings.

[*Corporate seal
of LLC "Storm"*]
[*signature*]
V.V. Klymenko
General Director.

[Stamp: RECEIVED
December 27, 2006
No. [*illegible*] Signature [*signed*]]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition from LLC "Storm" to the Kyiv City Commercial Court, dated December 27, 2006, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



**Kyiv Commercial Court of Appeals**
8 Rylskiy Lane, Kyiv, 01025

| | |
|---|---|
| **Claimant:** | **Limited Liability Company "Storm"** |
| | 1 Narodnogo Opolchennya Street, Kyiv, 03680 |
| | EDRPOU Code: 23163325 |
| | Current account No. 26000100675001 in CJSC "Alfa Bank" |
| | MFO 300346 |
| | |
| **Respondent 1:** | **Closed Joint Stock Company "Kyivstar G.S.M."** |
| | 51 Chervonozoryany Prospect, Kyiv, 03110 |
| | EDRPOU Code: 21673832 |
| | Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO 300733 |
| | |
| **Respondent 2:** | **Limited Liability Company "Ernst & Young Audit Services"** |
| | 19a Khreschatyk Street, Kyiv, 01001 |
| | EDRPOU Code: 33306921 |
| | Current account No. 26008200313003 in Citibank (Ukraine), MFO 300584 |
| | |
| **Respondent 3:** | **Limited Liability Company "Ernst & Young"** |
| | 19a Khreschatyk Street, Kyiv, 01001 |
| | EDRPOU Code: 33306958 |
| | Current account No. 26005200311019 in Citibank (Ukraine), MFO 300584 |

**Case No. 40/37**

**PETITION**
**For the Renewal of Elapsed Procedural Period**

City of Kyiv                                                                January 20, 2007

On December 28, 2006, Kyiv City Commercial Court (Judge L.G. Smirnova) passed a decree on the commencement of proceedings in case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

On December 29, 2006, the Kyiv City Commercial Court passed a decree on granting

injunctive relief in that case, which enjoined the respondents in the case from taking certain actions. It should be noted that such decree has been passed without summoning the parties' representatives.

The said decree of the Kyiv City Commercial Court, dated December 29, 2006, was received by LLC "Ernst & Young Audit Services" and LLC "Ernst & Young", as the respondents, as late as January 3, 2007.

It is necessary to note that, in view of the fact that the Cabinet of Ministers of Ukraine issued the Order "On Carrying Over Business Days in 2007", dated December 12, 2006, No. 612-r, LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" were closed for business from December 30, 2006 to January 8, 2007, inclusive.

Given the above, LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" were not given sufficient time, within the time limits for filing an appeal, to review the materials received from the Kyiv City Commercial Court, to familiarize themselves with Case No. 40/37, to effectively use the means of protection of their rights and legitimate interests, and to appoint relevant representatives.

Therefore, we believe that there was a justifiable reason for the failure to meet the deadline for filing an appeal from the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37.

Given the above and governed by Articles 22, 28, 53, 93 and 106 of the Commercial Procedure Code of Ukraine,

## YOU ARE HEREBY REQUESTED TO:

Renew the elapsed period for filing an appeal from the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

Attorney-in-Fact
of LLC "Ernst & Young"          *[signature]*          D.M. Symanov

acting under the Power of Attorney, dated January 17, 2007

2

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of LLC "Ernst & Young" to the Kyiv Commercial Court of Appeals for the Renewal of Elapsed Procedural Period, dated January 20, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

**Київський апеляційний господарський суд**
01025, м.Київ, пров.Рильський, 8

Позивач:     **Товариство з обмеженою відповідальністю «Сторм»**
03680, м.Київ, вул.Народного ополчення, 1,
код ЄДРПОУ 23163325
п/р 26000100675001 в ЗАТ «Альфа-Банк»,
МФО 300346

Відповідач 1:  **Закрите акціонерне товариство «Київстар Дж.Ес.Ем.»**
03110, м.Київ, Червонозоряний просп., 51,
код ЄДРПОУ 21673832
п/р 26007011250098 в Філії АКІБ «УкрСиббанк» «Київське регіональне управління», МФО 300733

Відповідач 2:  **Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

Відповідач 3:  **Товариство з обмеженою відповідальністю «Ернст енд Янг»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306958
п/р 26008200311019 в Сітібанк (Україна),
МФО 300584

**справа №40/37**

**ЗАЯВА**
про відновлення пропущеного процесуального строку

Київ                                                        **20.01.2007р.**

Господарський суд м.Києва (суддя Смирнова Л.Г.) 28 грудня 2006 року постановив ухвалу про порушення провадження у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

29 грудня 2006 року господарським судом м.Києва по вказаній справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено відповідачам по справі

...няти деякі дії. Необхідно відмітити, що ухвалу постановлено без виклику представників сторін.

Вказана ухвала господарського суду м.Києва від 29.12.2006р. надійшла на адресу ...овідачів ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг» тільки 3 ...ня 2007 року.

Треба зазначити, що ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд ...нг», зважаючи на розпорядження Кабінету Міністрів України від 12 грудня 2006 р. N ...2-р «Про перенесення робочих днів у 2007 році», не працювали у період з 30 грудня ...006 року по 8 січня 2007 року включно.

В зв'язку з чим, у ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд ...нг» не було достатньо часу в межах терміну, передбаченого для подання апеляційної ...рги, для розгляду матеріалів, що надійшли з господарського суду м.Києва, ...айомлення з справою №40/37, ефективного застосування заходів по захисту своїх прав ...онних інтересів, призначення відповідних представників.

Таким чином, вважаємо, що причина пропуску строку подання апеляційної скарги на ...валу господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення ...ову у справі №40/37 є поважною.

З огляду на викладене вище, керуючись ст.ст. 22, 28, 53, 93, 106 Господарського ...есуального кодексу України,

## ПРОСИМО:

Відновити пропущений строк подання апеляційної скарги на ухвалу господарського ...уду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 за ...овною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого ...іонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою ...овідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою ...овідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними ...зобов'язання вчинити дії.

...редставник ТОВ «Ернст енд Янг»                                                         Д.М.Симанов

...овіреністю від 17.01.2007р.

126

**Kyiv City Commercial Court**
*44-B B. Khmelnytskogo Str., Kyiv, 01030*

**413/0/03/00/00**
[date illegible] 2007

| | |
|---|---|
| **Claimant:** | **Limited Liability Company "Storm"**<br>*Location: 1, Narodnogo Opolchennya Str., Kyiv, 1001*<br>*Identification code of a legal entity: 23163325*<br>*Current account No. 26000100675001 in CJSC Alfa-Bank",*<br>*MFO code 300346* |
| **Respondent-1:** | **Closed Joint Stock Company "Kyivstar G.S.M."**<br>*Location: 51, Chervonozoryany Prospect, Kyiv, 03110*<br>*Identification code of a legal entity: 21673832*<br>*Current account No. 26008164716001 in "Kyivske*<br>*Regionalne Upravlinnya" Branch of JSCIB "Pryvatbank",*<br>*MFO code 321842*<br>**CJSC "Kyivstar G.S.M."**<br>*(for subpoenas and other information related to the case)*<br>*53, Degtyarivska Str., Kyiv, 03113* |
| **Respondent-2:** | **Limited Liability Company "Ernst & Young Audit Services"**<br>*Location: 19a, Khreschatyk Str., Kyiv, 01001*<br>*Identification code of a legal entity: 33306921*<br>*Current account No. 26008200313003 in Citibank (Ukraine),*<br>*MFO code 300584* |
| **Respondent-3:** | **Limited Liability Company "Ernst & Young"**<br>*Location: 19a, Khreschatyk Str., Kyiv, 01001*<br>*Identification code of a legal entity: 33306958*<br>*Current account No. 26005200311019 in Citibank (Ukraine),*<br>*MFO code 300584* |

*Case No. 40/37*

## PETITION TO CLARIFY THE DECREE
### issued by the Kyiv City Commercial Court in case No. 40/37 dated December 29, 2006

The Kyiv City Commercial Court (hereinafter, the "**Court**") is hearing case No. 40/37 initiated upon a claim by Limited Liability Company "Storm" (hereinafter, the "**Claimant**") against Closed Joint Stock Company "Kyivstar G.S.M." (hereinafter, "**Respondent-1**"), Limited Liability Company "Ernst & Young Audit Services" (hereinafter, "**Respondent-2**") and Limited Liability Company "Ernst & Young" (hereinafter, "**Respondent-3**").

On December 29, 2006, the Kyiv City Commercial Court issued a Decree on applying injunctive relief (hereinafter, the "**Decree**") whereby it enjoined, until resolution of the case *per se*, Respondent 1 and any of authorized persons, officers and shareholders of Respondent 1 from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and business activity of Respondent 1, including underlying accounting documents, reports and information, from signing and submitting any reports; letters, it

[Handwritten: 10$^{30}$]

[Stamp: Kyiv City Commercial Court
RECEIVED          January 23, 2007
No. 06-37/1446 Signature [signed]]

127

also enjoined, until resolution of the case *per se*, Respondent 1 and any of authorized persons, officers and shareholders of Respondent 1 from using in any way the financial statements, reports, documents or information already obtained from one another. It enjoined Respondent 1 from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

Based on Article 89 of the Code of Commercial Procedure of Ukraine, Respondent 1 petitions the court to clarify the Decree of the Kyiv City Commercial Court dated December 29, 2006. Respondent 1 requests that the court should clarify the manner, in which the requirements set forth in the Decree must be fulfilled.

Furthermore, Respondent 1 requests to clarify [the following]: does the prohibition on providing and receiving any information on financial and business activity of Respondent 1, including underlying accounting documents, reports and information, relate only to audit services under the contracts subject to judicial inquiry, or the said prohibition relates to the entire financial and business activity of Respondent 1, including its legal relations and contacts with other shareholders and tax authorities?

Respondent 1 also requests that the court clarify the prohibition on correspondence exchange with respect to Respondents 2 and 3 and the shareholders. Does the said prohibition on correspondence exchange apply to the entire document circulation of Respondent 1?

Respondent 1 requests that the court clarify the procedure and manner, in which Respondent 1 should fulfill the requirements of the law that provides for mandatory audit of financial statements of a business undertaking provided that the Decree dated December 29, 2006 enjoins [Respondent 1] from entering into any transactions, the subject matter of which consists in providing/obtaining audit services.

**Attorney-in-Fact of CJSC "Kyivstar G.S.M."**          *[signature]*     **A.P. Osadchuk**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition to Kyiv City Commercial Court to Clarify the Decree issued by the Kyiv City Commercial Court in case No. 40/37, dated December 29, 2006, of which I have seen a copy of the original.

March 6, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

**Господарський суд міста Києва**

*01030, місто Київ, вул. Б. Хмельницького, 44-Б*

| | |
|---|---|
| **Позивач:** | **Товариство з обмеженою відповідальністю «Сторм»** |
| | *Місцезнаходження: 01001, м. Київ, вул. Народного ополчення, буд. 1* |
| | *Ідентифікаційний код юридичної особи: 23163325* |
| | *п/р № 26000100675001 в ЗАТ «Альфа-Банк», МФО 300346* |

| | |
|---|---|
| **Відповідач-1:** | **Закрите акціонерне товариство «Київстар Дж.Ес.Ем.»** |
| | *Місцезнаходження: 03110, м. Київ, проспект Червонозорний, 51* |
| | *Ідентифікаційний код юридичної особи: 21673832* |
| | *п/р № 26008164716001 в КРУ КБ "Приватбанк",* |
| | *МФО – 321842* |
| | **ЗАТ "Київстар Дж.Ес.Ем.»** |
| | *(для повісток та іншої інформації по справі)* |
| | *03113, м. Київ, вул. Дегтярівська, 53* |

| | |
|---|---|
| **Відповідач-2:** | **Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги»** |
| | *Місцезнаходження: 01001, м. Київ, вул. Хрещатик, буд. 19а* |
| | *Ідентифікаційний код юридичної особи: 33306921* |
| | *п/р № 26008200313003 в Сітібанк (Україна)* |
| | *МФО 300584* |

| | |
|---|---|
| **Відповідач-3:** | **Товариство з обмеженою відповідальністю «Ернст енд Янг»** |
| | *Місцезнаходження: 01001, м. Київ, вул. Хрещатик, буд. 19а* |
| | *Ідентифікаційний код юридичної особи: 33306958* |
| | *п/р № 26005200311019 в Сітібанк (Україна)* |
| | *МФО 300584* |

*Справа № 40/37*

## ЗАЯВА ПРО РОЗ'ЯСНЕННЯ УХВАЛИ
### Господарського суду м. Києва по справі № 40/37 від 29.12.2006 року

...оваженні Господарського суду міста Києва (надалі – «Суд») знаходиться справа № 40/37 за ...ариства з обмеженою відповідальністю «Сторм» (надалі – «Позивач») до закритого ...о товариства «Київстар Дж.Ес.Ем.» (надалі – «Відповідач-1»), товариства з обмеженою ...стю «Ернст енд Янг Аудиторські Послуги» (надалі – «Відповідач-2») та товариства з ...відповідальністю «Ернст енд Янг» (надалі – «Відповідач-3»).

...2006 року винесена судом м. Києва винесена Ухвала про вжиття заходів забезпечення ...і – «Ухвала»), відповідно до якої Відповідачу 1 заборонено до вирішення справи по суті та ...новаженим ними особам, посадовим особам, акціонерам Відповідача 1 вчиняти будь-які ...ню будь-яких договорів (угод) предметом яких є надання (отримання)аудиторських послуг, ... заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську ...повідача 1, в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та ...ки звіти; листи, також Відповідачу 1 заборонено до вирішення справи по суті та будь-яким ... ними особам, посадовим особам, акціонерам Відповідача 1 використовувати вже ...яке від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб. ... заборонено укладати будь-які право чини (договори, угоди) предметом яких є надання ...диторських послуг.

*127*

...ідставі статті 89 Господарського процесуального кодексу України Відповідач 1 звертається до
...снениям Ухвали Господарського суду м. Києва від 29.12.2006 року. Відповідач 1 просить суд
...спосіб в який необхідно виконувати вимоги Ухвали.

...им того, Відповідач 1 просить роз'яснити: заборона надавати та отримувати будь-яку
...о про фінансово-господарську діяльність Відповідача 1, в тому числі первинні бухгалтерські
... звіти, відомості стосується тільки аудиторських послуг за договорами, що є предметом
...огляду чи зазначена заборона стосується усієї фінансово-господарської діяльності Відповідача
...правовідносин та контактів із іншими акціонерами та податковими органами?
...кож Відповідач 1 просить суд роз'яснити заборону листування по відношенню до Відповідачів
...ціонерів. Чи зазначена заборона листування стосується загального документообігу Відповідача

...повідач 1 просить суд роз'яснити порядок та спосіб виконання Відповідачем 1 вимог
...ства, що передбачає обов'язкову  аудиторську перевірку фінансової звітності суб'єкта
...вання за умови наявної на підставі Ухвали від 29.12.2006 року заборони укладання будь-яких
...в предметом яких є надання/отримання аудиторських послуг.

...ник (за довіреністю) ЗАТ «Київстар Дж.Ес.Ем.»                    А.П. Осадчук

*22.01.07*
*101*

Ms. Ivanova L.B.
**Interim Chairman of the Kyiv City Commercial Court**
44-B Khmelnytskogo Street, Kyiv

**Claimant:**   **Limited Liability Company**
**"Storm"**
1 Narodnogo Opolchennya Street, Kyiv, 03680
EDRPOU Code: 23163325
Current account No. 26000100675001 in CJSC "Alfa
Bank"
MFO 300346

**Respondent 1:**   **Closed Joint Stock Company**
**"Kyivstar G.S.M."**
51 Chervonozoryany Prospect, Kyiv, 03110
EDRPOU Code: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",
MFO 300733

**Respondent 2:**   **Limited Liability Company**
**"Ernst & Young Audit Services"**
19a Khreschatyk Street, Kyiv, 01001
EDRPOU Code: 33306921
Current account No. 26008200313003 in Citibank
(Ukraine), MFO 300584

**Respondent 3:**   **Limited Liability Company**
**"Ernst & Young"**
19a Khreschatyk Street, Kyiv, 01001
EDRPOU Code: 33306958
Current account No. 26005200311019 in Citibank
(Ukraine), MFO 300584

Case No. 40/37                *[Stamp: Kyiv City Commercial Court*
12[23]    *RECEIVED    January 20, 2007*
*No. 06-26/40  Signature [signed]]*

**MOTION**
**on the Challenge of Judge**

City of Kyiv                          **January 20, 2007**

  Kyiv City Commercial Court (Judge L.G. Smirnova) carries out proceedings in case
No. 40/37 arising from the statement of claim filed by LLC "Storm" against CJSC "Kyivstar
G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young", seeking to
recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to
take [certain] actions.

  On December 28, 2006, a decree was passed to commence proceedings in Case
No. 40/37. On the next day, December 29, 2007, the Kyiv City Commercial Court issued a
decree on granting injunctive relief in that case, which groundlessly enjoined the Respondents
in the case from taking certain actions. Such decree has been passed without summoning the

*102*

representatives of CJSC "Kyivstar G.S.M.", LLC "Ernst & Young" and LLC "Ernst & Young Audit Services" and without offering an opportunity to raise objections against such decree. Besides, the judge was not physically able to carry out, during one day, comprehensive, full and unbiased examination of the case files, on the basis of which the decree was issued to enjoin the Respondents in the case from taking certain actions. Analysis of substantiation by the Kyiv City Commercial Court of the necessity to grant injunctive relief shows that such relief is neither reasonable, nor adequate. Additionally, the injunctive relief materially violates the rights of other persons who are not participants of such litigation, specifically, the shareholders of CJSC "Kyivstar G.S.M.".

In accordance with Article 20 of the Commercial Procedure Code of Ukraine, a judge may not participate in review of a case and is subject to disqualification if circumstances are discovered, which would raise bias concerns.

The abovementioned actions of the judge cause LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" to challenge judge L.G. Smirnova in order to ensure comprehensive, full and unbiased examination of facts in the case.

Given the above and governed by Article 20 of the Commercial Procedure Code of Ukraine,

### YOU ARE HEREBY REQUESTED TO:

Grant this Motion and to disqualify judge L.G. Smirnova from Case No. 40/37 arising from the statement of claim filed by LLC "Storm" against CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

*Authorized Representative*
*of LLC "Ernst & Young Audit Services" and*
*LLC "Ernst & Young"*          *[signature]*    **D.M. Symanov**

*acting under the Powers of Attorney, dated January 17, 2007*


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Motion to the Interim Chairman of the Kyiv City Commercial Court on the Challenge of Judge, dated January 20, 2007, of which I have seen a copy of the original.


March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

22. 01. 07

101

**В.о. голови господарського суду м.Києва**
**Іванової Л.Б.**
м. Київ, вул. Б.Хмельницького 44б

**Позивач:**  **Товариство з обмеженою відповідальністю**
**«Сторм»**
03680, м.Київ, вул.Народного ополчення, 1,
код ЄДРПОУ 23163325
п/р 26000100675001 в ЗАТ «Альфа-Банк»,
МФО 300346

**Відповідач 1:**  **Закрите акціонерне товариство**
**«Київстар Дж.Ес.Ем.»**
03110, м.Київ, Червонозоряний просп., 51,
код ЄДРПОУ 21673832
п/р 26007011250098 в Філії АКІБ
«УкрСиббанк» «Київське регіональне
управління», МФО 300733

**Відповідач 2:**  **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг Аудиторські Послуги»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

**Відповідач 3:**  **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306958
п/р 26008200311019 в Сітібанк (Україна),
МФО 300584

№40/37

Господарський суд міста Києва
**ОДЕРЖАНО** 20 СІЧ 2007
№06-26/40 Підпис

**КЛОПОТАННЯ**
про відвід судді

20 січня 2007р.

В провадженні господарського суду м. Києва (суддя Смірнова Л.Г.) знаходиться справа за позовом ТОВ «Сторм» до ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» про визнання договорів недійсними, дій та зобов'язання вчинити дії.

28 грудня 2006 року була постановлена ухвала про порушення провадження у справі. А вже наступного дня, 29 грудня 2006 року, господарським судом м.Києва по цій справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено відповідачам по справі вчиняти деякі дії. Цю ухвалу постановлено щодо представників ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг», ТОВ «Ернст енд

2

Аудиторські Послуги» та без надання можливості заперечувати проти прийняти відповідні заходи. Крім того, суддя об'єктивно не мала можливості здійснити за один день всебічне, повне і об'єктивне дослідження матеріалів справи, на підставі якого була винесена ухвала про заборону відповідачам по справі вчиняти деякі дії. В результаті аналізу обґрунтування господарського суду м.Києва про необхідність застосування заходів по забезпеченню позову стало очевидним, що застосовані заходи не є ані розумними, ані адекватними. Крім цього, заходи забезпечення позову істотно порушують права інших осіб, які не є учасниками даного судового процесу, зокрема, акціонерів ЗАТ «Київстар Дж.Ес.Ем.».

Відповідно до статті 20 Господарського процесуального кодексу України суддя не може брати участі в розгляді справи і підлягає відводу, якщо буде встановлено обставини, що викликають сумнів у його неупередженості.

Вищенаведені дії судді спонукають ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг» клопотати про відвід судді Смірнової Л.Г., з метою забезпечення об'єктивного, повного та всебічного розгляду обставин справи.

Враховуючи вищевикладене, керуючись ст.20 Господарського процесуального кодексу України,

## ПРОСИМО:

Задовольнити це клопотання і відвести суддю Смірнову Л.Г. по справі №40/37 за позовом ТОВ «Сторм» до ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

Уповноважений представник
ТОВ «Ернст енд Янг Аудиторські Послуги» і
ТОВ «Ернст енд Янг»

Д.М.Симанов

за довіреностями від 17.01.2007р.

<table>
<tr><td><u>Court of Appeals:</u></td><td><b>Kyiv Commercial Court of Appeals</b><br>8 Rylskiy Lane, Kyiv, 01025</td></tr>
<tr><td><u>Commercial Court Whose<br>Decree is Appealed:</u></td><td><b>Kyiv City Commercial Court</b><br>44-B Khmelnytskoho Street, Kyiv, 01030</td></tr>
<tr><td><u>Appellant:</u></td><td><b>Limited Liability Company<br>"Ernst & Young"</b><br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306958<br>Current account No. 26005200311019 in Citibank<br>(Ukraine), MFO 300584</td></tr>
<tr><td><u>Claimant:</u></td><td><b>Limited Liability Company<br>"Storm"</b><br>1 Narodnogo Opolchennya Street, Kyiv, 03680<br>EDRPOU Code: 23163325<br>Current account No. 26000100675001 in CJSC "Alfa<br>Bank"<br>MFO 300346</td></tr>
<tr><td><u>Respondent 1:</u></td><td><b>Closed Joint Stock Company<br>"Kyivstar G.S.M."</b><br>51 Chervonozoryany Prospect, Kyiv, 03110<br>EDRPOU Code: 21673832<br>Current account No. 26007011250098 in "Kyivske<br>Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",<br>MFO 300733</td></tr>
<tr><td><u>Respondent 2:</u></td><td><b>Limited Liability Company<br>"Ernst & Young Audit Services"</b><br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306921<br>Current account No. 26008200313003 in Citibank<br>(Ukraine), MFO 300584</td></tr>
</table>

Case No. 40/37

## STATEMENT OF APPEAL
### from the Decree of the Kyiv City Commercial Court,
### dated December 29, 2006, in Case No. 40/37

**January 20, 2007**

Limited Liability Company "Ernst & Young" is applying to the Kyiv Commercial Court of Appeals for the protection of its rights in connection with the following.

On December 28, 2006, the Kyiv City Commercial Court (Judge L.G. Smirnova) passed a decree on the commencement of proceedings in case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services"

*[Stamp: illegible]*

*[Stamp: Kyiv City Commercial Court<br>RECEIVED]*

and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

The statement of claim seeks to invalidate agreement No. 9331, dated January 6, 2006, among CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" (hereinafter referred to as "Agreement 1"), under which LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" provided services to CJSC "Kyivstar G.S.M." regarding the preparation and conduct of audit for 2005, and to invalidate agreement No. 12352, dated May 3, 2006, between CJSC "Kyivstar G.S.M." and LLC "Ernst & Young" (hereinafter referred to as "Agreement 2"), the subject matter of which **is not the provision of audit services.**

The services contemplated by said agreements have been provided in full.

On December 29, 2006, the Kyiv City Commercial Court issued a decree on granting injunctive relief in that case, which enjoined the Respondents in the case from taking certain actions. Such decree has been passed without summoning the representatives of CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" and without offering an opportunity to raise objections against such decree.

In accordance with Article 66 of the Commercial Procedure Code of Ukraine (hereinafter referred to as the "CPC of Ukraine"), commercial court is entitled to grant injunctive relief based on petition filed by a party, prosecutor or deputy prosecutor who filed a statement of claim, or at its own discretion. Injunctive relief may be granted at any stage of proceedings in a case if the withholding of such relief may render the enforcement of a commercial court decision difficult or impossible.

Pursuant to the Clarification of the Presidium of the Higher Arbitration Court of Ukraine, dated August 23, 1994, No. 02-5/611 "On Certain Issues Related to the Practice of Granting of Injunctive Relief", and the Letter of Information of the Higher Commercial Court of Ukraine, dated December 12, 2006, No. 01-8/2776 "On Certain Issues Related to the Practice for Securing a Claim", whenever a commercial court takes a decision to grant injunctive relief, it should examine whether applicant's arguments in support of the necessity to grant such relief are justified, and should take into consideration, among other things, the following:

reasonableness, justification and adequacy of the applicant's demand for injunctive relief;

ensuring the balance of interests of parties and other participants of litigation;

preventing violation, in connection with granting such relief, of rights and legally protected interests of persons who are not participants of such litigation.

Analysis of substantiation by the Kyiv City Commercial Court of the necessity to grant injunctive relief shows that such relief is neither reasonable, nor adequate. Besides, the measures on securing a claim listed in the operative part of the decree of the Kyiv City Commercial Court, dated December 29, 2006, do not ensure the balance of interests of the parties, unjustifiably and materially affect the conditions of the Respondents, and violate rights and legitimate interests of the parties that are not participants of such litigation.

Injunctive relief is required to preserve the possibility of further enforcement of a court decision. The commercial court has failed to indicate in the appealed decree in what way the granting of injunctive relief correlates with the enforcement of a court decision. Additionally, the commercial court has failed to prove that the Claimant's rights would be violated in any

way in the event of withholding of such injunctive relief. Therefore, we do not find any grounds for the necessity to grant injunctive relief in this case.

Injunctive relief contemplated by the appealed decree is of a very broad nature. The decree enjoins CJSC "Kyivstar G.S.M." from entering into any transactions (agreements, contracts) on providing (obtaining) audit services. On the other hand, Article 13 of the Law of Ukraine "On Business Associations" and Article 8 of the Law of Ukraine "On Audit Activities" prescribe the compulsory audit of CJSC "Kyivstar G.S.M.". Hence, the injunctive relief compels CJSC "Kyivstar G.S.M." to violate the requirements of such laws and such violation, without doubt, will adversely affect the rights and legitimate interests of its shareholders.

Injunctive relief applies to all the shareholders of CJSC "Kyivstar G.S.M." and enjoins them from "taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in … obtaining audit services". The Claimant does not challenge, in this Case, the right of shareholders of CJSC "Kyivstar G.S.M." to obtain audit services. Therefore, there are no reasonable grounds to enjoin the shareholders of CJSC "Kyivstar G.S.M." from entering into agreements on the provision of audit services in Ukraine if they wish to do so.

As for Agreement 1, the prohibition to use results of audit for 2005 is ungrounded as it contains no proofs confirming that the use of such results would affect or impair the rights of CJSC "Kyivstar G.S.M." or its shareholders. In fact, the failure to use auditor's opinion for 2005, which opinion is required by law, may impair the rights of CJSC "Kyivstar G.S.M." or its shareholders.

Furthermore, Agreement 2 is not related to the provision of audit services, therefore, the prohibition by commercial court with respect to any agreement, under which CJSC "Kyivstar G.S.M" obtains services that **are not audit services**, is not adequate.

Section 3 of the operative part of the appealed decree enjoins "Closed Joint Stock Company "Kyivstar G.S.M."…, Limited Liability Company "Ernst & Young Audit Services"…, Limited Liability Company "Ernst & Young" … and any of their authorized persons, … from using in any way the financial statements, reports, documents or information already obtained from one another". Again, the commercial court takes a decision on granting injunctive relief that has a very broad nature and is not limited by the subject-matter of the claim. Therefore, the Respondents are not able to use any documents received from each other, irrespective of the fact whether such documents are related to the agreements, the validity of which is questioned by the Claimant, and are not able to use such documents even for the effective protection of their rights in the course of legal proceedings in this Case No. 40/37. Moreover, such prohibition violates the rights of shareholders stipulated by Paragraph d) of the Law of Ukraine "On Business Associations" and Section 14.6 of the Charter of CJSC "Kyivstar G.S.M.".

In addition to the foregoing, the Claimant, in its application for injunctive relief, and the commercial court, in its appealed decree, have not produced any proof to the effect that the withholding of injunctive relief will render the enforcement of commercial court decision difficult or impossible. The Claimant makes an assumption that the performance of disputed agreements may purportedly involve illegal provision of commercial secret, however, the Claimant fails to produce facts showing that such provision is illegal.

Given the foregoing and governed by Articles 22, 28, 66, 67 and 106 of the Commercial Procedure Code of Ukraine,

## YOU ARE HEREBY REQUESTED TO:

1.     Suspend the enforcement of the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions, for the period of examination of this statement of appeal.

2.     Reverse the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

Attachments:
1.     petition for the renewal of elapsed period for filing an appeal
2.     evidences of the dispatch of the statement of appeal to the parties
3.     a copy of the power of attorney

Attorney-in-Fact
of LLC "Ernst & Young"           *[signature]*           D.M. Symanov

acting under the Power of Attorney, dated January 17, 2007

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Appeal of LLC "Ernst & Young", dated January 20, 2007, from the Decree of the Kyiv City Commercial Court, dated December 29, 2006, in Case No. 40/37, of which I have seen a copy of the original.

March 7, 2007, I, Marinskii F.M., director of Translation Agency "Eridan – 2002" certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

| | |
|---|---|
| _Апеляційний суд:_ | **Київський апеляційний господарський суд**<br>01025, м.Київ, пров.Рильський, 8 |
| _Господарський суд, ухвала якого_<br>_оскаржується:_ | **Господарський суд м.Києва**<br>01030, м.Київ, вул.Б.Хмельницького, 44-Б, |
| _Подавач скарги:_ | **Товариство з обмеженою відповідальністю**<br>**«Ернст енд Янг»**<br>01001, м.Київ, вул.Хрещатик, 19а,<br>код ЄДРПОУ 33306958<br>п/р 26008200311019 в Сітібанк (Україна),<br>МФО 300584 |
| _Позивач:_ | **Товариство з обмеженою відповідальністю**<br>**«Сторм»**<br>03680, м.Київ, вул.Народного ополчення, 1,<br>код ЄДРПОУ 23163325<br>п/р 26000100675001 в ЗАТ «Альфа-Банк»,<br>МФО 300346 |
| _Відповідач 1:_ | **Закрите акціонерне товариство**<br>**«Київстар Дж.Ес.Ем.»**<br>03110, м.Київ, Червонозоряний просп., 51,<br>код ЄДРПОУ 21673832<br>п/р 26007011250098 в Філії АКІБ<br>«УкрСиббанк» «Київське регіональне<br>управління», МФО 300733 |
| _Відповідач 2:_ | **Товариство з обмеженою відповідальністю**<br>**«Ернст енд Янг Аудиторські Послуги»**<br>01001, м.Київ, вул.Хрещатик, 19а,<br>код ЄДРПОУ 33306921<br>п/р 26008200313003 в Сітібанк (Україна),<br>МФО 300584 |

№40/37

### АПЕЛЯЦІЙНА СКАРГА
на ухвалу господарського суду м.Києва
від 29.12.2006 р. у справі №40/37

20.01.2007р.

... ............. ....................... «Ернст енд Янг» звертається до
...го апеляційного господарського суду за захистом своїх прав в зв'язку з
.............ленням.

.сподарський суд м.Києва (суддя Смірнова Л.Г.) 28 грудня 2006 року постановив
..про порушення провадження у справі №40/37 за позовною заявою Товариства з
....ною відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар
....м.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські

Господарський суд міста Києва
ОДЕРЖАНО

Послуги». Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

Позовна заява стосується визнання недійсності договору №9331 від 6 січня 2006 року між ЗАТ «Київстар Дж.Ес.Ем.» і ТОВ «Ернст енд Янг Аудиторські Послуги» (далі – Договір 1), згідно з яким ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг» надавали ЗАТ «Київстар Дж.Ес.Ем.» послуги у підготовці і проведенні аудиту за 2005 рік, та договір №12352 від 3 травня 2006 року між ЗАТ «Київстар Дж.Ес.Ем.» і ТОВ «Ернст енд Янг» (далі – Договір 2), предметом якого не є надання аудиторських послуг.

Послуги, передбачені зазначеними договорами, надано повністю.

29 грудня 2006 року господарським судом м.Києва по вказаній справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено відповідачам по справі вчинити деякі дії. Цю ухвалу постановлено без виклику представників ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» та без надання можливості заперечувати проти прийняття вказаної ухвали.

Відповідно до статті 66 Господарського процесуального кодексу України (далі – ГПК України) господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Згідно з роз'ясненням президії Вищого арбітражного суду України від 23.08.94 №02-5/611 «Про деякі питання практики застосування заходів до забезпечення позову», а також інформаційним листом Вищого господарського суду України від 12.12.2006р. №01-8/2776 «Про деякі питання практики забезпечення позову» господарський суд, приймаючи рішення про застосування заходів забезпечення позову, має здійснити оцінку обґрунтованості доводів заявника щодо необхідності вжиття відповідних заходів з урахуванням, зокрема, такого:

розумності, обґрунтованості і адекватності вимог заявника щодо забезпечення позову;

забезпечення збалансованості інтересів сторін, а також інших учасників судового процесу;

запобігання порушенню у зв'язку із вжиттям таких заходів прав та охоронюваних законом інтересів осіб, що не є учасниками даного судового процесу.

В результаті аналізу обґрунтування господарського суду м.Києва про необхідність застосування заходів по забезпеченню позову стає очевидним, що застосовані заходи не є ані розумними, ані адекватними. Крім того, заходи по забезпеченню позову перелічені в резолютивній частині ухвали господарського суду м.Києва від 29.12.2006р. не забезпечують збалансованості інтересів сторін, необґрунтовано та істотно погіршуючи становище відповідачів, а також порушують права і законні інтереси осіб, що не є учасниками даного судового процесу.

Заходи забезпечення позову необхідні для збереження можливості подальшого виконання рішення суду. В оскаржуваній ухвалі господарський суд не зазначив, яким чином застосування заходів по забезпеченню позову має відношення до виконання рішення суду. Крім того, господарський суд не довів наявність будь-якого можливого порушення прав позивача у разі відсутності зазначених заходів. Таким чином, ми не

знаходимо жодного обгрунтування необхідності застосування заходів забезпечення позову у цій справі.

Викладені в оскаржуваній ухвалі заходи забезпечення позову мають дуже загальний характер. Ухвалою заборонено ЗАТ «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди), предметом яких є надання (отримання) аудиторських послуг. З іншого боку, проведення аудиту для ЗАТ «Київстар Дж.Ес.Ем.» відповідно до статті 13 Закону України «Про господарські товариства» та статті 8 Закону України «Про аудиторську діяльність» є обов'язковим. Таким чином, заходи забезпечення позову змушують ЗАТ «Київстар Дж.Ес.Ем.» порушувати приписи зазначених законів, що, без сумніву, завдасть шкоди правам і законним інтересам його акціонерів.

Заходи забезпечення позову поширюють свою дію на всіх акціонерів ЗАТ «Київстар Дж.Ес.Ем.» і забороняють їм «вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є ...отримання аудиторських послуг». Право на отримання аудиторських послуг акціонерами ЗАТ «Київстар Дж.Ес.Ем.» позивачем не оскаржується в межах цієї справи. Таким чином, не має ніяких розумних підстав забороняти акціонерам ЗАТ «Київстар Дж.Ес.Ем.» укладати договори про надання аудиторських послуг в Україні, якщо у них виникне таке бажання.

Стосовно Договору 1, необгрунтованим є припис не використовувати результати аудиту за 2005 рік без зазначення доказів, які підтверджують, що використання цих результатів може якимось чином зашкодити або порушити права ЗАТ «Київстар Дж.Ес.Ем.» чи його акціонерів. Насправді, саме невикористання аудиторського висновку за 2005 рік, обов'язковість наявності якого передбачена законом, може порушити права ЗАТ «Київстар Дж.Ес.Ем.» чи його акціонерів.

Крім того, Договір 2 не стосується надання аудиторських послуг, таким чином не є адекватною заборона господарського суду, яка стосується будь-якого договору, за яким ЗАТ «Київстар Дж.Ес.Ем.» надаються послуги, які не є аудитом.

Пункт 3 резолютивної частини оскаржуваної ухвали передбачає заборону «Закритому акціонерному товариству «Київстар Дж.Ес.Ем.» ..., Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» ..., Товариству з обмеженою відповідальністю «Ернст енд Янг»... та будь-яким уповноваженим ними особам, ... використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб». Знову ж таки, господарський суд приймає рішення про застосування заходів забезпечення позову, які мають дуже загальний характер і не обмежуються предметом позовної вимоги. Таким чином, відповідачі не в змозі використовувати будь-які документи отримані один від одного, незалежно пов'язані ці документи з договорами, дійсність яких ставиться під сумнів позивачем, чи ні, причому використовувати навіть під час судового розгляду вказаної справи №40/37 для ефективного захисту своїх прав. Більше того, цей припис порушує права акціонерів, які передбачені пунктом г) статті 10 Закону України «Про господарські товариства» і пунктом 14.6 Статуту ЗАТ «Київстар Дж.Ес.Ем.».

Окрім вищезазначеного, позивачем в заяві про вжиття заходів забезпечення позову і господарським судом при постановленні оскаржуваної ухвали не зазначено жодного доказу того, що незастосування заходів забезпечення позову призведуть до утруднення чи неможливості виконання рішення господарського суду. Позивач робить припущення про нібито можливе незаконне надання комерційної таємниці під час виконання спірних договорів, не приводячи фактичних даних про те, що така передача є незаконною.

З огляду на викладене вище, керуючись ст.ст. 22, 28, 66, 67, 106 Господарського процесуального кодексу України,

## ПРОСИМО:

1. Призупинити виконання ухвали господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії на час розгляду цієї апеляційної скарги.

