UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STORM LLC, | |
| Plaintiff, | |
| vs. | |
| TELENOR MOBILE COMMUNICATIONS AS, | 06-CV13157 (GEL) (DF) |
| Defendant, | |
| TELENOR MOBILE COMMUNICATIONS AS, | ECF ACTION |
| Counterclaimant, | DECLARATION OF MIKHAIL ILYASHEV |
| vs. | |
| STORM LLC, | |
| Counterclaimant-Defendant, | |
| and | |
| ALTIMO HOLDINGS & INVESTMENTS LIMITED and ALPREN LIMITED | |
| Relief Defendants. | |



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK    )
                     )  ss
COUNTY OF NEW YORK   )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Ukrainian into English of the Affidavit of Attorney M.I. Ilyashev, dated April 4, 2007.

_____
Corin Lianides, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me
this __5__ day of __April__, 20__07__.

_____
EVAN FINCH
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FI6134600
Qualified in New York County
My Commission Expires October 03, 2009

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. **tel** 212.631.7432 **fax** 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. **tel** 415.576.9500 **fax** 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom **tel** +44.(0)20.7936.9002 **fax** +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong **tel** +852.2159.9143 **fax** +852.3010.0082
translations@geotext.com  |  www.geotext.com

**Storm Limited Liability Company**
vs
**Telenor Mobile Communications**
with participation of
**Alpren Limited and Altimo Holding and Investment Limited**

---

**Written Witness Statement (Affidavit) of Attorney M.I. Ilyashev**

---

1. I, Mikhail Ihorovych Ilyashev, Senior Partner and Cofounder of Legal Firm *Ilyashev and Partners*, an attorney, member of Kiev Bar Association, under the threat of penalty for perjury subject to 28 U.S.C. 1746, officially state the following:

2. By the powers vested in me by the Power of Attorney issued by Alpren Limited (3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus), hereinafter "Alpren," I have been Alpren's legal counsel and representative in Ukraine.

3. On April 17, 2006, Alpren filed a claim with Kiev City Commercial Court vs Storm Limited Liability Company (1 Narodnoho Opolchennia, Kiev, 01001) asking for a ruling that the signing and suspended execution of the Shareholder Agreement of January 30, 2004 by the Respondent should be held unlawful.

4. While the case was under scrutiny, Alpren Limited increased its claims and additionally required that the Court announce signing of the Voting Agreement of September 2, 2002 unlawful and suspend execution thereof.

5. Storm LLC was represented during the hearing and objected to the satisfaction of the claim.

6. According to the Ruling of Kiev City Commercial Court, Case No. 40/242 of April 25, 2006, the claim was satisfied in full: signing by Storm LLC of the Voting Agreement of September 2, 2002 between Telenor Mobile Communications AS, Norway, Fornebu Snaroyveien 30 D, 1331 and Storm LLC, and signing by Storm LLC of the Shareholder Agreement of January 30, 2004 between Telenor Mobile Communications, Storm LLC and ZAT (Closed Joint-Stock Company) Kievstar G.S.M. (51 Chervonozorianyi Prospekt, Kiev, 03110) were determined to be unlawful.

7. On May 16, 2006, Storm LLC filed an appeal against this ruling by Kiev City Commercial Court with Kiev Appellate Commercial Court. On May 19, 2006, Kiev Appellate Commercial Court carried a resolution to grant the appeal and initiate an appeal proceeding of Case No. 40/242, while on May 25, 2006, it made a determination to decline the appeal and leave the ruling by Kiev City Commercial Court of April 25, 2006 to Case No. 40/242 unchanged.

8. The decision of April 25, 2006 was not challenged by other persons who would consider their rights violated by such a decision, though, in accordance with Ukrainian law, persons whose rights and obligations are affected by a decision are entitled to file a complaint regardless of whether they are parties to the proceeding in question. The determination by Kiev Appellate Commercial Court of May 25, 2006 was not challenged by either Storm LLC or other persons.

1

9. Because V.V. Klymenko (General Manager of Storm LLC) disregarded the court decision, and neglected to comply with it, on November 27, 2006 an employee of my firm, attorney Halyna Lefor, acting on behalf of Alpren Limited, filed a claim with Golosyivsky District Court of Kiev against V.V. Klymenko asking the court to determine that the execution by V.V. Klymenko of the Shareholder Agreement of January 30, 2004 is unlawful and to oblige V.V. Klymenko to perform necessary actions to terminate execution of this Shareholder Agreement, and also filed a petition to enforce the claim (an Addendum to a temporary restraining order).

