Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
:
**STORM LLC,** :
:
      Plaintiff, :
:
    -against- :
:
**TELENOR MOBILE COMMUNICATIONS AS,** :
:
      Defendant. :
:
------------------------------------------------------------------ X   06 CV 13157(GEL) (DF)
**TELENOR MOBILE COMMUNICATIONS AS,** :
:
      Counterclaimant, :
:
   - against- :  **REPLY DECLARATION OF**
:  **ROBERT L. SILLS**
**STORM LLC,** :
:
      Counterclaim-Defendant, :
:
   - and- :
:
**ALTIMO HOLDINGS & INVESTMENTS LIMITED and** :
**ALPREN LIMITED,** :
:
      Relief Defendants. :
------------------------------------------------------------------ X

**ROBERT L. SILLS** declares the following to be true:

1. I am a member of the bar of this Court and of the firm of Orrick, Herrington & Sutcliffe LLP, attorneys for Counterclaimant Telenor Mobile Communications AS ("Telenor Mobile" or Counterclaimant"). I make this reply declaration in further support of Telenor Mobile's motion to have Counterclaim-Defendant Storm LLC ("Storm") and Relief Defendants Altimo Holdings & Investments ("Altimo") and Alpren Limited ("Alpren") held in contempt.

2. Attached hereto as Exhibit A is an email sent from David Wack, Esq., to Mary-Claire St. John-Butler, Esq., dated September 4, 2002.

3. Attached hereto as Exhibit B is a letter from Storm LLC to the arbitral panel, dated January 26, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April, 2007 at New York, New York.

_____
ROBERT L. SILLS

```
-----Original Message-----
From: Wack, David [mailto:DWack@ssd.com]
Sent: Wednesday, September 04, 2002 10:48 AM
To: 'St John-Butler, Mary-Claire'
Cc: O'Driscoll, Peter
Subject: RE: Kyivstar - New Ericsson Agreements
```

Mary Claire,

None taken. Jmak appears to be out of pocket today. In order to speed the review, it would help if we had the other two credit agreements. I understand that you don't have these in electronic form, but if you have an extra hard copy from which it would be possible to make a PDF file, that would be greatly appreciated. You can bill us for the copying expense and we'll pass it on to Alfa.

```
-----Original Message-----
From: St John-Butler, Mary-Claire [mailto:StJohn-ButlerM@London.Coudert.com]
Sent: Wednesday, 04 September, 2002 18:19
To: 'Wack, David'
Cc: O'Driscoll, Peter
Subject: RE: Kyivstar - New Ericsson Agreements
```

David, I understand the position with respect to Alfa and Storm. I was, however, not aware that you knew Mr. Jmack had stated he approved these documents and thought it might assist the review to know that Storm had been involved. I apologise if I caused any offence.

```
-----Original Message-----
From: Wack, David [mailto:DWack@ssd.com]
Sent: 04 September 2002 15:09
To: 'St John-Butler, Mary-Claire'
Cc: Peter O'Driscoll (E-mail)
Subject: RE: Kyivstar - New Ericsson Agreements
```

Mary Claire,

I assume that this was intended to go to Peter. In any event, since Alfa acquired Storm back in July, Storm means Alfa. Alfa has not seen or approved these documents. As Peter knows, we have political and operational issues to resolve with the existing Storm people, including Jmak. Approval by Jmak in respect of Storm is meaningless unless Alfa has signed off.

```
-----Original Message-----
From: St John-Butler, Mary-Claire [mailto:StJohn-ButlerM@London.Coudert.com]
Sent: Wednesday, 04 September, 2002 17:45
To: 'Wack, David'
Subject: RE: Kyivstar - New Ericsson Agreements
```

don't you think we should point out to Wack that Storm has already approved all of these docs?

1

```
-----Original Message-----
From: Wack, David [mailto:DWack@ssd.com]
Sent: 04 September 2002 14:30
To: 'O'Driscoll, Peter'; 'ashtyrba@alfabank.ru'; 'kstayn@alfabank.ru'
Cc: 'egil.hansen1.telenor.com'; 'fredrik.lykke.telenor.com'; St John-Butler, Mary-Claire
Subject: RE: Kyivstar - New Ericsson Agreements
```

Peter,

Again, thank you for all of the various documents (I now have a small forest on my desk). We are pleased that Telenor would like Alfa's input, and understand the urgency involved. Please understand, however, since we have not been involved in the negotiation of the documents to date and were not permitted to have copies of the existing agreements during our due diligence, we need some time to complete our review. As you are aware, the agreements are quite voluminous. While I'm sure that Coudert has done a commendable job in negotiating the agreements, Alfa/Storm may have slightly divergent issues and views on certain points. As such, we and Alfa will need until at least Friday evening to complete our review.