2. Скасувати ухвалу господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

Додатки:
1. заява про відновлення пропущеного строку на апеляційне оскаржения
2. докази направлення апеляційної скарги сторонам
3. копія довіреності

Представник ТОВ «Ернст енд Янг»                                   Д.М.Симанов

за довіреністю від 17.01.2007р.

| | |
|---|---|
| <u>Court of Appeals:</u> | **Kyiv Commercial Court of Appeals**<br>8 Rylskiy Lane, Kyiv, 01025 |
| <u>Commercial Court Whose<br>Decree is Appealed:</u> | **Kyiv City Commercial Court**<br>44-B Khmelnytskoho Street, Kyiv, 01030 |
| <u>Appellant:</u> | **Limited Liability Company<br>"Ernst & Young Audit Services"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306921<br>Current account No. 26008200313003 in Citibank<br>(Ukraine), MFO 300584 |
| <u>Claimant:</u> | **Limited Liability Company<br>"Storm"**<br>1 Narodnogo Opolchennya Street, Kyiv, 03680<br>EDRPOU Code: 23163325<br>Current account No. 26000100675001 in CJSC "Alfa<br>Bank"          *[Handwritten: Bondar S.V.*<br>MFO 300346          *[signature]*<br>*05.02.07]* |
| <u>Respondent 1:</u> | **Closed Joint Stock Company<br>"Kyivstar G.S.M."**<br>51 Chervonozoryany Prospect, Kyiv, 03110<br>EDRPOU Code: 21673832<br>Current account No. 26007011250098 in "Kyivske<br>Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",<br>MFO 300733 |
| <u>Respondent 2:</u> | **Limited Liability Company<br>"Ernst & Young"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306958<br>Current account No. 26005200311019 in Citibank<br>(Ukraine), MFO 300584 |

Case No. 40/37

## STATEMENT OF APPEAL
### from the Decree of the Kyiv City Commercial Court,
### dated December 29, 2006, in Case No. 40/37

**City of Kyiv**                                                    **January 20, 2007**

Limited Liability Company "Ernst & Young Audit Services" is applying to the Kyiv Commercial Court of Appeals for the protection of its rights in connection with the following.

On December 28, 2006, the Kyiv City Commercial Court (Judge L.G. Smirnova) passed a decree on the commencement of proceedings in case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services"

*[Stamp: RECEIVED*<br>*February 1, 2007*<br>*Inc. No. [illegible]]*

*[Stamp: Kyiv City Commercial Court*<br>*RECEIVED    January 20, 2007*<br>*No. 06-29.2/378  Signature [signed]]*

and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

The statement of claim seeks to invalidate agreement No. 9331, dated January 6, 2006, among CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" (hereinafter referred to as "Agreement 1"), under which LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" provided services to CJSC "Kyivstar G.S.M." regarding the preparation and conduct of audit for 2005, and to invalidate agreement No. 12352, dated May 3, 2006, between CJSC "Kyivstar G.S.M." and LLC "Ernst & Young" (hereinafter referred to as "Agreement 2"), the subject matter of which **is not the provision of audit services.**

The services contemplated by said agreements have been provided in full.

On December 29, 2006, the Kyiv City Commercial Court issued a decree on granting injunctive relief in that case, which enjoined the Respondents in the case from taking certain actions. Such decree has been passed without summoning the representatives of CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" and without offering an opportunity to raise objections against such decree.

In accordance with Article 66 of the Commercial Procedure Code of Ukraine (hereinafter referred to as the "CPC of Ukraine"), commercial court is entitled to grant injunctive relief based on petition filed by a party, prosecutor or deputy prosecutor who filed a statement of claim, or at its own discretion. Injunctive relief may be granted at any stage of proceedings in a case if the withholding of such relief may render the enforcement of a commercial court decision difficult or impossible.

Pursuant to the Clarification of the Presidium of the Higher Arbitration Court of Ukraine, dated August 23, 1994, No. 02-5/611 "On Certain Issues Related to the Practice of Granting of Injunctive Relief", and the Letter of Information of the Higher Commercial Court of Ukraine, dated December 12, 2006, No. 01-8/2776 "On Certain Issues Related to the Practice for Securing a Claim", whenever a commercial court takes a decision to grant injunctive relief, it should examine whether applicant's arguments in support of the necessity to grant such relief are justified, and should take into consideration, among other things, the following:

reasonableness, justification and adequacy of the applicant's demand for injunctive relief;

ensuring the balance of interests of parties and other participants of litigation;

preventing violation, in connection with granting such relief, of rights and legally protected interests of persons who are not participants of such litigation.

Analysis of substantiation by the Kyiv City Commercial Court of the necessity to grant injunctive relief shows that such relief is neither reasonable, nor adequate. Besides, the measures on securing a claim listed in the operative part of the decree of the Kyiv City Commercial Court, dated December 29, 2006, do not ensure the balance of interests of the parties, unjustifiably and materially affect the conditions of the Respondents, and violate rights and legitimate interests of the parties that are not participants of such litigation.

Injunctive relief is required to preserve the possibility of further enforcement of a court decision. The commercial court has failed to indicate in the appealed decree in what way the granting of injunctive relief correlates with the enforcement of a court decision. Additionally, the commercial court has failed to prove that the Claimant's rights would be violated in any

way in the event of withholding of such injunctive relief. Therefore, we do not find any grounds for the necessity to grant injunctive relief in this case.

Injunctive relief contemplated by the appealed decree is of a very broad nature. The decree enjoins CJSC "Kyivstar G.S.M." from entering into any transactions (agreements, contracts) on providing (obtaining) audit services. On the other hand, Article 13 of the Law of Ukraine "On Business Associations" and Article 8 of the Law of Ukraine "On Audit Activities" prescribe the compulsory audit of CJSC "Kyivstar G.S.M.". Hence, the injunctive relief compels CJSC "Kyivstar G.S.M." to violate the requirements of such laws and such violation, without doubt, will adversely affect the rights and legitimate interests of its shareholders.

Injunctive relief applies to all the shareholders of CJSC "Kyivstar G.S.M." and enjoins them from "taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in ... obtaining audit services". The Claimant does not challenge, in this Case, the right of shareholders of CJSC "Kyivstar G.S.M." to obtain audit services. Therefore, there are no reasonable grounds to enjoin the shareholders of CJSC "Kyivstar G.S.M." from entering into agreements on the provision of audit services in Ukraine if they wish to do so.

As for Agreement 1, the prohibition to use results of audit for 2005 is ungrounded as it contains no proofs confirming that the use of such results would affect or impair the rights of CJSC "Kyivstar G.S.M." or its shareholders. In fact, the failure to use auditor's opinion for 2005, which opinion is required by law, may impair the rights of CJSC "Kyivstar G.S.M." or its shareholders.

Section 3 of the operative part of the appealed decree enjoins "Closed Joint Stock Company "Kyivstar G.S.M."..., Limited Liability Company "Ernst & Young Audit Services"..., Limited Liability Company "Ernst & Young" ... and any of their authorized persons, ... from using in any way the financial statements, reports, documents or information already obtained from one another". Again, the commercial court takes a decision on granting injunctive relief that has a very broad nature and is not limited by the subject-matter of the claim. Therefore, the Respondents are not able to use any documents received from each other, irrespective of the fact whether such documents are related to the agreements, the validity of which is questioned by the Claimant, and are not able to use such documents even for the effective protection of their rights in the course of legal proceedings in this Case No. 40/37. Moreover, such prohibition violates the rights of shareholders stipulated by Paragraph d) of the Law of Ukraine "On Business Associations" and Section 14.6 of the Charter of CJSC "Kyivstar G.S.M.".

In addition to the foregoing, the Claimant, in its application for injunctive relief, and the commercial court, in its appealed decree, have not produced any proof to the effect that the withholding of injunctive relief will render the enforcement of commercial court decision difficult or impossible. The Claimant makes an assumption that the performance of disputed agreements may purportedly involve illegal provision of commercial secret, however, the Claimant fails to produce facts showing that such provision is illegal.

Given the foregoing and governed by Articles 22, 28, 66, 67, 104 and 106 of the Commercial Procedure Code of Ukraine,

## YOU ARE HEREBY REQUESTED TO:

1.     Suspend the enforcement of the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions, for the period of examination of this statement of appeal.

2.     Reverse the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

Attachments:
1.  petition for the renewal of elapsed period for filing an appeal (2 pages)
2.  evidences of the dispatch of the statement of appeal to the parties
3.  a copy of the power of attorney (2 pages)

Attorney-in-Fact
of LLC "Ernst & Young Audit Services "          *[signature]*          D.M. Symanov

acting under the Power of Attorney, dated January 17, 2007

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Appeal of LLC "Ernst & Young Audit Services", dated January 20, 2007, from the Decree of the Kyiv City Commercial Court, dated December 29, 2006, in Case No. 40/37, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

4

| | |
|---|---|
| *Апеляційний суд:* | **Київський апеляційний господарський суд**<br>01025, м.Київ, пров.Рильський, 8 |
| *Господарський суд, ухвала якого оскаржується:* | **Господарський суд м.Києва**<br>01030, м.Київ, вул.Б.Хмельницького, 44-Б, |
| *Подавач скарги:* | **Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги»**<br>01001, м.Київ, вул.Хрещатик, 19а,<br>код ЄДРПОУ 33306921<br>п/р 26008200313003 в Сітібанк (Україна),<br>МФО 300584 |
| *Позивач:* | **Товариство з обмеженою відповідальністю «Сторм»**<br>03680, м.Київ, вул.Народного ополчення, 1,<br>код ЄДРПОУ 23163325<br>п/р 26000100675001 в ЗАТ «Альфа-Банк»,<br>МФО 300346 |
| *Відповідач 1:* | **Закрите акціонерне товариство «Київстар Дж.Ес.Ем.»**<br>03110, м.Київ, Червонозоряний просп., 51<br>код ЄДРПОУ 21673832<br>п/р 26007011250098 в Філії АКІБ «УкрСиббанк» «Київське регіональне управління», МФО 300733 |
| *Відповідач 2:* | **Товариство з обмеженою відповідальністю «Ернст енд Янг»**<br>01001, м.Київ, вул.Хрещатик, 19а,<br>код ЄДРПОУ 33306958<br>п/р 26008200311019 в Сітібанк (Україна),<br>МФО 300584 |

Справа №40/37

### АПЕЛЯЦІЙНА СКАРГА
#### на ухвалу господарського суду м.Києва
#### від 29.12.2006 р. у справі №40/37

**м.Київ**                                                                              **20.01.2007р.**

Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» звертається до Київського апеляційного господарського суду за захистом своїх прав в зв'язку з нижчевикладеним.

Господарський суд м.Києва (суддя Смірнова Л.Г.) 28 грудня 2006 року постановив ухвалу про порушення провадження у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські

Господарський суд міста Києва<br>ОДЕРЖАНО 10 СІЧ 2007

2

Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

Позовна заява стосується визнання недійсності договору №9331 від 6 січня 2006 року між ЗАТ «Київстар Дж.Ес.Ем.» і ТОВ «Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» (далі – Договір 1), згідно з яким ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг» надавали ЗАТ «Київстар Дж.Ес.Ем.» послуги у підготовці і проведенні аудиту за 2005 рік, та договір №12352 від 3 травня 2006 року між ЗАТ «Київстар Дж.Ес.Ем.» і ТОВ «Ернст енд Янг» (далі – Договір 2), предметом якого не є надання аудиторських послуг.

Послуги, передбачені зазначеними договорами, надано повністю.

29 грудня 2006 року господарським судом м.Києва по вказаній справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено відповідачам по справі вчиняти деякі дії. Цю ухвалу постановлено без виклику представників ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» та без надання можливості заперечувати проти прийняття вказаної ухвали.

Відповідно до статті 66 Господарського процесуального кодексу України (далі – ГПК України) господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Згідно з роз'ясненням президії Вищого арбітражного суду України від 23.08.94 №02-5/611 «Про деякі питання практики застосування заходів до забезпечення позову», а також інформаційним листом Вищого господарського суду України від 12.12.2006р. №01-8/2776 «Про деякі питання практики забезпечення позову» господарський суд, приймаючи рішення про застосування заходів забезпечення позову, має здійснити оцінку обґрунтованості доводів заявника щодо необхідності вжиття відповідних заходів з урахуванням, зокрема, такого:

розумності, обґрунтованості і адекватності вимог заявника щодо забезпечення позову;

забезпечення збалансованості інтересів сторін, а також інших учасників судового процесу;

запобігання порушенню у зв'язку із вжиттям таких заходів прав та охоронюваних законом інтересів осіб, що не є учасниками даного судового процесу.

В результаті аналізу обґрунтування господарського суду м.Києва про необхідність застосування заходів по забезпеченню позову стає очевидним, що застосовані заходи не є ані розумними, ані адекватними. Крім того, заходи по забезпеченню позову перелічені в резолютивній частині ухвали господарського суду м.Києва від 29.12.2006р. не забезпечують збалансованості інтересів сторін, необґрунтовано та істотно погіршуючи становище відповідачів, а також порушують права і законні інтереси осіб, що не є учасниками даного судового процесу.

Заходи забезпечення позову необхідні для збереження можливості подальшого виконання рішення суду. В оскаржуваній ухвалі господарський суд не зазначив, яким чином застосування заходів по забезпеченню позову має відношення до виконання рішення суду. Крім того, господарський суд не довів наявність будь-якого можливого порушення прав позивача у разі відсутності зазначених заходів. Таким чином, ми не

2

знаходимо жодного обгрунтування необхідності застосування заходів забезпечення позову 3 у цій справі.

Викладені в оскаржуваній ухвалі заходи забезпечення позову мають дуже загальний характер. Ухвалою заборонено ЗАТ «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди), предметом яких є надання (отримання) аудиторських послуг. З іншого боку, проведення аудиту для ЗАТ «Київстар Дж.Ес.Ем.» відповідно до статті 13 Закону України «Про господарські товариства» та статті 8 Закону України «Про аудиторську діяльність» є обов'язковим. Таким чином, заходи забезпечення позову змушують ЗАТ «Київстар Дж.Ес.Ем.» порушувати приписи зазначених законів, що, без сумніву, завдасть шкоди правам і законним інтересам його акціонерів.

Заходи забезпечення позову поширюють свою дію на всіх акціонерів ЗАТ «Київстар Дж.Ес.Ем.» і забороняють їм «вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є ...отримання аудиторських послуг». Право на отримання аудиторських послуг акціонерами ЗАТ «Київстар Дж.Ес.Ем.» позивачем не оскаржується в межах цієї справи. Таким чином, не має ніяких розумних підстав забороняти акціонерам ЗАТ «Київстар Дж.Ес.Ем.» укладати договори про надання аудиторських послуг в Україні, якщо у них виникне таке бажання.

Стосовно Договору 1, необгрунтованим є припис не використовувати результати аудиту за 2005 рік без зазначення доказів, які підтверджують, що використання цих результатів може якимось чином зашкодити або порушити права ЗАТ «Київстар Дж.Ес.Ем.» чи його акціонерів. Насправді, саме невикористання аудиторського висновку за 2005 рік, обов'язковість наявності якого передбачена законом, може порушити права ЗАТ «Київстар Дж.Ес.Ем.» чи його акціонерів.

Пункт 3 резолютивної частини оскаржуваної ухвали передбачає заборону «Закритому акціонерному товариству «Київстар Дж.Ес.Ем.» ..., Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» ..., Товариству з обмеженою відповідальністю «Ернст енд Янг»... та будь-яким уповноваженим ними особам, ... використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб». Знову ж таки, господарський суд приймає рішення про застосування заходів забезпечення позову, які мають дуже загальний характер і не обмежуються предметом позовної вимоги. Таким чином, відповідачі не в змозі використовувати будь-які документи отримані один від одного, незалежно пов'язані ці документи з договорами, дійсність яких ставиться під сумнів позивачем, чи ні, причому використовувати навіть під час судового розгляду вказаної справи №40/37 для ефективного захисту своїх прав. Більше того, цей припис порушує права акціонерів, які передбачені пунктом г) статті 10 Закону України «Про господарські товариства» і пунктом 14.6 Статуту ЗАТ «Київстар Дж.Ес.Ем.».

Окрім вищезазначеного, позивачем в заяві про вжиття заходів забезпечення позову і господарським судом при постановленні оскаржуваної ухвали не зазначено жодного доказу того, що незастосування заходів забезпечення позову призведуть до утруднення чи неможливості виконання рішення господарського суду. Позивач робить припущення про нібито можливе незаконне надання комерційної таємниці під час виконання спірних договорів, не приводячи фактичних даних про те, що така передача є незаконною.

З огляду на викладене вище, керуючись ст.ст. 22, 28, 66, 67, 104, 106 Господарського процесуального кодексу України,

**ПРОСИМО:**

1. Призупинити виконання ухвали господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії на час розгляду цієї апеляційної скарги.

2. Скасувати ухвалу господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

Додатки:
1. заява про відновлення пропущеного строку на апеляційне оскарження на 2 арк.
2. докази направлення апеляційної скарги сторонам
3. копія довіреності на 2 арк.


Представник ТОВ «Ернст енд Янг Аудиторські Послуги»            Д.М.Сіманов

за довіреністю від 17.01.2007р.

4

**Kyiv Commercial Court of Appeals**
8 Rylskiy Lane, Kyiv, 01025

|            |                                                                                                                                                                                                                                            |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Claimant:  | **Limited Liability Company "Storm"**<br>1 Narodnogo Opolchennya Street, Kyiv, 03680<br>EDRPOU Code: 23163325<br>Current account No. 26000100675001 in CJSC "Alfa Bank"<br>MFO 300346                                                        |
| Respondent 1: | **Closed Joint Stock Company "Kyivstar G.S.M."**<br>51 Chervonozoryany Prospect, Kyiv, 03110<br>EDRPOU Code: 21673832<br>Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO 300733 |
| Respondent 2: | **Limited Liability Company "Ernst & Young Audit Services"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306921<br>Current account No. 26008200313003 in Citibank (Ukraine), MFO 300584                                        |
| Respondent 3: | **Limited Liability Company "Ernst & Young"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306958<br>Current account No. 26005200311019 in Citibank (Ukraine), MFO 300584                                                       |

**Case No. 40/37**

**PETITION**
**For the Renewal of Elapsed Procedural Period**

City of Kyiv                                                **January 20, 2007**

On December 28, 2006, Kyiv City Commercial Court (Judge L.G. Smirnova) passed a decree on the commencement of proceedings in case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

On December 29, 2006, the Kyiv City Commercial Court passed a decree on granting

injunctive relief in that case, which enjoined the respondents in the case from taking certain actions. It should be noted that such decree has been passed without summoning the parties' representatives.

The said decree of the Kyiv City Commercial Court, dated December 29, 2006, was received by LLC "Ernst & Young Audit Services" and LLC "Ernst & Young", as the respondents, as late as January 3, 2007.

It is necessary to note that, in view of the fact that the Cabinet of Ministers of Ukraine issued the Order "On Carrying Over Business Days in 2007", dated December 12, 2006, No. 612-r, LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" were closed for business from December 30, 2006 to January 8, 2007, inclusive.

Given the above, LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" were not given sufficient time, within the time limits for filing an appeal, to review the materials received from the Kyiv City Commercial Court, to familiarize themselves with Case No. 40/37, to effectively use the means of protection of their rights and legitimate interests, and to appoint relevant representatives.

Therefore, we believe that there was a justifiable reason for the failure to meet the deadline for filing an appeal from the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37.

Given the above and governed by Articles 22, 28, 53, 93 and 106 of the Commercial Procedure Code of Ukraine,

## YOU ARE HEREBY REQUESTED TO:

Renew the elapsed period for filing an appeal from the decree of the Kyiv City Commercial Court, dated December 29, 2006, on granting injunctive relief in Case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

Attorney-in-Fact
of LLC "Ernst & Young Audit Services"          *[signature]*          D.M. Symanov

acting under the Power of Attorney, dated January 17, 2007

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of LLC "Ernst & Young Audit Services" to the Kyiv Commercial Court of Appeals for the Renewal of Elapsed Procedural Period, dated January 20, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Marinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

3

**Київський апеляційний господарський суд**
01025, м.Київ, пров.Рильський, 8

**Позивач:** Товариство з обмеженою відповідальністю
«Сторм»
03680, м.Київ, вул.Народного ополчення, 1,
код ЄДРПОУ 23163325
п/р 2600100675001 в ЗАТ «Альфа-Банк»,
МФО 300346

**Відповідач 1:** Закрите акціонерне товариство
«Київстар Дж.Ес.Ем.»
03110, м.Київ, Червонозоряний просп., 51,
код ЄДРПОУ 21673832
п/р 26007011250098 в Філії АКІБ
«УкрСиббанк» «Київське регіональне
управління», МФО 300733

**Відповідач 2:** Товариство з обмеженою відповідальністю
«Ернст енд Янг Аудиторські Послуги»
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

**Відповідач 3:** Товариство з обмеженою відповідальністю
«Ернст енд Янг»
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306958
п/р 26008200311019 в Сітібанк (Україна),
МФО 300584

справа №40/37

## ЗАЯВА
про відновлення пропущеного процесуального строку

м.Київ                                                                 20.01.2007р.

Господарський суд м.Києва (суддя Смирнова Л.Г.) 28 грудня 2006 року постановив ухвалу про порушення провадження у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

29 грудня 2006 року господарським судом м.Києва по вказаній справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено відповідачам по справі

вчиняти деякі дії. Необхідно відмітити, що ухвалу постановлено без виклику представників сторін.

Вказана ухвала господарського суду м.Києва від 29.12.2006р. надійшла на адресу відповідачів ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг» тільки 3 січня 2007 року.

Треба зазначити, що ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг», зважаючи на розпорядження Кабінету Міністрів України від 12 грудня 2006 р. N 612-р «Про перенесення робочих днів у 2007 році», не працювали у період з 30 грудня 2006 року по 8 січня 2007 року включно.

В зв'язку з чим, у ТОВ «Ернст енд Янг Аудиторські Послуги» і ТОВ «Ернст енд Янг» не було достатньо часу в межах терміну, передбаченого для подання апеляційної скарги, для розгляду матеріалів, що надійшли з господарського суду м.Києва, ознайомлення з справою №40/37, ефективного застосування заходів по захисту своїх прав і законних інтересів, призначення відповідних представників.

Таким чином, вважаємо, що причина пропуску строку подання апеляційної скарги на ухвалу господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 є поважною.

З огляду на викладене вище, керуючись ст.ст. 22, 28, 53, 93, 106 Господарського процесуального кодексу України,

## ПРОСИМО:

Відновити пропущений строк подання апеляційної скарги на ухвалу господарського суду м.Києва від 29.12.2006р. про вжиття заходів забезпечення позову у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.


Представник ТОВ «Ернст енд Янг Аудиторські Послуги»                    Д.М.Симанов

за довіреністю від 17.01.2007р

22.01.07
107

**Ms. Ivanova L.B.**
**Interim Chairman of the Kyiv City Commercial Court**
44-B Khmelnytskogo Street, Kyiv

*Persons filing the motion:*

**Limited Liability Company**
**"Ernst & Young"**
19a Khreschatyk Street, Kyiv, 01001
EDRPOU Code: 33306958
Current account No. 26005200311019 in Citibank
(Ukraine), MFO 300584

**Limited Liability Company**
**"Ernst & Young Audit Services"**
19a Khreschatyk Street, Kyiv, 01001
EDRPOU Code: 33306921
Current account No. 26008200313003 in Citibank
(Ukraine), MFO 300584

Respondents in case No. 40/37 arising from the claim of
LLC "Storm" against CJSC "Kyivstar G.S.M.", LLC
"Ernst & Young Audit Services" and LLC "Ernst &
Young", seeking to recognize [certain] agreements as null
and void, [certain] actions as unlawful and to compel to
take [certain] actions

Case No. 40/37

## MOTION
### on the Collective Consideration of Case No. 40/37 by Three Judges

**City of Kyiv**                                    **January 20, 2007**

The Kyiv City Commercial Court (Judge L.G. Smirnova) carries out proceedings in case No. 40/37 arising from the claim of LLC "Storm" against CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

On December 28, 2006, a decree was passed to commence proceedings in Case No. 40/37. On the next day, December 29, 2007, the Kyiv City Commercial Court issued a decree on granting injunctive relief in that case, which groundlessly enjoined the Respondents in the case from taking certain actions. Such decree has been passed without summoning the representatives of CJSC "Kyivstar G.S.M.", LLC "Ernst & Young" and LLC "Ernst & Young Audit Services" and without offering an opportunity to raise objections against such decree. It is doubtful that the judge was physically able to carry out, during one day, comprehensive, full and unbiased examination of the case files, on the basis of which the decree was passed to enjoin the Respondents in the case from taking certain actions. It is on the basis of such *[illegible]* examination that this disputed decree on granting injunctive relief has been passed.

*[Stamp:* Kyiv City Commercial Court
12²⁸      Received      January 20, 2007
No. 06-26/41 Signature [*signed*]]

108

Article 13 of the Law of Ukraine "On the Judicial System of Ukraine", which defines legal framework for the organization of the judicial branch and for administering justice in Ukraine, states that cases in courts of first instance are considered by a sole judge, by a panel of judges or by a judge and people's assessors, and by jury in cases contemplated by the procedural law. Accordingly, such norm of the law correlates with the essence of Part 1 of Article 4[6] of the Commercial Procedure Code of Ukraine, under which any case over which local commercial court has jurisdiction, depending on the category and complexity of the case, may be considered on a collegiate basis by three judges.

Given the complexity of the case, the nature of existing corporate relationships, the number of persons involved in these legal proceedings, foreign investments to which this case relates, technical complexity of services provided under the agreements, a panel of three judges is required, in our opinion, for appropriate and comprehensive examination of this case.

The abovementioned actions of judge L.G. Smirnova give grounds to believe that no impartial, full and comprehensive examination of the facts in the case is possible without engagement of a panel of three judges.

Given the above, taking into account the particular complexity of the case and governed by Part 1 of Article 4[6] of the Commercial Procedure Code of Ukraine, we hereby request to refer Case No. 40/37 for collective consideration in the court of first instance by a panel of three judges.

*Authorized Representative*
*of LLC "Ernst & Young Audit Services" and*     *[signature]*     *D.M. Symanov*
*LLC "Ernst & Young"*

*acting under the Powers of Attorney, dated January 17, 2007*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Motion to the Interim Chairman of the Kyiv City Commercial Court on the Collective Consideration of Case No. 40/37 by Three Judges, dated January 20, 2007, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

2

22·01·07

**В.о. голови господарського суду м.Києва**
**Івановій Л.Б.**
м. Київ, вул. Б.Хмельницького 44б

*Особи, що подають клопотання:*    **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306958
п/р 26008200311019 в Сітібанк (Україна),
МФО 300584

**Товариство з обмеженою відповідальністю**
**«Ернст енд Янг Аудиторські Послуги»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

відповідачі по справі №40/37 за позовом ТОВ
«Сторм» до ЗАТ «Київстар Дж.Ес.Ем.», ТОВ
«Ернст енд Янг Аудиторські Послуги», ТОВ
«Ернст енд Янг» про визнання договорів
недійсними, дій незаконними та зобов'язання
вчинити дії.

№40/37

# КЛОПОТАННЯ
### про колегіальний розгляд справи №40/37 у складі трьох суддів

**20 січня 2007р.**

В провадженні господарського суду м. Києва (суддя Смірнова Л.Г.) знаходиться справа
37 за позовом ТОВ «Сторм» до ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг
орські Послуги», ТОВ «Ернст енд Янг» про визнання договорів недійсними, дій
нними та зобов'язання вчинити дії.

28 грудня 2006 року була постановлена ухвала про порушення провадження у справі
. А вже наступного дня, 29 грудня 2006 року, господарським судом м.Києва по
справі постановлено ухвалу про вжиття заходів забезпечення позову, якою
унтовано заборонено відповідачам по справі вчиняти деякі дії. Цю ухвалу постановлено
лику представників ЗАТ «Київстар Дж.Ес.Ем.», ТОВ «Ернст енд Янг», ТОВ «Ернст енд
удиторські Послуги» та без надання можливості заперечувати проти прийняття вказаної
. Дуже сумнівним є те, що суддя об'єктивно мала можливість здійснити за один день
, повне і об'єктивне дослідження матеріалів справи, на підставі якого була винесення
про заборону відповідачам по справі вчиняти деякі дії. На підставі саме цього
ого дослідження було постановлено цю спірну ухвалу про вжиття заходів забезпечення

Господарський суд міста Києва
ОДЕРЖАНО    20 СІЧ 2007
№ 06-26/14    Підпис

2

Стаття 13 Закону України «Про судоустрій України», який визначає правові засади ...ізації судової влади та здійснення правосуддя в Україні, проголошує, що справи у судах ...ної інстанції розглядаються суддею одноособово, колегією суддів або суддею і народними ...телями, а у випадках, визначених процесуальним законом, - також судом присяжних. ...овідно, зазначена норма закону співвідноситься із змістом частини 1 ст.4$^6$ Господарського ...есуального кодексу України, відповідно до якої будь-яку справу, що відноситься до ...удності місцевого господарського суду, залежно від категорії і складності справи, може ...и розглянуто колегіально у складі трьох суддів.

Беручи до уваги складність справи, характер корпоративних відносин, що склалися, ...ість осіб, що залучені до участі в цьому судовому процесі, іноземні інвестиції, яких ...ується ця справа, технічна складність послуг, що надавалися згідно договорів, на нашу ...у, для належного та всебічного розгляду цієї справи необхідно залучення колегії у складі ...х суддів.

Вищенаведені дії судді Смирнової Л.Г. дають підстави вважати про неможливість ...печити об'єктивний, повний та всебічний розгляд обставин справи без залучення колегії ...аді трьох суддів.

Враховуючи вищевикладене, та виходячи з особливої складності справи, керуючись ...т.4$^6$ Господарського процесуального кодексу України, просимо передати справу №40/37 ...легіальний розгляд у першій інстанції в складі трьох суддів.

...оважений представник
...«Ернст енд Янг Аудиторські Послуги» і
...«Ернст енд Янг»                                                    Д.М.Симанов

...віреностями від 17.01.2007р.

*113*

[*Letterhead of the Kyiv City Commercial Court*]

## DECREE

No. 40/37                                                **January 22, 2007**

**Upon the claim of:**   Limited Liability Company "Storm"
**against:**             Closed Joint Stock Company "KYIVSTAR G.S.M."
                         Limited Liability Company "Ernst & Young Audit Services"
                         Limited Liability Company "Ernst & Young"
**re:**   recognizing [certain] agreements as null and void, recognizing [certain] actions as unlawful and compelling to take [certain] actions

                                         **L.B. Ivanova**
                                         **Interim Chairman of the Kyiv**
                                         **City Commercial Court**

**Attorneys-in-Fact:**   not summoned

### MERITS OF THE CASE:

Limited Liability Company "Storm" brought for consideration of the Kyiv City Commercial Court the claim against Closed Joint Stock Company "KYIVSTAR G.S.M."; Limited Liability Company "Ernst & Young Audit Services"; Limited Liability Company "Ernst & Young", seeking [certain] agreements to be adjudicated null and void, [certain] actions to be adjudicated as unlawful, and certain actions to be compelled.

On January 20, 2007, the attorney-in-fact of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" served the Kyiv City Commercial Court with a petition to challenge judge L.G. Smirnova.

The petitioner holds that the actions by judge L.G. Smirnova raise bias concerns, since, in the petitioner's opinion, the judge issued an unwarranted injunctive relief to secure the claim.

Further, on January 20, 2007, the attorney-in-fact of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" petitioned the court requesting, considering the complicated nature thereof, the case to be tried by a panel of judges.

Upon review of the petition, the Kyiv City Commercial Court, –

### HAS ESTABLISHED THAT:

*114*

According to Article 20 of the Code of Commercial Procedure of Ukraine, a judge may neither participate in review of a case and is subject to disqualification (refusal to accept the appointment), if he/she is related to the persons participating in the judicial proceedings, or should other circumstances be discovered, which would raise bias concerns, nor may he participate in a new review of the case in the event of annulment of a decision, decree issued upon his/her participation.

Proceeding from the above, the circumstances laid down in the petition served by the attorney-in-fact of respondent 2 and respondent 3 do not constitute, as provided by Article 20 of the Code of Commercial Procedure of Ukraine, the grounds for disqualification of the judge, and thus may not be considered by the court.

Under such circumstances, the petition served by the attorney-in-fact of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" shall not be granted.

However, considering the petition served by the attorney-in-fact of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", whereby the petitioner requests that the case be tried by a panel of judges, and to avoid any further complaints and challenges to judge L.G. Smirnova, for the review of case No. 40/37, I deem it necessary to make up a panel of judges by additionally appointing another two judges.

Considering the foregoing and based on Articles 20, 86 of the Code of Commercial Procedure of Ukraine, the Kyiv City Commercial Court, –

## HAS RULED TO:

1. Disallow the petition served by the attorney-in-fact of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", whereby judge L.G. Smirnova is challenged.

2. Review case No. 40/37 by a panel of judges to include: presiding judge L.G. Smirnova, judges Yu.L. Vlasova, S.V. Balats.

3. Serve a copy hereof to the parties.


**Interim Chairman of the Kyiv**
**City Commercial Court**                    *[signature]*            **L.B. Ivanova**


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court No. 40/37, dated January 22, 2007, of which I have seen a copy of the original.


March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

 

# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м. Київ, вул Б.Хмельницького,44-Б. тел. 230-31-34

## У Х В А Л А

/37                                          22.01.2007

озовом    Товариства з обмеженою відповідальністю "Сторм"
Закритого акціонерного товариства "КИЇВСТАР Дж.Ес.Ем."
Товариства з обмеженою відповідальністю "Ернст енд Янг
Аудиторські послуги"
Товариства з обмеженою відповідальністю "Ернст енд Янг"
визнання недійсними договорів, визнання незаконними дій та
зобов'язання вчинити дії

В.о. Голови Господарського
суду міста Києва    Іванова Л.Б.

ставники сторін: не викликались

## ОБСТАВИНИ СПРАВИ:

На розгляд Господарського суду міста Києва передано вимоги
иства з обмеженою відповідальністю "Сторм" до Закритого
ерного товариства "КИЇВСТАР Дж.Ес.Ем.", Товариства з обмеженою
ідальністю "Ернст енд Янг Аудиторські послуги" та Товариства з
еною відповідальністю "Ернст енд Янг" про визнання недійсними
орів, визнання незаконними дій та зобов'язання вчинити дії.
20.01.2007      року      представник      Товариства      з      обмеженою
ідальністю "Ернст енд Янг Аудиторські послуги" та Товариства з
еною відповідальністю "Ернст енд Янг" звернувся до Господарського
іста Києва з заявою про відвід судді Смірнової Л.Г.
Заявник вважає, що дії судді викликають сумнів у її неупередженості,
ки суддя Смірнова Л.Г. необгрунтовано, на думку заявника, винесла
у про вжиття заходів до забезпечення позову.
Крім того. 20.01.2007 року представник Товариства з обмеженою
ідальністю "Ернст енд Янг Аудиторські послуги" та Товариства з
еною відповідальністю "Ернст енд Янг" звернувся з клопотанням про
альний розгляд справи № 40/37 в зв'язку з її особливою складністю.
Розглянувши подану заяву, Господарський суд міста Києва, –

## ВСТАНОВИВ:

2

Відповідно до статті 20 Господарського процесуального кодексу України суддя не може брати участі в розгляді справи і підлягає відводу (самовідводу), якщо він є родичем осіб, які беруть участь в судовому процесі, або буде встановлено інші обставини, що викликають сумнів у його упередженості, а також брати участь в новому розгляді справи у разі скасування рішення, ухвали, прийнятої за його участю.

Виходячи з наведеного, обставини, викладені в заяві представника відповідача 2 та відповідача 3 не є підставою, передбаченою статтею 20 Господарського процесуального кодексу України, для відводу судді, а тому не можуть бути прийняті судом до уваги.

За таких обставин, заява представника Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" про відвід судді Смірнової Л.Г. задоволенню не підлягає.

Однак, враховуючи клопотання представника Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" про колегіальний розгляд справи та з метою уникнення в подальшому подання скарг та заяв про відвід судді Смірнової Л.Г., вважаю за необхідне ввести до складу суду для розгляду справи № 40/37 додатково двох суддів.

На підставі викладеного та керуючись ст. ст. 20, 86 Господарського процесуального кодексу України, Господарський суд міста Києва, –

## У Х В А Л И В :

1. Заяву Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" про відвід судді Смірнової Л.Г. залишити без задоволення.

2. Розгляд справи № 40/37 здійснити колегіально у наступному складі суду: головуюча суддя Смірнова Л.Г., судді Власов Ю.Л., Балац С.В.

3. Копію ухвали надіслати сторонам.

Голови Господарського
міста Києва

Л.Б. Іванова

*[National Emblem of Ukraine]*

## DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

### STATE ENFORCEMENT SERVICE
### in the Pechersky District of Kyiv City

11b, Riznytska St., Kyiv City                                                  tel. 280-96-79

January 22, 2007

> CJSC "Kyivstar G.S.M."
> 51 Chervonozoryany Prospect, Kyiv
>
> LLC "Ernst & Young Audit Services"
> 19a, Khreshchatyk St., Kyiv
>
> LLC "Ernst & Young Audit Services"

## ORDER – REQUIREMENT

The State Enforcement Service in the Pechersky District of Kyiv City is carrying out the enforcement proceedings regarding Decree No. 40/37 of December 29, 2006 issued by the Kyiv City Commercial Court to:

- Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of Closed Joint Stock Company "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters;

- Enjoin Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of Closed Joint Stock Company "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another;

- Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

On December 29, 2006, the state enforcement officer issued the ruling on commencement of enforcement proceedings.

As at January 22, 2007, the State Enforcement Service has not received any responses regarding compliance with the court decision.

The State Enforcement Service in the Pechersky District of Kyiv City obliges you to perform the court decision and enjoins, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited

Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of Closed Joint Stock Company "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoins [them] from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters; enjoins Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of Closed Joint Stock Company "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another; enjoins, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services

and to report about the performance to the State Enforcement Service at the address: 11b, Riznytska St., Kyiv City.

*Pursuant to Article 6 of the Law of Ukraine "On Enforcement Proceedings", the requirements issued by a state enforcement officer shall be binding for all bodies, organizations, officials, citizens, legal entities in the Ukrainian territory. Any failure to comply with lawful requirements issued by a state enforcement officer shall entail liability in accordance with the applicable Ukrainian law.*

*Should you fail to comply with the court decision, the state enforcement officer will bring a motion to the court to hold the persons guilty of failing to comply with the court decision criminally liable.*

**State Enforcement Officer**          *[signature]*          **A.V. Filonchuk**

*[Round seal of the Department of the State Enforcement Service in the Pechersky District of Kyiv City]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Order – Requirement of the State Enforcement Service in the Pechersky District of Kyiv City. dated January 22, 2007, of which I have seen a copy of the original.