10. On December 1, 2006, Golosyivsky District Court of Kiev resolved to:
    - enjoin, until the case is settled on its merits, V.V. Klymenko as the General Manager of Storm LLC and any persons authorized by him from any actions related to execution of the Shareholder Agreement of January 30, 2004, such as signing and submission, on behalf of Storm LLC, of any explanations, statements, responses to claims, petitions, participation in arbitration proceedings, hearings, sessions of a New York City arbitration of the claim of Telenor Mobile Communications AS vs Storm LLC (arbitrators Gregory B. Craig, William R. Jentes, Presiding Kenneth R. Feinberg) undertaken pursuant to UNCITRAL Rules;

    - enjoin, until the case is settled on its merits, Storm LLC and any persons authorized by it from any actions related to execution of the Shareholder Agreement of January 30, 2004, including submission of any explanations, statements, responses to claims, petitions, participation in arbitration proceedings, hearings, sessions of a New York City arbitration of the claim of Telenor Mobile Communications AS vs Storm LLC (arbitrators Gregory B. Craig, William R. Jentes, Presiding Kenneth R. Feinberg) undertaken pursuant to UNCITRAL Rules;

    - enjoin, until the case is settled on its merits, Telenor Mobile Communications AS and any persons authorized by it from any actions related to performance of the Shareholder Agreement of January 30, 2004, including submission of any explanations, statements, claims, petitions, participation in arbitration proceedings, hearings, sessions of a New York City arbitration of the claim of Telenor Mobile Communications AS vs Storm LLC (arbitrators Gregory B. Craig, William R. Jentes, Presiding Kenneth R. Feinberg) undertaken pursuant to UNCITRAL Rules.

11. Based on the resolution by Golosyivsky District Court of Kiev of December 1, 2006, an employee of my firm, lawyer Iryna Mishanina, on behalf of Alpren Limited,

filed an application with the State Enforcement Agency of Golosyivsky District of Kiev to institute enforcement proceedings on December 4, 2006. On December 4, 2006, the State Enforcement Agency of Golosyivsky District of Kiev issued a determination to institute enforcement proceedings and consequently issued an order that the resolution of Golosyivsky District Court of Kiev of December 1, 2006 be immediately complied with.

12. The State Enforcement Agency serves copies of its orders on the parties involved upon its own initiative. No applications are required from legal entities involved in the court proceeding in which a ruling has been carried.

13. On December 7, 2006, in satisfaction of an application by Telenor Mobile Communications, SDNY Federal Court carried a decision to enjoin Alpren, Storm LLC and other persons from performing certain actions, including filing of claims and compliance with decisions of Ukrainian courts.

14. According to the Law of Ukraine *On Enforcement Proceedings*,[1] Article 1, enforcement proceedings as the final stage of court procedure and enforcement of decisions made by other authorities (officials) are a sum of actions by authorities and officials set forth in this Law aimed to enforce decisions by courts and other authorities (officials) implemented on the grounds, in the manner and within the terms of reference established by this Law, other rules and regulations issued pursuant to this Law and other laws, as well as decisions that are enforceable subject to this Law.

15. Pursuant to Chapter 1, Article 2 of this law, decisions are enforced in Ukraine by the State Enforcement Agency within the system of authorities under the Ministry of Justice of Ukraine.

16. Furthermore, Chapter 2, Article 5 of this law states that the state enforcement agent shall take all measures required for timely and complete enforcement of the decision identified in the document for decision enforcement in the manner and following the procedure set forth in the enforcement document. Thereby, the collector shall not interfere with the enforcement agent's routine activities.

17. On December 20, 2006, the State Enforcement Agency of Golosyivsky District Court of Kiev sent a letter to arbitrators Kenneth R. Feinberg, Esq. (of The Feinberg Group LLP The Willard Office Building 1455 Pennsylvania Ave., NW Suite 390 Washington, DC 20004), William R. Jentes, Esq. (of 1500 North Lake Shore Drive Suite 4C Chicago, IL 60610), and Gregory B. Craig, Esq. (of Williams & Connolly LLP 725 Twelfth St., NW Washington, DC 20005) notifying them that the State Enforcement Agency of Golosyivsky District Court of Kiev was to enforce Resolution No. 2-5613 of December 1, 2006 by Golosyivsky District Court of Kiev, and on December 4, 2006 the State Enforcement Agency resolved to institute enforcement proceedings committing V.V. Klymenko, in the position of Storm LLC General Manager, Storm LLC, Telenor Mobile Communications AS to comply with the conditions of the said resolution.