Thank you for your understanding.

David

```
-----Original Message-----
From: O'Driscoll, Peter [mailto:ODriscollP@London.Coudert.com]
Sent: Wednesday, 04 September, 2002 13:30
To: 'dwack@ssd.com'; 'ashtyrba@alfabank.ru'; 'kstayn@alfabank.ru'
Cc: 'egil.hansen1@telenor.com'; 'fredrik.lykke@telenor.com'; St John-Butler, Mary-Claire
Subject: Kyivstar - New Ericsson Agreements
```

Further to my conversation with David Wack this morning, attached for your review are drafts of the following documents:

1. USD105 Credit Agreement;
2. Deed of Amendment to Equipment Pledge Agreement; 3. Deed of Amendment to Movables Pledge Agreement; 4. Deed of Amendment to the Facility Agreements and various security documents; and 5. Guarantee Deed

To ensure the prompt release of certain of the existing Ericsson Agreements from escrow and to avoid delaying the decision-making process in relation to its proposed Eurobond, Kyivstar wishes to enter into these agreements as soon as possible, and has asked that, if possible, you provide any comments on these agreements no later than tomorrow.

Please call me or Mary Claire if you have any questions regarding the attached documents.

Regards.

Peter

---

The information in this e-mail and in any attachment is confidential. It may be subject to legal professional or other privilege. If you are not the intended recipient, please notify us immediately by telephoning +44 (20) 7248 3000 and asking for the author or by returning this e-mail. You should not copy this e-mail or use it for any other purpose, nor disclose its contents to any other person.

# Lovells

590 Madison Avenue
New York NY 10022
Tel: +1 212 909 0600
Fax: +1 212 909 0660

By E-mail

January 26, 2007

Direct line (212) 909-0661
pieter.vantol@lovells.com
Direct fax (212) 909-0660

Our ref NYPT/112815.1
Matter ref V2336/00016

Kenneth R. Feinberg, Esq.
The Feinberg Group LLP
The Willard Office Building
1455 Pennsylvania Ave., NW
Suite 390
Washington, DC 20004

William R. Jentes, Esq.
1500 North Lake Shore Drive
Suite 4C
Chicago, IL 60610

Gregory B. Craig, Esq.
Williams & Connolly LLP
725 Twelfth St., NW
Washington, DC 20005

RE:   TELENOR MOBILE COMMUNICATIONS AS V. STORM LLC

Gentlemen:

We write in response to Telenor Mobile's letter of January 16, 2007.

At the outset, we wish to emphasize that the purpose of this letter is not to discuss the merits of the arbitration. The December 1, 2006 injunction from the Ukrainian court is still in place and it continues to impose limitations on Storm's ability to participate in the arbitration. Instead, we are writing because Telenor Mobile has improperly attempted, in the January 16 letter, to bring clearly non-arbitrable issues before the Tribunal.

We do not address the first part of the January 16 letter, which relates to the December 22, 2005 Order that has come up in the parties' prior submissions. The December 1, 2006 injunction prevents us from doing so. Instead, we will rest on the record before the Tribunal.

The balance of the January 16 letter, however, discusses a completely separate Ukrainian action brought by Storm against Kyivstar and two Ernst & Young entities (collectively, "E & Y") involving 2006 agreements for the provision of professional services by E & Y. Those contracts have no connection to this arbitration whatsoever. As Telenor Mobile notes, Storm's action and the resulting preliminary injunction are based on an assertion that the Kyivstar board did not approve the contracts. (Jan. 16 Letter at 3.) Telenor Mobile ignores the fact that the merits of the case are

Alicante  Amsterdam  Beijing  Berlin  Brussels  Chicago  Dusseldorf  Frankfurt  Hamburg  Ho Chi Minh City  Hong Kong  London  Madrid  Milan
Moscow  Munich  New York  Paris  Prague  Rome  Shanghai  Singapore  Tokyo  Warsaw   Associated offices: Budapest  Zagreb