March 13, 2007, I, Marinskii F.M., director of Translation Agency "Eridan – 2002". certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

### ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА
у Печерському районі м. Києва

м. Київ, вул. Різницька, 11б                                                         т. 280-96-79
22.01.2007р

                                        ЗАТ „Київстар Дж.Ес.Ем."
                                        м. Київ, пр-т Червонозоряний, 51

                                        ТОВ „Ернст енд Янг Аудиторські Послуги"
                                        м. Київ, Хрещатик, 19а

                                        ТОВ „Ернст енд Янг Аудиторські Послуги"


## В И М О Г А – ЗОБОВ"ЯЗАННЯ

        В провадженні державної виконавчої служби у Печерському районі м. Києва
знаходиться ухвала № 40/37 від 29.12.2006р. Господарського суду м. Києва
про:

- Заборону до вирішення справи по суті Закритому акціонерному товариству
„КИЇВСТАР Дж. Ес. Ем.". Товариству з обмеженою відповідальністю „Ернст енд
Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю „Ернст енд
Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам
Закритого акціонерного товариства „КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії
по виконанню будь-яких договорів (угод) предметом яких є надання (отримання)
аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку
інформацію про фінансово-господарську діяльність Закритого акціонерного
товариства „КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські
документи, звіти, відомості, підписувати та подавати будь-які звіти, листи;
- Заборону Закритому акціонерному товариству „КИЇВСТАР Дж. Ес. Ем.",
Товариству з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги",
Товариству з обмеженою відповідальністю „Ернст енд Янг" та будь-яким
уповноваженим ними особам, посадовим особам, акціонерам Закритого
акціонерного товариства „КИЇВСТАР Дж. Ес. Ем.", використовувати вже отримані
одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.
- Заборону до вирішення справи по суті Закритому акціонерному товариству
„КИЇВСТАР Дж. Ес. Ем." Укладати будь-які правочини (договори, угоди) предметом
яких є надання(отримання) аудиторських послуг.

        29.12.2006 року       державним виконавцем винесено постанову про відкриття
виконавчого провадження
        Станом на 22.01.2007 року на адресу   Державної виконавчої служби відповіді про
виконання рішення суду не надходило

        Державна виконавча служба у Печерському районі м. Києва зобов'язує  Вас виконати
рішення суду та заборонає по вирішення справи по суті Закритому акціонерному товариству
„КИЇВСТАР Дж. Ес. Ем.". Товариству з обмеженою відповідальністю „Ернст енд Янг
Аудиторські Послуги". Товариству з обмеженою відповідальністю „Ернст енд Янг" та будь-

вими уповноваженими ними особам, посадовим особам, акціонерам Закритого акціонерного товариству „КИЇВСТАР Дж. Ес. Ем." вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, забороняє надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства „КИЇВСТАР Дж. Ес. Ем." в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи, забороняє Закритому акціонерному товариству „КИЇВСТАР Дж. Ес. Ем." Товариству з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю „Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариству „КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб, забороняє до вирішення справи по суті Закритому акціонерному товариству „КИЇВСТАР Дж. Ес. Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

та повідомити про виконання на адресу виконавчої служби: м. Київ, Різницька, 11-б.

Згідно ст.6 Закону України „Про виконавче провадження", вимоги державного виконавця є обов'язковими для всіх органів, організацій, посадових осіб, громадян, юридичних осіб на території України. Невиконання законних вимог державного виконавця тягне відповідальність, згідно чинного законодавства України.

У разі невиконання Вами рішення суду, державним виконавцем буде порушено клопотання перед судом про притягнення винних у невиконанні рішення суду осіб до кримінальної відповідальності.

Державний виконавець                                             А.В.Філончук

*[National Emblem of Ukraine]*

## DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

**THE STATE ENFORCEMENT SERVICE
IN THE PECHERSKY DISTRICT OF THE CITY OF KYIV**

**11-B Riznytska St., Kyiv**

---

**Kyiv City Commercial Court**

√ **CJSC "KYIVSTAR G.S.M."**
53 Degtyarivska Street, Kyiv

**February 5, 2007**
**No. 159/13-2007**

    The State Enforcement Service in the Pechersky District of the City of Kyiv hereby dispatches to you a ruling of the state enforcement officer on the termination of enforcement proceeding, dated February 5, 2007, and the writ of execution for your information.

***Please find the enclosure***

**Deputy Head of the State Enforcement Service
in the Pechersky District of the City of Kyiv**    *[signature]*   **V.V. Shpakovych**

*Enforcement Officer: A.V. Filonchuk*

**"APPROVED"**
**by the Head of the State Enforcement**
**Service in the Pechersky District**
**of the City of Kyiv**
**February 5, 2007**
**V.V. Shpakovych**
*[signature, round seal of the State Enforcement*
*Service in the Pechersky District of the City of*
*Kyiv]*

## RULING
### on the Termination of Enforcement Proceeding

February 5, 2007                                    **City of Kyiv**

I, Filonchuk A.V., senior enforcement officer of the State Enforcement Service in the Pechersky District of the City of Kyiv, in the course of enforcement of Decree No. 40/37, dated December 29, 2006, of the Kyiv City Commercial Court, which enjoins, until the case is resolved on the merits, CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services", LLC "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from taking any actions aimed at the performance of any contracts (agreements) on providing (obtaining) audit services, including from furnishing and receiving any information on financial and commercial activities of CJSC "Kyivstar G.S.M.", including primary accounting documents, reports and data, and from signing and submitting or sending any reports and letters; enjoins, until the case is resolved on the merits, CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services", LLC "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from using, in whatever manner, financial statements, reports, documents or information they have already obtained from each other; and enjoins, until the case is resolved on the merits, CJSC "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

### HAVE ESTABLISHED THAT:

The writ of execution has been cancelled in connection with reversal of Decree of the Commercial Court No. 40/37, dated December 29, 2006, by a decree of the same court, dated January 19, 2007.

**Given the foregoing and governed by Article 37 of the Law of Ukraine "On Enforcement Proceedings",**

### HAVE RULED TO:

1. TERMINATE the enforcement proceedings to enforce Decree No. 40/37, dated December 29, 2006, of the Kyiv City Commercial Court.

2. Deliver a copy of the Ruling to the parties and the court.

3. The Ruling may be appealed in accordance with the procedure established by the Law.

**Senior Enforcement Officer**          *[signature]*          **A.V. Filonchuk**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Ruling on the Termination of Enforcement Proceeding of the State Enforcement Service in the Pechersky District of the City of Kyiv, dated February 5, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ УКРАЇНИ

### ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА
### У ПЕЧЕРСЬКОМУ РАЙОНІ МІСТА КИЄВА

**01011 м. Київ, вул. Різницька, 11 Б**

Господарський суд м. Києва

√ЗАТ „КИЇВСТАР Дж. Ес. Ем."
м. Київ, вул. Дегтярівська, 53

05.02.2007р.
№ 159/13-2007

    Державна виконавча служба у Печерському районі міста Києва, направляє на Вашу адресу постанову державного виконавця про закінчення виконавчого провадження від 05.02.2007 та виконавчий документ для відома.

*Додаток за текстом.*

**Начальник Державної виконавчої**
**служби у Печерському районі міста Києва**                 **В.В.Шпакович**

*Вик. Л.В.Філончук*

"ЗАТВЕРДЖУЮ"
Начальник Державної
виконавчої служби у
Печерському
районі міста Києва
05 лютого 2007 року
В.В. Шпакович

ПОСТАНОВА
про закінчення виконавчого провадження

**05 лютого 2007 року**                                   м. Київ

Мною, старшим державним виконавцем Філончуком А.В. Державної виконавчої служби у Печерському районі міста Києва при виконанні ухвали від 29.12.2006 № 40/37 Господарського суду м. Києва про заборону до вирішення справи по суті ЗАТ „КИЇВСТАР Дж. Ес. Ем.", ТОВ „Ернст енд Янг Аудиторські послуги", ТОВ „Ернст енд Янг" та будь-яким уповноваженим ними особам, акціонерам ЗАТ „КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ „КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи; заборонити ЗАТ „КИЇВСТАР Дж. Ес. Ем.", ТОВ „Ернст енд Янг Аудиторські послуги", ТОВ „Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ „КИЇВСТАР Дж. Ес. Ем.", використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; заборонити до вирішення справи по суті ЗАТ „КИЇВСТАР Дж. Ес. Ем." Укладати будь-які правочині (договори, угоди), предметом яких є надання (отримання) аудиторських послуг.

в с т а н о в л е н о :

Виконавчий документ скасовано, в зв'язку зі скасуванням ухвали господарського суду від 29.12.2006 № 40/37 ухвалою цього ж суду від 19.01.2007.

Враховуючи викладене, керуючись ст. 37 Закону України "Про виконавче провадження"

П О С Т А Н О В И В :

1.Виконавче провадження по примусовому виконанню ухвали від 29.12.2006 № 40/37 Господарського суду м. Києва ЗАКІНЧИТИ.

2. Копію постанови направити сторонам, до суду.

3.Постанова може бути оскаржена у встановленому Законом порядку.

**Ст. державний виконавець**                          **А.В.Філончук**

February 1, 2007

**Kyiv Commercial Court of Appeals**

through Kyiv City Commercial Court

**Claimant (Appellant):**
*Name*: Limited Liability Company "Storm"
*Location*: 1 Narodnogo Opolchennya Street, Kyiv, 03680
*Identification code* of a legal entity: 23163325
Current account No. 26000100675001 in CJSC "Alfa Bank"
MFO 300346

**Respondent 1:**
Closed Joint Stock Company "KYIVSTAR G.S.M."
*Location*: 51 Chervonozoryany Prospect, Kyiv, 03110
*Identification code* of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO 300733

**Respondent 2:**
*Name*: Limited Liability Company "Ernst & Young Audit Services"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306921
Current account No. 26008200313003 in Citibank (Ukraine),
MFO 300584

**Respondent 3:**
*Name*: Limited Liability Company "Ernst & Young"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306958
Current account No. 26005200311019 in Citibank (Ukraine),
MFO 300584

## STATEMENT OF APPEAL
## FROM THE DECREE OF THE KYIV CITY COMMERCIAL COURT
### DATED JANUARY 19, 2007
#### in case No. 40/37

On December 29, 2006, the Kyiv City Commercial Court passed a decree on granting injunctive relief, which enjoined the Respondents from taking certain actions. In the opinion of the court, withholding of such injunctive relief could render the enforcement of decision in the case difficult or impossible.

However, subsequently, namely after January 22, 2007, the same judge who granted injunctive relief, issued a contrary decree lifting such injunctive relief.

Such decree is groundless, illegal and should be reversed for the following reasons.

Firstly, such decree was issued by a sole judge notwithstanding the appointment of a panel of judges in the case, and the date of January 19, 2007 that appears on the appealed decree, is untrue since, as of January 22, 2007, it [the decree] was missing from the case file that was stitched together, which is also confirmed by available copy of the inventory of documents in the case. The judge also informed at the scheduled time of hearing, specifically, on January 22, 2007, that the case was kept by the judge's superior and that the matters related to referring the case to a court of appeals, to engaging a third party, etc., will be only considered upon the return of the case.

Secondly, the decree is not consistent with the requirements of Article 86 of the Commercial Procedure Code of Ukraine, as it fails to indicate any motives with reference to legislation.

Taking into consideration the fact that the decree has not been served on the Claimant as required by law and that it is misdated, the Claimant has been deprived of the opportunity to appeal the decree within legally prescribed period of time.

Given the foregoing and governed by Article 106 of the Commercial Procedure Code of Ukraine,

### YOU ARE HEREBY REQUESTED TO:

Renew for Limited Liability Company "Storm" the term prescribed for filing a statement of appeal.

Reverse the decree of the Kyiv City Commercial Court, dated January 19, 2007, in Case No. 40/37.

Attachment:
1. A receipt on sending copies of the statement of appeal to the Respondents.

Klymenko V.V.
General Director          *[signature]*
                         *[Corporate seal of LLC "Storm"]*

2

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Appeal of LLC "Storm", dated February 1, 2007, from the Decree of the Kyiv City Commercial Court, dated January 19, 2007, in case No. 40/37, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

01.02.2007

**Київський апеляційний господарський суд**
через Господарський суд м. Києва

**Позивач (Скаржник):**
*Найменування:* Товариство з обмеженою
відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул.
Народного ополчення, буд.1
*Ідентифікаційний код юридичної особи*
23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк",
МФО 300346

**Відповідач 1:**
Закрите акціонерне товариство "КИЇВСТАР
Дж. Ес. Ем."
*Місцезнаходження:* 03110, м. Київ,
Червоногорний проспект, 51.
*Ідентифікаційний код юридичної особи*
21673832
п/р 26007011250009К в Філії АКІБ
"УкрСиббанк" "Київське регіональне
управління, МФО 300733

**Відповідач 2:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а.
*Ідентифікаційний код юридичної особи*
33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

**Відповідач 3:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а
*Ідентифікаційний код юридичної особи*
33306958
п/р 26005200311019 в Сітібанк (Україна),
МФО 300584

## АПЕЛЯЦІЙНА СКАРГА
### НА УХВАЛУ ГОСПОДАРСЬКОГО СУДУ МІСТА КИЄВА
### ВІД 19.01.2007 року
#### у справі №40/37.

Господарським судом міста Києва 29.12.2006 року було прийнято ухвалу, якою було вжито заходи по забезпеченню позову, згідно з якою Відповідачам було заборонено вчиняти певні дії. На думку суду невжиття вказаних заходів могло утруднити чи унеможливити виконання рішення у справі.

Проте згодом, а саме після 22.01.2007 року тим же самим суддею, що й вживав заходи по забезпеченню позову, була винесена протилежна ухвала, якою заходи по забезпеченню позову були скасовані.

Вказана ухвала є безпідставною, незаконною та підлягає скасуванню з огляду на таке.

По-перше, вона винесена суддею одноособово, хоча у справі призначена колегія суддів, а дата 19.01.2007 року на ухвалі що оскаржується, не відповідає дійсності, оскільки 22.01.2007 року її в справі, яка була прошита, не було, що також підтверджується наявною копією опису документів у справі. Суддя також повідомила, в час, на який було призначено засідання, а саме 22.01.2007 року, що справа знаходиться у керівництва та тільки після її повернення будуть розглядатися питання про направлення справи до апеляційної інстанції, про залучення третьої особи тощо.

По-друге, ухвала не відповідає вимогам ст.86 ГПК України, оскільки не містить жодних мотивів з посиланням на законодавство.

Враховуючи, що на порушення вимог законодавства ухвала не направлена Позивачу, датована не тією датою, в яку вона була винесена. Позивач був позбавлений можливості на її оскарження в визначений законом строк.

Враховуючи викладене, керуючись ст.106 Господарського процесуального кодексу України,

### ПРОСИМО:

Відновити Товариству з обмеженою відповідальністю "Сторм" строк, встановлений для подання апеляційної скарги.

Скасувати ухвалу Господарського суду міста Києва датовану 19.01.2007 роком у справі № 40/37.

Додається:
1. Квитанція про відправлення копій апеляційної скарги Відповідачам.


Клименко В.В.
Генеральний директор.

2

**State Enforcement Service
in the Pechersky District of the City of Kyiv**
11b, Riznytska St., Kyiv City

Petitioner:    **Telenor Mobile Communications AS**
Snaroyveien 30, Fornebu
N-1331, Norway

*Postal address: Law Firm "Shevchenko
Didkovskiy & Partners" Attorneys' Partnership
2A Kostyantynivska St., Kyiv, 04071*

February 1, 2007

## PETITION

Telenor Mobile Communications AS is a majority shareholder in Closed Joint Stock Company "Kyivstar G.S.M.".

On December 29, 2006, A.V. Filonchuk, a state enforcement officer of the State Enforcement Service in Kyiv, commenced enforcement proceeding to enforce a decree issued by the Kyiv City Commercial Court of December 29, 2006 in case No. 40/37 whereby the court ruled to:

1. Grant the petition of Limited Liability Company "Storm" for injunctive relief.

2. Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of Closed Joint Stock Company "Kyivstar G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters.

3. Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of Closed Joint Stock Company "Kyivstar G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another.

4. Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832) from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

*[Stamp: State Enforcement Service
in the Pechersky District
of the City of Kyiv
Inc. No. 1514
February 2, 2007]*                    *[Signature]*

On January 19, 2007, the Kyiv City Commercial Court issued a decree in case No. 40/37 whereby the court ruled to:

1. Permit Telenor Mobile Communications AS to participate in the case as a third person without independent claims on the subject matter of the dispute.

2. Grant the petition of Telenor Mobile Communications AS to cancel injunctive relief to secure the claim.

3. Cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.

According to Article 37 of the Law of Ukraine "On Enforcement Proceedings", an enforcement proceeding is subject to termination in the event of annulment of the judicial decision that was subject to enforcement pursuant to a writ of execution. The state enforcement officer issues a ruling on termination of the proceeding, which is subject to approval by the head of the respective state enforcement office to whom he directly reports.

Considering the foregoing and based on Articles 37, 38 of the Law of Ukraine "On Enforcement Proceedings", –

### YOU ARE HEREBY REQUESTED TO:

1.    Terminate the enforcement proceeding to enforce the decree issued by the Kyiv City Commercial Court of December 29, 2006 in case No. 40/37.

2.    Issue a ruling on termination of the enforcement proceeding to enforce the decree issued by the Kyiv City Commercial Court of December 29, 2006 in case No. 40/37.

### ANNEXES:

1.    Original decree issued by the Kyiv City Commercial Court of January 19, 2007 in case No. 40/37 – three (3) sheets.

2.    Notarized copy of the Power of Attorney issued by Telenor Mobile Communications AS of August 21, 2006 – seven (7) sheets.

**For Telenor Mobile Communications AS**
**Attorney-in-Fact**                              [*signature*]              **A.M. Pozhydayev**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of Telenor Mobile Communications AS to the State Enforcement Service in the Pechersky District of the City of Kyiv, dated February 1, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

2

**Державна виконавча служба**
**у Печерському районі м. Києва**
м. Київ, вул. Різницька, 11 Б

**Заявник:**   **Теленор Мобайл Ком'юнікейшнз АС**
(Telenor Mobile Communications AS)
Норвегія, N-1331, м. Форнебу,
Снаройвейен, 30 (Snarøyveien 30, Fornebu,
N-1331, Norway)

*Адреса для листування: 04071, м. Київ,*
*вул. Костянтинівська, 2А, Адвокатське*
*об'єднання "Юридична фірма "Шевченко*
*Дідковський і Партнери"*

1 лютого 2007 року

## ЗАЯВА

Теленор Мобайл Ком'юнікейшнз АС є основним акціонером Закритого акціонерного товариства "Київстар Дж.Ес.Ем.".

29 грудня 2006 року державним виконавцем Державної виконавчої служби у м. Києві Філончуком А.В. було відкрито виконавче провадження по виконанню ухвали Господарського суду м. Києва від 29 грудня 2006 року у справі № 40/37, якою суд ухвалив:

1.   Заяву Товариства з обмеженою відповідальністю "Сторм" про забезпечення позову задовольнити.

2.   Заборонити до вирішення справи по суті Закритому акціонерному товариству "Київстар Дж.Ес.Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832); Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд. 19 А; код 33306921), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд. 19 А; код 33306958) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "Київстар Дж.Ес.Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "Київстар Дж.Ес.Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи.

3.   Заборонити до вирішення справи по суті Закритому акціонерному товариству "Київстар Дж.Ес.Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832); Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд. 19 А; код 33306921), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд. 19 А; код 33306958) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "Київстар Дж.Ес.Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.

4.   Заборонити до вирішення справи по суті Закритому акціонерному товариству "Київстар Дж.Ес.Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Господарський суд м. Києва 19 січня 2007 року виніс ухвалу у справі № 40/37, якою суд ухвалив:

1. Залучити до участі у справі третьою особою без самостійних вимог на предмет спору Теленор Мобайл Ком'юнікейшнз АС.

2. Заяву Теленор Мобайл Ком'юнікейшнз АС про скасування заходів забезпечення позову задовольнити.

3. Заходи забезпечення позову вжиті ухвалою Господарського суду м. Києва від 29 грудня 2006 року скасувати.

Відповідно до ст. 37 Закону України "Про виконавче провадження", виконавче провадження підлягає закінченню у випадку скасування рішення суду, яке підлягало виконанню на підставі виконавчого документа. Про закінчення виконавчого провадження державний виконавець виносить постанову, яка затверджується начальником відповідного органу державної виконавчої служби, якому він безпосередньо підпорядкований.

Враховуючи зазначене та керуючись ст.ст. 37, 38 Закону України "Про виконавче провадження", —

**ПРОСИМО:**

1. Закінчити виконавче провадження по виконанню ухвали Господарського суду м. Києва від 29 грудня 2006 року у справі № 40/37.

2. Винести постанову про закінчення виконавчого провадження по виконанню ухвали Господарського суду м. Києва від 29 грудня 2006 року у справі № 40/37.

**ДОДАТКИ:**

1. Оригінал ухвали Господарського суду м. Києва від 19 січня 2007 року у справі № 40/37 — 3 (три) арк.

2. Нотаріально засвідчена копія довіреності Теленор Мобайл Ком'юнікейшнз АС від 21 серпня 2006 року — 7 (сім) арк.

**Від Теленор Мобайл Ком'юнікейшнз АС**
**представник за довіреністю**                                              **Пожидаєв А.М.**

2

|  |  |
|---|---|
| *Court of Appeals:* | **Kyiv Commercial Court of Appeals**<br>8 Rylskiy Lane, Kyiv, 01025 |
| *Commercial Court Whose Decree is Appealed:* | **Kyiv City Commercial Court**<br>44-B Khmelnytskogo Street, Kyiv, 01030 |
| *Petitioner:* | **Limited Liability Company "Ernst & Young Audit Services"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306921<br>Current account No. 26008200313003 in Citibank (Ukraine), MFO 300584 |
| *Claimant:* | **Limited Liability Company "Storm"**<br>1 Narodnogo Opolchennya Street, Kyiv, 03680<br>EDRPOU Code: 23163325<br>Current account No. 26000100675001 in CJSC "Alfa Bank"<br>MFO 300346 |
| *Respondent 1:* | **Closed Joint Stock Company "Kyivstar G.S.M."**<br>51 Chervonozoryany Prospect, Kyiv, 03110<br>EDRPOU Code: 21673832<br>Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO 300733 |
| *Respondent 3:* | **Limited Liability Company "Ernst & Young"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306958<br>Current account No. 26005200311019 in Citibank (Ukraine), MFO 300584 |

Case No. 40/37

## PETITION
### for the Withdrawal of Statement of Appeal
### from the Decree of the Kyiv City Commercial Court,
### dated December 29, 2006, in Case No. 40/37

City of Kyiv                                                                **February 2, 2007**

On December 28, 2006, the Kyiv City Commercial Court (Judge L.G. Smirnova) passed a decree on the commencement of proceedings in case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

*[Stamp: illegible]*                        *[Stamp: Kyiv City Commercial Court*
                                            *RECEIVED   February 2, 2007*
                                            *No. [illegible] Signature [signed]]*

On December 29, 2006, the Kyiv City Commercial Court passed a decree on granting injunctive relief in that case, which enjoined the Respondents in the case from taking certain actions.

On January 20, 2007, LLC "Ernst & Young Audit Services" filed a statement of appeal from such decree on granting injunctive relief.

Injunctive relief granted by the decree of the Kyiv City Commercial Court, dated December 29, 2006, has been cancelled by the decree of the same court, dated January 19, 2007.

Taking into account the foregoing, there is no need to continue the review of the statement of appeal filed by LLC "Ernst & Young Audit Services" on January 20, 2007.

Given the above and governed by Articles 22, 28 and 97 of the Commercial Procedure Code of Ukraine, LLC "Ernst & Young Audit Services" withdraws its statement of appeal, dated January 20, 2007, from the decree of the Kyiv City Commercial Court, dated December 29, 2006, in Case No. 40/37.


Attorney-in-Fact of LLC "Ernst & Young          *[signature]*          D.M. Symanov
Audit Services"

acting under the Power of Attorney, dated January 17, 2007


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of LLC "Ernst & Young Audit Services" to the Kyiv Commercial Court of Appeals, dated February 2, 2007, for the Withdrawal of Statement of Appeal from the Decree of the Kyiv City Commercial Court, dated December 29, 2006, in Case No. 40/37, of which I have seen a copy of the original.


March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

*Апеляційний суд:*  **Київський апеляційний господарський суд**
01025, м.Київ, пров.Рильський, 8

*Господарський суд, ухвала якого*  **Господарський суд м.Києва**
*оскаржується:*  01030, м.Київ, вул.Б.Хмельницького, 44-Б,

*Заявник:*  **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг Аудиторські Послуги»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

*Позивач:*  **Товариство з обмеженою відповідальністю**
**«Сторм»**
03680, м.Київ, вул.Народного ополчення, 1,
код ЄДРПОУ 23163325
п/р 26000100675001 в ЗАТ «Альфа-Банк»,
МФО 300346

*Відповідач 1:*  **Закрите акціонерне товариство**
**«Київстар Дж.Ес.Ем.»**
03110, м.Київ, Червонозоряний просп., 51,
код ЄДРПОУ 21673832
п/р 26007011250098 в Філії АКІБ
«УкрСиббанк» «Київське регіональне
управління», МФО 300733

*Відповідач 3:*  **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306958
п/р 26008200311019 в Сітібанк (Україна),
МФО 300584

Справа №40/37

**ЗАЯВА**
**про відкликання апеляційної скарги**
**на ухвалу господарського суду м. Києва**
**від 29.12.2006 р. у справі №40/37**

м.Київ                                                                02.02.2007р.

Господарський суд м.Києва (суддя Смірнова Л.Г.) 28 грудня 2006 року постановив ухвалу про порушення провадження у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.

29 грудня 2006 року господарським судом м. Києва по вказаній справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено Відповідачам по справі вчиняти деякі дії.

ТОВ «Ернст енд Янг Аудиторські Послуги» 20 січня 2007 року подало апеляційну скаргу на зазначену ухвалу про вжиття заходів забезпечення позову.

Заходи забезпечення позову, вжиті ухвалою Господарського суду м. Києва від 29.12.2006р., були скасовані ухвалою цього ж суду від 19.01.2007р.

Приймаючи до уваги зазначене, відсутня необхідність в подальшому розгляді апеляційної скарги ТОВ «Ернст енд Янг Аудиторські Послуги» від 20.01.2007р.

З огляду на викладене вище, керуючись ст.ст. 22, 28, 97 Господарського процесуального кодексу України, ТОВ «Ернст енд Янг Аудиторські Послуги» відкликає свою апеляційну скаргу від 20.01.2007р. на ухвалу господарського суду м.Києва від 29.12.2006 р. у справі №40/37.


Представник ТОВ «Ернст енд Янг
Аудиторські Послуги»                                                                Д.М.Симанов

за довіреністю від 17.01.2007р.

| | |
|---|---|
| *Court of Appeals:* | **Kyiv Commercial Court of Appeals**<br>8 Rylskiy Lane, Kyiv, 01025 |
| *Commercial Court Whose*<br>*Decree is Appealed:* | **Kyiv City Commercial Court**<br>44-B Khmelnytskogo Street, Kyiv, 01030 |
| *Petitioner:* | **Limited Liability Company**<br>**"Ernst & Young"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306958<br>Current account No. 26005200311019 in Citibank<br>(Ukraine), MFO 300584 |
| *Claimant:* | **Limited Liability Company**<br>**"Storm"**<br>1 Narodnogo Opolchennya Street, Kyiv, 03680<br>EDRPOU Code: 23163325<br>Current account No. 26000100675001 in CJSC "Alfa<br>Bank"<br>MFO 300346 |
| *Respondent 1:* | **Closed Joint Stock Company**<br>**"Kyivstar G.S.M."**<br>51 Chervonozoryany Prospect, Kyiv, 03110<br>EDRPOU Code: 21673832<br>Current account No. 26007011250098 in "Kyivske<br>Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",<br>MFO 300733 |
| *Respondent 2:* | **Limited Liability Company**<br>**"Ernst & Young Audit Services"**<br>19a Khreschatyk Street, Kyiv, 01001<br>EDRPOU Code: 33306921<br>Current account No. 26008200313003 in Citibank<br>(Ukraine), MFO 300584 |

Case No. 40/37

## PETITION
### for the Withdrawal of Statement of Appeal
### from the Decree of the Kyiv City Commercial Court,
### dated December 29, 2006, in Case No. 40/37

**City of Kyiv**                                                            **February 2, 2007**

On December 28, 2006, the Kyiv City Commercial Court (Judge L.G. Smirnova) passed a decree on the commencement of proceedings in case No. 40/37 arising from the statement of claim filed by Limited Liability Company "Storm" against Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking to recognize [certain] agreements as null and void, [certain] actions as unlawful and to compel to take [certain] actions.

*[Stamp:    RECEIVED*
*February 2, 2007*
*Incoming No. 02-7.1/437]*

On December 29, 2006, the Kyiv City Commercial Court passed a decree on granting injunctive relief in that case, which enjoined the Respondents in the case from taking certain actions.

On January 20, 2007, LLC "Ernst & Young" filed a statement of appeal from such decree on granting injunctive relief.

Injunctive relief granted by the decree of the Kyiv City Commercial Court, dated December 29, 2006, has been cancelled by the decree of the same court, dated January 19, 2007.

Taking into account the foregoing, there is no need to continue the review of the statement of appeal filed by LLC "Ernst & Young" on January 20, 2007.

Given the above and governed by Articles 22, 28 and 97 of the Commercial Procedure Code of Ukraine, LLC "Ernst & Young" withdraws its statement of appeal, dated January 20, 2007, from the decree of the Kyiv City Commercial Court, dated December 29, 2006, in Case No. 40/37.


Attorney-in-Fact of LLC "Ernst & Young"        *[signature]*        D.M. Symanov

acting under the Power of Attorney, dated January 17, 2007



I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of LLC "Ernst & Young" to the Kyiv Commercial Court of Appeals, dated February 2, 2007, for the Withdrawal of Statement of Appeal from the Decree of the Kyiv City Commercial Court, dated December 29, 2006, in Case No. 40/37, of which I have seen a copy of the original.


March 7, 2007. Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

_Апеляційний суд:_ **Київський апеляційний господарський суд**
01025, м.Київ, пров.Рильський, 8

_Господарський суд, ухвала якого_ **Господарський суд м.Києва**
_оскаржується:_ 01030, м.Київ, вул.Б.Хмельницького, 44-Б.

_Заявник:_ **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306958
п/р 26008200311019 в Сітібанк (Україна),
МФО 300584

_Позивач:_ **Товариство з обмеженою відповідальністю**
**«Сторм»**
03680, м.Київ, вул.Народного ополчення, 1,
код ЄДРПОУ 23163325
п/р 2600100675001 в ЗАТ «Альфа-Банк»,
МФО 300346

_Відповідач 1:_ **Закрите акціонерне товариство**
**«Київстар Дж.Ес.Ем.»**
03110, м.Київ, Червонозоряний просп., 51,
код ЄДРПОУ 21673832
п/р 26007011250098 в Філії АКІБ
«УкрСиббанк» «Київське регіональне
управління», МФО 300733

_Відповідач 2:_ **Товариство з обмеженою відповідальністю**
**«Ернст енд Янг Аудиторські Послуги»**
01001, м.Київ, вул.Хрещатик, 19а,
код ЄДРПОУ 33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

Справа №40/37

**ЗАЯВА**
**про відкликання апеляційної скарги**
**на ухвалу господарського суду м.Києва**
**від 29.12.2006 р. у справі №40/37**

м.Київ                                                                    02.02.2007р.

Господарський суд м.Києва (суддя Смірнова Л.Г.) 28 грудня 2006 року постановив ухвалу про порушення провадження у справі №40/37 за позовною заявою Товариства з обмеженою відповідальністю «Сторм» до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії.



29 грудня 2006 року господарським судом м.Києва по вказаній справі постановлено ухвалу про вжиття заходів забезпечення позову, якою заборонено відповідачам по справі вчиняти деякі дії.

ТОВ «Ернст енд Янг» 20 січня 2007 року подало апеляційну скаргу на зазначену ухвалу про вжиття заходів забезпечення позову.

Заходи забезпечення позову, вжиті ухвалою господарського суду м.Києва від 29.12.2006р., були скасовані ухвалою цього ж суду від 19.01.2007р.

Приймаючи до уваги зазначене, відсутня необхідність в подальшому розгляді апеляційної скарги ТОВ «Ернст енд Янг» від 20.01.2007р.

З огляду на викладене вище, керуючись ст.ст. 22, 28, 97 Господарського процесуального кодексу України, ТОВ «Ернст енд Янг» відкликає свою апеляційну скаргу від 20.01.2007р. на ухвалу господарського суду м.Києва від 29.12.2006 р. у справі №40/37.

Представник ТОВ «Ернст енд Янг»                                                    Д.М.Симанов

за довіреністю від 17.01.2007р.

[*National Emblem of Ukraine*]

# DEPARTMENT OF THE STATE ENFORCEMENT SERVICE
# OF
# UKRAINE

### STATE ENFORCEMENT SERVICE
### in the Pechersky District of the City of Kyiv

*11b, Riznytska St., Kyiv City, 01011*                    *tel. 280-9596*

---

**Telenor Mobile Communications AS
Law Firm "Shevchenko Didkovskiy &
Partners" Attorneys' Partnership**
2A Kostyantynivska St., Kyiv, 04071

February 6, 2007
No. 206/13-2007

    The State Enforcement Service in the Pechersky District of the City of Kyiv is hereby sending to you for your information a ruling on the refusal to commence enforcement proceeding issued by the state enforcement officer on February 6, 2007 and the writ of execution.

*Annex as above referenced.*

***Deputy* Head of the State Enforcement Service
in the Pechersky District of the City of Kyiv**          [*signature*]          **V.V. Shpakovych**

Enforcement officer A.V. Filonchuk

**"APPROVED"**
by the *Deputy* **Head of the State Enforcement**
**Service in the Pechersky District**
**of the City of Kyiv**
**February 6, 2007**
**V.V. Shpakovych**
*[signature, round seal of the State Enforcement*
*Service in the Pechersky District of the City of*
*Kyiv]*


**RULING**
**on the Refusal to Commence Enforcement Proceeding**
(refusal to commence proceeding upon writ of execution)

February 6, 2007                                                           Kyiv

    I, senior state enforcement officer of the State Enforcement Service in the Pechersky District of the City of Kyiv, have reviewed the petition by Telenor Mobile Communications AS of February 5, 2007.
    In the course of enforcement of Decree No.40/37 issued by the Kyiv City Commercial Court of January 19, 2007 on permission for Telenor Mobile Communications AS to participate in the case as a third person without independent claims on the subject matter of the dispute.
    (the operative part of the writ of execution)

    In the process of review, –

**HAVE ESTABLISHED THAT:**

    The refusal to commence the proceeding is due to the fact that a similar Decree is being enforced.
    Considering the foregoing and based on Article 19, paragraph 3, and Article 26, paragraph 6, of the Law of Ukraine "On Enforcement Proceedings"

**HAVE RULED TO:**

1.    Refuse commencement of enforcement proceeding to enforce Decree No. 40/37 issued by the Kyiv City Commercial Court of January 19, 2007.
2.    Deliver a copy of the Ruling to the <u>petitioner</u>.
3.    The Ruling may be appealed to the head or to the proper court in the manner established by the Law.


**Senior State Enforcement Officer**    *[signature]*    **A.V. Filonchuk**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Ruling on the Refusal to Commence Enforcement Proceeding of the State Enforcement Service in the Pechersky District of the City of Kyiv, dated February 6, 2007, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ УКРАЇНИ

## ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА У ПЕЧЕРСЬКОМУ РАЙОНІ МІСТА КИЄВА

*м.Київ–01011,вул. Різницька 11-б*                                      *тел. 280-9596*

---

**Теленор Мобайл Ком'юнікейшнз АС**
**АО „Юридична фірма „Шевченко**
**Дідковський і Партнери"**
м. Київ, вул. Костянтинівська, 2А

06.02.2007
№ 206/13-2007

Державна виконавча служба у Печерському районі міста Києва направляє на Вашу адресу постанову  державного виконавця про відмову у відкритті виконавчого провадження від 06.02.2007 та виконавчий документ для відома.

*Додаток за текстом.*

Начальник ДВС у
Печерському районі міста Києва                                      В.В.Шпакович

вик. А.В.Філончук

" ЗАТВЕРДЖУЮ"
Начальник Державної
виконавчої служби у
Печерському районі
міста Києва
06 лютого 2007 року
В.В.Шпакович

## ПОСТАНОВА
### про відмову у відкритті виконавчого провадження
(відмову у прийнятті до провадження виконавчого документу)

06 лютого 2007 р.                                                    м. Київ

Мною, ст. державним виконавцем Державної виконавчої служби у Печерському районі міста Києва розглянуто заяву Теленор Мобайл Ком'юнікейшнз АС від 05.02.2007 р.

При примусовому виконанні ухвали № 40/37 від 19.01.2007 року Господарського суду м. Києва про залучення до участі у справі третьою особою без самостійних на предмет спору Теленор Мобайл Ком'юнікейшнз АС.

(резолютивна частина виконавчого документу)

В процесі проведеної перевірки, -

## ВСТАНОВЛЕНО :

Відмова у відкритті в зв'язку з тим, що в провадженні вже перебуває аналогічна Ухвала.

Враховуючи викладене, керуючись ст. 19 п.3, ст. 26 п. 6 Закону України "Про виконавче провадження"

## ПОСТАНОВИВ :

1. Відмовити у відкритті виконавчого провадження по примусовому виконанню ухвали № 40/37 від 19.01.2007 року Господарського суду м. Києва.

2. Копію постанови направити заявнику.

3. Постанова може бути оскаржена начальнику або до відповідного суду у встановленому Законом порядку.

Ст. Державний виконавець                                    А.В.Філончук

*[Letterhead of the Kyiv Commercial Court of Appeals]*

## DECREE

**February 6, 2007**

No. 40/37

Kyiv Commercial Court of Appeals as represented by a panel of judges:

Presiding judge:    <u>V.A. Korsak</u>
Judges:             P.V. Avdeyev
                    N.M. Korshun

Upon review of appeals by Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Storm"
of decree issued by the Kyiv City Commercial Court of December 29, 2006 and decree issued by the Kyiv City Commercial Court of January 19, 2007
in case No. 40/37 (judge L.G. Smirnova)

**upon the claim of:**    Limited Liability Company "Storm"
**against R1:**           Closed Joint Stock Company "KYIVSTAR G.S.M."
**R2:**                   Limited Liability Company "Ernst & Young Audit Services"
**R3:**                   Limited Liability Company "Ernst & Young"

**re:**    recognizing [certain] agreements as null and void, recognizing [certain] actions as unlawful and compelling to take [certain] actions

Has recognized the statement of appeal of the court decision and the documents appended thereto as adequate for the commencement of appellate proceedings.

Pursuant to Articles 64, 65, 93, 98 of the Code of Commercial Procedure of Ukraine, the court, –

## HAS RULED TO:

Commence appellate proceedings regarding case No. 40/37 whereupon the Kyiv City Commercial Court issued decrees on December 29, 2006 and January 19, 2007.

Schedule review of the case for 15:30 February 19, 2007.

Compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to provide the court with well-grounded responses to the statements of appeal.

The court session will take place at the premises of the Kyiv Commercial Court of Appeals located at: 13 Bilorus'ka St., Kyiv.

Appearance of the parties' attorneys-in-fact at the court session is mandatory.

Presiding judge:              [*signature*]        V.A. Korsak

Judges:                       [*signature*]        P.V. Avdeyev

                              [*signature*]        N.M. Korshun

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv Commercial Court of Appeals No. 40/37, dated February 6, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002". certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

*012*
*від 12.02.2007*



# КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

04119, м. Київ-119, вул. Білоруська -13.

### У Х В А Л А

№40/37                                                                          06.02.2007р.