---

[1] The Law of Ukraine *On Enforcement Proceedings* (Newsletter of the Supreme Council), 1999, No. 24, p. 207), No. 606-XIV of April 21, 1999, as further amended.

3

18. The State Enforcement Agency is entitled to give notice to persons other than parties to a proceeding but affected by the enforcement procedure, such as arbitrators, who were given notice in this case of available court injunctions.

19. The State Enforcement Agency sends such notice upon its own initiative. Legal entities involved as parties to a proceeding are not required to apply for them.

20. On January 25, 2007, the State Enforcement Agency of Golosyivsky District Court of Kiev made a resolution to impose a penalty on Telenor Mobile Communications for failure to comply with the decision of Golosyivsky District Court of Kiev in the amount of UAH 510.00.

21. The State Enforcement Agency imposes a penalty on a legal entity found in violation of a court ruling subject to Chapter 2, Article 76 of the Law ("Should these requirements unjustifiably fail to be complied with, the state enforcement agent imposes penalties on the debtor…").

22. The State Enforcement Agency imposes such penalties upon its own initiative. Parties involved in a proceeding may apply for this, but the State Enforcement Agency does not require submission of an application by a party to the proceeding to impose a penalty. Alpren submitted no applications to impose a penalty to the State Enforcement Agency, and the State Enforcement Agency imposed a penalty on Telenor on its own initiative.

23. Therefore, the fact that the State Enforcement Agency of Golosyivsky District made a resolution on January 25, 2007 (i.e. after New York Federal Court made an injunctive decision) to impose a penalty (having previously sent notice to the arbitrators) is its independent action pursuant to the Law of Ukraine *On Enforcement Proceedings* which Alpren has no relation to whatsoever.

24. Therefore, the statement made by Telenor's counsel that "… the penalty is… imposed only at the request of the party…" (pages 3 and 12 of the Memorandum of March 12, 2007) is entirely untrue.

25. Equally untrue is the statement made by Telenor's counsel that the state enforcement agent's notice sent to the arbitrators could not be sent "other than at the request of Alpren" (pages 3 and 12 of the Memorandum of March 12, 2007).

26. Any and all official requests to the State Enforcement Agency of Ukraine are made only in writing. Neither Alpren nor its counsel made such requests after December 4, 2006. This is confirmed in his affidavit by Telenor's counsel, Oleksiy Didkodskiy (paragraph 6 of the Affidavit of March 12, 2007).

27. After December 4, 2006 neither Alpren nor its counsel had any contact with the State Enforcement Agency regarding the resolution of December 1, 2006, because usually, after giving notice of the injunction to the parties involved, SEA authorities independently resolve to terminate enforcement proceedings. No additional actions were required from Alpren for this.

28. Alpren's and/or my actions as Alpren's representative with regard to compliance with the resolution by Golosyivsky District Court of Kiev do not constitute any violation of the decision of SDNY Federal Court as they were effected before it was made.

4

29. On January 31, 2007 Alpren filed a claim with Krasnolutsky District Court of Lugansk Region against V.V. Klymenko, Trond Moe and others.

30. The claim required, *inter alia,* to find audit services agreements between ZAT Kievstar G.S.M. and Ernst and Young invalid.

31. On January 31, 2007 the court ruled to meet the claim satisfying Alpren's application.

32. Currently, an appeal of the ruling by Krasnolutsky District Court of Lugansk Region has been filed with Lugansk Region Appellate Court.

33. On February 16, 2007 Alpren filed a claim with Kiev Commercial Court against ZAT Kievstar G.S.M., TOV (Limited Liability Company) Ernst and Young Auditing Services, and TOV Ernst and Young.

34. The claim required, *inter alia,* to find audit services agreements between ZAT Kievstar G.S.M. and Ernst and Young invalid.

35. The court granted Alpren's application for claim enforcement.

36. Subject to current Ukrainian legislation, both proceedings are within the jurisdiction of Ukrainian courts, there is no arbitration agreement between the parties to said proceedings to submit the case for hearing by an arbitration.

37. I am not aware of any facts that parties to both proceedings—Alpren vs. Ernst and Young—filed petitions or upheld a position that claims should be settled by arbitration in courts other than in Ukraine.