Lawyers (USA) Solicitors Rechtsanwälte Avocats Advocaten Notarissen Avvocati Abogados

being considered by the Kyiv City Commercial Court. (*See* Ex. B to Jan. 16 Letter at 2.)[1] Indeed, it is our understanding that Telenor Mobile has sought to intervene in the Ukrainian action and it has stated publicly that it will be asking the Ukrainian higher courts to reverse the injunction. (*See* enclosed press release dated January 23, 2007.) At a minimum (and without prejudice to Storm's arguments below), the Tribunal should not take any action that would intrude upon the jurisdiction of the Ukrainian courts as they determine the issues. The Tribunal also should not attempt to interfere with the Ukrainian court proceedings while it is still deciding the issue of whether the Shareholders Agreement was validly entered into.[2]

Telenor Mobile makes two bootstrapping arguments in an effort to bring the E & Y issues before the Tribunal. First, it relies on the "good faith" provisions in Section 2.05(b) of the Shareholders Agreement. Of course, the good faith required of the parties is limited to their obligations under the Shareholders Agreement and it does not govern all Kyivstar-related issues, such as the contracts between Kyivstar and third parties like E & Y. Disputes under those contracts must be resolved in the forum and under the dispute-resolution mechanisms agreed to by those parties; there is no evidence (or any case law cited by Telenor Mobile) to support the notion that the arbitration clause in the Shareholders Agreement is intended to cover agreements involving third-party vendors.

Second, Telenor Mobile claims that the Ukrainian action violates Section 8.07 of the Shareholders Agreement because Kyivstar allegedly "cannot continue to access the international capital markets." (Jan. 16 Letter at 3.) Telenor Mobile has not presented <u>any</u> evidence to support its assertion regarding Kyivstar's future access to financing, the apparent allegation that Storm brought the Ukrainian action in order to prevent Kyivstar from having such access, or the contention that Section 8.07 was intended to be read as broadly as Telenor Mobile claims.

Under the circumstances, Telenor Mobile has not come close to carrying its burden of establishing that the Tribunal should even consider the new matters, let alone grant the sweeping relief that Telenor Mobile seeks in the January 16 letter.

Respectfully,

*Pieter Van Tol*

Pieter Van Tol

Enc.

cc:   Robert L. Sills, Esq.

---

[1]   It is our understanding that the hearing before the Kyiv City Commercial Court scheduled for January 22, 2007 was adjourned (although the injunction was left in place). We will advise the Tribunal as soon as we are aware of the new date.

[2]   We note that Telenor Mobile has not provided any authority for the proposition that an arbitration tribunal may issue the type of anti-suit injunction requested in the January 16 letter.



About Telenor    Press centre    Investor Relations    Corporate responsibility    Career centre

**Press releases**
Subscribe
Archive
Press and media contacts
Image gallery
Telektronikk

# Press releases

Telenor, 23 January, 2007

### Alfa Attempts to Obstruct Kyivstar Audit

(Kyiv/Oslo, 23 January 2007) A Court ruling in Ukraine Monday continued injunctions preventing Ernst & Young from completing its audit of the 2006 financial statements of Kyivstar.

The lawsuit brought by Storm, an affiliate of Alfa/Altimo, claims that Kyivstar lacked Board authority to enter into any agreement with Ernst & Young in relation to the audit. Such approval has not been possible to obtain as Storm for the past two years has boycotted Kyivstar's Board and shareholders meetings, causing such meetings not to be held. A hearing on the merits in Kyiv City Commercial Court was on Monday adjourned before the parties were heard and no new hearing date has been set.

"The lawsuit in itself is absurd. Alfa still refuses to participate in Board and shareholder meetings. Now Alfa is launching legal attacks against Kyivstar on the basis of a situation Alfa has itself created. Telenor will definitely not put up with such tactics and we trust the government of Ukraine and the higher courts of Ukraine to intervene to end this outrage. Telenor is confident that Kyivstar's management will take the necessary steps to secure continued auditing of the company," said Executive Vice President and head of Telenor's operations in Central and East Europe, Jan Edvard Thygesen.

**Further information:**
Dag Melgaard, Vice President and press spokesman of Telenor ASA, tel +47 901 92 000, email: dag.melgaard@telenor.com