Київський апеляційний господарський суд у складі колегії суддів:
Головуючий:    Корсак В.А.,
судді:    Авдеєв П.В.,
          Коршун Н.М.,
Розглянувши апеляційні скарги Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю „Сторм"
на ухвалу Господарського суду м. Києва від 29.12.2006р. та на ухвалу Господарського суду м. Києва від 19.01.2007р.
у справі № 40/37   (суддя: Смирнова Л.Г.)
за позовом Товариства з обмеженою відповідальністю „Сторм"
до В1:  Закритого акціонерного товариства „КИЇВСТАР Дж.Ес.Ем"
    В2:  Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги"
    В3:  Товариства з обмеженою відповідальністю „Ернст енд Янг"
про визнання недійсними договорів, визнання незаконними дій та зобов'язання вчинити дії


        Визнав подану апеляційну скаргу на рішення суду та додані до неї документи достатніми для порушення апеляційного провадження.
        Керуючись ст.ст. 64, 65, 93, 98,  ГПК України, суд –

### У Х В А Л И В :

        Порушити апеляційне провадження у справі № 40/37, по якій 29.12.2006р. та 19.01.2007р. прийняті ухвали Господарським судом м. Києва.
        Справу призначити до розгляду **на  19.02.2007 р. о 15год. 30 хв.**
        Зобов'язати Закрите акціонерне товариство „КИЇВСТАР Дж.Ес.Ем" та Товариство з обмеженою відповідальністю „Ернст енд Янг"   надати суду обгрунтований відзив на апеляційні скарги.
        Судове засідання відбудеться у приміщенні Київського Апеляційного господарського суду за адресою: м. Київ, вул. Білоруська, 13.
        Явка повноважних представників сторін в судове засідання обов'язкова.


        Головуючий:                                                    В.А.Корсак

        Судді:                                                              П.В. Авдеєв

                                                                            Н.М. Коршун

*[Letterhead of the Kyiv Commercial Court of Appeals]*

### DECREE

**February 21, 2007**                                            **No. 40/37**

A.M. Pinchuk, Chairman of the Kyiv Commercial Court of Appeals, upon review, *in absentia* of the parties' attorneys-in-fact, of a petition by Limited Liability Company "Storm" to challenge judges V.A. Korsak, P.V. Avdeyev, N.M. Korshun, and S.V. Bondar, deputy chairman of the court, in case No. 40/37

**upon the claim of:**        Limited Liability Company "Storm"

**against R1:**        Closed Joint Stock Company "KYIVSTAR G.S.M."
**R2:**        Limited Liability Company "Ernst & Young Audit Services"
**R3:**        Limited Liability Company "Ernst & Young"

**re:**        recognizing [certain] agreements as null and void, recognizing [certain] actions as unlawful and compelling to take [certain] actions

### HAS ESTABLISHED THAT:

Panel of judges of the Kyiv Commercial Court of Appeals (judges: V.A. Korsak, P.V. Avdeyev, N.M. Korshun) is reviewing the statements of appeal by Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Storm" of decree issued by the Kyiv City Commercial Court of December 29, 2006 and decree issued by the Kyiv City Commercial Court of January 19, 2007, in case No.40/37.

On February 19, 2007, Limited Liability Company "Storm" petitioned the court to challenge judges V.A. Korsak, P.V. Avdeyev, N.M. Korshun, and S.V. Bondar, deputy chairman of the court. The challenge is supplied with the reasoning that the petitioner was not served with the decree whereby the proceedings upon the statement of appeal were instituted, and that no information on the case handling is available at the information center.

According to Article 20 of the Code of Commercial Procedure of Ukraine, a judge may not participate in review of a case and is subject to disqualification (refusal to accept the appointment), if he/she is related to the persons participating in the judicial proceedings, or should other circumstances be discovered, which would raise bias concerns. Nor may he participate in a new review of the case in the event of reversal of a decision issued with his/her participation.

Upon review of the petition to challenge the judges and the case files, A.M. Pinchuk, Chairman of the Kyiv Commercial Court of Appeals, has established that the circumstances, referred to by the petitioner as a sign of the judge's bias, do not find any proof. In fact, the case files contain a receipt for a registered letter containing the court's decree, sent to Limited Liability Company "Storm" at: 1 Narodnogo Opolchennya St., Kyiv, 01001, stamped by Ukrposhta (Ukrainian Postal Service) to the effect that delivery of the same is impossible. Please note that the decree was sent to you at the address provided by you in your statement of claim and the statement of appeal, and further please note that the court has no duty to locate any parties. Regarding the petitioned challenge to S.V. Bondar, deputy chairman of the court, it should be noted that, proceeding from the content of Article 20 of the Code of Commercial Procedure of Ukraine, a judge who is directly involved in the case review may be challenged; therefore, where the petition deals with this matter, it shall be disregarded.

Since no other evidence of the judges' bias is provided by the claimant, the court has arrived at the conclusion that there exist no reasons for disqualification of the judges such as provided by Article 20 of the Code of Commercial Procedure of Ukraine.

Based on Articles 20, 86 of the Code of Commercial Procedure of Ukraine, the Chairman of the Kyiv Commercial Court of Appeals, –

### HAS RULED TO:

Disallow the petition by Limited Liability Company "Storm" to challenge judges V.A. Korsak, P.V. Avdeyev, N.M. Korshun in case No. 40/37, and disregard the petition to challenge S.V. Bondar, deputy chairman of the court.

Chairman of the Kyiv Commercial        *[seal of the KCCA administrative office]*
Court of Appeals                                    *True to the original*                        A.M. Pinchuk
                                                            *Court Secretary*
                                                            *[signature]*                                *T.V. Vasylyshyn*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv Commercial Court of Appeals No. 40/37, dated February 21, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

01025 м. Київ, пров. Рильський, 8 тел. 228-46-14

## УХВАЛА

21.02.2007 № 40/37

[illegible] Київського апеляційного господарського суду Пашук А.М., розглянувши без участі представників сторін заяву Товариства з обмеженою відповідальністю „Сторм" про відвід суддів [illegible] В.А., Авдєєва П.В., Коршун Н.М. та заступника голови суду Бондаря С.В. у справі [illegible]

за позовом Товариства з обмеженою відповідальністю „Сторм"

до В.1. [illegible] акціонерного товариства „КИЇВСТАР Дж.Ес.Ем"

В.2. Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги"

В.3. Товариства з обмеженою відповідальністю „Ернст енд Янг"

про [illegible] договорів, визнання незаконними дій та зобов'язання вчинити дії

### ВСТАНОВИВ

[illegible] судової колегії Київського апеляційного господарського суду (судді [illegible] В.А. [illegible], Авдєєв П.В., Коршун Н.М.) знаходяться апеляційні скарги Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю „Сторм" на ухвалу Господарського суду міста Києва від 29.12.2006 та на ухвалу Господарського суду міста Києва від 19.01.2007 у справі № 40/37.

[illegible] Товариство з обмеженою відповідальністю „Сторм" подало заяву про відвід [illegible] В.А., Авдєєва П.В., Коршун Н.М. та заступника голови суду Бондаря С.В. Відвід [illegible] тим, що заявникові не направлялась ухвала про прийняття апеляційної скарги до провадження та відсутністю інформації про рух справи в інформаційному центрі.

[illegible] 20 Господарського процесуального кодексу України суддя не може брати участь у розгляді справи, якщо він є родичем осіб, які беруть участь в судовому процесі, або буде встановлено інші обставини, що викликають сумнів в його неупередженості. Суддя, який брав участь у розгляді справи, не може брати участі в новому розгляді справи у разі скасування [illegible], прийнятого за його участю.

Розглянувши подану заяву про відвід суддів та ознайомившись з матеріалами справи [illegible] Київського апеляційного господарського суду Пашук А.М. встановив, що обставини, на [illegible] як на ознаку упередженості суддів, не знаходять свого підтвердження [illegible] містить повідомлення про вручення (рекомендованого) поштового [illegible] на ім'я Товариства з обмеженою відповідальністю „Сторм" за [illegible] вул. Народного ополчення, буд. [illegible] з відміткою Укрпошти про [illegible] вручення поштової кореспонденції. Звертаємо Вашу увагу на те, що ухвала [illegible] на адресу, вказану Вами в позовній заяві та апеляційній скарзі, [illegible] до Вашого [illegible] на суд не покладено обов'язок розшуку сторін. Щодо заявленого відводу заступнику [illegible] Бондарю С.В. слід зазначити, що виходячи зі змісту статті 20 Господарського процесуального кодексу України відвід заявляється судді, який безпосередньо бере участь в [illegible] справи, тому заява в цій частині залишається без розгляду.

Оскільки [illegible] доказів упередженого відношення суддів заявником не наведено, суд [illegible] про відсутність підстав для відводу, передбачених статтею 20 Господарського процесуального кодексу України.

[illegible] статтями 20, 86 ГПК України, Голова Київського апеляційного господарського [illegible]

### УХВАЛИВ:

[illegible] Товариства з обмеженою відповідальністю „Сторм" про відвід суддів Корсака В.А., Авдєєва П.В., Коршун Н.М. у справі № 40/37 залишити без задоволення, а заяву про відвід заступника голови суду Бондаря С.В. без [illegible]

[illegible] Київського апеляційного господарського суду А.М. Пашук

[illegible]

*[Letterhead of the Kyiv Commercial Court of Appeals]*

## DECREE

**February 26, 2007**

**Case No. 40/37**

Kyiv Commercial Court of Appeals as represented by a panel of judges:

Presiding judge:     V.A. Korsak

Judges:         P.V. Avdeyev

             N.M. Korshun

**With participation of representatives of the parties:**     not summoned,

upon review of the statements of appeal by Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Storm" of decrees issued by the Kyiv City Commercial Court of December 29, 2006 and January 19, 2007 in case No. 40/37 (judge L.G. Smirnova)

**upon the claim of:**     Limited Liability Company "Storm"

**against**     1)    Closed Joint Stock Company "KYIVSTAR G.S.M."
         2)    Limited Liability Company "Ernst & Young Audit Services"
         3)    Limited Liability Company "Ernst & Young"

re: recognizing [certain] agreements as null and void, recognizing [certain] actions as unlawful and compelling to take [certain] actions

## HAS ESTABLISHED THAT:

By the decree issued by the Kyiv City Commercial Court of December 29, 2006 in case No. 40/37, the claimant's petition for injunctive relief to secure the claim was granted; the respondents and other authorized persons, shareholders in CJSC "KYIVSTAR G.S.M." were enjoined from taking any actions aimed at performance of any contracts, the subject matter of which is to provide/obtain audit services, including were enjoined from providing/receiving any information on financial and business activity of respondent 1, were enjoined from using in any way the financial statements, reports, documents or information already obtained from one another, were enjoined from entering into any transactions, the subject matter of which is to provide audit services.

The decree issued by the Kyiv City Commercial Court of January 19, 2007 in case No. 40/37 permitted Telenor Mobile Communications AS to participate in the case as a third person without independent claims on the subject matter of the dispute. The petition of Telenor Mobile Communications AS to cancel the injunctive relief granted by the court decree dated December 29, 2006 was allowed.

Disagreeing with the issued decrees, the claimant and respondent-2 filed with the Kyiv Commercial Court of Appeals the statements of appeal whereby they requested to reverse the decrees so appealed, for the reasons of incomplete assertion of the circumstances material to the case and breach of the procedural rules.

The decree issued of February 6, 2007 allowed commencement of appellate proceedings regarding case No. 40/37 and scheduled the review of the statements of appeal for February 19, 2007.

In the court session held on February 19, 2007, the attorney-in-fact of the claimant served a petition challenging the panel of judges consisting of: presiding judge V.A. Korsak, judges P.V. Avdeyev, N.M. Korshun, and deputy chairman of the court S.V. Bondar, in connection whereof the session was adjourned until the issue of challenging the panel of judges shall have been resolved.

The decree issued of February 21, 2007 disallowed the petition by Limited Liability Company "Storm" challenging the panel of judges consisting of: presiding judge V.A. Korsak, P.V. Avdeyev, N.M. Korshun in case No. 40/37, and disregarded the petition challenging S.V. Bondar, deputy chairman of the court.

Based on Articles 77, 86 of the Code of Commercial Procedure of Ukraine, the court,

## HAS RULED TO:

Schedule the review of the statements of appeal in case No. 40/37 for 09:00 on **March 5, 2007**.

Notify the parties that the court session will be held at the premises of the Kyiv Commercial Court of Appeals located at: 13 Bilorus'ka St., Kyiv.

| | | |
|---|---|---|
| Presiding judge: | [*signature*] | V.A. Korsak |
| Judges: | [*signature*] | P.V. Avdeyev |
| | [*signature*] | N.M. Korshun |

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv Commercial Court of Appeals regarding case No. 40/37, dated February 26, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

01019, м. Київ, вул. Білоруська, 13

**У Х В А Л А**

26.02.2007 р.                              **Справа №40/37**

Колегія суддів Київського апеляційного господарського суду у складі:
головуючого   Корсак В.А.,
суддів          Авдеєв П.В.,
                  Коршун Н.М.,

За участю представників сторін: не викликались,

розглянувши апеляційні скарги Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські послуги" і Товариства з обмеженою відповідальністю „Сторм" на ухвали Господарського суду м. Києва від 29.12.2006 р. і 19.01.2007 р. у справі № 40/37 (суддя: Смирнова Л.Г.)
за позовом Товариства з обмеженою відповідальністю „Сторм"
до ... Закритого акціонерного товариства „КИЇВСТАР Дж.Ес.Ем"
третя особа Товариство з обмеженою відповідальністю „Ернст енд Янг Аудиторські послуги"
третя особа Товариства з обмеженою відповідальністю „Ернст енд Янг"
про визнання недійсними договорів, визнання незаконними дій та зобов'язання вчинити дії

## ВСТАНОВИВ:

Ухвалою Господарського суду м. Києва від 29.12.2006 р. у справі № 40/37 заяву позивача про забезпечення позову було задоволено, заборонено відповідачам та іншим уповноваженим особам, акціонерам ЗАТ „КИЇВСТАР Дж.Ес.Ем" вчиняти будь-які дії по виконанню договорів, предметом яких є подання/отримання аудиторських послуг, а та заборонено надавати/отримувати інформацію про фінансово-господарську діяльність відповідача-1, заборонено використовувати вже отриману фінансову звітність, звіти, документи, відомості в будь-який спосіб, заборонено укладати будь-які правочини, предметом яких є надання аудиторських ...

Ухвалою Господарського суду м. Києва від 19.01.2007 р. у справі № 40/37 ... за участю третьою особою без самостійних вимог на предмет спору Теленор Мобайл Комюнікейшинз АС. Заяву Теленор Мобайл Комюнікейшинз АС про скасування заходів забезпечення позову, застосованих ухвалою суду від 29.12.2006 р. задоволено.

Позивач та відповідач-2, не погоджуючись з прийнятими ухвалами, звернулися до Київського апеляційного господарського суду з апеляційними скаргами, в яких ...

просили, оскаржувані ухвали скасувати, з мотиву неповного з'ясування обставин, що мають значення для справи, порушення норм процесуального права.

Ухвалою від 06.02.2007 р. порушено апеляційне провадження у справі №40/37, розгляд апеляційних скарг призначено на 19.02.2007 р.

В судовому засіданні 19.02.2007 р. представник позивача подав заяву про відвід судової колегії у складі головуючого – Корсака В.А., суддів – Авдєєва П.В., Коршун Н.М. та заступнику голови суду – Бондарю С.В., у зв'язку з чим було оголошено перерву за вирішення питання про відвід колегії.

.... ..... .. ... 19.02.2007 р. заяву позивача про відвід судової колегії у складі головуючого – Корсака В.А. суддів – Авдєєва П.В. Коршун Н.М. у справі № 40/37 залишено без задоволення, заяву про відвід заступника голови суду – Бондаря С.В. без розгляду.

Керуючись ст.ст. 77, 86 Господарського процесуального кодексу України, ....

**У Х В А Л И В:**

Призначити розгляд апеляційних скарг у справі № 40/37 на 05.03.2007 р. ........ год.

Повідомити сторін, що судове засідання відбудеться у приміщенні Київського господарського апеляційного суду за адресою: м. Київ, вул. Білоруська, ....

Головуючий колегії судді                                        Корсак В.А.

Судді                                                                        Авдєєв П.В.

                                                                                 Коршун Н.М.

# INVENTORY
## of documents contained in the case file

| ## | Document Title | Number of Sheets |
|----|----------------|------------------|
| 1. | Decree on commencement of proceedings in the case of December 28, 2006, No. 40/37 | 1 - 2 |
| 2. | Postal notification | 3 |
| 3. | Postal envelope with the decree enclosed therewith, returned by the postal service | 4 - 7 |
| 4. | Statement of claim with annexes | 8 - 63 |
| 5. | Claimant's petition of December 27, 2006, with annexes | 64 - 69 |
| 6. | Decree No. 40/37 of December 29, 2006 | 70 - 73 |
| 7. | Petition by Respondent-3 of January 18, 2007 | 74 |
| 8. | Power of Attorney | 75 - 76 |
| 9. | Petition by Telenor Mobile Communications AS of January 19, 2007, with annexes | 77 - 86 |
| 10. | Statement issued by the court information center | 87 |
| 11. | Petition by Telenor Mobile Communications AS of January 19, 2007 | 88 - 90 |
| 12. | Decree No. 40/37 of January 19, 2007 | 91 - 93 |
| 13. | Power of Attorney | 94 - 100 |
| 14. | Petition by Respondents-2,3 of January 20, 2007 | 101 - 102 |
| 15. | Power of Attorney | 103 - 106 |
| 16. | Petition by Respondents-2,3 of January 20, 2007 | 107 - 108 |
| 17. | Power of Attorney | 109 - 112 |
| 18. | Decree No. 40/37 of January 22, 2007 | 113 - 114 |
| 19. | Petition by Respondent-3 of January 22, 2007 | 115 |
| 20. | Power of Attorney | 116 - 117 |
| 21. | Petition by Respondent-2 of January 22, 2007 | 118 |
| 22. | Power of Attorney | 119 - 120 |
| 23. | Petition by Respondents-2,3 of January 23, 2007, with annexes | 121 - 125 |
| 24. | Petition by Respondent-1 of January 23, 2007 | 126 - 127 |
| 25. | Cover letter | 128 |

Judge            [signature]            L.G. Smirnova
[seal of the Kyiv City Commercial Court]
Secretary        [signature]            A.V. Umanets'

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Inventory of documents contained in the case file, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

## ОПИС
### Документів, які знаходяться у справі

| Назва документа | Кількість листів |
|---|---|
| Ухвала про поновлення провад-ження у справі №08.1200 №4037 | 1-2 |
| поштове повідомлення | 3 |
| поштовий конверт з оригіналом, поштовим повідомлення | 4-7 |
| позовна заява з додатками | 8-63 |
| ухвала господарч. від 28.1200 з додатками | 64-69 |
| ухвала №4037 від 28.1200 | 70-73 |
| заява відповідача-1 від 14.01.07 | 74 |
| повернення | 75-76 |
| заява телеком Медіа комунікацій ВО від 19.01.07 з додатками | 77-86 |
| відзив службовий інформцентр | 87 |
| заява телеком Медіа комунікацій ВО від 19.01.07 | 88-90 |
| ухвала №4037 від 19.01.07 | 91-93 |
| повернення | 94-100 |
| повернення відповідача-2,3 від 25.01.07 | 101-102 |
| повернення | 103-106 |
| повернення відповідача-2,3 від 25.01.07 | 107-108 |
| повернення | 109-112 |
| ухвала №4037 від 22.01.07 | 113-114 |
| ухвала відповідача-3 від 22.01.07 | 115 |
| повернення | 116-118 |
| заява відповідача-1 від 22.01.07 | 119 |
| повернення | 120-123 |
| ухвала відповідача-2,3 від 23.01.07 з додатками | 124-125 |
| ухвала відповідача-1 від 23.01.07 | 126-127 |
| справ. лист | 128 |

Суддя _____ Л.Я. Сидорова
Секретар с/з _____ Н.В. Хоменко

January 31, 2007                    **Krasnolutsky District Court of Lugansk Region**

**Claimant:**
Name: Alpren Limited
a legal entity under the laws of Cyprus
Location: 3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

**Respondent 1:**
Vadym Viktorovych Klymenko
Address: _____

**Respondent 2:**
Trond Moe
Address: St. Olavs Plass, Oslo, 6701, Norway
DRFO [State Registry of Individuals] code 2284024870

**Respondent 3:**
Closed Joint Stock Company "KYIVSTAR G.S.M."
Location: 51 Chervonozoryany Prospect, Kyiv, 03110
Identification code of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",
MFO 300733

**Respondent 4:**
Name: Limited Liability Company "Ernst & Young Audit
Services"
Location: 19a Khreschatyk Street, Kyiv, 01001
Identification code of a legal entity: 33306921
Current account No. 26008200313003 in Citibank Ukraine,
MFO 300584

**Respondent 5:**
Name: Limited Liability Company "Ernst & Young"
Location: 19a Khreschatyk Street, Kyiv, 01001
Identification code of a legal entity: 33306958
Current account No. 26005200311019 in Citibank Ukraine,
MFO 300584

## STATEMENT OF CLAIM

[Stamp: Krasnolutsky City Court of Lugansk Region
Identification code 05331314
RECEIVED
Inc. No. 1238    January 31, 2007]

1

**for Recognizing Actions as Unlawful and Compelling to Take Actions**

The Claimant is a founder of LLC "STORM", of which Respondent 1 is a director. In its turn, LLC "Storm" is a shareholder of CJSC "Kyivstar G.S.M." (CJSC), holding 43.4823% of its shares.

In accordance with the Civil Code of Ukraine, Commercial Code of Ukraine and the Law of Ukraine "On Business Associations", the Claimant is entitled to manage Respondent 3 indirectly (via LLC "Storm").

In accordance with Article 4 of the Law of Ukraine "On Business Associations", the corporate governance procedures of Respondent 3 should be set forth in the charter and foundation agreement, which should contain competences and decision-making procedures of its governing bodies. As a shareholder of Respondent 3, LLC "Storm" has approved the Charter of Respondent 3 and has determined the authorities of the governing bodies of Respondent 3. Specifically, Section 9.10 of the Charter reads "... shall fall within the exclusive authority of the Board...:

...

(j)     the appointment of the Company's external auditors".

Article 161 of the Civil Code of Ukraine determines the authorities of the executive body of a joint stock company. Specifically, Part 1 of Article 161 requires the executive body to act on behalf of a joint stock company within the limits established by the charter and applicable law.

However, the Claimant learned that Respondent 3 acted, and continues to act, in conflict with the requirements set forth in the Charter, systematically ignored, and continues to ignore, its provisions, and violated, and continues to violate, the laws of Ukraine and the rights of LLC "Storm" to participate in the management of Respondent 3.

For instance, Respondent 3 (as represented by Trond Moe, Respondent 2) appointed Respondent 4 and Respondent 5 to serve in the capacity of auditors of Respondent 3 and executed agreement on provision of professional services No. 9331, dated January 6, 2006 (with Respondent 4 and Respondent 5), hereinafter referred to as the "Disputed Agreement 1", and agreement on provision of professional services No. 12352, dated May 3, 2006 (with Respondent 5), hereinafter referred to as the "Disputed Agreement 2", and have partially performed such agreements.

Nonetheless, such acts of the Respondents are illegal and the disputed agreements are not valid for the following reasons.

In accordance with Article 203 of the Civil Code of Ukraine, a person entering into a transaction should have appropriate civil capacity.

A legal entity accrues rights and obligations through its bodies that act in accordance with founding documents and applicable law.

In accordance with Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 - 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

2

Therefore, Trond Moe (Respondent 2), the representative of Respondent 3, did not have appropriate civil capacity to appoint Respondent 4 and Respondent 5 as auditors of Respondent 3. Neither Respondent 3, nor Trond Moe (Respondent 2), the representative of Respondent 3, had sufficient authorities to enter into the disputed agreements without a decision of the Board of Respondent 3 on the appointment of auditors, which is a valid ground for holding them [such agreements] null and void and for declaring as unlawful the actions related to the appointment of auditors by the executive body of Respondent 3 and to the execution of disputed agreements with such auditors.

Pursuant to Article 216 of the Civil Code of Ukraine, invalid transaction shall not give rise to any legal consequences, other than those associated with its invalidity. Hence, there are no grounds on which Respondents may continue to take actions aimed at the performance of disputed agreements, any similar actions should be discontinued, and each Party should return and refund to the other party anything and everything it has received under the disputed agreements.

It should be noted that, in accordance with Article 18 of the Law of Ukraine "On Business Associations", financial statements of a company should be verified by auditor (auditing firm).

It is prescribed under Article 20 of the Law of Ukraine "On Audit Activities" that audits are to be carried out under an agreement.

Pursuant to Article 28 of the Law of Ukraine "On Audit Activities", entity that is required by law to have its accounts audited should notify a relevant tax inspectorate, prior to the first day of December, of the execution of audit agreement.

As Respondent 3 is required to have its accounts audited, since Article 40 of the Law of Ukraine "On Securities and Stock Market" compels the issuer (in this case, Respondent 3) to submit auditor's opinion to the State Securities and Stock Market Commission prior to April 30 of the year immediately following a reporting year, Respondent 3 was obligated to appoint an auditor and enter into appropriate agreement with it [such auditor] prior to December 1, 2006, and send a notice to that effect to its tax inspectorate prior to December 1, 2006.

In violation of the specified legal requirements, Respondent 3 has failed to appoint an auditor for 2006, and, therefore, has neither entered into an audit agreement with it, nor sent an appropriate notice to the tax inspectorate. This may have adverse effects on its activities and may cause both Respondent 3 and LLC "Storm", as a shareholder of Respondent 3, to incur losses, since such failure may directly affect the amount of incomes distributable among the shareholders.

Article 124 of the Constitution of Ukraine provides that courts have jurisdiction over all legal relationships existing in the country, including the relationships that have arisen in this particular case.

3

In accordance with Part 1 of Article 20 of the Civil Code of Ukraine, the right of protection is exercised by a person at its own discretion, i.e., such person may freely select a legal remedy for its infringed rights and legitimate interests

In accordance with Section 1 of the operative part of the Decision of the Constitutional Court of Ukraine, dated December 1, 2004, No. 18-rp/2004, the term "legally protected interest" means a wish to use a specific material and/or non-material benefit, a simple legitimate permission implied by general sense of law, but not directly reflected in a right, which is the object of judicial defense and of other means of legal protection, with the purpose of satisfying individual and collective needs that are not in conflict with the Constitution and laws of Ukraine, public interests, fairness, bona fides, reasonableness and other legal fundamentals.

The Claimant is a co-founder of LLC "Storm". Illegal actions of the respondents may cause adverse effects on the claimant's activities.

Given the foregoing and governed by Article 124 of the Constitution of Ukraine, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activities", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Associations" and by the norms of the Civil Procedure Code of Ukraine,

**WE HEREBY REQUEST TO:**

- recognize as null and void agreement on provision of professional services No. 9331, dated January 6, 2006, among Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its execution;

- recognize as null and void agreement on provision of professional services No. 12352, dated May 3, 2006, between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its execution;

- recognize as unlawful the actions of Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 9331, dated January 6, 2006;

- recognize as unlawful the actions of Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on the provision of professional services No. 12352, dated May 3, 2006;

4

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors to Closed Joint Stock Company "KYIVSTAR G.S.M." for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return documents, data and information, refund monetary funds and return any and all things and items received by them from each other under the agreement on provision of professional services No. 12352, dated May 3, 2006, and in the course of performance thereof;

- recognize Mr. V.V. Klymenko's omission to appeal the disputed agreements as unlawful;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2006;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." to enter into audit agreements, following the Board's appointment of auditors for 2005 and 2006, with the auditors so appointed, and notify the tax inspectorate of the execution of such agreements;

- compel the respondents to reimburse, on a joint and several basis, the claimant for the claim costs.

Attachments:
1. Copy of the Charter of CJSC "KYIVSTAR G.S.M.";
2. Copy of the Charter of LLC "Storm";
3. Copy of agreement on the provision of professional services No. 9331, dated January 6, 2006;
4. Copy of agreement on the provision of professional services No. 12352, dated May 3, 2006;
5. Copy of the power of attorney;
6. Application for injunctive relief.

Trokhymchuk O.I.
Advocate, under the power of attorney

*[signature]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Alpren Limited for Recognizing Actions as Unlawful and Compelling to Take Actions, dated January 31, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

6

31.01.2007

**Краснолуцький районний суд Луганської області**

**Позивач:**
Найменування: "Альпрен Лімітед"
юридична особа за законодавством Республіки Кіпр
Місцезнаходження: 3 Themistocles Dervis Street, Julia
House, 1st Floor, 1066, Nicosia, Cyprus (Кіпр)

**Відповідач 1:**
Клименко Вадим Вікторович
Адреса: _____

**Відповідач 2:**
Тронд Мое
Адреса: Норвегія, Осло, вул. Сант Олавс Плас 6701,
код ДРФО 2284024870

**Відповідач 3:**
Закрите акціонерне товариство "КИЇВСТАР Дж. Ес.
Ем."
Місцезнаходження: 03110, м. Київ, Червонозоряний
проспект, 51.
Ідентифікаційний код юридичної особи 21673832
п/р 26007011250098 в Філія АКІБ "УкрСиббанк"
"Київське регіональне управління, МФО 300733

**Відповідач 4:**
Найменування: Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
Місцезнаходження: 01001, м. Київ, вул. Хрещатик,
буд.19а
Ідентифікаційний код юридичної особи 33306921
п/р 26008200313003 в Сітібанк (Україна), МФО
300584

**Відповідач 5:**
Найменування: Товариство з обмеженою
відповідальністю "Ернст енд Янг"
Місцезнаходження: 01001, м. Київ, вул. Хрещатик,
буд.19а
Ідентифікаційний код юридичної особи 33306958
п/р 26005200311019 в Сітібанк (Україна), МФО
300584

## ПОЗОВНА ЗАЯВА



**про визнання дій незаконними та зобов'язання вчинити дії**

Позивач є засновником ТОВ «СТОРМ», директором якого є Відповідач 1. В свою чергу ТОВ «Сторм» є акціонером ЗАТ «Київстар» (ЗАТ) з пакетом акцій 43,4823 %.

У відповідності до Цивільного кодексу України, Господарського кодексу України, Закону України "Про господарські товариства" позивач має право на опосередковане (через ТОВ «Сторм») управління Відповідачем 3.

Порядок управління Відповідачем 3 згідно зі ст.4 Закону України "Про господарські товариства" встановлюється в Статуті та установчому договорі, який повинен містити компетенцію органів управління та порядок прийняття ними рішень. ТОВ «Сторм» як акціонером Відповідача 3, було ухвалено статут Відповідача 3 та визначено компетенцію органів управління Відповідача 3. Зокрема, п.9.10 Статуту було встановлено, що: "...належать до виключної компетенції Ради ...:

...

*(и) призначення незалежних аудиторів Товариства* ".

Ст.161 ЦК України визначено повноваження виконавчого органу акціонерного товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган діє від імені акціонерного товариства в межах, встановлених статутом і законом.

Проте, як стало відомо Позивачу, Відповідач 3 діяв та діє всупереч вимогам Статуту, систематично ігнорував та ігнорує його положення, порушував та порушує законодавство України, права ТОВ «Сторм» на участь в управлінні Відповідачем 3.

Так, Відповідачем 3 (в особі представника Тронда Мое - відповідача 2) Відповідача 4 та Відповідача 5 було призначено аудиторами Відповідача 3 та підписано договір про надання професійних послуг №9331 від 06.01.2006 року (з Відповідачем 4, та Відповідачем 5), надалі "Спірний договір 1", та договір про надання професійних послуг №12352 від 03.05.2006 року (з Відповідачем 5), надалі "Спірний договір 2", а також частково було здійснено їх виконання.

Проте вказані дії Відповідачів є незаконними, а спірні договори є недійсними правочинами з огляду на таке.

Так, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна мати необхідний обсяг цивільної дієздатності.

Права та обов'язки юридична особа набуває через свої органи, які діють відповідно до установчих документів та закону.

Підставою недійсності правочину згідно зі ст.215 ЦК України є недодержання в момент вчинення правочину стороною вимог, визначених зокрема в частинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без необхідного обсягу своєї цивільної дієздатності (з перевищенням повноважень).

2

Отже представник Відповідача 3 Тронд Мое (відповідач 2) не мав достатнього обсягу цивільної дієздатності для призначення Відповідачів 4 та 5 аудиторами Відповідача 3. Ані Відповідач 3, ані представник Відповідача 3 Тронд Мое (відповідач 2) не мали достатніх повноважень для укладання спірних договорів за відсутності рішення Ради Відповідача 3 про призначення аудиторів, що беззаперечно свідчить про необхідність визнання їх недійсними, а її по призначенню аудиторів виконавчим органом Відповідача 3 та укладанню ними спірних договорів незаконними.

Згідно зі ст.216 ЦК України недійсний правочин не створює жодних юридичних наслідків, крім тих, що пов'язані з його недійсністю. Отже у Відповідачів відсутні будь-які підстави для продовження дій по виконанню спірних договорів, будь-які подібні дії повинні бути припинені, а кожна зі Сторін повинна повернути іншій стороні все одержане за спірними договорами.

Разом з тим, слід зазначити, що у відповідності до ст.18 Закону України "Про господарські товариства" звітність товариства повинна бути підтверджена аудитором (аудиторською фірмою).

Ст.20 Закону України "Про аудиторську діяльність" передбачено, що аудит проводиться на підставі договору.

Ст.28 Закону України "Про аудиторську діяльність" передбачено, що суб'єкт, для якого обов'язковість проведення аудиту встановлена законодавством, зобов'язаний повідомити про укладення договору відповідну податкову інспекцію про укладання договору на проведення аудиту до 01 грудня.

Оскільки для Відповідача 3 встановлена обов'язковість проведення аудиту, адже ст.40 Закону України «Про цінні папери та фондовий ринок" передбачено, що емітент (в даному випадку Відповідач 3) повинен надати Державній комісії з цінних паперів та фондового ринку аудиторський висновок до 30 квітня наступного за звітним року, то Відповідач 3 зобов'язаний був призначити аудитора та укласти з ним відповідний договір до 01.12.2006 року про що повинен був повідомити податкову інспекцію, де він перебуває на обліку, до 01.12.2006 року.

На порушення вказаних норм законодавства Відповідач 3 не призначив аудитора на 2006 рік, та, як наслідок, не уклав з ним договір про проведення аудиту, не надіслав про це повідомлення в податкову інспекцію. Не може негативно позначитися на його діяльності та завдати збитки самому Відповідачу 3, так ТОВ «Сторм» як акціонеру Відповідача 3, оскільки може безпосередньо вплинути на розмір прибутку, що підлягає розподіленню між акціонерами.

Ст.124 Конституції України передбачає, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі, зокрема та ті, що склалися в даному випадку.

5

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист особа здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених прав і охоронюваних законом інтересів.

Згідно п. 1 резолютивної частини Рішення Конституційного Суду України від 1.12.2004р. за № 18-рп/2004 термін "охоронюваний законом інтерес" розуміється як прагнення до користування конкретним матеріальним та/або нематеріальним благом, як зумовлений загальним змістом об'єктивного і прямо не опосередкований у суб'єктивному праві простий легітимний дозвіл, що є самостійним об'єктом судового захисту та інших засобів правової охорони з метою задоволення індивідуальних і колективних потреб, які не суперечать Конституції і законам України, суспільним інтересам, справедливості, добросовісності, розумності та іншим загальноправовим засадам.

Позивач є співзасновником ТОВ «Сторм». Незаконні дії відповідачів можуть призвести до погіршення показників позивача.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.13, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20, ст.28 Закону України "Про аудиторську діяльність", ст.40 Закону України «Про цінні папери та фондовий ринок", ст.4, ст.18 Закону України "Про господарські товариства", нормами ЦПК України,

## ПРОСИМО:

- визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати незаконними дії Тронда Мое, Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року;

- визнати незаконними дії Тронда Мое, Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року;

- визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;

- визнати незаконною бездіяльність пана Клименка В.В. щодо неоскарження спірних договорів;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію;

- покласти на відповідачів солідарний обов'язок по відшкодуванню позивачу судових витрат.

Додатки:
1. Копія статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
2. Копія статуту ТОВ «Сторм»;
3. Копія договору про надання професійних послуг №9331 від 06.0 .2006 року;
4. Копія договору про надання професійних послуг №12352 від 03.05.2006 року;
5. Копія доручення;
6. Заява про забезпечення позову;


Трохимчук О.І.,
Адвокат, по дов.

5

*85*

January 31, 2007                    **Krasnolutsky District Court of Lugansk Region**

**Claimant:**
Name: Alpren Limited
a legal entity under the laws of Cyprus
Location: 3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

**Respondent 1:**
Vadym Viktorovych Klymenko
Address:

**Respondent 2:**
Trond Moe
Address: St. Olavs Plass, Oslo, 6701, Norway
DRFO [State Registry of Individuals] code 2284024870

**Respondent 3:**
Closed Joint Stock Company "KYIVSTAR G.S.M."
Location: 51 Chervonozoryany Prospect, Kyiv, 03110
Identification code of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB
"UkrSibbank", MFO 300733

**Respondent 4:**
Name: Limited Liability Company "Ernst & Young
Audit Services"
Location: 19a Khreschatyk Street, Kyiv, 01001
Identification code of a legal entity: 33306921
Current account No. 26008200313003 in Citibank
Ukraine,
MFO 300584

**Respondent 5:**
Name: Limited Liability Company "Ernst & Young"
Location: 19a Khreschatyk Street, Kyiv, 01001
Identification code of a legal entity: 33306958
Current account No. 26005200311019 in Citibank
Ukraine,
MFO 300584

### Petition for Injunctive Relief

The Claimant has filed a claim in which it seeks to recognize agreements null and void, to recognize actions as unlawful and to compel to take actions, specifically, [the Claimant] has asked the court to recognize Mr. V.V. Klymenko's omission to appeal the disputed agreements as unlawful, to recognize as null and void agreement on provision of professional services No. 9331, dated January 6, 2006, among Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its execution; to recognize as null and void agreement on the provision of professional services No. 12352, dated May 3, 2006, between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its execution; to recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 9331, dated January 6, 2006; to recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 12352, dated May 3, 2006; to recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors to Closed Joint Stock Company "KYIVSTAR G.S.M." for 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return documents, data and information, refund monetary funds and return any and all things and items received by them from each other under the agreement on provision of professional services No. 12352, dated May 3, 2006, and in the course of performance thereof; to compel Closed Joint Stock Company "Kyivstar G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2006; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to enter into audit agreements, following the Board's appointment of auditors for 2005 and 2006, with the auditors so appointed, and notify the tax inspectorate of the execution of such agreements.

It is asserted in the statement of claim that actions of the Respondents, specifically, regarding the performance of disputed agreements (which are sought to be held null and void), and the Respondent's failure to take actions required by applicable law to be so taken, adversely affect the Claimant's ability to exercise its constitutional rights. The disputed agreements require the Respondents to take certain actions that render further restitution impossible, as the agreements in question concern provision of services that cannot be restituted. Additionally, the performance of disputed agreements entails illegal provision by Respondent 3 to Respondents 4 and 5 of information that constitutes a commercial secret.