Appendix: an excerpt from the Law of Ukraine *On Enforcement Proceedings.*


[signature]_____M.I. Ilyashev

April 4, 2007

Case 1:06-cv-13157-GEL    Document 55    Filed 04/05/2007    Page 8 of 13

Товариство з обмеженою відповідальністю "Сторм"
проти
Теленор Мобайл Комьюнікейшнз
за участю
Альпрен Лімітед та Альтімо Холдінг енд Інвестмент Лімітед

Письмові покази (аффідевіт) адвокатаІлляшева М.І.

1. Я, Ілляшев Михайло Ігорович, старший партнер та співзасновник Юридичної фірми "Ілляшев та Партнери", адвокат, член Київської міської колегії адвокатів, офіційно заявляю під загрозою покарання за дачу неправдивих свідчень, згідно § 1746 28 Кодексу США:

2. На підставі довіреності від Альпрен Лімітед (Alpren Limited, 3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus) – надалі «Альпрен», я виконував функції юридичного радника - представника Альпрен на території України.

3. 17.04.2006 р. Альпрен звернувся до Господарського суду м. Києва з позовом проти Товариства з обмеженою відповідальністю "Сторм" (01001 м. Київ, вул. Народного ополчення, 1) про визнання незаконними дій по підписанню та припинення дій по виконанню відповідачем Акціонерної угоди, датованої 30.01.2004 р.

4. Під час розгляду справи Альпрен збільшив позовні вимоги і додатково попросив визнати незаконними дії по підписанню та припинити дії по виконанню Договору про голосування, датованого 02.09.2002 р.

5. ТОВ «Сторм» забезпечило представництво на слуханні, проти задоволення позову заперечувало.

6. Рішенням Господарського суду м. Києва у справі № 40/242 від 25.04.2006 р. позов було повністю задоволено, в т.ч.: дії ТОВ "Сторм" по підписанню Договору про голосування від 02.09.2002 р. між Теленор Мобайл Комьюнікейшнз АС (Telenor Mobile Communications AS, Norway, Fornebu Snaroyveien 30 D, 1331) та ТОВ "Сторм", а також дії ТОВ "Сторм" по підписанню Акціонерної угоди від 30.01.2004 р. між Теленор Мобайл Комьюнікейшнз, ТОВ "Сторм" та ЗАТ "Київстар Дж.Ес.Ем." (03110, м. Київ, Червонозоряний проспект, 51) визнано незаконними.

7. ТОВ "Сторм" 16.05.2006 р. на це рішення Господарського суду м. Києва було подано апеляційну скаргу до Київського апеляційного господарського суду. Київський апеляційний господарський суд 19.05.2006 р. виніс ухвалу про порушення апеляційного провадження у справі № 40/242, а 25.05.2006 р. виніс постанову, якою відмовив в задоволенні апеляційної скарги і залишив без змін рішення Господарського суду м. Києва від 25.04.2006 р.

8. Рішення від 25.04.2006 р. не було оскаржено іншими особами, які б вважали, що їх права порушені таким рішенням, хоча відповідно до законодавства України, особи, прав та обов'язків яких стосується рішення, без огляду на те, чи є вони сторонами

1

процесу, мають право на подачу скарги. Постанову Київського апеляційного господарського суду від 25.05.2006 р. не було оскаржено ані ТОВ "Сторм", ані іншими особами.

9. Оскільки Клименко В. В. (Генеральний директор ТОВ "Сторм") ігнорував рішення суду, ухилявся від його виконання, 27.11.2006 р. співробітник моєї компанії, адвокат Лефор Галина, від імені Альпрен Лімітед, звернулася до Голосіївського районного суду м. Києва з позовом проти Клименка В. В. про визнання дій Клименка В.В. по виконанню Акціонерної угоди, датованої 30.01.2004 р. незаконними та просила зобов'язати Клименка В. В. вчинити дії по припиненню виконання цієї Акціонерної угоди, а також подала клопотання про забезпечення позову (додаток до судового наказу про тимчасову заборону TRO).