87

In accordance with Part 3 of Article 151 of the Civil Procedure Code of Ukraine, injunctive relief may be granted at any stage of proceedings in a case if withholding such relief may render the execution of a court decision difficult or impossible.

Given the foregoing and governed by Articles 151 and 152 of the Civil Procedure Code of Ukraine.

## YOU ARE HEREBY REQUESTED TO:

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (located at 19-A Khreschatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (located at 19-A Khreschatyk St., Kyiv, 01001) and any of their respective authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity of CJSC "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except where such submission to the governmental authorities of Ukraine is required by applicable law);

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (located at 19-A Khreschatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (located at 19-A Khreschatyk St., Kyiv, 01001) and any of their respective authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from using, in whatever manner, the financial statements, reports, documents and information they have already obtained from each other;

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110) from entering into any transactions (contracts, agreements), the subject matter of which is to provide or obtain audit services.

Trokhymchuk O.I.,
Advocate, under a power of attorney

*[signature]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of Alpren Limited for Injunctive Relief, dated January 31, 2007, of which I have seen a copy of the original.

March 8, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

4

31.01.2007

Краснолуцький районний суд Луганської
області

Позивач:
Найменування: "Альнрен Ліміте, с"
юридична особа за законодавством Республіки
Кіпр
Місцезнаходження: 3 Themistocles Dervis Street,
Julia House, 1st Floor, 1066, Nicosia, Cyprus
(Кіпр)

Відповідач 1:
Клименко Вадим Вікторович
Адреса:

Відповідач 2:
Тронд Мое
Адреса: Норвегія, Осло, вул. Сант Олавс Плас
6701, код ДРФО 2284024870

Відповідач 3:
Закрите акціонерне товариство "КИЇВСТАР
Дж. Ес. Ем."
Місцезнаходження: 03110, м. Київ,
Червонозоряний проспект, 51.
Ідентифікаційний код юридичної особи
21673832
п/р 26007011250098 в Філія АКІБ
"УкрСиббанк" "Київське регіональне
управління, МФО 300733

Відповідач 4:
Найменування: Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
Місцезнаходження: 01001, м. Київ, вул.
Хрещатик, буд.19а.
Ідентифікаційний код юридичної особи
33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

Відповідач 5:
Найменування: Товариство з обмеженою
відповідальністю "Ернст енд Янг"

1

Місцезнаходження: 01001, м. Київ, вул.
Хрещатик, буд.19а
Ідентифікаційний код юридичної особи
33306958
п/р 26005200311019 в Сітібанк (Україна),
МФО 300584

### Заява про забезпечення позову

Позивач звернувся з позовом про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії, а саме просив суд визнати незаконною бездіяльність пана Клименка В.В. щодо неоскарження спірних договорів, визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року; визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року; визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік; зобов'язати закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік; зобов'язати закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення нового аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори на проведення аудиту та повідомити про їх укладення податкову інспекцію.

В позовній заяві йдеться про те, що дії Відповідачів, зокрема по укладанню спірних договорів (про визнання яких недійсними йдеться), та не вчинення Відповідачем дій, необхідність вчинення яких встановлена

2

87

... одавством, ставить під загрозу можливість реалізації Позивачем своїх ... итуційних прав. Спірні договори передбачають необхідність виконання Відповідачами певних дій, які унеможливлюють наступну реституцію, адже ... ться про договори про надання послуг, повернення яких неможливе. Крім ... виконання спірних договорів передбачає незаконне надання Відповідачем 3 Відповідачам 4 та 5 інформації, яка становить комерційну таємницю

Згідно з ч.3 ст.151 ЦПК України забезпечення позову допускається в ... кій стадії провадження у справі, якщо невжиття заходів забезпечення ... о утруднити чи зробити неможливим виконання рішення суду

Враховуючи викладене, керуючись ст.151, ст.152 ЦПК України,

## ПРОСИМО:

- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19а) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства);
- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19а) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб;
- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.



...щук О.Е.
... ... по дов.

3

Case No. 2-959/07

*[National Emblem of Ukraine]*

### DECREE
### In the name of Ukraine

On January 31, 2007, the Krasnolutsky City Court of Lugansk Region as consisting of:

presiding judge: I.G. Bychkov

in the presence of secretary: T.V. Dvorovykh,

upon review of the petition to grant injunctive relief to secure the claim under a statement of claim brought by Limited Liability Company "Alpren Limited" against Vadym V. Klymenko, Trond Moe, Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young", Limited Liability Company "Storm", Closed Joint Stock Company "KYIVSTAR G.S.M.", seeking [certain] agreements to be recognized as null and void, [certain] actions to be recognized as unlawful and taking of [certain] actions to be compelled, –

### ESTABLISHED THAT:

On January 31, 2007, the claimant brought to the court a statement of claim against Vadym V. Klymenko, Trond Moe, Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young", Limited Liability Company "Storm", Closed Joint Stock Company "KYIVSTAR G.S.M.", seeking [certain] agreements to be recognized as null and void, [certain] actions to be recognized as unlawful and taking of [certain] actions to be compelled. Also, the claimant submitted to the court a petition to grant injunctive relief to secure the claim, whereby it requested as injunctive relief to secure the claim that the court: enjoin, until resolution of the case *per se*, Vadym V. Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", LLC "Storm", CJSC "KYIVSTAR G.S.M." and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity of CJSC "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except for those filed with the Ukrainian state authorities to comply with the requirements of applicable law); enjoin, until resolution of the case *per se*, Vadym V. Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", LLC "Storm", CJSC "KYIVSTAR G.S.M." and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from using in any way the financial statements, reports, documents and information already obtained from one another; enjoin, until resolution of the case *per se*, CJSC "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

Upon such grounds, the petition of Limited Liability Company "Alpren Limited" should be granted as, under Article 153 of the Code of Civil Procedure of Ukraine, the court hearing a case shall review a petition to grant injunctive relief to secure a claim on the day of its receipt without notifying the respondent or other persons participating in the case; the court shall issue a decree on granting injunctive relief to secure the claim, wherein it shall specify the type of injunctive relief and the grounds for its selection, the enforcement procedure, the amount of security if such has been ordered; a copy of the decree shall be sent to the petitioner and interested parties immediately upon its issuance; if the decree has been issued without notifying the person, in respect of whom/which the injunctive relief is requested, a copy of the decree shall be sent to the person, in respect of whom/which injunctive relief has been granted, immediately upon its enforcement; the decree on applying injunctive relief to secure the claim is subject to immediate enforcement according to the procedure envisaged for enforcement of court decisions; if the relief sought by the petitioner is secured, the decree on applying injunctive relief to secure the claim is submitted for enforcement immediately after the security object is deposited in full; filing an appeal against the decree on applying injunctive relief to secure the claim shall not suspend its enforcement and shall not prevent further consideration of the case.

In addition, applying injunctive relief is allowed if non-application of such relief may complicate the enforcement of a court decision or render it impossible.

*[Round seal
of the Krasnolutsky City Court
of Lugansk Region]*

Based on the foregoing and pursuant to Articles 151 – 155 of the Code of Civil Procedure of Ukraine, –

## RULED TO:

Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity of CJSC "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except for those filed with the Ukrainian state authorities to comply with the requirements of applicable law).

Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another.

Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110) from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

Dispatch the Decree to the parties and to the respective bodies of the State Enforcement Service.

The Decree is subject to immediate enforcement.

The Decree can be appealed to the Lugansk Region Court of Appeals via the Krasnolutsky City Court of Lugansk Region, a court of first instance, by filing a petition on subsequent appeal within 5 days of the Decree announcement and by filing a statement of appeal within 10 days thereafter, with its copy to be filed to the Lugansk Region Court of Appeals, an appellate court, or according to the procedure envisaged by part 4 of Article 295 of the Code of Civil Procedure of Ukraine.

Filing an appeal against the decree on applying injunctive relief to secure the claim shall not suspend its enforcement and shall not prevent further consideration of the case.

**Presiding:**          *[Signature under round seal*
*of the Krasnolutsky City Court of Lugansk Region]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Krasnolutsky City Court of Lugansk Region dated January 31, 2007 regarding case No. 2-959/07, of which I have seen a copy of the original.

February 5, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

Справа № 2-959/07



**УХВАЛА**
**Іменем України**

31 січня 2007 року Краснолуцький міський суд Луганської області в складі:
головуючого: судді Бичкова І. Г. ,
при секретарі:    Дворових Т. В. ,
розглянувши заяву про забезпечення позову за позовною заявою товариства з обмеженою відповідальністю "Альпрен лімітед" до Клименко Вадима Вікторовича, Тронідо Мое, товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", товариства з обмеженою відповідальністю "Ернст енд Янг", товариства з обмеженою відповідальністю "Сторм", закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії, -

**ВСТАНОВИВ:**

31.01.2007 року позивач звернувся до суду з позовною заявою: до Клименко Вадима Вікторовича, Тронідо Мое, товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", товариства з обмеженою відповідальністю "Ернст енд Янг", товариства з обмеженою відповідальністю "Сторм", закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії. Також позивачем було подано до суду заяву про забезпечення позову, якою він просить суд у якості забезпечення позовних вимог: заборонити до вирішення цієї справи по суті Клименко Вадиму Вікторовичу, Тронідо Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "КИЇВСТАР Дж. Ес. Ем." та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг, заборонити здійснювати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ "КИЇВСТАР Дж. Ес. Ем." , в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства) ; заборонити до вирішення цієї справи по суті Клименко Вадиму Вікторовичу, Тронідо Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "КИЇВСТАР Дж. Ес. Ем." та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." використовувати або отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; заборонити до вирішення цієї справи по суті ЗАТ "КИЇВСТАР Дж. Ес. Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

За таких підстав заява товариства з обмеженою відповідальністю "Альпрен лімітед" підлягає задоволенню, оскільки у відповідності до ст. 153 ЦПК України заява про забезпечення позову розглядається судом, у провадженні якого перебуває справа, в день її надходження без повідомлення відповідача та інших осіб, які беруть участь у справі; про вжиття заходів забезпечення позову суд постановляє ухвалу, в якій зазначає вид забезпечення позову і підстави його обрання, порядок виконання, розмір застави, якщо така призначена; копія ухвали надсилається заявнику та заінтересованим особам негайно після її постановлення; у разі постановлення ухвали без повідомлення особи, щодо якої просить вжити заходи забезпечення позову ухвали надсилається особі, щодо якої вжито заходи забезпечення позову, негайно після її виконання; ухвала про забезпечення позову виконується негайно в порядку, встановленому для виконання судових рішень; у разі забезпечення вимог заявника заставою ухвала про забезпечення виконання негайно після внесення предмета застави в повному обсязі; оскарження ухвали про забезпечення позову не зупиняє її виконання, а також не перешкоджає подальшому розгляду справи.

До того ж, забезпечення позову допускається, якщо незастосування заходів забезпечення може ускладнити або зробити неможливим виконання рішення суду.

На підставі вищевикладеного, керуючись ст. ст. 151-155 ЦПК України, -

**У Х В А Л И В :**

Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд. 19а), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19 а) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." , вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ "КИЇВСТАР Дж. Ес. Ем." , в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства) .

Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51) , Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд. 19а) , Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд. 19а) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.

Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Ухвалу направити сторонам та відповідним органам державної виконавчої служби.

Ухвала підлягає негайному виконанню.

Ухвала може бути оскаржене в апеляційному порядку до апеляційного суду Луганської області через суд першої інстанції – Краснолуцький міський суд Луганської області шляхом подачі в 5-денний строк з дня проголошення ухвали заяви про апеляційне оскарження і поданням після цього протягом 10 днів апеляційної скарги, з подачею її копії до апеляційної інстанції – апеляційного суду Луганської області або в порядку ч. 4 ст. 295 ЦПК України.

Оскарження ухвали про забезпечення позову не зупиняє її виконання, а також не перешкоджає подальшому розгляду справи.

Головуючий



*[National Emblem of Ukraine]*

DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

**THE STATE ENFORCEMENT SERVICE**
**of the Pechersky District of the City of Kyiv**
11-b Riznytska St., Kyiv

February 2, 2007
No. *233/13*

LLC "Ernst & Young Audit Services"
19-A Khreschatyk St., Kyiv

Ernst & Young
19-A Khreschatyk St., Kyiv

√ CJSC "Kyivstar G.S.M."

The State Enforcement Service in the Pechersky District of the City of Kyiv hereby dispatches to you the ruling, dated February 2, 2007, on the commencement of enforcement proceeding, and requests that the same be given effect.

You are hereby requested to report within 7 days on the implementation of the above ruling.

**Acting Head of SES**
**in the Pechersky District of Kyiv**          *[signature]*          **V.V. Shpakovych**
*[Seal of the State Enforcement Service*
*in the Pechersky District of the City of Kyiv]*

State Enforcement Officer          *[signature]*          V. Moyseyenko

*[Stamp: CJSC "KYIVSTAR"*
*February 2, 2007*
*Incoming No. 629]*

**RULING**
**on the Commencement of Enforcement Proceeding**

February 2, 2007                                                    City of Kyiv

I, V. Moyseyenko, state enforcement officer of the State Enforcement Service in the Pechersky District of the City of Kyiv, in the course of enforcement of Decree No. 2-959/07, dated January 31, 2007, issued by the Krasnolutsky City Court of Lugansk Region, on:

enjoining, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoining from providing and receiving any information on financial and commercial activity of CJSC "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except where such submission to the governmental authorities of Ukraine is required by applicable law);

enjoining, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from using, in whatever manner, financial statements, reports, documents or information they have already obtained from each other;

enjoining, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

Given the foregoing and being governed by Articles 3, 18, 24, 76 and 87 of the Law of Ukraine "On Enforcement Proceedings",

**I HEREBY RULED TO:**

1.      Commence enforcement proceeding regarding enforcement of Decree No. 2-959/07, dated January 31, 2007, issued by the Krasnolutsky City Court of Lugansk Region, and to

Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity of CJSC "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except where such submission to the governmental authorities of Ukraine is required by applicable law);

Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from using, in whatever manner, financial statements, reports, documents or information they have already obtained from each other;

Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

2.      Dispatch a copy of this Ruling to the parties and the court.

3.      This Ruling may be appealed before the head of the State Enforcement Service of the Pechersky District or a court within 10 days following its receipt.

State Enforcement Officer      *[signature]*          V.Moyseyenko
*[Seal of the State Enforcement Service*
*in the Pechersky District of the City of Kyiv]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Ruling on the Commencement of Enforcement Proceeding of the State Enforcement Service in the Pechersky District of the City of Kyiv, dated February 2, 2007, of which I have seen a copy of the original.

March 6, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

**ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА**
у Печерському районі міста Києва
м. Київ, вул. Різницька, 11-б

02.02.2007 р.
№ 233/13

ТОВ «Ернст енд Янг Аудиторські Послуги»
м. Київ, вул.. Хрещатик, 19-А

«Ернст енд Янг»
м. Київ, вул. Хрещатик, 19-А

ЗАТ «Київстар Дж.Ес.Ем.»,

     Державна виконавча служба у Печерському районі м. Києва направляє на Вашу адресу постанову про відкриття виконавчого провадження від 02.02.2007 року до виконання.
     Про хід виконання вищезазначеної постанови вимагаємо повідомити в 7-денний термін.

Начальник ДВС
у Печерському районі м. Києва                        В.В.Шпакович

Державний виконавець                               В.Мойсеєнко

ЗАТ "КИЇВСТАР"

0 2 ЛЮТ 2007

ВХІДНИЙ № 629

## ПОСТАНОВА
### про відкриття виконавчого провадження

"02" лютого 2007 року

м. Київ

Мною, державним виконавцем В.Мойсеєнко, державної виконавчої служби у Печерському районі м. Києва

При примусовому виконанні ухвали № 2-959/07 від 31.01.2007 року Краснолуцького міського суду Луганської області про

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.», Товариству з обмеженою відповідністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.», вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг, заборону надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ «Київстар Дж.Ес.Ем.», в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства);

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб;

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг

Враховуючи вищевикладене, керуючись статтями 3, 18, 24, 76, 87 Закону України "Про виконавче провадження".

## ПОСТАНОВИВ:

1. Відкрити виконавче провадження з виконання ухвали № 2-959/07 від 31.01.2007 року Краснолуцького міського суду Луганської області та

Заборонити до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.», вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг, заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ «Київстар Дж.Ес.Ем.», в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства);

Заборонити до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб;

Заборонити до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг .

2.  Копію постанови направити сторонам та в суд.

3.  Постанова може бути оскаржена начальнику Державної виконавчої служби Печерського району або до суду в 10-денний строк з моменту її одержання.

Державний виконавець                                                         В.Мойсеєнко

*[National Emblem of Ukraine]*

DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

**THE STATE ENFORCEMENT SERVICE**
**in the Pechersky District of the City of Kyiv**
11-b Riznytska St., Kyiv

---

February 2, 2007
No. *233/13*

<div style="text-align:right">

LLC "Ernst & Young Audit Services"
19-A Khreschatyk St., Kyiv

Ernst & Young
19-A Khreschatyk St., Kyiv

√ CJSC "Kyivstar G.S.M."

</div>

**IMPERATIVE DEMAND**

The State Enforcement Service in the Pechersky District of the City of Kyiv is carrying out the enforcement proceedings regarding Decree No. 2-959/07, dated January 31, 2007, issued by the Krasnolutsky City Court of Lugansk Region, which:

enjoins, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoining from providing and receiving any information on financial and commercial activity of CJSC "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except where such submission to the governmental authorities of Ukraine is required by applicable law);

enjoins, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from using, in whatever manner, financial statements, reports, documents or information they have already obtained from each other;

<div style="text-align:right">

*[Stamp: CJSC "KYIVSTAR"*
*February 2, 2007*
*Incoming No. 628]*

</div>

enjoins, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

The State Enforcement Service in the Pechersky District of the City of Kyiv demands that you IMMEDIATELY execute the decision of the court and report the execution at the following address of the enforcement service: 11-b Riznytska Street, Kyiv.

The State Enforcement Service of the Pechersky District of the City of Kyiv notifies you that, under Article 87 of the Law of Ukraine "On Enforcement Proceedings", a state enforcement officer issues a ruling on imposing a penalty on a person failing to execute a court decision.

The repeated failure to comply with lawful requirements of the state enforcement officer will result in a ruling to impose a double penalty and a motion to the Prosecutor's Office to hold the failing persons criminally liable.

*We hereby remind that, in accordance with Articles 6, 87 and 88 of the Law of Ukraine "On Enforcement Proceedings", the failure to comply with lawful requirements of a state enforcement officer entails liability stipulated by the Law. If a court decision is not executed, the state enforcement officer institutes prosecution in accordance with applicable law.*

State Enforcement Officer          *[signature]*                    V. Moyseyenko
                                   *[Seal of the State Enforcement Service*
                                   *in the Pechersky District of the City of Kyiv]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Imperative Demand of the State Enforcement Service in the Pechersky District of the City of Kyiv No. 233/13, dated February 2, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

**ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА**
у Печерському районі міста Києва
м. Київ, вул. Різницька, 11-б

02.02.2007 р.
№ 233/13

ТОВ «Ернст енд Янг Аудиторські Послуги»
м. Київ, вул. Хрещатик, 19-А

«Ернст енд Янг»
м. Київ, вул. Хрещатик, 19-А

ЗАТ «Київстар Дж.Ес.Ем.»,

# В И М О Г А - ЗОБОВ'ЯЗАННЯ

На виконанні у Державній виконавчий службі у Печерському районі м. Києва знаходиться ухвала ухвали ухвала № 2-959/07 від 31.01.2007 року Краснолуцького міського суду Луганської області про

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.», вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг, заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ «Київстар Дж.Ес.Ем.», в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства);

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб;

ЗАТ "КИЇВСТАР"

0 2 ЛЮТ 2007

ВХІДНИЙ № 628

заборону до вирішення  справи по суті Закритому акціонерному товариству «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Державна виконавча служба у Печерському районі м. Києва зобов»язує Вас НЕГАЙНО виконати  рішення  суду та повідомити про виконання на адресу виконавчої служби : м. Київ, вул.. Різницька, 11-б.

Одночасно ДВС у  Печерському  районі м. Києва доводить до Вашого відома, що за невиконання рішення суду, відповідно до ст.87 Закону України "Про виконавче провадження", державний виконавець  виносить постанову про накладення штрафу на винну у невиконанні рішення суду особу.

У разі  повторного невиконання законних вимог державного виконавця виноситься постанова про накладення штрафу у подвійному розмірі і порушується клопотання перед Прокуратурою про притягнення винних осіб  до кримінальної відповідальності.

*Нагадуємо, що згідно ст..6, 87, 88 Закону України "Про виконавче провадження", невиконання законних вимог державного виконавця тягне за собою відповідальність згідно Закону. При невиконанні рішення суду державний виконавець порушує клопотання перед судом про кримінальну відповідальність відповідно до чинного законодавства.*

Державний виконавець                                                    В.Мойсеєнко

February 5, 2007

**Lugansk Region Court of Appeals**
4 Kotsyubynskogo St., Lugansk, 91016

*through*

**Krasnolutsky City Court of Lugansk Region**
2 Simferopolska St., Krasny Luch Town, Lugansk
Region, 94506

**Appellant:**     **Telenor Mobile Communications AS**
Snarøyveien 30, Fornebu, N-1331, Norway

**Attorney-in-Fact for the Appellant:**     **Oleksiy Volodymyrovych Didkovskiy**

Mailing address:
Shevchenko Didkovskiy & Partners, *Attorneys and
Counselors at Law*, 2A Kostyantynivska St., Kyiv
04071, Ukraine

**Claimant:**     **Alpren Limited**
3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

**Respondent 1:**     **Vadym Viktorovych Klymenko**
17B Gorkogo St., apt. 21, Kyiv, 01001

**Respondent 2:**     **Trond Moe**
Mailing address:
Shevchenko Didkovskiy & Partners, *Attorneys and
Counselors at Law*, 2A Kostyantynivska St., Kyiv
04071, Ukraine

**Respondent 3:**     **Limited Liability Company "Ernst & Young
Audit Services"**
19a Khreschatyk St., Kyiv, 01001
Identification code: 33306921
Current account No. 26008200313003 in Citibank
(Ukraine),
MFO code 300584

**Respondent 4:**     **Limited Liability Company "Ernst & Young"**
19a Khreschatyk St., Kyiv, 01001
Identification code: 33306958
Current account No. 26005200311019 in Citibank
(Ukraine),
MFO code 300584

**Respondent 5:**     **Limited Liability Company "Storm"**
1 Narodnogo Opolchennya St., Kyiv, 03151

**Respondent 6:**  **Closed Joint Stock Company "Kyivstar G.S.M."**
51 Chervonozoryany Prospect, Kyiv, 03110
Identification code: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB
"UkrSibbank", MFO code 300733

**Subject of Appeal:**  Decree of the Krasnolutsky City Court of Lugansk
Region, dated January 31, 2007, in Case No. 2-
959/07 on granting injunctive relief

## STATEMENT OF APPEAL

from the Decree of Krasnolutsky City Court of Lugansk Region dated January 31, 2007, in Case
No. 2-959/07, on granting injunctive relief
(*pursuant to Article 292 of the Civil Procedure Code of Ukraine*)

On January 31, 2007, Krasnolutsky City Court of Lugansk Region issued a decree in Case
No. 2-959/07 on granting injunctive relief, whereby it ruled to:

• Enjoin, until the case is resolved on the merits, CJSC "Kyivstar G.S.M.", LLC
"Ernst & Young Audit Services" and LLC "Ernst & Young" and any of their authorized persons,
officers and shareholders of CJSC "Kyivstar G.S.M.", from taking any actions aimed at
performance of any contracts (agreements), the subject matter of which consists in providing
(obtaining) audit services, enjoining from providing and receiving any information on financial
and commercial activity of CJSC "Kyivstar G.S.M.", including underlying accounting documents,
reports and information, from signing and submitting any reports, letters (except where such
submission to the governmental authorities of Ukraine is required by applicable law).

• Enjoin, until the case is resolved on the merits, CJSC "Kyivstar G.S.M.", LLC
"Ernst & Young Audit Services" and LLC "Ernst & Young" and any of their authorized persons,
officers and shareholders of CJSC "Kyivstar G.S.M.", from using, in whatever manner, financial
statements, reports, documents or information they have already obtained from each another.

• Enjoin, until the case is resolved on the merits, CJSC "Kyivstar G.S.M." from
entering into any transactions (contracts, agreements), the subject matter of which is to provide
(obtain) audit services.

Telenor Mobile Communications AS (hereinafter referred to as **"Telenor"**) is a majority
shareholder of CJSC "Kyivstar G.S.M.", as evidenced by statement of securities account
No. 40749001, dated January 18, 2007.

While Telenor addresses procedural issues, as the majority shareholder in CJSC "Kyivstar
G.S.M.", Telenor's rights and interests are affected by the above-mentioned decree. Telenor notes
that the filing of the claim in this case is a violation of an agreement between Telenor and LLC
"Storm" that is the subject of an ongoing arbitration proceeding in New York, New York, United
States of America, and that Telenor has brought the claimant's filing of its claim to the attention of
the arbitration tribunal in such proceeding. By filing this statement, Telenor is not waiving its
right to arbitrate this or any other dispute.

**We consider that the decree of the Krasnolutsky City Court of Lugansk Region dated
January 31, 2007, in Case No. 2-959/07, on granting injunctive relief, was issued in violation**

of applicable rules of substantive and procedural law, that the court has failed to fully establish the facts in the case and, therefore, that such decree should be reversed.

Pursuant to Part 1 of Article 151 of the Civil Procedure Code of Ukraine (hereinafter referred to as the **"CPC of Ukraine"**), an injunctive relief to secure a claim may be granted at any stage of proceedings if withholding such relief may render the execution of a judgment difficult or impossible.

The court granted injunctive relief in this case on the ground that non-imposition of such relief would render restitution under the disputed agreements impossible, as such agreements relate to the provision of services, and that the performance of disputed agreements involves unlawful use of information regarded as commercial secret by the respondents.

Pursuant to Article 216 of the Civil Code of Ukraine, in the event of any invalid transaction, each party must return in kind to the other party everything it [the first party] obtained while performing such transaction and if such restitution is impossible, particularly when what has been obtained relates to property use, work that has been performed, or services that have been provided, to reimburse [the other party] for everything [the first party] obtained, at the prices existing at the moment of such reimbursement.

Thus, withholding the injunctive relief and declaration of the disputed services agreements as null and void will not render restitution under the disputed agreements impossible, as contemplated by Article 216 of the Civil Code of Ukraine.

The court granted a relief on the ground that the performance of disputed agreements involves the illegal provision by CJSC "Kyivstar G.S.M." to respondents of information that constitutes a commercial secret; however, the reference to illegal nature of the provision of such information is not valid as no disputed agreements provide for any illegal distribution of information.

In view of the foregoing, withholding the injunctive relief does not seem to render the execution of a judgment in this case difficult or impossible.

Besides, pursuant to Article 60 of the CPC of Ukraine, each party should prove circumstances it refers to as giving rise to its demands and objections.

Alpren Limited (the claimant) has neither proved, nor submitted any evidences to confirm that injunctive relief, sought in the claimant's petition for injunctive relief, would enable the execution of a possible court judgment.

Under Article 210 of the CPC of Ukraine, a court decree should contain reasoning for the court's conclusions and reference to a law by which the court should be governed in issuing the decree.

Accordingly, the Decree of the Krasnolutsky City Court of Lugansk Region, dated January 31, 2007, is unmotivated and, in conflict with Article 210 of the CPC of Ukraine, contains no reasons to prove that injunctive relief granted under the said decree may ensure the execution of judgment in this case.

**Hence, the Decree of the Krasnolutsky City Court of Lugansk Region, dated January 31, 2007, has been issued in violation of Article 151 of CPC of Ukraine, as there are no grounds to grant injunctive relief.**

**Therefore, pursuant to Article 312 of CPC of Ukraine, the Decree of the Krasnolutsky City Court of Lugansk Region, dated January 31, 2007, in Case 2-959/07 on granting injunctive relief in the case, should be cancelled, and application of Alpren Limited for injunctive relief should be dismissed.**

Part 1 of Article 3 of the Commercial Code of Ukraine defines business activity as an activity of business entities in the sphere of public production, aimed at the production and sale of products, performance of works or provision of services which have certain value reflected in their price.

Pursuant to Article 1 of the Law of Ukraine "On Accounting and Financial Reporting in

Ukraine", financial statements are accounts that contain information about financial standing, business results and cash-flow of a company in any accounting period.

Hence, the making of financial statements by a business association is an intrinsic aspect of its business activity.

Pursuant to Article 18 of the Law of Ukraine "On Business Associations", a company should keep books and records, prepare and furnish statistical information and administrative data in accordance with the procedure established by applicable law. An auditor (audit firm) should verify whether such annual financial statements of a company are true and complete. Compulsory audit of annual financial statements of the companies with annual turnover of less than two hundred and fifty tax-free minimum incomes should be carried out once per three years.

Pursuant to Article 20 of the Law of Ukraine "On Audit and Auditing Activity", audits are to be conducted under agreement between an auditor (audit firm) and a client.

Given the foregoing, the existing relations between CJSC "Kyivstar G.S.M." and its relevant auditors seem to be part of their business relations.

Article 6 of the Commercial Code of Ukraine reads that governmental authorities, local self-government bodies and their officers are prohibited from interfering, in unlawful manner, with any business relations.

Hence, the grant of the aforementioned injunctive relief actually leads to legally proscribed interference with business relations and activities of the respondents.

Pursuant to Part 3 of Article 152 of the CPC of Ukraine, types of injunctive relief must be comparable with claims asserted by the claimant.

**Therefore, the Decree of the Krasnolutsky City Court of Lugansk Region, dated January 31, 2007, in Case 2-959/07 on granting injunctive relief was issued in violation of applicable rules of substantive law and Article 152 of the CPC of Ukraine and, therefore, should be cancelled in accordance with Article 312 of the of the CPC of Ukraine.**

Pursuant to Article 292 of the CPC of Ukraine, whenever a court decides a matter involving the rights and obligations of parties who are not parties to the case, such parties may appeal from a decision of the court of first instance.

Pursuant to Article 293 of the CPC of Ukraine, decrees of a court of first instance on granting injunctive relief may be appealed apart from a court decision.

In accordance with Article 312 of the CPC of Ukraine, upon examining an appeal from a decree of the court of first instance, the court of appeals should cancel such decree and issue its decree on such matter if the court of first instance resolved such matter in violation of procedural law or, if properly resolved, erroneously formulated the essence of procedural action or reasons for its application.

Given the foregoing and governed by Articles 151, 292, 293, 294, 295, 296 and 312 of the Civil Procedure Code of Ukraine,

### YOU ARE HEREBY REQUESTED TO:

1. Reverse the decree of the Krasnolutsky City Court of Lugansk Region, dated January 31, 2007, in Case No. 2-959/07, on granting injunctive relief.

2. Dismiss the petition of Alpren Limited for injunctive relief in Case No. 2-959/07 upon a claim of Alpren Limited against Vadym Viktorovych Klymenko, Trond Moe, LLC "Ernst & Young Audit", LLC "Ernst & Young", LLC "Storm" and CJSC "Kyivstar", on declaring agreements null and void, declaring actions unlawful and compelling to take actions.

**ANNEXES:**

     1. Copy of a statement of securities account of Telenor Mobile Communications AS No. 40749001, dated January 18, 2007.

     2. Evidence of payment of claim costs.

     3. Evidence of payment of costs for information and technical support of the legal process.

     4. Copy of power of attorney

     5. Copies of statement of appeal with annexes for the parties of the case.

**On behalf of Telenor Mobile Communications AS**
**Attorney-in-Fact**                              [*signature*]                              **O.V. Didkovskiy**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Appeal, dated February 5, 2007, from the Decree of Krasnolutsky City Court of Lugansk Region dated January 31, 2007, in Case No. 2-959/07, on granting injunctive relief, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

5

5 лютого 2007 року

**Апеляційний суд Луганської області**
91016, м. Луганськ, вул. Коцюбинського, 4

*через*

**Краснолуцький міський суд Луганської області**
94506, Луганська обл., м. Красний Луч, вул. Сімферопольська, 2

**Скаржник:** **Теленор Мобайл Ком'юнікейшнз АС (Telenor Mobile Communications AS)**
Норвегія, N-1331, м. Форнебу, Снарøйвейен, 30
(Snarøyveien 30, Fornebu, N-1331, Norway)

**Представник скаржника:** **Дідковський Олексій Володимирович**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А,
Адвокатське об'єднання "Юридична фірма "Шевченко, Дідковський і Партнери"

**Позивач:** **Альпрен Лімітед (Alpren Limited)**
3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus (Кіпр)

**Відповідач 1:** **Клименко Вадим Вікторович**
01001, м. Київ, вул. Горького, 17 Б, кв. 21

**Відповідач 2:** **Тронд Мое (Trond Moe)**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А,
Адвокатське об'єднання "Юридична фірма "Шевченко, Дідковський і Партнери"

**Відповідач 3:** **Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги"**
01001 м. Київ, вул. Хрещатик, 19а.
Ідентифікаційний код: 33306921
п/р 26008200313003 в Сітібанк (Україна)
МФО 300584

**Відповідач 4:** **Товариство з обмеженою відповідальністю "Ернст енд Янг"**
01001 м. Київ, вул. Хрещатик, 19а
Ідентифікаційний код: 33306958
п/р 26005200311019 в Сітібанк (Україна)
МФО 300584

**Відповідач 5:** **Товариство з обмеженою відповідальністю "Сторм"**
03151, м. Київ, вул. Народного Ополчення, 1

**Відповідач 6:**  **Закрите акціонерне товариство "Київстар Дж.Ес.Ем."**
03110 м. Київ, Червонозоряний проспект, 51
Ідентифікаційний код: 21673832
п/р 26007011250098 в Філії АКІБ
"УкрСиббанк" Київське регіональне
управління, МФО 300733

**Предмет оскарження:**  Ухвала Краснолуцького міського суду
Луганської області від 31 січня 2007 року у
справі № 2-959/07 про забезпечення позову

# АПЕЛЯЦІЙНА СКАРГА

на ухвалу Краснолуцького міського суду Луганської області
від 31 січня 2007 року у справі № 2-959/07 про забезпечення позову
*(в порядку ст. 292 Цивільного процесуального кодексу України)*

31 січня 2007 року Краснолуцьким міським судом Луганської області була винесена ухвала у справі № 2-959/07 про забезпечення позову, якою ухвалив:

- Заборонити до вирішення справи по суті ЗАТ "Київстар Дж.Ес.Ем.", ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "Київстар Дж.Ес.Ем." вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ "Київстар Дж.Ес.Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства).

- Заборонити до вирішення справи по суті ЗАТ "Київстар Дж.Ес.Ем.", ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "Київстар Дж.Ес.Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.

- Заборонити до вирішення справи по суті ЗАТ "Київстар Дж.Ес.Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Теленор Мобайл Ком'юнікейшнз АС (надалі – **"Теленор"**) є основним акціонером ЗАТ "Київстар Дж.Ес.Ем.", що підтверджується випискою про стан рахунку у цінних паперах № 40749001 від 18 січня 2007 року.

У той час як Теленор наводитиме міркування з процесуальних питань, вищезазначена ухвала впливає на права та інтереси Теленора як основного акціонера ЗАТ "Київстар Дж.Ес.Ем.". Теленор відзначає, що подання позову у цій справі є порушенням угоди між Теленором та ТОВ "Сторм", яка є предметом арбітражного розгляду, що ведеться у Нью-Йорку, штат Нью-Йорк, Сполучені Штати Америки, та що Теленор повідомив колегію арбітрів у зазначеному провадженні про подання цього позову. Поданням цієї заяви Теленор не відмовляється від свого права передати цей або інший спір на вирішення арбітражу.

Вважаємо, що ухвала Краснолуцького міського суду Луганської області від 31 січня 2007 року у справі № 2-959/07 про забезпечення позову винесена з

порушенням норм матеріального та процесуального права, при не повному з'ясуванні судом обставин справи, а, отже, підлягає скасуванню.

Відповідно до ч. 1 ст. 151 Цивільного процесуального кодексу України (надалі – "ЦПК України"), забезпечення позову допускається на будь-якій стадії розгляду справи, якщо невжиття заходів забезпечення може утруднити чи зробити неможливим виконання рішення суду.

Забезпечуючи позов у даній справі, суд виходив з того, що не вжиття таких заходів унеможливить реституцію за спірними договорами, оскільки ці договори стосуються надання послуг, та що виконання договорів передбачає незаконне використання відповідачами інформації, яка становить комерційну таємницю.

Відповідно до ст. 216 Цивільного кодексу України, у разі недійсності правочину кожна із сторін зобов'язана повернути другій стороні у натурі все, що вона одержала на виконання цього правочину, а в разі неможливості такого повернення, зокрема тоді, коли одержане полягає у користуванні майном, виконаній роботі, наданій послузі, - відшкодувати вартість того, що одержано, за цінами, які існують на момент відшкодування.

Отже, невжиття заходів забезпечення позову та визнання спірних договорів про надання послуг недійсними не унеможливить реституцію за такими договорами, як це передбачено ст. 216 Цивільного кодексу України.

Посилання суду на те, що виконання спірних договорів передбачає незаконне надання ЗАТ "Київстар Дж.Ес.Ем." відповідачам інформації, яка становить комерційну таємницю, також не може бути підставою для вжиття заходів забезпечення позову, оскільки спірні договори не передбачають незаконне поширення інформації.

З вищезазначеного вбачається, що невжиття заходів забезпечення позову не призведе до утруднення чи унеможливлення виконання рішення у даній справі.

Крім того, згідно ст. 60 ЦПК України, кожна сторона зобов'язана довести ті обставини, на які вона посилається як на підставу своїх вимог і заперечень.

Альпрен Лімітед (позивач) не довів та не надав жодних доказів на підтвердження того, що вжиття заходів забезпечення позову, викладених в заяві позивача про забезпечення позову, здатне забезпечити виконання можливого рішення суду.

Згідно ст. 210 ЦПК України, ухвала суду має містити мотивувальну частину із зазначенням мотивів, з яких суд дійшов висновків, і закону, яким керувався суд, постановляючи ухвалу.

Відповідно, ухвала Краснолуцького міського суду Луганської області від 31 січня 2007 року є немотивованою, та всупереч ст. 210 ЦПК України не містить жодних підстав, які б визначали, що вжиття заходів забезпечення позову, передбачених даною ухвалою, здатне забезпечити виконання можливого рішення суду по даній справі.

Таким чином, ухвала Краснолуцького міського суду Луганської області від 31 січня 2007 року винесена з порушенням ст. 151 ЦПК України, так як відсутні будь-які підстави для забезпечення позову.

Отже, відповідно до ст. 312 ЦПК України, ухвала Краснолуцького міського суду Луганської області від 31 січня 2007 року у справі № 2-959/07 про забезпечення позову підлягає скасуванню, а заява Альпрен Лімітед про забезпечення позову не підлягає задоволенню.

Частина 1 ст. 3 Господарського кодексу України визначає господарську діяльність як діяльність суб'єктів господарювання у сфері суспільного виробництва, спрямовану на виготовлення та реалізацію продукції, виконання робіт чи надання послуг вартісного характеру, що мають цінову визначеність.