10. Голосіївський районний суд м. Києва своєю ухвалою від 01.12.2006 р.:
    - заборонив до вирішення справи по суті Клименку В. В., як генеральному директору ТОВ "Сторм" та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди від 30.01.2004 р., в тому числі заборонив підписувати та подавати від імені ТОВ "Сторм" будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор Мобайл Комьюнікейшнз АС до ТОВ "Сторм" в місті Нью-Йорк;

    - заборонив до вирішення справи по суті ТОВ "Сторм" та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди від 30.01.2004 р., в тому числі заборонив подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор Мобайл Комьюнікейшнз АС до ТОВ "Сторм" в місті Нью-Йорк;

    - заборонив до вирішення справи по суті Теленор Мобайл Комьюнікейшнз АС та будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди від 30.01.2004 р., в тому числі заборонив подавати будь-які пояснення, заяви, позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор Мобайл Комьюнікейшнз АС до ТОВ "Сторм" в місті Нью-Йорк.

11. На підставі ухвали Голосіївського районного суду м. Києва від 01.12.2006 р. співробітник моєї фірми, юрист Мішаніна Ірина, від імені Альпрен Лімітед,

2

04.12.2006 р. подала заяву до Державної виконавчої служби Голосіївського району м. Києва про відкриття виконавчого провадження. Державна виконавча служба Голосіївського району м. Києва 04.12.2006 р. винесла постанову про відкриття виконавчого провадження, а потім видала вимогу негайного виконання ухвали Голосіївського районного суду м. Києва від 01.12.2006 р.

12. Державна виконавча служба вручає копії своїх наказів залученим сторонам за власною ініціативою. Для цього не потрібно заяви юридичних осіб, які беруть участь в судовій справі, по якій було винесено рішення.

13. 07.12.2006 р., задовольняючи заяву Теленор Мобайл Комьюнікейшнз, SDNY федеральний суд виніс рішення заборонити Альпрен, Сторм та іншим особам вчиняти певні дії, включаючи подання додаткових скарг в українських судах.

14. Згідно ст. 1 Закону України "Про виконавче провадження"[1], виконавче провадження як завершальна стадія судового провадження та примусове виконання рішень інших органів (посадових осіб) - це сукупність дій органів і посадових осіб, зазначених у цьому Законі, спрямованих на примусове виконання рішень судів та інших органів (посадових осіб), які здійснюються на підставах, у спосіб та в межах повноважень, визначених цим Законом, іншими нормативно-правовими актами, виданими відповідно до цього Закону та інших законів, а також рішеннями, що відповідно до цього Закону підлягають примусовому виконанню.

15. Відповідно до ч. 1 ст. 2 цього закону, примусове виконання рішень в Україні покладається на Державну виконавчу службу, яка входить до системи органів Міністерства юстиції України.

16. Окрім цього, в ч. 2 ст. 5 цього ж закону сказано, що державний виконавець здійснює необхідні заходи щодо своєчасного і повного виконання рішення, зазначеного в документі на примусове виконання рішення, у спосіб і порядок, визначені виконавчим документом. При цьому стягувач не має права втручатися в поточну діяльність виконавця.

17. 20.12.2006 р. Державна виконавча служба Голосіївського району м. Києва надіслала лист арбітрам Кенету Р. Фейнберг (Kenneth R. Feinberg, Esq. The Feinerg Group LLP The Willard Office Building 1455 Pennsylvania Ave., NW Suite 390 Washington, DC 20004), Вільяму Р. Дженетсу (William R. Jentes, Esq. 1500 North Lake Shore Drive Suite 4C Chicago, IL 60610) та Грегорі Бі. Крейду (Gregory B. Craig, Esq. Williams & Connolly LLP 725 Twelfth St., NW Washington, DC 20005), в якому доводилось до їх відома те, що на виконанні у Державній виконавчій службі Голосіївського району м. Києва перебуває ухвала № 2-5613 від 01.12.2006 р. Голосіївського районного суду м. Києва і 04.12.2006 р. Державною виконавчою службою винесено постанову про відкриття виконавчого провадження, якою зобов'язано Клименка В. В., як генерального директора ТОВ "Сторм", ТОВ "Сторм", Теленор Мобайл Комьюнікейшнз АС виконувати умови зазначеної ухвали.

---

[1] Закон України "Про виконавче провадження" (Відомості Верховної Ради (ВВР), 1999, N 24, ст.207), № 606-XIV від 21.04.1999 р. з наступними змінами і доповненнями.

18. Державна виконавча служба вправі повідомляти осіб, що не є сторонами процесу, але на яких впливатиме виконавчий процес, як наприклад арбітрів, які були поінформовані в даному випадку, що існують судові заборони.