Згідно ст. 1 Закону України "Про бухгалтерський облік та фінансову звітність в Україні", фінансова звітність – це, бухгалтерська звітність, що містить інформацію про

фінансове становище, результати діяльності та рух грошових коштів підприємства за звітний період.

Отже, фінансова звітність господарського товариства є одним із аспектів ведення ним господарської діяльності.

Відповідно до ст. 18 Закону України "Про господарські товариства", товариство веде бухгалтерський облік, складає і подає статистичну інформацію та адміністративні дані у порядку, встановленому законодавством. Достовірність та повнота річної фінансової звітності товариства повинні бути підтверджені аудитором (аудиторською фірмою). Обов'язкова аудиторська перевірка річної фінансової звітності товариств з річним господарським оборотом менш як двісті п'ятдесят неоподатковуваних мінімумів проводиться один раз на три роки.

Згідно ст. 20 Закону України "Про аудит і аудиторську діяльність", аудит проводиться на підставі договору між аудитором (аудиторською фірмою) та замовником.

З вищезазначеного вбачається, що відносини, які складаються між ЗАТ "Київстар Дж.Ес.Ем." та його відповідними аудиторами, складають частину їх господарських відносин.

Приписами ст. 6 Господарського кодексу України встановлено заборону незаконного втручання органів державної влади та органів місцевого самоврядування, їх посадових осіб у господарські відносини.

Отже, вжиття вищезазначених заходів забезпечення позову фактично призводить до забороненого законом втручання в господарські відносини та діяльність відповідачів.

Відповідно до ч. 3 ст. 152 ЦПК України, види забезпечення позову мають бути співмірними із заявленими позивачем вимогами.

**Таким чином, ухвала Краснолуцького міського суду Луганської області від 31 січня 2007 року у справі № 2-959/07 про забезпечення позову винесена з порушенням норм матеріального права та ст. 152 ЦПК України, а, отже, відповідно до ст. 312 ЦПК України підлягає скасуванню.**

Відповідно до ст. 292 ЦПК, особи, які не брали участі у справі, якщо суд вирішив питання про їх права та обов'язки, мають право оскаржити в апеляційному порядку рішення суду першої інстанції.

Відповідно до ст. 293 ЦПК України, окремо від рішення суду можуть бути оскаржені в апеляційному порядку ухвали суду першої інстанції щодо забезпечення позову.

Відповідно до ст. 312 ЦПК України, розглянувши скаргу на ухвалу суду першої інстанції, апеляційний суд скасовує ухвалу суду першої інстанції і постановляє ухвалу з цього питання, якщо воно було вирішено судом першої інстанції з порушенням норм процесуального права або при правильному вирішенні було помилково сформульовано суть процесуальної дії чи підстави її застосування.

Враховуючи вищезазначене та керуючись ст.ст. 151, 292, 293, 294, 295, 296, 312 Цивільного процесуального кодексу України, -

## ПРОШУ:

1.  Скасувати ухвалу Краснолуцького міського суду Луганської області від 31 січня 2007 року у справі № 2-959/07 про забезпечення позову.

2.  Відмовити Альпрен Лімітед у задоволенні заяви про забезпечення позову у справі № 2-959/07 за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

**ДОДАТКИ:**

1.  Копія виписки про стан рахунку у цінних паперах Теленор Мобайл Ком'юнікейшнз АС № 40749001 від 18 січня 2007 року.
2.  Доказ сплати судового збору.
3.  Доказ сплати витрат на інформаційно-технічне забезпечення процесу.
4.  Копія довіреності.
5.  Копії апеляційної скарги з додатками сторонам у справі.


**Від Теленор Мобайл Ком'юнікейшнз АС**
**представник за довіреністю**                                    **Дідковський О.В.**

27.12.2006                              **Kyiv City Commercial Court**

**Claimant:**
*Name:* Limited Liability Company "Storm"
*Location:* 1 Narodnogo Opolchennya Str.
Kyiv, 01001
*Identification code* of legal entity: 23163325
Current account No. 26000100675001 in CJSC
"Alfa-Bank",
MFO code 300346

**Respondent 1:**
Closed Joint Stock Company "Kyivstar G.S.M."
*Location:* 51 Chervonozoryany Prospect
Kyiv, 03110.
*Identification code* of legal entity:
21673832
Current account No. 26007011250098 in
"Kyivske Regionalne Upravlinnya" Branch of
JSCIB "UkrSibbank", MFO code 300733

**Respondent 2:**
*Name:* Limited Liability Company "Ernst &
Young Audit Services"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306921
Current account No. 26008200313003 in Citibank
(Ukraine),
MFO code 300584

**Respondent 3:**
*Name:* Limited Liability Company "Ernst &
Young"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306958
Current account No. 26005200311019 in Citibank
(Ukraine),
MFO code 300584

## STATEMENT OF CLAIM
**on recognizing agreements as null and void, recognizing actions as unlawful and compelling to take actions**

The Claimant is a shareholder of Respondent 1, holding 43.4823% of the shares.

In accordance with the Civil Code of Ukraine, the Commercial Code of Ukraine, the Law of Ukraine "On Business Entities", the Claimant is entitled to manage Respondent 1 as a member of the general meeting of shareholders, the highest governing body of Respondent 1.

Under Article 4 of the Law of Ukraine "On Business Entities", the procedure for managing Respondent 1 is established in the Charter and the founding agreement, which must define the competence of governing bodies and their decision-making procedure. The Claimant, in its capacity as a shareholder of Respondent 1, approved the charter of Respondent 1 and defined the competence of the governing bodies of Respondent 1. In particular, Article 9.10 of the Charter provided that: "... [the following matters] shall fall within the exclusive authority of the Board...:

> ...
> *(j) the appointment of the Company's external auditors".*

Article 161 of the Civil Code of Ukraine defines the powers of executive body of a joint stock company. In particular, part 1 of Article 161 provides that executive body acts on behalf of a joint stock company within the limits established by the charter and the law.

However, as the Claimant has found out, Respondent 1 has acted and is acting contrary to the requirements of the Charter, has systematically ignored and is ignoring its provisions, has violated and is violating the Ukrainian law, the rights of the Claimant to participate in managing Respondent 1.

Thus, Respondent 1 (represented by Trond Moe, an attorney-in-fact) appointed Respondent 2 and Respondent 3 as auditors of Respondent 1 and signed the Agreement on Provision of Professional Services No. 9331 of January 6, 2006 (with Respondent 2 and Respondent 3), hereinafter "Disputed Agreement 1", and the Agreement on Provision of Professional Services No. 12352 of May 3, 2006 (with Respondent 3), hereinafter "Disputed Agreement 2", as well as has partially performed them.

However, the mentioned actions of the Respondents are illegal, and the disputed agreements are null and void transactions in connection with the following.

So, according to Article 203 of the Civil Code of Ukraine, a person performing a transaction shall have the required scope of civil capacity.

A legal entity incurs rights and obligations through its bodies acting in accordance with constituent documents and the law.

2

Under Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 – 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

Hence, Trond Moe, a representative of Respondent 1, did not have the sufficient scope of civil capacity to appoint Respondents 2 and 3 as auditors of Respondent 1. Neither Respondent 1, nor Trond Moe, a representative of Respondent 2, had sufficient powers to enter into the disputed agreements without a resolution of the Board of Respondent 1 on appointment of the auditors, and this undoubtedly evidences the need to recognize them [the disputed agreements] as null and void and recognize the actions relating to appointment of the auditors by the executive body of Respondent 1 and execution of the disputed agreements with them as unlawful.

Under Article 216 of the Civil Code of Ukraine, an invalid transaction does not entail any legal consequences, except for those related to its invalidity. Therefore, the Respondents have no grounds whatsoever to continue taking any actions to perform the disputed agreements, any such actions must be ceased, and each Party must return to the other one everything it obtained under the disputed agreements.

At the same time, one should note that, under Article 18 of the Law of Ukraine "On Business Entities", financial statements of a company shall be confirmed by an auditor (an audit firm).

Pursuant to Article 20 of the Law of Ukraine "On Audit Activity", an audit shall be conducted on the basis of an agreement.

Under Article 28 of the Law of Ukraine "On Audit Activity", an entity, for which an audit is mandatory under the law, shall notify a relevant tax inspectorate of execution of an agreement for conducting an audit by December 1.

Since an audit is mandatory for Respondent 1, as under Article 40 of the Law of Ukraine "On Securities and Stock Market", an issuer (in this case, Respondent 1) shall submit an auditor's report to the State Securities and Stock Market Commission by April 30 of the year following the reporting year, Respondent 1 was to have appointed an auditor and have entered into a respective agreement with it by December 1, 2006, and have notified thereof a tax inspectorate where it is registered within December 1, 2006.

Contrary to the above-mentioned statutory rules, Respondent 1 has failed to appoint any auditor for the year 2006 and, as a result, did not enter into any audit agreement with it and did not notify the tax inspectorate thereof. This may negatively influence its activity and inflict losses both on Respondent 1 and the Claimant as a shareholder of Respondent 1 since this may affect the amount of profit subject for distribution between the shareholders.

Pursuant to Article 124 of the Ukrainian Constitution, the courts' jurisdiction shall encompass all legal relations arising in the state, including those relating to this particular case.

Under part 1 of Article 20 of the Civil Code of Ukraine, a person exercises the right to protection at its own discretion, i.e. a person freely chooses a legal remedy for its violated rights and legitimate interests.

In view of the foregoing, based on Article 124 of the Ukrainian Constitution, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activity", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Entities", Articles 83 and 84 of the Code of Commercial Procedure of Ukraine,

## IT IS HEREBY REQUESTED TO:

- recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing;

- recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing;

- recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006;

- recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006;

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance;

4

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006;

- hold Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" jointly liable for reimbursing Limited Liability Company "Storm" for the litigation costs in the ratio of 80%, 10% and 10% respectively.


Annexes:

1. Copy of the charter of CJSC "KYIVSTAR G.S.M.";
2. Copy of the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006;
3. Copy of the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006;
4. Evidence that a copy of the statement of claim and the annexed documents (which respondents do not have) been sent to the respondents;
5. Evidence of payment of the state duty;
6. Evidence of payment of costs for information and technical support of the legal process;


*[Signature]*

V.V. Klymenko
General Director


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Limited Liability Company "Storm" on Recognizing Agreements as Null and Void, Recognizing Actions as Unlawful and Compelling to Take Actions dated December 27, 2006, of which I have seen a copy of the original.


January 12, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

5

27.12.2006                              **Господарський суд міста Києва**

**Позивач:**
*Найменування:* Товариство з обмеженою
відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул.
Народного ополчення, буд.1
*Ідентифікаційний код юридичної особи*
23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк",
МФО 300346

**Відповідач 1:**
Закрите акціонерне товариство "КИЇВСТАР
Дж. Ес. Ем."
*Місцезнаходження:* 03110, м. Київ,
Червонозоряний проспект, 51.
*Ідентифікаційний код юридичної особи*
21673832
п/р 26007011250098 в Філія АКІБ
"УкрСиббанк" "Київське регіональне
управління, МФО 300733

**Відповідач 2:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а.
*Ідентифікаційний код юридичної особи*
33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

**Відповідач 3:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а
*Ідентифікаційний код юридичної особи*
33306958
п/р 26005200311019 в Сітібанк (Україна),
МФО 300584

1

## ПОЗОВНА ЗАЯВА
### про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії

Позивач є акціонером Відповідача 1, якому належить 43,4823 % акцій.

У відповідності до Цивільного кодексу України, Господарського кодексу України, Закону України "Про господарські товариства" Позивач має право на управління Відповідачем 1, як один з членів вищого органу управління Відповідача 1 – загальних зборів акціонерів.

Порядок управління Відповідачем 1 згідно зі ст.4 Закону України "Про господарські товариства" встановлюється в Статуті та установчому договорі, який повинен містити компетенцію органів управління та порядок прийняття ними рішень. Позивачем, як акціонером Відповідача 1, було ухвалено статут Відповідача 1 та визначено компетенцію органів управління Відповідача 1. Зокрема, п.9.10 Статуту було встановлено, що: "...належать до виключної компетенції Ради ...:

...

(п) призначення незалежних аудиторів Товариства".

Ст.161 ЦК України визначено повноваження виконавчого органу акціонерного товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган діє від імені акціонерного товариства в межах, встановлених статутом і законом.

Проте, як стало відомо Позивачу, Відповідач 1 діяв та діє всупереч вимогам Статуту, систематично ігнорував та ігнорує його положення, порушував та порушує законодавство України, права Позивача на участь в управлінні Відповідачем 1.

Так, Відповідачем 1 (в особі представника Тронд Мое) Відповідача 2 та Відповідача 3 було призначено аудиторами Відповідача 1 та підписано договір про надання професійних послуг №9331 від 06.01.2006 року (з Відповідачем 2, та Відповідачем 3), надалі "Спірний договір 1", та договір про надання професійних послуг №12352 від 03.05.2006 року (з Відповідачем 3), надалі "Спірний договір 2", а також частково було здійснено їх виконання.

Проте вказані дії Відповідачів є незаконними, а спірні договори є недійсними правочинами з огляду на таке.

Так, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна мати необхідний обсяг цивільної дієздатності.

Права та обов'язки юридична особа набуває через свої органи, які діють відповідно до установчих документів та закону.

2

Підставою недійсності правочину згідно зі ст.215 ЦК України є недодержання в момент вчинення правочину стороною вимог, визначених зокрема в частинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без необхідного обсягу своєї цивільної дієздатності (з перевищенням повноважень).

Отже представник Відповідача 1 Тронд Мое не мав достатнього обсягу цивільної дієздатності для призначення Відповідачів 2 та 3 аудиторами Відповідача 1. Ані Відповідач 1, ані представник Відповідача 1 Тронд Мое не мали достатніх повноважень для укладання спірних договорів за відсутності рішення Ради Відповідача 1 про призначення аудиторів, що беззаперечно свідчить про необхідність визнання їх недійсними, а дії по призначенню аудиторів виконавчим органом Відповідача 1 та укладанню з ними спірних договорів незаконними.

Згідно зі ст.216 ЦК України недійсний правочин не створює жодних юридичних наслідків, крім тих, що пов'язані з його недійсністю. Отже у Відповідачів відсутні будь-які підстави для продовження дій по виконанню спірних договорів, будь-які подібні дії повинні бути припинені, а кожна зі сторін повинна повернути іншій стороні все одержане за спірними договорами.

Разом з тим, слід зазначити, що у відповідності до ст.18 Закону України "Про господарські товариства" звітність товариства повинна бути підтверджена аудитором (аудиторською фірмою).

Ст.20 Закону України "Про аудиторську діяльність" передбачено, що аудит проводиться на підставі договору.

Ст.28 Закону України "Про аудиторську діяльність" передбачено, що суб'єкт, для якого обов'язковість проведення аудиту встановлена законодавством, зобов'язаний повідомити про укладення договору відповідну податкову інспекцію про укладання договору на проведення аудиту до 01 грудня.

Оскільки для Відповідача 1 встановлена обов'язковість проведення аудиту, адже ст.40 Закону України «Про цінні папери та фондовий ринок» передбачено, що емітент (в даному випадку Відповідач 1) повинен надати Державній комісії з цінних паперів та фондового ринку аудиторський висновок до 30 квітня наступного за звітним року, то Відповідач 1 зобов'язаний був призначити аудитора та укласти з ним відповідний договір до 01.12.2006 року про що повинен був повідомити податкову інспекцію, де він перебуває на обліку, до 01.12.2006 року.

На порушення вказаних норм законодавства Відповідач 1 не призначив аудитора на 2006 рік, та, як наслідок, не уклав з ним договір про проведення аудиту, не надіслав про це повідомлення в податкову інспекцію. Це може негативно позначитися на його діяльності та завдати збитків як самому Відповідачу 1, так і Позивачу, як акціонеру Відповідача 1, оскільки може безпосередньо вплинути на розмір прибутку, що підлягає розподіленню між акціонерами

Ст.124 Конституції України передбачає, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі, зокрема й ті, що склалися в даному випадку.

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист особа здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених прав і охоронюваних законом інтересів.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.13, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20, ст.28 Закону України "Про аудиторську діяльність", ст.40 Закону України «Про цінні папери та фондовий ринок", ст.4, ст.18 Закону України "Про господарські товариства" ст.83, ст.84 Господарського процесуального кодексу України,

## ПРОСИМО:

- визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року;

- визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року;

- визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію;

- покласти на Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариство з обмеженою відповідальністю "Ернст енд Янг" солідарний обов'язок по відшкодуванню Товариству з обмеженою відповідальністю "Сторм" судових витрат в співвідношенні 80%, 10%, 10% відповідно.

Додатки:
1. Копія статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
2. Копія договору про надання професійних послуг №9331 від 06.01.2006 року;
3. Копія договору про надання професійних послуг №12352 від 03.05.2006 року;
4. Докази направлення копії позовної заяви та доданих документів (яких немає у відповідачів) відповідачам.
5. Докази про оплату державного мита;
6. Докази про оплату витрат на інформаційно-технічне забезпечення судового процесу;

Клименко В.В.
Генеральний директор.

**February 5, 2007**

**Lugansk Region Court of Appeals**
4 Kotsyubynskogo St., Lugansk, 91016

*through*

**Krasnolutsky City Court of Lugansk Region**
2 Simferopolska St., Krasny Luch Town, Lugansk
Region, 94506

**Appellant:**     **Trond Moe**
Mailing address:
Shevchenko Didkovskiy & Partners, *Attorneys and
Counselors at Law*, 2A Kostyantynivska St., Kyiv
04071, Ukraine

**Attorney-in-Fact for the Appellant:**     **Oleksiy Volodymyrovych Didkovskiy**
Mailing address:
Shevchenko Didkovskiy & Partners, *Attorneys and
Counselors at Law*, 2A Kostyantynivska St., Kyiv
04071, Ukraine

**Claimant:**     **Alpren Limited**
3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

**Respondent 1:**     **Vadym Viktorovych Klymenko**
17B Gorkogo St., apt. 21, Kyiv, 01001

**Respondent 2:**     **Trond Moe**
Mailing address:
Shevchenko Didkovskiy & Partners, *Attorneys and
Counselors at Law*, 2A Kostyantynivska St., Kyiv
04071, Ukraine

**Respondent 3:**     **Limited Liability Company "Ernst & Young
Audit Services"**
19a Khreschatyk St., Kyiv, 01001
Identification code: 33306921
Current account No. 26008200313003 in Citibank
(Ukraine),
MFO code 300584

**Respondent 4:**     **Limited Liability Company "Ernst & Young"**
19a Khreschatyk St., Kyiv, 01001
Identification code: 33306958
Current account No. 26005200311019 in Citibank
(Ukraine),
MFO code 300584

**Respondent 5:**     **Limited Liability Company "Storm"**
1 Narodnogo Opolchennya St., Kyiv, 03151

**Respondent 6:**   **Closed Joint Stock Company "Kyivstar G.S.M."**
51 Chervonozoryany Prospect, Kyiv, 03110
Identification code: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB
"UkrSibbank", MFO code 300733

**Subject of appeal:**   Decree of the Krasnolutsky City Court of Lugansk
Region in Case No. 2-959/07 regarding
commencement of proceedings in the case

## STATEMENT OF APPEAL
from the Decree of Krasnolutsky City Court of Lugansk Region in Case No. 2-959/07, regarding
the commencement of proceedings in the Case
*(pursuant to Article 292 of the Civil Procedure Code of Ukraine)*

The Krasnolutsky City Court of Lugansk Region has issued a decree on the commencement of proceedings in Case No. 2-959/07 arising from a claim filed by Alpren Limited against Vadym Viktorovych Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", LLC "Storm" and CJSC "Kyivstar G.S.M.". Alpren asks the court to declare agreements null and void, to declare actions unlawful and to compel to take actions.

The Appellant calls attention to the fact that the filing of a claim constitutes a breach under agreement between Telenor Mobile Communications AS ("Telenor") and LLC "Storm", and the case involving such breach is being arbitrated in New York, State of New York, the United States of America.

The Appellant argues that the decree to commence proceedings in Case No. 2-959/07 has been issued in violation of applicable norms of the Civil Procedure Code of Ukraine (hereinafter referred to as the "**CPC of Ukraine**") and is to be cancelled on the following grounds.

Article 16 of the Commercial Procedure Code of Ukraine provides that disputes related to the creation, operation, management and dissolution of a business association between the business association and its participant (founder, shareholder), including a participant who withdrew from that association, as well as among its participants (founders, shareholders), fall within the exclusive jurisdiction of a commercial court at the location of such business association, as such location is reflected in the EDRPOU [the Unified State Register of Enterprises and Organizations of Ukraine].

Alpren Limited (the claimant) is a participant of LLC "Storm" (a respondent), and such participation is acknowledged by the respondent.

Pursuant to Article 62 of the Law of Ukraine "On Business Associations", a limited liability company should form its executive body, i.e., a collective body (Board of Directors) or a sole executive body (director). The Board should be chaired by a general director. Members of such executive body need not necessarily be participants of the company.

Vadym V. Klymenko is the general director of LLC "Storm".

Thus, the claim of Alpren for declaring actions of Klymenko and actions of LLC "Storm" unlawful and for compelling Klymenko and LLC "Storm" to take actions is a dispute that relates to the management and operation of LLC "Storm" and its governing bodies.

Hence, this case involves a dispute between the business association (LLC "Storm") and its participant (Alpren Limited) regarding the management and operations of such business association.

Besides, the appealing of audit services agreements directly relates to the management of CJSC "Kyivstar G.S.M." and to corporate relations between Telenor Mobile Communications AS

2

and LLC "Storm" as the shareholders of CJSC "Kyivstar G.S.M.".

Thus, Part 1 of Article 3 of the Commercial Code of Ukraine defines business activity as activity of business entities in the sphere of public production, aimed at the production and sale of products, performance of works or provision of services which have certain value reflected in their price.

Pursuant to Article 1 of the Law of Ukraine "On Accounting and Financial Reporting in Ukraine", financial statements are accounts that contain information about financial standing, business results and cash-flow of a company in any accounting period.

Hence, the making of financial statements by a business association is an intrinsic aspect of its business activity.

Pursuant to Article 18 of the Law of Ukraine "On Business Associations", a company should keep books and records, prepare and furnish statistical information and administrative data in accordance with the procedure established by applicable law. An auditor (audit firm) should verify whether such annual financial statements of a company are true and complete. Compulsory audit of annual financial statements of the companies with annual turnover of less than two hundred and fifty tax-free minimum incomes should be carried out once per three years.

Pursuant to Article 20 of the Law of Ukraine "On Audit and Auditing Activity", audits are to be conducted under agreement between an auditor (audit firm) and a client.

Given the foregoing, the existing relations between CJSC "Kyivstar G.S.M." and its relevant auditors seem to be part of their business relations.

**Therefore, Krasnolutsky City Court of Lugansk Region does not have jurisdiction over the said dispute, and such dispute has to be decided by a court at the locale of LLC "Storm" and CJSC "Kyivstar G.S.M.", i.e., by the Kyiv City Commercial Court.**

Furthermore, pursuant to Article 122 of the CPC of Ukraine, a judge is to reject to initiate proceedings if a claim is not subject to judicial resolution through civil proceedings.

Pursuant to Article 12 of the Commercial Procedure Code of Ukraine, commercial courts have jurisdiction over cases arising from corporate relations and disputes, other than labor disputes, between a business association and its participant (founder, shareholder), including a participant who withdrew from association, as well as among its participants (founders, shareholders), where such disputes relate to the creation, operation, management and dissolution of such association.

Taking into account that Case No. 2-959/07 relates to the resolution of a dispute between the business association and its participant, such case may not be decided in civil proceedings.

Pursuant to Article 205 of the CPC of Ukraine, the court decrees to discontinue proceedings in a case if such case is not subject to resolution in civil proceedings.

**Therefore, the decree of Krasnolutsky City Court of Lugansk Region in Case No. 2-959/07 regarding the commencement of proceedings in the case has been issued in violation of Article 122 of the CPC of Ukraine.**

Pursuant to Article 293 of the CPC of Ukraine, decrees of a court of first instance regarding the commencement of proceedings in conflict with jurisdiction rules may be appealed apart from a court judgment.

Given the foregoing and governed by Articles 122, 205, 293, 294, 295, 296 and 312 of the Civil Procedure Code of Ukraine, and by Articles 12 and 16 of the Commercial Procedure Code of Ukraine,

**YOU ARE HEREBY REQUESTED TO:**

1. Reverse the decree of the Krasnolutsky City Court of Lugansk Region on the commencement of proceedings in Case No. 2-959/07 arising from a claim by Alpren Limited against Vadym Viktorovych Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", LLC "Storm" and CJSC "Kyivstar G.S.M.", for declaring agreements null and void, declaring actions unlawful and compelling to take actions.

2. Close the proceedings in Case No. 2-959/07 arising from a claim by Alpren Limited against Vadym Viktorovych Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", LLC "Storm" and CJSC "Kyivstar G.S.M.", for declaring agreements null and void, declaring actions unlawful and compelling to take actions.

3. Deny the commencement of proceedings in a case to arise from a claim by Alpren Limited against Vadym Viktorovych Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", LLC "Storm" and CJSC "Kyivstar G.S.M.", for declaring agreements null and void, declaring actions unlawful and compelling to take actions.

**ANNEXES:**

1. Evidence of payment of claim costs.
2. Evidence of payment of costs for information and technical support of the legal process.
3. Copy of power of attorney.
4. Copies of statement of appeal with annexes for the parties of the case.

**On behalf of Trond Moe**
**Attorney-in-Fact**                    *[signature]*            **O.V. Didkovskiy**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Appeal, dated February 5, 2007, from the Decree of Krasnolutsky City Court of Lugansk Region in Case No. 2-959/07, regarding the commencement of proceedings in the Case, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

4

5 лютого 2007 року

**Апеляційний суд Луганської області**
91016, м. Луганськ, вул. Коцюбинського, 4

*через*

**Краснолуцький міський суд Луганської області**
94506, Луганська обл., м. Красний Луч,
вул. Сімферопольська, 2

**Скаржник:** **Тронд Мое (Trond Moe)**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А,
Адвокатське об'єднання "Юридична фірма
"Шевченко, Дідковський і Партнери"

**Представник скаржника:** **Дідковський Олексій Володимирович**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А,
Адвокатське об'єднання "Юридична фірма
"Шевченко, Дідковський і Партнери"

**Позивач:** **Альпрен Лімітед (Alpren Limited)**
3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus (Кіпр)

**Відповідач 1:** **Клименко Вадим Вікторович**
01001, м. Київ, вул. Горького, 17 Б, кв. 21

**Відповідач 2:** **Тронд Мое (Trond Moe)**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А,
Адвокатське об'єднання "Юридична фірма
"Шевченко, Дідковський і Партнери"

**Відповідач 3:** **Товариство з обмеженою відповідальністю
"Ернст енд Янг Аудиторські Послуги"**
01001 м. Київ, вул. Хрещатик, 19а.
Ідентифікаційний код: 33306921
п/р 26008200313003 в Сітібанк (Україна)
МФО 300584

**Відповідач 4:** **Товариство з обмеженою відповідальністю
"Ернст енд Янг"**
01001 м. Київ, вул. Хрещатик, 19а
Ідентифікаційний код: 33306958
п/р 26005200311019 в Сітібанк (Україна)
МФО 300584

**Відповідач 5:** **Товариство з обмеженою відповідальністю
"Сторм"**
03151, м. Київ, вул. Народного Ополчення, 1

**Відповідач 6:**  **Закрите акціонерне товариство "Київстар Дж.Ес.Ем."**

03110 м. Київ, Червонозоряний проспект, 51
Ідентифікаційний код: 21673832
п/р 26007011250098 в Філії АКІБ "УкрСиббанк" Київське регіональне управління, МФО 300733

**Предмет оскарження:**  Ухвала Краснолуцького міського суду Луганської області у справі № 2-959/07 про відкриття провадження у справі

## АПЕЛЯЦІЙНА СКАРГА

на ухвалу Краснолуцького міського суду Луганської області
у справі № 2-959/07 про відкриття провадження у справі
*(в порядку ст. 292 Цивільного процесуального кодексу України)*

Ухвалою Краснолуцького міського суду Луганської області було відкрито провадження у справі № 2-959/07 за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Моє, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

Скаржник звертає увагу на те, що подання позову у цій справі є порушенням угоди між Теленор Мобайл Ком'юнікейшнз АС та ТОВ "Сторм", яка є предметом арбітражного розгляду, що ведеться у Нью-Йорку, штат Нью-Йорк, Сполучені Штати Америки.

Скаржник вважає, що ухвала про відкриття провадження у справі № 2-959/07 винесена з порушенням норм Цивільного процесуального кодексу України (надалі – **"ЦПК України"**) та підлягає скасуванню з наступних підстав.

Статтею 16 Господарського процесуального кодексу України встановлена виключна підсудність справ господарським судам за місцезнаходженням господарського товариства згідно з ЄДРПОУ, у спорах між господарським товариством та його учасником (засновником, акціонером), у тому числі учасником, який вибув, а також між учасниками (засновниками, акціонерами) господарського товариства, що пов'язані із створенням, діяльністю, управлінням та припиненням діяльності цього товариства.

Альпрен Лімітед (позивач) є учасником ТОВ "Сторм" (відповідача), що не заперечується самим позивачем.

Відповідно до ст. 62 Закону України "Про господарські товариства", у товаристві з обмеженою відповідальністю створюється виконавчий орган: колегіальний (дирекція) або одноособовий (директор). Дирекцію очолює генеральний директор. Членами виконавчого органу можуть бути також і особи, які не є учасниками товариства.

Клименко Вадим Вікторович є генеральним директором ТОВ "Сторм".

Таким чином, позовні вимоги Альпрен Лімітед про визнання дій Клименко В.В. та ТОВ "Сторм" незаконними, а також про зобов'язання Клименко В.В. та ТОВ "Сторм" вчинити дії є спором щодо управління та діяльності ТОВ "Сторм" та його органів управління.

Отже, розгляд даної справи, пов'язаний з вирішенням спору між господарським товариством (ТОВ "Сторм") та його учасником (Альпрен Лімітед) щодо питань діяльності та управління господарським товариством.

Крім того, оскарження договорів про надання аудиторських послуг безпосередньо пов'язаний з управлінням ЗАТ "Київстар Дж.Ес.Ем." та корпоративними

2

відносинами між акціонерами ЗАТ "Київстар Дж.Ес.Ем." – Теленор Мобайл Ком'юнікейшнз АС та ТОВ "Сторм".

Так частина 1 ст. 3 Господарського кодексу України визначає господарську діяльність як діяльність суб'єктів господарювання у сфері суспільного виробництва, спрямовану на виготовлення та реалізацію продукції, виконання робіт чи надання послуг вартісного характеру, що мають цінову визначеність.

Згідно ст. 1 Закону України "Про бухгалтерський облік та фінансову звітність в Україні", фінансова звітність – це, бухгалтерська звітність, що містить інформацію про фінансове становище, результати діяльності та рух грошових коштів підприємства за звітний період.

Отже, фінансова звітність господарського товариства є одним із аспектів ведення ним господарської діяльності.

Відповідно до ст. 18 Закону України "Про господарські товариства", товариство веде бухгалтерський облік, складає і подає статистичну інформацію та адміністративні дані у порядку, встановленому законодавством. Достовірність та повнота річної фінансової звітності товариства повинні бути підтверджені аудитором (аудиторською фірмою). Обов'язкова аудиторська перевірка річної фінансової звітності товариств з річним господарським оборотом менш як двісті п'ятдесят неоподаткованих мінімумів проводиться один раз на три роки.

Згідно ст. 20 Закону України "Про аудит і аудиторську діяльність", аудит проводиться на підставі договору між аудитором (аудиторською фірмою) та замовником.

З вищезазначеного вбачається, що відносини, які складаються між ЗАТ "Київстар Дж.Ес.Ем." та його відповідними аудиторами, складають частину їх господарських відносин.

**Таким чином, розгляд даного спору непідсудний Краснолуцькому міському суду Луганської області, та має розглядатися за місцем знаходження ТОВ "Сторм" і ЗАТ "Київстар Дж.Ес.Ем.", а саме – Господарським судом м. Києва.**

До того ж, відповідно до ст. 122 ЦПК України, суддя відмовляє у відкритті провадження у справі, якщо заява не підлягає розгляду в судах у порядку цивільного судочинства.

Відповідно до ст. 12 Господарського процесуального кодексу України, господарським судам підвідомчі справи, що виникають з корпоративних відносин в спорах між господарським товариством та його учасником (засновником, акціонером), у тому числі учасником, який вибув, а також між учасниками (засновниками, акціонерами) господарських товариств, що пов'язані із створенням, діяльністю, управлінням та припиненням діяльності цього товариства, крім трудових спорів.

Враховуючи що, розгляд справи № 2-959/07, пов'язаний з вирішенням спору між господарським товариством та його учасником, дана справа не може бути вирішена в порядку цивільного судочинства.

Відповідно до ст. 205 ЦПК України, суд своєю ухвалою закриває провадження у справі, якщо справа не підлягає розгляду в порядку цивільного судочинства.

**Таким чином, ухвала Краснолуцького міського суду Луганської області у справі № 2-959/07 про відкриття провадження у справі винесена з порушенням ст. 122 ЦПК України.**

Відповідно до ст. 293 Цивільного процесуального кодексу України, окремо від рішення суду можуть бути оскаржені в апеляційному порядку ухвали суду першої інстанції щодо відкриття провадження у справі з недотриманням правил підсудності.

Враховуючи вищезазначене та керуючись ст.ст. 122, 205, 293, 294, 295, 296, 312 Цивільного процесуального кодексу України, ст.ст. 12, 16 Господарського процесуального кодексу України, -

**ПРОШУ:**

1.    Скасувати ухвалу Краснолуцького міського суду Луганської області про відкриття провадження у справі № 2-959/07 за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

2.    Закрити провадження у справі № 2-959/07 за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

3.    Відмовити Альпрен Лімітед у відкритті провадження у справі за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

**ДОДАТКИ:**

1.    Доказ сплати судового збору.
2.    Доказ сплати витрат на інформаційно-технічне забезпечення процесу.
3.    Копія довіреності.
4.    Копії апеляційної скарги з додатками сторонам у справі.

Від Тронда Мое
представник за довіреністю                                                    Дідковський О.В.

4

Case No. 2-959/06

**DECREE**
**on the Commencement of Proceedings in the Case**

On January 31, 2007, I.G. Bychkov, a judge of Krasnolutsky City Court of Lugansk Region, upon examination of a statement of claim filed by Limited Liability Company "Alpren Limited" against Vadym Viktorovych Klymenko, Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking [certain] agreements to be recognized as null and void, [certain] actions to be recognized as unlawful and taking of [certain] actions to be compelled,

**HAS ESTABLISHED THAT:**

On January 31, 2007, Limited Liability Company "Alpren Limited" lodged a statement of claim with the Krasnolutsky City Court of Lugansk Region against Vadym Viktorovych Klymenko, Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", seeking [certain] agreements to be recognized as null and void, [certain] actions to be recognized as unlawful and taking of [certain] actions to be compelled.

Besides, on January 31, 2007, Alpren Limited filed with the Krasnolutsky City Court a petition for injunctive relief, asking the court to:

- enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (located at 19-A Khreschatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (located at 19-A Khreschatyk St., Kyiv, 01001) and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, enjoin from providing and receiving any information on financial and commercial activity of CJSC "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports, letters (except where such submission to the governmental authorities of Ukraine is required by applicable law);

- enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (located at 19-A Khreschatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (located at 19-A Khreschatyk St., Kyiv, 01001) and any of their respective authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M.", from using, in whatever manner, the financial statements, reports, documents or information they have already obtained from each other;

- enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110) from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

In its statement of claim and petition for injunctive relief, the claimant has failed, for reasons unknown to the court, to indicate the place of residence or location of Vadym Viktorovych Klymenko. However, the documents attached to the statement of claim contain a photocopy of Passport series CH No. 556395, issued on September 23, 1997, by the Pechersky RU GU of the Ministry of Interior of Ukraine in the City of Kyiv to Vadym Viktorovych Klymenko, born on May 22, 1976 in the city of Kyiv, whose registered place of residence since February 25, 2000 has been, in accordance with the stamp and record on page 11 "PLACE OF RESIDENCE" of the Passport, as follows: apartment No. 29, 1-A building, housing estate 4, city of Krasny Luch, Lugansk Region.

In accordance with Part 1 of Article 113 of the Civil Procedure Code of Ukraine, claims against more than one respondent should be filed, at the discretion of the claimant, at the place of residence or location of one of the respondents. This rule applies to the filing of claims against individuals and legal entities. If the claim is lodged against several respondents (individuals, legal entities, individuals and legal entities) residing in different locations, the claim should be lodged, at the claimant's discretion, at the place of residence of one of the respondents. That is, when a statement of claim is filed against several respondents (individuals, legal entities, individuals and legal entities), the first to appear in the statement should be the respondent at whose place of residence or location the claim is filed. The filing by one claimant of claims against two respondents is deemed practicable as it helps save on expenses for technical support of proceedings, save time and preclude controversial decisions on the same matters.

In accordance with Part 1 of Article 122 of the Civil Procedure Code of Ukraine, a judge shall commence proceedings in a civil case only on the basis of a statement of claim that has been filed

and completed in accordance with the procedure established by the Civil Procedure Code of Ukraine. The aforementioned statement of claim complies with the requirements set forth in Articles 119 and 120 of the Civil Procedure Code of Ukraine, and there appear to be no grounds to discontinue the examination of the statement of claim, to return the same or to deny commencing proceedings in a civil case.

Given the foregoing and governed by Articles 3, 11, 119-122, 129 and 210 of the Civil Procedure Code of Ukraine, -

### I HAVE HEREBY RULED TO:

Commence proceedings in the case arising from a statement of claim filed by Limited Liability Company "Alpren Limited" against Vadym Viktorovych Klymenko, Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", in which the court is asked to recognize [certain] agreements as null and void, to recognize [certain] actions as unlawful and to compel to take [certain] actions.

Hold a preliminary court hearing on February 20, 2007, at 9 a.m. in the premises of the Krasnolutsky City Court of Lugansk Region (courtroom No. 1), and call the parties to appear for the hearing.

Serve on the respondents a copy of the statement of claim, together with copies of the documents attached thereto, and invite the respondents to file, prior to February 20, 2007, their statements of defense and references to appropriate evidences.

Serve a copy of the Decree on the parties to the case.

This Decree may be appealed, in accordance with the procedure established by law and within a prescribed period, only to the extent it is in conflict with jurisdiction rules, and, otherwise, it is not subject to appeal.