19. Державна виконавча служба надсилає такі повідомлення за власною ініціативою. Не вимагається, щоб юридичні особи – сторони процесі запитували про це.

20. 25.01.2007 р. Державна виконавча служба Голосіївського району м. Києва винесла постанову про накладення штрафу на Теленор Мобайл Комьюнікейшнз за невиконання рішення Голосіївського районного суду м. Києва у розмірі 510,00 грн.

21. Державна виконавча служба накладає штраф на юридичну особу, що порушила рішення суду згідно ч.2 ст.76 Закону («У разі невиконання без поважних причин цих вимог державний виконавець застосовує до боржника штрафні санкції...»).

22. Державна виконавча служба накладає такі штрафи за власною ініціативою. Сторони, що беруть участь в процесі можуть звернутися з заявою про це, проте для Державної виконавчої служби не є необхідним отримання заяви сторони процесу про накладення штрафу. Альпрен не звертався з жодними заявами про накладення штрафу до Державної виконавчої служби і накладення штрафу на Теленор є її власною ініціативою.

23. Отже те, що Державна виконавча служба Голосіївського району 25.01.2007 р. (тобто після винесення рішення про заборону федеральним судом міста Нью-Йорк) винесла постанову про накладення штрафу (та раніше направила повідомлення арбітрам), є її самостійною діяльністю відповідно до Закону України "Про виконавче провадження", до якої Альпрен не має жодної причетності.

24. Таким чином, є повністю неправдивою заява радника Теленор щодо того, що «...накладення штрафу...робиться лише за заявою сторони...» (стор.3 та 12 Меморандума від 12.03.07).

25. Так само неправдивим є твердження радника Теленор про те, що повідомлення держвиконавця арбітрам не могло бути направлене «інакше як на вимогу Альпрен» (стор.3 та 12 Меморандума від 12.03.07).

26. Будь-які офіційні звернення до державної виконавчої служби в Україні здійснюються виключно в письмовій формі. Ані Альпрен, ані його представники не надсилали жодних письмових звернень після 04.12.06. Вказане підтверджує в своєму афідавіті і радник Теленор Дідковській Олексій (п.6 афідавіту від 12.03.07).

27. Після 04.12.06 ані Альпрен, ані його представники не вступали у взаємовідносини з Державною виконавчою службою щодо ухвали від 01.12.06, адже органи ДВС, довівши до відома зацікавлених осіб заборону, як правило, самостійно виносять постанову про закінчення виконавчого провадження. Жодних додаткових дій Альпрен для цього не потрібно.

28. Дії Альпрен та/або мої дії як представника Альпрен щодо виконання ухвали Голосіївського райсуду жодним чином не порушували рішення федерального суду південного округу міста Нью-Йорк, оскільки були здійснені до його винесення.

4

29. 31.01.2007 р. Альпрен звернувся з позовом до Краснолуцького районного суду Луганської області проти Клименка В.В., Тронда Мое та інших.

30. В позові, між іншим, йшлося про визнання недійсними договорів між ЗАТ "Київстар Дж.Ес.Ем." та "Ернст енд Янг" щодо надання аудиторських послуг.

31. 31.01.2007 р. суд виніс ухвалу про забезпечення позову, задовольняючи заяву Альпрен.

32. Наразі подано апеляцію на ухвалу Краснолуцького районного суду Луганської області до Апеляційного суду Луганської області.

33. 16.02.2007 р. Альпрен звернувся з позовом до Господарського суду м. Києва проти ЗАТ "Київстар Дж.Ес.Ем.", ТОВ "Ернст енд Янг аудиторські послуги" та ТОВ "Ернст енд Янг".

34. В позові, між іншим, йшлося про визнання недійсними договорів між ЗАТ "Київстар Дж.Ес.Ем." та "Ернст енд Янг" щодо надання аудиторських послуг.

35. Судом було задоволене заяву Альпрен про забезпечення позову.

36. Згідно з чинним законодавством України обидві вказані справи підсудні українським судам, не існує арбітражної угоди між учасниками вказаних процесів про передання справи на розгляд арбітражу.

37. Мені не відомі факти, щоб учасники обох вказаних процесів Альпрен проти Ернст енд Янг не заявляли клопотань та не аргументували позицію, що спори потрібно вирішувати в арбітражному порядку, а не в українських судах.

Додаток: витяг із Закону України "Про виконавче провадження".

_____ Ілляшев М.І.

04 квітня 2007 р.

5