Judge            *[signature]*


*I, Alexandr Vyacheslavovich Malevskiy, received a copy of the Decree on the Commencement of Proceedings in civil case No. 2-959/06, dated January 31, 2007, and subpoena to appear in court on February 20, 2007, at 9 a.m.*

*[signature]*

February 6, 2007


True to the original
*[seal of the Krasnolutsky City Court of Lugansk Region]*
*Judge [signature]*


2

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Krasnolutsky City Court of Lugansk Region on the Commencement of Proceedings in the Case, dated January 31, 2007, regarding case No. 2-959/06, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

3

Справа № 2-959/06

### УХВАЛА
#### про відкриття провадження у справі

31 січня 2007 року суддя Краснолуцького міського суду Луганської області Бичков І. Г., розглянувши позовну заяву товариства з обмеженою відповідальністю "Альпрен лімітед" до Клименко Вадима Вікторовича, Тронда Мое, закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем. ", товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські послуги", товариства з обмеженою відповідальністю "Ернст енд Янг" про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії, -

### ВСТАНОВИВ:

31.01.2007 року товариство з обмеженою відповідальністю "Альпрен лімітед" звернулося до Краснолуцького міського суду з позовною заявою до Клименко Вадима Вікторовича, Тронда Мое, закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем. ", товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські послуги", товариства з обмеженою відповідальністю "Ернст енд Янг" про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

Крім того, 31.01 2007 року товариство з обмеженою відповідальністю "Альпрен лімітед" звернулося до Краснолуцького міського суду з заявою про забезпечення позову, в якій воно просить суд:

- заборонити до вирішення цієї справи по суті закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51) , товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19-А) , товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19-А) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." , вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ "КИЇВСТАР Дж. Ес. Ем." , в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти, листи (окрім таких, що подаються до державних органів України на виконання вимог чинного законодавства) ;

- заборонити до вирішення цієї справи по суті закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51) , товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19-А) , товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19-А) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб;

- заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес Ем." (03110, м. Київ, Червонозоряний проспект, 51) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Позивач у своїй позовній заяві, а також в заяві про забезпечення позову, з невідомих суду причин, не зазначив адреса місця проживання або місцезнаходження Клименка Вадима Вікторовича. Але в документах, доданих до позовної заяви міститься ксерокопія паспорту серії СН 556395, виданого 23 вересня 1997 року Печерським РУ ГУ МВС України в місті Києві на ім'я Клименка Вадима Вікторовича, 22 травня 1976 року народження, уродженця м. Києва, який згідно штампу та відмітки на сторінці 11 в розділі "МІСЦЕ ПРОЖИВАННЯ" вказаного паспорта зазначений як прописаний з 25 лютого 2000 року за адресою: Луганська область, місто Красний Луч, мікрорайон 4, будинок № 1-А, квартира № 29.

Згідно ч. 1 ст. 113 ЦПК України позови до кількох відповідачів, які проживають або знаходяться в різних місцях, пред'являються за місцем проживання або місцезнаходженням одного з відповідачів за вибором позивача. В даній нормі йдеться про пред'явлення позову до фізичних та юридичних осіб. Так, якщо позов адресовано до кількох відповідачів (фізичних осіб, юридичних осіб, фізичних та юридичних осіб), які проживають в різних місцях, він пред'являється за місцем проживання одного з відповідачів за вибором позивача. Тобто коли подається позовна заява, адресована до кількох відповідачів (фізичних осіб, юридичних осіб, фізичних та юридичних осіб) , то першим у ній зазначається відповідач, за місцем проживання або місцезнаходження якого пред'являється позов. Доцільність пред'явлення таких позовних заяв одного позивача до двох відповідачів зумовлена економією процесуальних засобів, часу, виключенням випадків постановлення рішень, які суперечать одне одному з тих самих питань.

Відповідно до ч. 1 ст. 122 ЦПК України суддя відкриває провадження у цивільній справі не інакше як

на підставі заяви, поданої і оформленої в порядку, встановленому ЦПК України. Зазначена позовна заява відповідає вимогам ст. ст. 119, 120 ЦПК України, підстав для залишення позовної заяви без руху, повернення позовної заяви або для відмови у відкритті провадження у цивільній справі не вбачається.

На підставі вищевикладеного, керуючись ст. ст. 3, 11, 119-122, 129, 210 ЦПК України, –

### УХВАЛИВ:

Відкрити провадження у справі за позовною заявою товариства з обмеженою відповідальністю "Альпрен лімітед" до Клименка Вадима Вікторовича, Тронда Моє, закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем. ", товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські послуги" , товариства з обмеженою відповідальністю "Ернст енд Янг" про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії

Призначити попереднє судове засідання на 20.02.2007 року на 9 год 00 хв у приміщенні Краснолуцького міського суду Луганської області (у залі судових засідань № 1) з викликом сторін.

Направити відповідачам копію позовної заяви з копіями доданих до неї документів та запропонувати подати у строк до 20.02.2007 року письмові заперечення проти позову та посилання на докази, якими вони обґрунтовуються.

Копію ухвали направити сторонам у справі.

Ухвала може бути оскаржена лише щодо недотримання правил підсудності у встановлений законом строк і порядок. в іншій його частині ухвала оскарженню не підлягає.

Суддя:



Копию определения об открытие производства от 31.01.2007г, по гражданскому делу номер 2-959/06 и повестку о вызове в судебное заседание на 9⁰⁰, на 20.02.2007г получил , Молевкин Александр Вас вович

06.02.2007г.

Згідно з оригіналом.

Суд...

February 8, 2007

**To:**  **Krasnolutsky City Court of Lugansk Region**
2 Simferopolska St., Krasniy Luch
Lugansk Region, 94506

**Applicant:**  **Trond Moe**
Postal address:
Attorneys' Partnership "Law Firm "Shevchenko Didkovskiy
& Partners"
2A Kostyantynivska St., Kyiv, 04071

**Claimant's Attorney-in-Fact:**  **Andriy M. Pozhydayev**
Postal address:
Attorneys' Partnership "Law Firm "Shevchenko Didkovskiy
& Partners"
2A Kostyantynivska St., Kyiv, 04071

**Case No. 2-959/07**

**MOTION**
to review the case files
*(in the manner provided for by Article 27 of the Code of Civil Procedure of Ukraine)*

The Krasnolutsky City Court of Lugansk Region is reviewing case No. 2-959/07 initiated upon the claim brought by Alpren Limited against Vadym V. Klymenko, Trond Moe, LLC "Ernst & Young Audit Services". LLC "Ernst & Young", CJSC "Kyivstar G.S.M.", seeking [certain] agreements to be adjudicated null and void, [certain] actions to be adjudicated as unlawful, and certain actions to be compelled.

Considering the foregoing and based on Article 27 of the Code of Civil Procedure of Ukraine, –

**YOU ARE HEREBY REQUESTED TO:**

1.  Make available for review the files of case No. 2-959/07 initiated upon the claim brought by Alpren Limited against Vadym V. Klymenko, Trond Moe, LLC "Ernst & Young Audit Services", LLC "Ernst & Young", CJSC "KYIVSTAR G.S.M.", seeking [certain] agreements to be adjudicated null and void, [certain] actions to be adjudicated as unlawful, and certain actions to be compelled.

2.  Allow the use of office equipment when reviewing the files of case No. 2-959/07.

Annex:  a copy of Power of Attorney

**Attorney-in-Fact of**
**Trond Moe**

*[signature]*  **A.M. Pozhydayev**

*[Stamp: Krasnolutsky City Court of*
*Lugansk Region*
*Identification code 03281314*
*RECEIVED*
*February 08, 2007*
*Signature: Zhuchenko]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Motion to Krasnolutsky City Court of Lugansk Region to review the case files, dated February 8, 2007, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

8 лютого 2007 року

**Краснолуцький міський суд Луганської області**
94506, Луганська обл., м. Красний Луч, вул. Сімферопольська, 2

Скаржник:    **Тронд Мое (Trond Moe)**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А, Адвокатське об'єднання "Юридична фірма "Шевченко, Дідковський і Партнери"

Представник скаржника:    **Пожидаєв Андрій Миколайович**
Адреса для листування:
04071, м. Київ, вул. Костянтинівська, 2А, Адвокатське об'єднання "Юридична фірма "Шевченко, Дідковський і Партнери"

**Справа № 2-959/07**

**КЛОПОТАННЯ**
про ознайомлення з матеріалами справи
*(в порядку ст. 27 Цивільного процесуального кодексу України)*

В провадженні Краснолуцького міського суду Луганської області знаходиться справа № 2-959/07 за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

Враховуючи вищезазначене та керуючись ст. 27 Цивільного процесуального кодексу України, -

**ПРОШУ:**

1.    Надати для ознайомлення матеріали справи № 2-959/07 за позовом Альпрен Лімітед до Клименко Вадима Вікторовича, Тронда Мое, ТОВ "Ернст енд Янг Аудиторські Послуги", ТОВ "Ернст енд Янг", ТОВ "Сторм", ЗАТ "Київстар Дж.Ес.Ем." про визнання договорів недійсними, про визнання дій незаконними та про зобов'язання вчинити дії.

2.    Дозволити використання технічних засобів при ознайомленні з матеріалами справи № 2-959/07.

Додаток – копія довіреності.

**Від Тронда Мое**
**представник за довіреністю**                    **Пожидаєв А.М.**

**"APPROVED"**
**by the Interim Head of the State Enforcement**
**Service in the Pechersky District**
**of the City of Kyiv**
**February 13, 2007**
**V.V. Shpakovych**
*[signature, round seal of the State Enforcement*
*Service in the Pechersky District of the City of*
*Kyiv]*

**RULING**
**on Termination of Enforcement Proceeding**

**February 13, 2007**                                    **Kyiv**

I, Filonchuk A.V., senior state enforcement officer of the State Enforcement Service in the Pechersky District of the City of Kyiv, in the course of enforcement of Decree No. 2-959/07 issued by the Krasnolutsky City Court of Lugansk Region of January 31, 2007, on adjudication of [certain] agreements as null and void, [certain] actions as unlawful, and compelling [certain] actions to be taken

**HAVE ESTABLISHED THAT:**

The writ of execution has been enforced specifically and in full.

**Considering the foregoing and based on Article 37 of the Law of Ukraine "On Enforcement Proceedings"**

**HAVE RULED TO:**

1.    TERMINATE the enforcement proceedings to enforce Decree No. 2-959/07 issued by the Krasnolutsky City Court of Lugansk Region of January 31, 2007.

2.    Deliver a copy of the Ruling to the parties and the court.

3.    The Ruling may be appealed in the manner established by the Law.

**Senior State Enforcement Officer**        *[signature]*        **A.V. Filonchuk**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Ruling on Termination of Enforcement Proceeding, dated February 13, 2007, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

"ЗАТВЕРДЖУЮ"
Начальник Державної
виконавчої служби у
Печерському
районі міста Києва
13 лютого 2007 року
В.В. Шпакович

ПОСТАНОВА

про закінчення виконавчого провадження

13 лютого 2007 року                                        м. Київ

Мною, старшим державним виконавцем Філончуком А.В. Державної
виконавчої служби у Печерському районі міста Києва при виконанні ухвали від
31.01.2007 № 2-959/07 Краснолуцького міського суду Луганської області про
визнання договорів недійсними, про визнання дій незаконними та про зобов'язання
вчинити дії.

в с т а н о в л е н о:

Виконавчий документ виконано реально, в повному обсязі.

Враховуючи викладене, керуючись ст. 37 Закону України "Про виконавче
провадження"

П О С Т А Н О В И В:

1. Виконавче провадження по примусовому виконанню ухвали від 31.01.2007
№ 2-959/07 Краснолуцького міського суду Луганської області ЗАКІНЧИТИ.

2. Копію постанови направити сторонам, до суду.

3. Постанова може бути оскаржена у встановленому Законом порядку.

Ст. державний виконавець                                   А.В.Філончук

To:    I.G. Bychkov
         Judge of the Krasnolutsky City Court
         of Lugansk Region

From:   Andriy M. Pozhydayev
         of Attorneys' Partnership "Law Firm "Shevchenko
         Didkovskiy & Partners"
         2A Kostyantynivska St., Kyiv, 04071
         Attorney-in-Fact of
         Trond Moe, Applicant

Date: February 20, 2007         Case No.2-959/07

Motion

     On February 5, 2007, the decree on the commencement of proceedings in the case, issued by the Krasnolutsky City Court of Lugansk Regionon January 31, 2007, was appealed.

     On February 12, 2007, the Krasnolutsky City Court of Lugansk Region received the statement of appeal.

     According to Article 296 of the Code of Civil Procedure of Ukraine, upon receipt of all statements of appeal on a case from the parties which served petitions on subsequent appeal, or after three days upon expiry of the term within which appeals are allowed, a court of first instance shall send them along with the case files to the appellate court.

     According to part 2 of Article 294 of the Code of Civil Procedure of Ukraine, the term, within which petitions on subsequent appeal are allowed, expired on February 6, 2007. Accordingly, February 16, 2007 is the final date for filing statements of appeal regarding the decree issued by the Krasnolutsky City Court of Lugansk Region.

     Therefore, by February 19, 2007, the Krasnolutsky City Court of Lugansk Region was obligated to send case No. 2-959/07 to the Lugansk Region Court of Appeals.

     As at February 20, 2007, case No. 2-959/07 along with the statements of appeal has not been sent to the Lugansk Region Court of Appeals.

     Thus, the failure to send case No. 2-959/07 along with the statements of appeal to the Lugansk Region Court of Appeals within the term determined by the requirements of Article 296 of the Code of Civil Procedure of Ukraine constitutes a gross breach of the procedural law rules and gross encroachment upon the applicant's rights.

     Considering the foregoing and based on Articles 27, 294, 296 of the Code of Civil Procedure of Ukraine, –

you are hereby requested to:

     Send case No. 2-959/07 along with the statements of appeal to the Lugansk Region Court of Appeals for resolution on the statements of appeal.

     Annex:      a copy of Power of Attorney

Attorney-in-Fact of
Trond Moe             *[signature]*         A.M. Pozhydayev

*[Stamp: Krasnolutsky City Court of*
*Lugansk Region*
*Identification code 03281314*
*     RECEIVED*
*    February 20, 2007*
*Signature: Zhuchenko          ]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Motion to the Judge of the Krasnolutsky City Court of Lugansk Region, dated February 20, 2007, of which I have seen a copy of the original.

March 7, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

Судді Краснолуцького міського
суду Луганської області
Бичкову З. Г.

Від        представника скаржника
Тронда Мое (Trond Moe)
Пожидаєва Андрія Миколайовича
04071, м. Київ, вул. Костянтинівська, 2 А
Ю. Ю.Ф. Шевченко Дідковський і Партнери.

20 лютого 2007року                справа №2-959/07

Клопотання

5 лютого 2007року на ухвалу краснолуцького міського суду Луганської
області від 31 січня 2007року про відкриття провадження у справі була
подана апеляційна скарга.

12 лютого 2007 року апеляційна скарга була отримана Краснолуцьким
міським судом Луганської області.

Відповідно до ст. 296 ЦПК України, суд першої інстанції по закінченні строку на апеляційне оскарження
направляє скаргу у справі від осіб, які подали заяви про апеляційне оскарження
або через з'ясування закінчення строку на подання апеляційної скарги
надсилає їх разом зі справою до апеляційного суду.

У відповідності до ч.2 ст. 294 ЦПК України, строк на подання заяви
про апеляційне оскарження закінчився 6 лютого 2007року. Відповідно
встановлення днем строку на подання апеляційних скарг на ухвалу
краснолуцького міського суду Луганської області є 16 лютого 2007року.

Отже, 19 лютого 2007року краснолуцький міський суд Луганської
області був зобов'язаний надіслати справу №2-959/07 до Апеляційного
суду Луганської області.

Станом на 20 лютого 2007року справа №2-959/07 разом з апеляційними
скаргами не була надіслана до Апеляційного суду Луганської області.

Таким чином, не надіслання справи №2-959/07 разом з
апеляційними скаргами до Апеляційного суду Луганської області, є грубим
порушенням порядку процесуального законодавства ст.ст. 27, 294, 296 ЦПК
у строк встановлений вимогами ст. 296 ЦПК України, та прав скаржника.

Враховуючи вищезазначене та керуючись ст.ст. 27, 294, 296 ЦПК
України, —

Прошу:

Надіслати справу №2-959/07 разом з апеляційними скаргами
до Апеляційного суду Луганської області для вирішення апеляційних
скарг.

Додаток – копія довіреності

Від Тронда Мое                                    Пожидаєв А.М.
представник за довіреністю

To:     Ye.Yu. Samoylenko
        Chairman of the Krasnolutsky City Court
        of Lugansk Region

From:   Andriy M. Pozhydayev
        of Attorneys' Partnership "Law Firm "Shevchenko
        Didkovskiy & Partners"
        2A Kostyantynivska St., Kyiv, 04071
        Attorney-in-Fact of
        Trond Moe, Applicant

Date: February 20, 2007                 Case No. 2-959/07

Motion

On February 5, 2007, the decree on the commencement of proceedings in the case, issued by the Krasnolutsky City Court of Lugansk Region, was appealed.

On February 12, 2007, the Krasnolutsky City Court of Lugansk Region received the statement of appeal.

According to Article 296 of the Code of Civil Procedure of Ukraine, upon receipt of all statements of appeal on a case from the parties which served petitions on subsequent appeal, or after three days upon expiry of the term within which appeals are allowed, a court of first instance shall send them along with the case files to the appellate court.

According to part 2 of Article 294 of the Code of Civil Procedure of Ukraine, the term, within which petitions on subsequent appeal are allowed, expired on February 6, 2007. Accordingly, February 16, 2007 is the final date for filing statements of appeal regarding the decree issued by the Krasnolutsky City Court of Lugansk Region.

Therefore, according to Article 296 of the Code of Civil Procedure of Ukraine, the Krasnolutsky City Court of Lugansk Region is obligated to send case No. 2-959/07 along with the statements of appeal to the Lugansk Region Court of Appeals for resolution on the statements of appeal.

As of February 20, 2007, case No. 2-959/07 along with the statements of appeal has not been sent to the Lugansk Region Court of Appeals, though the final date for that is February 19, 2007.

Considering the foregoing and based on Articles 27, 294, 296 of the Code of Civil Procedure of Ukraine, –

you are hereby requested to:

Ensure supervision over compliance with Article 296 of the Code of Civil Procedure of Ukraine and further ensure supervision over the dispatch of case No. 2-959/07 along with the statements of appeal to the Lugansk Region Court of Appeals.

Annex:          a copy of Power of Attorney

Attorney-in-Fact of
Trond Moe                    [signature]              A.M. Pozhydayev

[Stamp: Krasnolutsky City Court of
Lugansk Region
Identification code 03281314
            RECEIVED
        February 20, 2007
Signature: Zhuchenko_____]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Motion to the Chairman of the Krasnolutsky City Court of Lugansk Region, dated February 20, 2007, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

Голові Краснолуцького міського
суду Луганської області
Семашенку Є. Ю.

від представника скаржника
Тронда Мое (Trond Moe) Погибаєва Андрія Миколайовича, 2 А,
04071, м. Київ, вул. Костянтинівська,
АО, ЮФ, Шевченко Дідковський і Партнери

20 лютого 2007 року                                  справа № 2-959/07

Клопотання

5 лютого 2007 року на ухвалу Краснолуцького міського суду
Луганської області про відкриття провадження у справі була подана
апеляційна скарга.

12 лютого 2007 року апеляційна скарга була отримана Краснолуцьким
міським судом Луганської області.

Відповідно до ст. 296 ЦПК України, суд першої інстанції після
одержання всіх апеляційних скарг у справі від осіб, які подали заяву
про апеляційне оскарження, або через три дні після закінчення строку
на подання апеляційної скарги надсилає їх разом зі справою
до апеляційного суду.

У відповідності до ч. 2 ст. 294 ЦПК України, строк на подання
заяви про апеляційне оскарження закінчився в лютого 2007 року.

Відповідно останнім днем строку на подання апеляційної
скарг на ухвалу Краснолуцького міського суду Луганської області є
16 лютого 2007 року.

Таким чином, у відповідності до ст. 296 ЦПК України, Красно-
лучанський міський суд зобов'язаний надіслати справу № 2-959/07
разом з апеляційними скаргами до Апеляційного суду Луганської
області для вирішення апеляційних скарг.

Також на 20 лютого 2007 року справа № 2-959/07 разом з
апеляційними скаргами не була надіслана до Апеляційного суду
Луганської області, хоча останнім днем такого надсилання є 16 лютого
2007 року.

Враховуючи зазначене, та керуючись ст. ст. 27, 294, 296 ЦПК України,

Прошу:
Забезпечити нагляд за дотриманням ст. 296 ЦПК України та
забезпечити нагляд за надсиланням справи № 2-959/07 разом з
апеляційними скаргами до Апеляційного суду Луганської області.

З повагою, на довіреності.

Від Тронда Мое                                        Погибаєв А. М.
представник за довіреністю

## SUMMONS TO APPEAR IN COURT

Civil case No. _2-959/07_

Glue
stamp
here

To be served
on person
summoned

_Krasnolutsky City Court_

*name of the person summoned*

Summoned as: _respondent_

To: _____

On case: _initiated upon a claim by_

_Attorney-in-Fact of_

_Alpren Limited_

_Troe Moe_

Time: _9:00_   Date: _February 20, 2007_

Address: _____

At: (location)

Summoned to appear (*relevant to be underlined*)

*residence /registered office/ address*

- at a court session: preliminary court session:
- for deposition.

Address of the court: _____office 23_

_2 Simferopilska St._

_Krasniy Luch_

_Lugansk Region_

A person in receipt of the summons for the absent
person summoned must as soon as practicable
deliver it to the person summoned.

Notes _____

*[signature]*

*signature, family name and initials*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Summons to Appear in Court in civil case No. 2-959/07, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

СУДОВА ПОВІСТКА ПРО ВИКЛИК У СУД

Цивільна справа № *2 - 989 / 04*

Підлягає причинню адресату

*Красноярський*
*районний*
*суд Донецької*
*області*

викликається в якості *відповідач*
у справі *за позовом*
" *Авідзда дилер-тор* "

на *9* год *00* хв *10   02* 200 *6* р.

в _____

Виклик здійснюється _____

у судове засідання, у попереднє судове засідання _____

з зв'язку з необхідністю дата необхідності _____

Пояснення: _____

Адреса суду: *код 03*
*бул. Свердловська, 2*
*вул. Славені  кр.*
*Донецької обл.*

Кому *Агуренко Віктор*
" *Друк лист* "

Куди _____

Особа, яка одержала судову повістку, у зв'язку з відсутністю адресата, за першою можливості повинна вручити її адресату.

Примітка: _____

Місце для марки

**Department of the Ministry of Interior
in the Voroshylovgrad Region**

**RESIDENCE REGISTRATION OFFICE
in the Town of Krasniy Luch**

surname Klymenko    name Vadym    middle name Viktorovych

Date and place of birth: has neither been registered

Registered on: date _____    in city/town/village_____

nor deregistered

Deleted from the records on: date _____    _____

February 20, 2007

Registrar *[signature, round seal of
the Department of the Ministry of
Interior in Lugansk]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Certificate of the Residence Registration Office in the Town of Krasniy Luch, dated February 20, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

УВД Ворошиловградской области

**АДРЕСНЫЙ СТОЛ**

города Красный Луч

Фам. _Кишенко Вадим Викторович_

год в место рождения: _по проверке_

прожив. в _____ 19__ г. село, пос.

_выписке не значится_

выб. в д.н. в _____ 19__ г.

_10 · 01   2005 г_ Регистратор _____

February 1, 2007

**Kyiv City Commercial Court**

**Claimant:**
Name: Alpren Limited
a legal entity under the laws of the Republic of Cyprus
Location: 3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

*[Handwritten: to Domnicheva I.O.*
*[signature]*
*16.02.07]*

**Respondent 1:**
Closed Joint Stock Company "Kyivstar G.S.M."
*Location*: 51 Chervonozoryany Prospect, Kyiv, 03110
*Identification code* of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",
MFO 300733

**Respondent 2:**
*Name*: Limited Liability Company "Ernst & Young Audit
Services"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306921
Current account No. 26008200313003 in Citibank Ukraine,
MFO 300584

**Respondent 3:**
*Name*: Limited Liability Company "Ernst & Young"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306958
Current account No. 26005200311019 in Citibank Ukraine,
MFO 300584

[Stamp: Kyiv City Commercial Court
RECEIVED
February 16, 2007, No. *4264*  Signature *[signed]*]

**STATEMENT OF CLAIM**

**for Recognizing Agreements as Null and Void, Actions as Unlawful
and Compelling to Take Actions**

The Claimant is a founder of LLC "STORM". In its turn, LLC "Storm" is a shareholder of CJSC "Kyivstar G.S.M.", holding 43.4823% of its shares.

In accordance with the Civil Code of Ukraine, the Commercial Code of Ukraine and the Law of Ukraine "On Business Associations", the Claimant is entitled to manage (indirectly, via LLC "Storm") Respondent 1.

In accordance with Article 4 of the Law of Ukraine "On Business Associations", the corporate governance procedures of Respondent 1 should be set forth in the Charter and foundation agreement, which should contain competences and decision-making procedures of its governing bodies. As a shareholder of Respondent 1, LLC "Storm" has approved the charter of Respondent 1 and has determined the powers and authorities of the governing bodies of Respondent 1. Specifically, Section 9.10 of the Charter reads "... shall fall within the exclusive authority of the Board ...:

...

*(j)        the appointment of the Company's external auditors ".*

Article 161 of the Civil Code of Ukraine determines the powers and authorities of the executive body of a joint stock company. Specifically, Part 1 of Article 161 requires the executive body to act on behalf of a joint stock company within the limits established by the charter and applicable law.

However, the Claimant learned that Respondent 1 acted, and continues to act, in conflict with the requirements set forth in the Charter, systematically ignored, and continues to ignore, its provisions, and violated, and continues to violate, the laws of Ukraine and the rights of LLC "Storm" to participate in the management of Respondent 1, and, respectively, the rights of the Claimant to receive its portion of the profit (dividends).

For instance, Respondent 1 (represented by Trond Moe) appointed Respondent 2 and Respondent 3 to serve in the capacity of auditors of Respondent 1, and executed agreement on provision of professional services No. 9331, dated January 6, 2006 (with Respondent 2 and Respondent 3), hereinafter referred to as the "Disputed Agreement 1", and agreement on provision of professional services No. 12352, dated May 3, 2006 (with Respondent 3), hereinafter referred to as the "Disputed Agreement 2", and has partially performed such agreements.

Nonetheless, such acts of the Respondents are illegal and the disputed agreements are not valid for the following reasons.

In accordance with Article 203 of the Civil Code of Ukraine, a person entering into a transaction should have appropriate civil capacity.

A legal entity accrues rights and obligations through its bodies that act in accordance with founding documents and applicable law.

In accordance with Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 – 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

Therefore, Trond Moe, as representative of Respondent 1, did not have appropriate civil capacity to appoint Respondent 2 and Respondent 3 as auditors of Respondent 1. Neither Respondent 1, nor Trond Moe, as representative of Respondent 1, had sufficient authorities to enter into the disputed agreements without a decision of the Board of Respondent 1 on the appointment of auditors, which is a valid ground for holding them [such agreements] null and void and for declaring as unlawful the actions related to the appointment of auditors by the executive body of Respondent 1 and to the execution of disputed agreements with such auditors.

Pursuant to Article 216 of the Civil Code of Ukraine, invalid transaction shall not give rise to any legal consequences, other than those associated with its invalidity. Hence, there are no grounds on which Respondents may continue to take actions aimed at the performance of disputed agreements, any similar actions should be discontinued, and each Party should return and refund to the other party anything and everything it has received under the disputed agreements.

At the same time, it should be noted that, in accordance with Article 18 of the Law of Ukraine "On Business Associations", financial statements of a company should be verified by auditor (auditing firm).

It is prescribed under Article 20 of the Law of Ukraine "On Audit Activities" that audits are to be carried out under an agreement.

Pursuant to Article 28 of the Law of Ukraine "On Audit Activities", entity that is required by law to have its accounts audited, should notify a relevant tax inspectorate, prior to the first day of December, of the execution of audit agreement.

As Respondent 1 is required to have its accounts audited, since Article 40 of the Law of Ukraine "On Securities and Stock Market" compels the issuer (in this case, Respondent 1) to submit auditor's opinion to the State Securities and Stock Market Commission prior to April 30 of the year immediately following a reporting year, Respondent 1 was obligated to appoint an auditor and enter into appropriate agreement with it [such auditor] prior to December 1, 2006, and send a notice to that effect to its tax inspectorate prior to December 1, 2006.

In violation of the specified legal requirements, Respondent 1 has failed to appoint an auditor for 2006, and, therefore, has neither entered into an audit agreement with it, nor sent an appropriate notice to the tax inspectorate. This may have adverse effects on its activities and may cause Respondent 1 and LLC "Storm", as a shareholder of Respondent 1, and the Claimant to incur losses, since such failure may directly affect the amount of incomes distributable among the shareholders.


Article 124 of the Constitution of Ukraine provides that courts have jurisdiction over all legal relationships arising in the country, including the relationships that have arisen in this particular case.

In accordance with Part 1 of Article 20 of the Civil Code of Ukraine, the right of protection is exercised by a person at its own discretion, i.e., such person is free to select a legal remedy for its infringed rights and legitimate interests.

In accordance with Section 1 of the operative part of the Decision of the Constitutional Court of Ukraine, dated December 1, 2004, No. 18-rp/2004, the term "legally protected interest" means a wish to use a specific material and/or non-material benefit, a simple

legitimate permission implied by general sense of law, but not directly reflected in a right, which is the object of judicial defense and of other means of legal protection, with the purpose of satisfying individual and collective needs that are not in conflict with the Constitution and laws of Ukraine, public interests, fairness, bona fides, reasonableness and other legal fundamentals.

The Claimant is a co-founder of LLC "Storm". Illegal actions of the Respondents may cause adverse effects on the Claimant's activities.

Given the foregoing and governed by Article 124 of the Constitution of Ukraine, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activities", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Associations" and Articles 83 and 84 of the Commercial Procedure Code of Ukraine,

## WE HEREBY REQUEST TO:

- recognize as null and void agreement on provision of professional services No. 9331, dated January 6, 2006, among Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", from the time of its execution;

- recognize as null and void agreement on provision of professional services No. 12352, dated May 3, 2006, between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", from the time of its execution;

- recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 9331, dated January 6, 2006;

- recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 12352, dated May 3, 2006;

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors to Closed Joint Stock Company "KYIVSTAR G.S.M." for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return documents, data and information, refund monetary funds and return any and all things and items received by them from each other under the agreement on provision of professional services No. 12352, dated May 3, 2006, and in the course of performance thereof;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2005;

-        compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2006;

-        compel Closed Joint Stock Company "KYIVSTAR G.S.M." to enter into audit agreements, following the Board's appointment of auditors for 2005 and 2006, with the auditors so appointed, and notify the tax inspectorate of the execution of such agreements;

-        compel Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", to bear, on a joint and several basis, the claim costs.

Attachments:
1.    Copy of the Charter of CJSC "KYIVSTAR G.S.M.";
2.    Copy of the Charter of LLC "Storm";
3.    Copy of agreement on provision of professional services No. 9331, dated January 6, 2006;
4.    Copy of agreement on provision of professional services No. 12352, dated May 3, 2006;
5.    Copy of the power of attorney;
6.    Petition for injunctive relief;
7.    Evidence of the payment of duty and costs of information and technical support of the process;
8.    Evidence of the service of copies on the parties.

Marchenko R.V.
Advocate, under the power of attorney

*[round seal, signature]*




I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Alpren Limited for Recognizing Agreements as Null and Void, Actions as Unlawful and Compelling to Take Actions, dated February 1, 2007, of which I have seen a copy of the original.


March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

.02.2007

**Господарський суд міста Києва**

Позивач:
Найменування: "Альпрен Лімітед"
юридична особа за законодавством Республіки
Кіпр
Місцезнаходження: 3 Themistocles Dervis Street,
Julia House, 1st Floor, 1066, Nicosia, Cyprus
(Кіпр)

Відповідач 1:
Закрите акціонерне товариство "КИЇВСТАР
Дж. Ес. Ем."
*Місцезнаходження:* 03110, м. Київ,
Червонозоряний проспект, 51.
*Ідентифікаційний код юридичної особи*
21673832
п/р 26007011250098 в Філія АКІБ
"УкрСиббанк" "Київське регіональне
управління, МФО 300733

Відповідач 2:
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а.
*Ідентифікаційний код юридичної особи*
33306921
п/р 26008200313003 в Сітібанк (Україна).
МФО 300584

Відповідач 3:
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг"
*Місцезнаходження:* 01001, м. Київ, вул.
Хрещатик, буд.19а
*Ідентифікаційний код юридичної особи*
33306958
п/р 26005200311019 в Сітібанк (Україна).
МФО 300584

ПОЗОВНА ЗАЯВА

Господарський суд міста Києва
ОДЕРЖАНО
16 ... 4219 ...

про визнання договорів недійсними, дій незаконними та зобов'язання
вчинити дії

Позивач є засновником ТОВ «СТОРМ». В свою чергу ТОВ «Сторм» є
акціонером ЗАТ «Київстар» з пакетом акцій 43,4823 %.

У відповідності до Цивільного кодексу України, Господарського кодексу
України, Закону України "Про господарські товариства" Позивач
(опосередковано через ТОВ «Сторм») має право на управління Відповідачем 1.

Порядок управління Відповідачем 1 згідно зі ст.4 Закону України "Про
господарські товариства" встановлюється в Статуті та установчому договорі,
який повинен містити компетенцію органів управління та порядок прийняття
ними рішень. ТОВ «Сторм» як акціонером Відповідача 1, було ухвалено статут
Відповідача 1 та визначено компетенцію органів управління Відповідача 1.
Зокрема, п.9.10 Статуту було встановлено, що: "...належать до виключної
компетенції Ради ...:

    *(и) призначення незалежних аудиторів Товариства".*

Ст.161 ЦК України визначено повноваження виконавчого органу
акціонерного товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган
діє від імені акціонерного товариства в межах, встановлених статутом і законом.

Проте, як стало відомо Позивачу, Відповідач 1 діяв та діє всупереч
вимогам Статуту, систематично ігнорував та ігнорує його положення,
порушував та порушує законодавство України, права ТОВ «Сторм» на участь в
управлінні Відповідачем 1 та, відповідно, права позивача на отримання доходів
(дивідендів).

Так, Відповідачем 1 (в особі представника Тронд Мое) Відповідача 2 та
Відповідача 3 було призначено аудиторами Відповідача 1 та підписано договір
про надання професійних послуг №9331 від 06.01.2006 року (з Відповідачем 2,
та Відповідачем 3), надалі "Спірний договір 1", та договір про надання
професійних послуг №12352 від 03.05.2006 року (з Відповідачем 3), надалі
"Спірний договір 2", а також частково було здійснено їх виконання.

Проте вказані дії Відповідачів є незаконними, а спірні договори є
недійсними правочинами з огляду на таке.

Так, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна
мати необхідний обсяг цивільної дієздатності.

Права та обов'язки юридична особа набуває через свої органи, які діють
відповідно до установчих документів та закону.

Підставою недійсності правочину згідно зі ст.215 ЦК України є
недотримання в момент вчинення правочину стороною вимог, визначених
зокрема в частинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без
необхідного обсягу своєї цивільної дієздатності (з перевищенням повноважень).

Отже представник Відповідача 1 Тронд Мое не мав достатнього обсягу цивільної дієздатності для призначення Відповідачів 2 та 3 аудиторами Відповідача 1. Ані Відповідач 1, ані представник Відповідача 1 Тронд Мое не мали достатніх повноважень для укладення спірних договорів за відсутності рішення Ради Відповідача 1 про призначення аудиторів, що беззаперечно свідчить про необхідність визнання їх недійсними, а дії по призначенню аудиторів виконавчим органом Відповідача 1 та укладанню з ними спірних договорів незаконними.

Згідно зі ст.216 ЦК України недійсний правочин не створює жодних юридичних наслідків, крім тих, що пов'язані з його недійсністю. Отже у Відповідачів відсутні будь-які підстави для продовження дій по виконанню спірних договорів, будь-які подібні дії повинні бути припинені, а кожна зі Сторін повинна повернути іншій стороні все одержане за спірними договорами.

Разом з тим, слід зазначити, що у відповідності до ст.18 Закону України "Про господарські товариства" звітність товариства повинна бути підтверджена аудитором (аудиторською фірмою).

Ст.20 Закону України "Про аудиторську діяльність" передбачено, що аудит проводиться на підставі договору.

Ст.28 Закону України "Про аудиторську діяльність" передбачено, що суб'єкт, для якого обов'язковість проведення аудиту встановлена законодавством, зобов'язаний повідомити про укладення договору відповідну податкову інспекцію про укладання договору на проведення аудиту до 01 грудня.

Оскільки для Відповідача 1 встановлена обов'язковість проведення аудиту, адже ст.40 Закону України «Про цінні папери та фондовий ринок» передбачено, що емітент (в даному випадку Відповідач 1) повинен надати Державній комісії з цінних паперів та фондового ринку аудиторський висновок до 30 квітня наступного за звітним року, то Відповідач 1 зобов'язаний був призначити аудитора та укласти з ним відповідний договір до 01.12.2006 року та що повинен був повідомити податкову інспекцію, де він перебуває на обліку, до 01.11.2006 року.

На порушення вказаних норм законодавства Відповідач 1 не призначив аудитора на 2006 рік, та, як наслідок, не уклав з ним договір про проведення аудиту, не надіслав про це повідомлення в податкову інспекцію. Це може негативно позначитися на його діяльності та завдати збитків як самому Відповідачу 1, так і ТОВ «Сторм» як акціонеру Відповідача 1 і Позивачу, оскільки може безпосередньо вплинути на розмір прибутку, що підлягає розподіленню між акціонерами.

Ст.124 Конституції України передбачає, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі, зокрема й ті, що склалися в даному випадку.

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист особа здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених прав і охоронюваних законом інтересів.

Згідно п. 1 резолютивної частини Рішення Конституційного Суду України від 1.1.2004р. за № 18-рп/2004 термін "охоронюваний законом інтерес" розуміється як прагнення до користування конкретним матеріальним та/або нематеріальним благом, як зумовлений загальним змістом об'єктивного і прямо не опосередкований у суб'єктивному праві простий легітимний дозвіл, що є самостійним об'єктом судового захисту та інших засобів правової охорони з метою задоволення індивідуальних і колективних потреб, які не суперечать Конституції і законам України, суспільним інтересам, справедливості, добросовісності, розумності та іншим загальноправовим засадам.

Позивач є співзасновником ТОВ «Сторм». Незаконні дії відповідачів можуть призвести до погіршення показників позивача.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.13, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20, ст.28 Закону України "Про аудиторську діяльність", ст.40 Закону України «Про цінні папери та фондовий ринок», ст.4, ст.18 Закону України "Про господарські товариства" ст.83, ст.84 Господарського процесуального кодексу України,

## ПРОСИМО:

- визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року;

- визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року;

- визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою

відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію;

- покласти на Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариство з обмеженою відповідальністю "Ернст енд Янг" солідарний обов'язок по відшкодуванню судових витрат.


Додатки:
1. Копія статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
2. Копія статуту ТОВ «Сторм»;
3. Копія договору про надання професійних послуг №9331 від 06.01.2006 року;
4. Копія договору про надання професійних послуг №12352 від 03.05.2006 року;
5. Копія доручення;
6. Заява про забезпечення позову;
7. Докази сплати мита та витрат на ІТЗ;
8. Докази направлення копій сторонам.


Марченко Р.В.
Адвокат, по дов.

**Kyiv City Commercial Court**

**Claimant:**
*Name*: Alpren Limited
a legal entity under the laws of the Republic of Cyprus
*Location*: 3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

**Respondent 1:**
Closed Joint Stock Company "KYIVSTAR G.S.M."
*Location*: 51 Chervonozoryany Prospect, Kyiv, 03110
*Identification code* of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB
"UkrSibbank", MFO 300733

**Respondent 2:**
*Name*: Limited Liability Company "Ernst & Young
Audit Services"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306921
Current account No. 26008200313003 in Citibank
Ukraine,
MFO 300584

**Respondent 3:**
*Name*: Limited Liability Company "Ernst & Young"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306958
Current account No. 26005200311019 in Citibank
Ukraine,
MFO 300584

## Petition for Injunctive Relief

The Claimant has filed a claim seeking to declare agreements null and void, to declare actions as unlawful and to compel to take actions, specifically, the Claimant asked the court to recognize as null and void agreement on provision of professional services No. 9331, dated January 6, 2006, among Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", from the time of its execution; to recognize as null and void agreement on provision of professional services No. 12352, dated May 3, 2006, between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", from the time of its execution; to recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 9331, dated January 6, 2006; to recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 12352, dated May 3, 2006; to recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors to Closed Joint Stock Company "KYIVSTAR G.S.M." for 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return documents, data and information, refund monetary funds and return any and all things and items received by them from each other under the agreement on provision of professional services No. 12352, dated May 3, 2006, and in the course of performance thereof; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2006; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to enter into audit agreements, following the Board's appointment of auditors for 2005 and 2006, with the auditors so appointed, and notify the tax inspectorate of the execution of such agreements.

It is asserted in the statement of claim that actions of the Respondents, particularly regarding the performance of the disputed agreements (that are being sought to be invalidated), and the Respondents' failing to take actions required by law, jeopardize the possibility for the Claimant to exercise its rights, specifically the right to receive profit, and affect the value of its assets, etc. Effectively, the disputed agreements contemplate certain actions to be taken by the Respondents, specifically, the transfer by Respondent 1 to Respondent 2 and Respondent 3 of its financial and other reports, as well as the transfer of other information, which is insider information, a commercial secret and is protected by Ukrainian law. All of these actions (disclosure of commercial secret) are irrevocable, and thereupon no return of the parties to the *status quo ante* (restitution) is possible. Further, they may become available to an unidentified circle of persons and may be used by them through the possibility of making them public. Particularly, certain persons may use them in their business operations, including consolidate them in their statements.

Article 507 of the Civil Code of Ukraine charges public authorities, including judicial, with protection of commercial secrets from being used not in good faith, including from disclosure thereof to any persons in any manner whatsoever.

In accordance with Article 66 of the Commercial Procedure Code of Ukraine, injunctive relief may be granted at any stage of proceedings in a case if the withholding of such relief may render the enforcement of a commercial court decision difficult or impossible.

Given the foregoing and governed by Articles 66 and 67 of the Commercial Procedure Code of Ukraine,

## WE HEREBY REQUEST TO:

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (located at 19-A Khreschatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (located at 19-A Khreschatyk St., Kyiv, 01001) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at the performance of any contracts (agreements), the subject matter of which is to provide (obtain) audit services, including, enjoin from providing and receiving any information on financial and business activity of CJSC "KYIVSTAR G.S.M.", including primary accounting documents, reports and data, and from signing and submitting any reports; letters;

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110), Limited Liability Company "Ernst & Young Audit Services" (located at 19-A Khreschatyk St., Kyiv, 01001), Limited Liability Company "Ernst & Young" (located at 19-A Khreschatyk St., Kyiv, 01001) and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from using, in whatever manner, the financial statements, reports, documents and information they have already obtained from each other;

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110) from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services;

- Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (located at 51 Chervonozoryany Prospect, Kyiv, 03110) and any of its authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", specifically, financial and other reports of CJSC "KYIVSTAR G.S.M." not approved by authorized bodies of CJSC "KYIVSTAR G.S.M.", from making such information available to any persons in any way whatsoever, including by making it public using any media, specifically, printed and/or electronic mass media, from placing such information in the Internet, from disseminating (distributing), using in any manner whatsoever and for any purpose any information on CJSC "KYIVSTAR G.S.M.", including financial and other reports of CJSC "KYIVSTAR G.S.M." not approved by authorized bodies of CJSC "KYIVSTAR G.S.M.", as well as enjoin from using the said information in their consolidated financial statements.

Mishanina I.G.
Attorney-in-Fact                    *[signature]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition of Alpren Limited to the Kyiv City Commercial Court for Injunctive Relief, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

4

**Господарський суд міста Києва**

**Позивач:**
*Найменування:* "Альпрен Лімітед"
юридична особа за законодавством Республіки
Кіпр
*Місцезнаходження:* 3 Themistocles Dervis Street,
Julia House, 1ˢᵗ Floor, 1066, Nicosia, Cyprus
(Кіпр)

**Відповідач 1:**
Закрите акціонерне товариство "КИЇВСТАР
Дж. Ес. Ем."
*Місцезнаходження:*       03110,    м.    Київ,
Червонозоряний проспект, 51.
*Ідентифікаційний    код    юридичної    особи*
21673832
п/р 26007011250098 в Філія АКІБ
"УкрСиббанк" "Київське регіональне
управління. МФО 300733

**Відповідач 2:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг Аудиторські
Послуги"
*Місцезнаходження:*   01001,   м.   Київ,   вул.
Хрещатик, буд.19а.
*Ідентифікаційний    код    юридичної    особи*
33306921
п/р 26008200313003 в Сітібанк (Україна),
МФО 300584

**Відповідач 3:**
*Найменування:* Товариство з обмеженою
відповідальністю "Ернст енд Янг"
*Місцезнаходження:*   01001,   м.   Київ,   вул.
**Хрещатик, буд.19а**
*Ідентифікаційний    код    юридичної    особи*
33306958
п/р 26005200311019 в Сітібанк (Україна),
МФО 300584

### Заява про забезпечення позову

Позивач звернувся з позовом про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії, а саме просив суд визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року; визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року; визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік; зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію.

В позовній заяві йдеться про те, що дії Відповідачів, зокрема по виконанню спірних договорів (про визнання яких недійсними йдеться), та не вчинення Відповідачами дій, необхідність вчинення яких встановлена законодавством, ставить під загрозу можливість реалізації Позивачем своїх прав, а саме прав на отримання прибутку, а також впливає на вартість його активів, тощо. Так, спірні договори передбачають необхідність виконання Відповідачами певних дій, зокрема передачу Відповідачем 1 Відповідачу 2 та Відповідачу 3 своїх фінансових та інших звітів, а також передачу іншої інформації, яка є інсайдерською, становить комерційну таємницю та яка захищена законодавством України. Всі ці дії (розголошення комерційної таємниці) є безповоротними та повернення сторін в попереднє становище (реституція) після їх вчинення буде неможливою. До того ж вони можуть стати доступними для невизначеного кола осіб та бути використаними ними через те, що можуть бути

оприлюднені. Зокрема певні особи можуть використати їх у своїй господарській діяльності, в тому числі консолідувати їх у своїй звітності.

На органи державної влади, в тому числі судової, ст.507 ЦК України покладені обов'язки по охороні комерційної таємниці від недобросовісного використання в тому числі від її розголошення будь-яким особами в будь-який спосіб.

Згідно зі ст.66 ГПК України забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття заходів забезпечення може утруднити чи зробити неможливим виконання рішення господарського суду.

Враховуючи викладене, керуючись ст.66, ст.67 Господарського процесуального кодексу України,

## ПРОСИМО:

- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19а) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які інші звіти;
- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19а) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб;
- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг;
- Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51), та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", а саме незатверджені уповноваженими органами ЗАТ "КИЇВСТАР Дж. Ес. Ем." фінансові та інші звіти ЗАТ "КИЇВСТАР Дж. Ес. Ем.", надавати доступ в будь-який спосіб будь-яким особам до такої інформації, в тому числі шляхом

оприлюднення через будь-які носії, а саме через друковані та/або електронні засоби масової інформації, розміщувати таку інформацію в всесвітній мережі Інтернет, розповсюджувати ( поширювати), використовувати в будь-який спосіб з будь-якою метою інформацію про ЗАТ "КИЇВСТАР Дж. Ес. Ем.", в тому числі незатверджені уповноваженими органами ЗАТ "КИЇВСТАР Дж. Ес. Ем." фінансові та інші дані ЗАТ "КИЇВСТАР Дж. Ес. Ем.", а також заборонити використовувати вказану інформацію у своїй консолідованій фінансовій звітності.

Мішанина І.І.
Представник.

*[Letterhead of the Kyiv City Commercial Court]*

## DECREE
## ON THE COMMENCEMENT OF PROCEEDINGS IN THE CASE

February 21, 2007                                        Case No. 2/105

Upon review of the statement of claim brought by Alpren Limited against:    1. Closed Joint Stock Company "Kyivstar G.S.M."; 2. Limited Liability Company "Ernst & Young Audit Services"; 3. Limited Liability Company "Ernst & Young"

seeking [certain] agreements to be recognized as null and void, [certain] actions to be recognized as unlawful and taking of [certain] actions to be compelled,

judge I.O. Domnicheva has found that the materials filed are sufficient to accept the statement of claim for consideration.

In compliance with Articles 64, 65 of the Code of Commercial Procedure of Ukraine,

### THE JUDGE HAS RULED TO:

1.   Commence proceedings in the case and accept the statement of claim for consideration.
2.   Schedule hearing of the case for March 15, 2007 at 11:40 a.m.
3.   Compel:

The claimant to provide the court with originals of all the available documents, the copies whereof are annexed to the statement of claim, and if not available, provide relevant written explanation.

The respondents to provide the court with written statements of defense as supported by relevant documents, and statements evidencing their entry in the Unified State Register of Enterprises and Organizations of Ukraine.

Summon the claimant's and respondents' attorneys-in-fact to participate in the court session.

Judge                          *[Signature]*                          I.O. Domnicheva

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court on the Commencement of Proceedings in the Case, dated February 21, 2007, regarding case No. 2/105, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького,44-Б    тел.230-31-34

**УХВАЛА**
**ПРО ПОРУШЕННЯ ПРОВАДЖЕННЯ У СПРАВІ**

21.02.07                                                                Справа № 2/105

Суддя Домнічева І.О. розглянувши позовну заяву  Компанії "Альпрен Лімітед"
до        1.Закритого акціонерного товариства "Київстар    Дж.Ес.Ем." 2. Товариства з
обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги   3. Товариства з
обмеженою відповідальністю "Ернст енд Янг"
про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії
визнав подані матеріали достатніми для прийняття позовної заяви до розгляду.

Керуючись ст.ст. 64, 65 Господарського процесуального кодексу України,

**СУДДЯ УХВАЛИВ:**
1. Порушити провадження у справі та прийняти позовну заяву до розгляду
2. Розгляд справи призначити на 15.03.07 о 11.40.
3. Зобов'язати:
Позивача подати оригінали всіх наявних документів, копії яких додані до позовної
заяви, у разі їх відсутності надати відповідні письмові пояснення.
Відповідачів надати письмові документально обгрунтовані відзиви на позовну
заяву, довідки про внесення до Єдиного державного реєстру підприємств та організацій
України.
Викликати для участі у судовому засіданні повноважних представників позивача та
відповідачів.

Суддя                                                                Домнічева І.О

*[Letterhead of the Kyiv City Commercial Court]*

# DECREE

No. 2/105                                                February 22, 2007

**Upon the claim of:** Alpren Limited

**against**              1. Closed Joint Stock Company "KYIVSTAR G.S.M."
                         2. Limited Liability Company "Ernst & Young Audit Services"
                         3. Limited Liability Company "Ernst & Young"

**seeking**              [certain] agreements to be recognized as null and void, [certain] actions
                         to be recognized as unlawful and taking of [certain] actions to be
                         compelled

**Judge I.O. Domnicheva**

**Attorneys-in-fact:** not summoned

## MERITS OF THE CASE:

The claimant has brought before the Kyiv City Commercial Court a claim seeking:

-   to recognize as null and void the Agreement on Provision of Professional Services
No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company
"KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and
Limited Liability Company "Ernst & Young", as from the time of its signing;

-   to recognize as null and void the Agreement on Provision of Professional Services
No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company
"KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time
of its signing;

-   to recognize as unlawful the actions taken by Closed Joint Stock Company
"KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and
Limited Liability Company "Ernst & Young" where they concern entering into and
performing the Agreement on Provision of Professional Services No. 9331 dated January 6,
2006;

-   to recognize as unlawful the actions taken by Closed Joint Stock Company
"KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern
entering into and performing the Agreement on Provision of Professional Services
No. 12352 dated May 3, 2006;

-   to recognize as unlawful the appointment of Limited Liability Company "Ernst &
Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of

*[Seal, inscription
on the seal illegible]*

Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005;

- to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance;

- to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005;

- to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006;

- to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006.

By its decree of February 21, 2007, the Court commenced proceedings in case No. 2/105.

Concurrently with the claim, the claimant brought a petition for injunctive relief to secure the claim, whereby the latter requested to enjoin, until resolution of the case on the merits, the respondents and other individuals and legal entities from taking certain actions.

The claimant substantiates its petition for injunctive relief with the fact that statement of claim refers to the actions of the respondents, particularly regarding the performance of the disputed agreements (that are being sought to be invalidated), and the respondents' failing to take actions required by law, and this jeopardizes the possibility for the claimant to exercise its rights, specifically the right to receive profit, and affects the value of its assets, etc. Effectively, the disputed agreements contemplate certain actions to be taken by the respondents, specifically, the transfer by respondent 1 to respondent 2 and respondent 3 of its financial and other reports, as well as the transfer of other information, which is insider information, a commercial secret and is protected by Ukrainian law. All of these actions (disclosure of commercial secret) are irrevocable, and thereupon no return of the parties to the *status quo ante* (restitution) is possible. Further, they may become available to an unidentified circle of persons and may be used by them through the possibility of making them public. Particularly, certain persons may use them in their business operations, including consolidate them in their statements.

Article 507 of the Civil Code of Ukraine charges public authorities, including judicial, with protection of commercial secrets from being used not in good faith, including from disclosure thereof to any persons in any manner whatsoever.

Pursuant to Article 65 of the Code of Commercial Procedure of Ukraine, in order to ensure due and timely resolution of a commercial dispute, where necessary and when preparing the case for consideration, the judge may take such actions as granting an injunctive relief to secure the claim.

Article 66 of the Code of Commercial Procedure of Ukraine provides for grounds for injunctive relief: upon petition of a party, the public prosecutor or its deputy who brought a claim, or upon its own initiative, the commercial court has the right to grant injunctive relief to secure the claim. Granting injunctive relief is allowed in any stage of the proceeding if withholding of such relief may complicate the enforcement of a commercial court decision or render it impossible.

*[Seal, inscription on the seal illegible]*

Based on the merits of the case and considering that the respondents may disclose the information being a commercial secret, the court deems it possible to grant the claimant's petition for injunctive relief in part and to grant appropriate relief until the case is resolved on the merits.

In compliance with Articles 65, 66, 67, 86 of the Code of Commercial Procedure of Ukraine, the court -

## HAS RULED TO:

1. Grant the petition of Alpren Limited for injunctive relief in part.

2. Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832), Limited Liability Company "Ernst & Young Audit Services" (19a Khreshchatyk St., Kyiv, 01001; code 33306921), Limited Liability Company "Ernst & Young" (19a Khreshchatyk St., Kyiv, 01001; code 33306958) and any other individuals or legal entities from taking any actions aimed at performance of any contracts (agreements), the subject matter of which is to provide (obtain) audit services to/by CJSC "KYIVSTAR G.S.M.", including enjoin from providing and receiving any information, reports or data on financial and business activity of CJSC "KYIVSTAR G.S.M.".

3. Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832) from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

4. Enjoin, until the case is resolved on the merits, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832), Limited Liability Company "Ernst & Young Audit Services"(19a Khreshchatyk St., Kyiv, 01001; code 33306921), Limited Liability Company "Ernst & Young" (19a Khreshchatyk St., Kyiv, 01001; code 33306958) and any other individuals or legal entities, which have received information on CJSC "KYIVSTAR G.S.M.", specifically, financial and other reports of CJSC "KYIVSTAR G.S.M." not approved by authorized bodies of CJSC "KYIVSTAR G.S.M.", from making such information available to any persons in any way whatsoever, including by making it public using any media, specifically, printed and/or electronic mass media, from placing such information in the Internet, from disseminating (distributing), using in any manner whatsoever and for any purpose any information on CJSC "KYIVSTAR G.S.M.", including financial and other reports of CJSC "KYIVSTAR G.S.M." not approved by authorized bodies of CJSC "KYIVSTAR G.S.M.", as well as enjoin from using the said information in their consolidated financial statements.

This Decree shall become effective from the date of issuance thereof, February 22, 2007, and may be appealed in the manner provided by law.

**Judge**                    [*Signature*]                    **I.O. Domnicheva**
                             [*Seal, inscription
                             on the seal illegible*]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court No. 2/105, dated February 22, 2007, of which I have seen a copy of the original.

March 6, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул Б.Хмельницького,44-Б    тел.230-31-34

---

## У Х В А Л А

№ 2/105                                                                            22.02.2007р.

За позовом   Компанії «Альпрен Лімітед»
до           1.Закритого акціонерного товариства «КИЇВСТАР Дж. Ес. Ем.»;
             2.Товариства з обмеженою відповідальністю «Ернст енд Янг
             Аудиторські Послуги»;
             3.Товариства з обмеженою відповідальністю «Ернст енд Янг»
про          визнання договорів недійсними, дій незаконними та зобов'язання
             вчинити дії

                                                            Суддя  Домнічева І.О.

Представники: не викликались

### ОБСТАВИНИ СПРАВИ:

       Позивач звернувся до Господарського суду міста Києва з позовом про:
       - визнання недійсним договору про надання професійних послуг №9331 від
06.01.2006 року між Закритим акціонерним товариством «КИЇВСТАР Дж. Ес. Ем.»,
Товариством з обмеженою відповідальністю «Ернст енд Янг Аудиторські
Послуги»,  Товариством  з  обмеженою  відповідальністю  «Ернст енд Янг»  з
моменту його укладання;
       - визнання недійсним договору про надання професійних послуг №12352 від
03.05.2006 року між Закритим акціонерним товариством «КИЇВСТАР Дж. Ес. Ем.»
та Товариством з обмеженою відповідальністю «Ернст енд Янг» з моменту його
укладання;
       - визнання  незаконними  дій  Закритого  акціонерного  товариства
«КИЇВСТАР Дж. Ес. Ем.», Товариства з обмеженою відповідальністю «Ернст енд
Янг Аудиторські Послуги». Товариства з обмеженою відповідальністю «Ернст енд
Янг» по укладанню та виконанню договору про надання професійних послуг
№9331 від 06.01.2006 року;
       - визнання  незаконними  дій  Закритого  акціонерного  товариства
«КИЇВСТАР Дж. Ес. Ем.», Товариства з обмеженою відповідальністю «Ернст енд
Янг» по укладанню та виконанню договору про надання професійних послуг
№12352 від 03.05.2006 року;
       - визнання  незаконним  призначення  Товариства  з  обмеженою
відповідальністю «Ернст енд Янг Аудиторські Послуги» та  Товариства з

обмеженою відповідальістю «Ернст енд Янг» аудиторами Закритого акціонерного товариства «КИЇВСТАР Дж. Ес. Ем.» на 2005 рік;

- зобов'язання Закрите акціонерне товариство «КИЇВСТАР Дж. Ес. Ем.», Товариство з обмеженою відповідальністю «Ернст енд Янг» повернути одни одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;

- зобов'язання Закрите акціонерне товариство «КИЇВСТАР Дж. Ес. Ем.» в особі його компетентного органу - Ради призначити аудитора на 2005 рік;

- зобов'язання Закрите акціонерне товариство «КИЇВСТАР Дж. Ес. Ем.» в особі його компетентного органу - Ради призначити аудитора на 2006 рік;

- зобов'язання Закрите акціонерне товариство «КИЇВСТАР Дж. Ес. Ем.» після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію.

Ухвалою від 21.02.2007р. суд порушив провадження у справі № 2/105.

Позивачем одночасно з позовом подано клопотання про вжиття заходів до забезпечення позову шляхом заборони відповідачам, а також іншим фізичним та юридичним особам вчиняти певні дії.

Своє клопотання про забезпечення позову позивач обгрунтовує тим що, у позовній заяві йдеться про дії відповідачів, зокрема по виконанню спірних договорів (про визнання яких недійсними йдеться), та не вчинення відповідачами дій, необхідність вчинення яких встановлена законодавством, ставить під загрозу можливість реалізації позивачем своїх прав, а саме прав на отримання прибутку, а також впливає на вартість його активів, тощо. Так, спірні договори передбачають необхідність виконання відповідачами певних дій, зокрема передачу відповідачем-1 відповідачу 2 та відповідачу 3 своїх фінансових та інших звітів, а також передачу іншої інформації, яка є інсайдерською, становить комерційну таємницю та яка захищена законодавством України. Всі ці дії (розголошення комерційної таємниці) є безповоротними та повернення сторін в попереднє становище (реституція) після їх вчинення буде неможливою. До того ж вони можуть стати доступними для невизначеного кола осіб та бути використаними ними через те, що можуть бути оприлюднені. Зокрема певні особи можуть використати їх у своїй господарській діяльності, в тому числі консолідувати їх у своїй звітності.

На органи державної влади, в тому числі судові, ст.507 ЦК України покладені обов'язки по охороні комерційної таємниці від недобросовісного використання в тому числі від її розголошення будь-якими особами в будь-який спосіб.

Згідно зі статтею 65 ГПК України, з метою забезпечення правильного і своєчасного вирішення господарського спору суддя вчиняє в необхідних випадках при дії по підготовці справи до розгляду, як вирішує питання про вжиття заходів щодо забезпечення позову.

Стаття 66 ГПК України передбачає підстави забезпечення позову: господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Враховуючи обставини справи та можливість розголошення відповідачами

інформації, яка становить комерційну таємницю, суд вважає за можливе задовольнити заяву позивача про забезпечення позову частково та вжити відповідних заходів до вирішення спору по суті.

Керуючись ст.ст.65, 66, 67, 86 Господарського процесуального кодексу України, суд -

## УХВАЛИВ:

1. Заяву Компанії «Альпрен Лімітед» про забезпечення позову задовольнити частково.

2. Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству «КИЇВСТАР Дж. Ес. Ем.» (03110, м. Київ, Червонозоряний проспект, 51; код 21673832), Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» (01001, м. Київ, вул. Хрещатик, 19а; код 33306921), Товариству з обмеженою відповідальністю «Ернст енд Янг» (01001, м. Київ, вул. Хрещатик, 19а; код 33306958) та будь-яким іншим фізичним та юридичним особам вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг ЗАТ «КИЇВСТАР Дж. Ес. Ем.», в тому числі заборонити надавати та отримувати будь-яку інформацію, звіти, відомості про фінансово-господарську діяльність ЗАТ «КИЇВСТАР Дж. Ес. Ем.».

3. Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству «КИЇВСТАР Дж. Ес. Ем.» (03110, м. Київ, Червонозоряний проспект, 51; код 21673832) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

4. Заборонити до вирішення цієї справи по суті Закритому акціонерному товариству «КИЇВСТАР Дж. Ес. Ем.» (03110, м. Київ, Червонозоряний проспект, 51; код 21673832), Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» (01001, м. Київ, вул. Хрещатик, 19а; код 33306921), Товариству з обмеженою відповідальністю «Ернст енд Янг» (01001, м. Київ, вул. Хрещатик, 19а; код 33306958) та будь-яким іншим фізичним та юридичним особам, що отримали інформацію про ЗАТ «КИЇВСТАР Дж. Ес. Ем.», а саме незатверджені уповноваженими органами ЗАТ «КИЇВСТАР Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «КИЇВСТАР Дж. Ес. Ем.», надавати доступ в будь-який спосіб будь-яким особам до такої інформації, в тому числі шляхом оприлюднення через будь-які носії, а саме через друковані та/або електронні засоби масової інформації, розміщувати таку інформацію в всесвітній мережі Інтернет, розповсюджувати (поширювати), використовувати в будь-який спосіб з будь-якою метою інформацію про ЗАТ «КИЇВСТАР Дж. Ес. Ем.», в тому числі незатверджені уповноваженими органами ЗАТ «КИЇВСТАР Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «КИЇВСТАР Дж. Ес. Ем.», а також заборонити використовувати вказану інформацію у своїй консолідованій фінансовій звітності.

Дана ухвала набирає чинності з дати прийняття 22.02.2007р. та може бути оскаржена у встановленому законом порядку.

Суддя                                                                          І.О.Домнічева

[*National Emblem of Ukraine*]

DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

**STATE ENFORCEMENT SERVICE**
**in the Pechersky District of Kyiv City**
11b, Riznytska St., Kyiv City

**Feb. 28, 2007**
No. *262/13-07*

LLC "Ernst & Young Audit Services"
19-A, Khreshchatyk St., Kyiv

"Ernst & Young"
19-A, Khreshchatyk St., Kyiv

√ CJSC "Kyivstar G.S.M."

The State Enforcement Service in the Pechersky District of Kyiv City is hereby sending to you a ruling, dated February 28, 2007, on the commencement of enforcement proceeding for implementation.

You are requested to notify us of the implementation status within 7 days hereof.

*Deputy* Head of the State Enforcement Service
in the Pechersky District of Kyiv City         [*signature*]         V.V. Shpakovych

State Enforcement Officer                       [*signature*]         A.V. Filonchuk

[*Stamp*]
CJSC "KYIVSTAR G.S.M."
March 1, 2007
Incoming No. *1539*

**RULING**
**on the Commencement of Enforcement Proceeding**

February 28, 2007                                                                              Kyiv

I, A.V. Filonchuk, a state enforcement officer of the State Enforcement Service in the Pechersky District of Kyiv City,

in the course of enforcement of decree No. 2/105 of February 22, 2007 issued by the Kyiv City Commercial Court to:

enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any other individuals or legal entities from taking any actions aimed at performance of any contracts (agreements), the subject matter of which is to provide (obtain) audit services to/by CJSC "Kyivstar G.S.M.", including enjoin from providing and receiving any information, reports or data on financial and business activity of CJSC "Kyivstar G.S.M.".

enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any other individuals or legal entities, which have received information on CJSC "Kyivstar G.S.M.", specifically, financial and other reports of CJSC "Kyivstar G.S.M." not approved by authorized bodies of CJSC "Kyivstar G.S.M.", from making such information available to any persons in any way whatsoever, including by making it public using any media, specifically, printed and/or electronic mass media, from placing such information in the Internet, from disseminating (distributing), using in any manner whatsoever and for any purpose any information on CJSC "Kyivstar G.S.M.", including financial and other reports of CJSC "Kyivstar G.S.M." not approved by authorized bodies of CJSC "Kyivstar G.S.M.", as well as enjoin from using the said information in their consolidated financial statements

Considering the foregoing and in compliance with Articles 3, 18, 24, 76, 87 of the Law of Ukraine "On Enforcement Proceedings"

**H E R E B Y   R U L E   T O:**

1. Commence an enforcement proceeding to enforce decree No. 2/105 of February 22, 2007 issued by the Kyiv City Commercial Court and to

enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any other individuals or legal entities from taking any actions aimed at performance of any contracts (agreements), the subject matter of which is to provide (obtain) audit services to/by CJSC "Kyivstar G.S.M.", including enjoin from providing and receiving any information, reports or data on financial and business activity of CJSC "Kyivstar G.S.M.".

enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.

[*Round seal of the State*
*Enforcement Service in the*
*Pechersky District of Kyiv City*]

enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any other individuals or legal entities, which have received information on CJSC "Kyivstar G.S.M.", specifically, financial and other reports of CJSC "Kyivstar G.S.M." not approved by authorized bodies of CJSC "Kyivstar G.S.M.", from making such information available to any persons in any way whatsoever, including by making it public using any media, specifically, printed and/or electronic mass media, from placing such information in the Internet, from disseminating (distributing), using in any manner whatsoever and for any purpose any information on CJSC "Kyivstar G.S.M.", including financial and other reports of CJSC "Kyivstar G.S.M." not approved by authorized bodies of CJSC "Kyivstar G.S.M.", as well as enjoin from using the said information in their consolidated financial statements

2. Send a copy hereof to the parties and the court.

3. This Ruling may be appealed to the Head of the State Enforcement Service in the Pechersky District of Kyiv City or to the court within 10 days of the receipt hereof.

State Enforcement Officer          [signature]                    A.V. Filonchuk

[Round seal of the State Enforcement Service
in the Pechersky District of Kyiv City]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Ruling of the State Enforcement Service in the Pechersky District of Kyiv City on the Commencement of Enforcement Proceeding, dated February 28, 2007, of which I have seen a copy of the original.

March 6, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

**ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА**
у Печерському районі міста Києва
м. Київ, вул. Різницька, 11-б

28.02.2007 р.
№ 262/13 - 07

ТОВ «Ернст енд Янг Аудиторські Послуги»
м. Київ, вул.. Хрещатик, 19-А

«Ернст енд Янг»
м. Київ, вул. Хрещатик, 19-А

ЗАТ «Київстар Дж.Ес.Ем.»,

Державна виконавча служба у Печерському районі м. Києва направляє на Вашу адресу постанову про відкриття виконавчого провадження від 28.02.2007 року до виконання.
Про хід виконання вищезазначеної постанови вимагаємо повідомити в 7-денний термін.

Начальник ДВС
у Печерському районі м. Києва                                          В.В.Шпакович

Державний виконавець                                          А.В.Філончук

ЗАТ "КИЇВСТАР"

0 1 МАР 2007

ВХІДНИЙ № 1539

**ПОСТАНОВА**
про відкриття виконавчого провадження

"28" лютого 2007 року

м. Київ

Мною, державним виконавцем А.В.Філончуком, державної виконавчої служби у Печерському районі м. Києва
При примусовому виконанні ухвали № 2/105 від 22.02.2007 року Господарського суду м. Києва про

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким іншим фізичним та юридичним особам вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг ЗАТ «Київстар Дж. Ес. Ем.», в тому числі заборонити надавати та отримувати будь-яку інформацію, звіти, відомості про фінансово-господарську діяльність ЗАТ «Київстар Дж. Ес. Ем.».

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким іншим фізичним та юридичним особам, що отримали інформацію про ЗАТ «Київстар Дж. Ес. Ем.», а саме, незатверджені уповноваженими органами ЗАТ «Київстар Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «Київстар Дж.Ес.Ем.», надавати доступ в будь-який спосіб будь-яким особам до такої інформації, в тому числі шляхом оприлюднення через будь-які носії, а саме, через друковані та/або електронні засоби масової інформації, розміщувати таку інформацію в всесвітній мережі Інтернет, розповсюджувати (поширювати), використовувати в будь-який спосіб з будь-якою метою інформацію про ЗАТ «Київстар Дж. Ес. Ем.», в тому числі незатверджені уповноваженими органами ЗАТ «Київстар Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «Київстар Дж. Ес. Ем.», а також заборонити використовувати вказану інформацію у своїй консолідованій фінансовій звітності

Враховуючи вищевикладене, керуючись статтями 3, 18, 24, 76, 87 Закону України "Про виконавче провадження".

**П О С Т А Н О В И В :**

**1.** Відкрити виконавче провадження з виконання ухвали № 2/105 від 22.02.2007 року Господарського суду м. Києва та

заборонити до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким іншим фізичним та юридичним особам вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг ЗАТ «Київстар Дж. Ес. Ем.», в тому числі заборонити надавати та отримувати будь-яку інформацію, звіти, відомості про фінансово-господарську діял................ стар Дж. Ес. Ем.».

заборонити до вирішення справи по суті Закритому ................ овариству «Київстар Дж. Ес. Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

заборонити до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким іншим фізичним та юридичним особам, що отримали інформацію про ЗАТ «Київстар Дж. Ес. Ем.», а саме, незатверджені уповноваженими органами ЗАТ «Київстар Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «Київстар Дж.Ес.Ем.», надавати доступ в будь-який спосіб будь-яким особам до такої інформації, в тому числі шляхом оприлюднення через будь-які носії, а саме, через друковані та/або електронні засоби масової інформації, розміщувати таку інформацію в всесвітній мережі Інтернет, розповсюджувати (поширювати), використовувати в будь-який спосіб з будь-якою метою інформацію про ЗАТ «Київстар Дж. Ес. Ем.», в тому числі незатверджені уповноваженими органами ЗАТ «Київстар Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «Київстар Дж. Ес. Ем.», а також заборонити використовувати вказану інформацію у своїй консолідованій фінансовій звітності

2. Копію постанови направити сторонам та в суд.

3. Постанова може бути оскаржена начальнику Державної виконавчої служби Печерського району або до суду в 10-денний строк з моменту її одержання.



Державний викона...                                                                  А.В.Філончук

[*National Emblem of Ukraine*]

DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

**STATE ENFORCEMENT SERVICE**
**in the Pechersky District of Kyiv City**
11b, Riznytska St., Kyiv City

**Feb. 28, 2007**
No. *262/13-07*

LLC "Ernst & Young Audit Services"
19-A, Khreshchatyk St., Kyiv

"Ernst & Young"
19-A, Khreshchatyk St., Kyiv

√ CJSC "Kyivstar G.S.M."

**IMPERATIVE DEMAND**

The State Enforcement Service in the Pechersky District of Kyiv City is carrying out the enforcement proceedings regarding Decree No. 2/105 of February 22, 2007 issued by the Kyiv City Commercial Court to:

**enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any other individuals or legal entities from taking any actions aimed at performance of any contracts (agreements), the subject matter of which is to provide (obtain) audit services to/by CJSC "Kyivstar G.S.M.", including enjoin from providing and receiving any information, reports or data on financial and business activity of CJSC "Kyivstar G.S.M.".**

**enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which is to provide (obtain) audit services.**

**enjoin, until the case is resolved on the merits, Closed Joint Stock Company "Kyivstar G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any other individuals or legal entities, which have received information on CJSC "Kyivstar G.S.M.", specifically, financial and other reports of CJSC "Kyivstar G.S.M." not approved by authorized bodies of CJSC "Kyivstar G.S.M.", from making such information available to any persons in any way whatsoever, including by**

[*Stamp*]
CJSC "KYIVSTAR G.S.M."
March 1, 2007
Incoming No. *1538*

making it public using any media, specifically, printed and/or electronic mass media, from placing such information in the Internet, from disseminating (distributing), using in any manner whatsoever and for any purpose any information on CJSC "Kyivstar G.S.M.", including financial and other reports of CJSC "Kyivstar G.S.M." not approved by authorized bodies of CJSC "Kyivstar G.S.M.", as well as enjoin from using the said information in their consolidated financial statements.

The State Enforcement Service in the Pechersky District of Kyiv City demands that you execute the decision of the court and report the execution at the following address of the Enforcement Service: 11-b Riznytska Street, Kyiv.

Concurrently, the State Enforcement Service in the Pechersky District of the City of Kyiv notifies you that, under Article 87 of the Law of Ukraine "On Enforcement Proceedings", any failure to execute a judicial decision, a state enforcement officer issues a ruling on imposing a penalty on a person failing to execute a court decision.

The repeated failure to comply with lawful requirements of the state enforcement officer will result in a ruling to impose a double penalty and a motion to the Prosecutor's Office to hold the failing persons criminally liable.

*Pursuant to Article 6 of the Law of Ukraine "On Enforcement Proceedings", the requirements issued by a state enforcement officer shall be binding for all bodies, organizations, officers, citizens and legal entities in the Ukrainian territory. Any failure to comply with lawful requirements issued by a state enforcement officer shall entail liability in accordance with the applicable Ukrainian law.*

State Enforcement Officer          [*signature*]

                                             A.V. Filonchuk

                           [*Round seal of the State Enforcement Service
                           in the Pechersky District of Kyiv City*]

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Imperative Demand of the State Enforcement Service in the Pechersky District of Kyiv City No. 262/13-07, dated February 28, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[SEAL]



ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

**ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА**
у Печерському районі міста Києва
м. Київ, вул. Різницька, 11-б

28.02.2007 р.
№ 262/13 - 07

ТОВ «Ернст енд Янг Аудиторські Послуги»
м. Київ, вул.. Хрещатик, 19-А

«Ернст енд Янг»
м. Київ, вул. Хрещатик, 19-А

ЗАТ «Київстар Дж.Ес.Ем.»,

# В И М О Г А - ЗОБОВ'ЯЗАННЯ

На виконанні у Державній виконавчий службі у Печерському районі м. Києва знаходиться ухвали № 2/105 від 22.02.2007 року Господарського суду м. Києва про заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким іншим фізичним та юридичним особам вчиняти будь-які дії по виконанню будь-яких договорів (угод), предметом яких є надання (отримання) аудиторських послуг ЗАТ «Київстар Дж. Ес. Ем.», в тому числі заборонити надавати та отримувати будь-яку інформацію, звіти, відомості про фінансово-господарську діяльність ЗАТ «Київстар Дж. Ес. Ем.».

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

заборону до вирішення справи по суті Закритому акціонерному товариству «Київстар Дж. Ес. Ем.», Товариству з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», Товариству з обмеженою відповідальністю «Ернст енд Янг» та будь-яким іншим фізичним та юридичним особам, що отримали інформацію про ЗАТ «Київстар Дж. Ес. Ем.», а саме, незатверджені уповноваженими органами ЗАТ «Київстар Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «Київстар Дж.Ес.Ем.», надавати

ЗАТ «КИЇВСТАР
0 1 ... 2007

ВХІДНИЙ № 1538

доступ в будь-якій спосіб будь-яким особам до такої інформації, в тому числі шляхом оприлюднення через будь-які носії, а саме, через друковані та/або електронні засоби масової інформації, розміщувати таку інформацію в всесвітній мережі Інтернет, розповсюджувати (поширювати), використовувати в будь-який спосіб з будь-якою метою інформацію про ЗАТ «Київстар Дж. Ес. Ем.», в тому числі незатверджені уповноваженими органами ЗАТ «Київстар Дж. Ес. Ем.» фінансові та інші звіти ЗАТ «Київстар Дж. Ес. Ем.», а також заборонити використовувати вказану інформацію у своїй консолідованій фінансовій звітності.

Державна виконавча служба у Печерському районі м. Києва зобов»язує Вас виконати рішення суду та повідомити про виконання на адресу виконавчої служби : м. Київ, вул.. Різницька, 11-б.

Одночасно ДВС у Печерському районі м. Києва доводить до Вашого відома, що за невиконання рішення суду, відповідно до ст.87 Закону України "Про виконавче провадження", державний виконавець виносить постанову про накладення штрафу на винну у невиконанні рішення суду особу.

У разі повторного невиконання законних вимог державного виконавця виноситься постанова про накладення штрафу у подвійному розмірі і порушується клопотання перед Прокуратурою про притягнення винних осіб до кримінальної відповідальності.

*Нагадуємо, що згідно ст..6, Закону України "Про виконавче провадження", вимоги державного виконавця є обов'язковими для усіх органів, організацій, посадових осіб, громадян і юридичних осіб на території України.. Невиконання законних вимог державного виконавця тягне за собою відповідальність згідно Закону.*

Державний ви[...]                                    А.В.Філончук