Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue, New York, New York 10103
Telephone: (212) 506-5000
Facsimile:  (212)  506-5151
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------- X
                                                     :

**STORM LLC,**                                       :
                                                :

                          Plaintiff,                     :
                                                :

                    -against-                    :
                                                :

**TELENOR MOBILE COMMUNICATIONS AS,**    :
                                                :

                         Defendant.                  :
                                                :
------------------------------------------------------------------------- X   06 CV 13157 (GEL) (DF)
**TELENOR MOBILE COMMUNICATIONS AS,**    :
                                                :

                        Counterclaimant,           :
                                                :   **REPLY DECLARATION OF**

                   - against-                  :   **OLEKSIY DIDKOVSKIY**
                                                :

**STORM LLC,**                                       :
                                                :

                        Counterclaim-Defendant,     :
                                                :

                    - and-                     :
                                                :

**ALTIMO HOLDINGS & INVESTMENTS LIMITED and**  :
**ALPREN LIMITED,**                                 :

                        Relief Defendants.         :
------------------------------------------------------------------------- X

      **OLEKSIY DIDKOVSKIY,** declares the following to be true:

               1.       I am a member of the bar of Ukraine and of Shevchenko Didkovskiy &

Partners law firm, located in Kyiv, Ukraine.  I also serve as Ukrainian counsel to

Counterclaimant Telenor Mobile Communications AS ("Telenor Mobile"). I have read and reviewed (1) Storm LLC's Memorandum of Law in Opposition to Telenor Mobile's Motion for an Order Holding Counterclaim-Defendant and Relief Defendants in Civil Contempt; (2) Altimo Holdings & Investments Limited and Alpren Limited's Memorandum of Law in Opposition to Telenor Mobile's Motion for an Order of Contempt; (3) the Declaration of Oleg Malis; (4) the Declaration of Mikhail Ilyashev; (the "Ilyashev Decl.") and (6) the Declaration of Sergii Vlasenko (the "Vlasenko Decl.").

2.    I make this reply declaration in response to the various assertions in those papers regarding Ukrainian law and practice and in further support of Telenor Mobile's motion for Relief Defendants Altimo Holdings & Investments Limited ("Altimo"), and Alpren Limited ("Alpren") and Counterclaim-Defendant Storm LLC ("Storm") to be held in contempt.

**The Defendants Had the Ability to Stop the Enforcement Proceedings.**

3.    As a preliminary matter, I note that Alpren does not contest that it had the power to halt the enforcement proceedings before the enforcement officer's rulings and demand were sent to, or fine was issued against, Telenor Mobile.

4.    As a matter of Ukrainian law, if a party has requested an enforcement proceeding to be commenced to enforce an injunction and later wishes to stop such enforcement, it may file a petition with the State Enforcement Service ("SES") and request that the SES return the relevant decree.[1] The party who has previously requested enforcement of an injunction can also file a statement of refusal of enforcement with a state enforcement officer of the SES. The

---

[1] See paragraph 9 of part 1 of Article 37 of the Enforcement Law. Attached hereto as Exhibit A is Article 37, together with a true and correct English translation thereof.

state enforcement officer will transmit such statement to the relevant court for acceptance.[2]  The court has the right to verify and reject such statement if it is contrary to applicable law or violates the rights or freedoms of third parties, however, I understand that none of the Defendants ever offered such a statement.[3]

**The Application for Enforcement.**

        5.      Storm's Memorandum of Law in Opposition to Telenor Mobile's Motion for an Order Holding Counterclaim-Defendant and Relief Defendants in Civil Contempt ("Storm's Memorandum") contains several errors in relation to its description of Ukrainian law.

        6.      First, Storm's Memorandum erroneously states that an application for enforcement is not required for the SES to enforce the injunction and commence respective enforcement proceedings.  Article 18 of the Law of Ukraine, "On Enforcement Proceedings," No. 606-XIV, dated April 21, 1999, as amended (the "Enforcement Law"), expressly provides that an enforcement officer shall commence an enforcement proceeding on the basis of a document requiring an enforcement action (an "enforcement document")[4] only in the following circumstances:

---

[2] See part 1 of Article 372 of the Code of Civil Procedure of Ukraine, dated March 18, 2004, as amended (the "Code of Civil Procedure").  Attached hereto as Exhibit B is Article 372, together with a true and correct English translation thereof.

[3] See part 2 of Article 372 of the Code of Civil Procedure.

[4] Under part 2 of Article 3 of the Enforcement Law, the enforcement documents that are subject to enforcement by the SES include, in particular, writs of execution issued by courts, orders issued by commercial courts, court decrees and rulings regarding civil, commercial, administrative and criminal cases in the instances provided for by the law, etc.  Attached hereto as Exhibit D is Article 3, together with a true and correct English translation thereof.

(1) upon the application of a recoverer [i.e. an individual or legal entity for whose benefit or in whose interests the enforcement document was issued][5] or its representative for enforcement of a decision subject to enforcement;

(2) upon the application of a prosecutor when the prosecutor represents the interests of a citizen or the state in court; or

(3) in other cases provided for by the law.

Attached hereto as Exhibit C is Article 18 together with a true and correct English translation thereof.

7.    Subsections two and three of Article 18 do not apply to the decree issued by the Golosyivsky District Court of the City of Kyiv on December 1, 2006 (the "December 1 Injunction"). The second provision described above does not apply on its face, because no Ukrainian prosecutor participated in the Alpren case that resulted in the December 1 Injunction. The third provision does not apply, because the only "other cases" provided for by Ukrainian law are those in which the state itself is a recoverer under an enforcement document. In those cases, the authority that issued such an enforcement document is to send this document to the SES authority for enforcement.[6]

8.    In view of the foregoing, under Ukrainian law, the December 1 Injunction alone is not sufficient for an enforcement officer to commence an enforcement proceeding; rather, an enforcement officer also requires an application from a recoverer or its representative on enforcement of the injunction. Indeed, contrary to Storm's assertions, a recent ruling by the SES authority confirms that submission of an application by a recoverer is a requirement for

---

[5] See part 2 of Article 11 of Enforcement Law. Attached hereto as Exhibit E is Article 11, together with a true and correct English translation thereof.

[6] See Section 3.1 of the Instruction on Performing Enforcement Actions approved by the Order of the Ministry of Justice of Ukraine No. 74/5, dated December 15, 1999, as amended (the "Instruction on Enforcement Actions"). Attached hereto as Exhibit F is Section 3.1, together with a true and correct English translation thereof.

commencement of enforcement proceedings under Ukrainian law. See Ruling No. 231/2 (an unrelated case) on the Refusal to Commence Enforcement Proceeding, issued by the Decisions Enforcement Department of the SES of the City of Kyiv on December 20, 2006, a copy of which is attached hereto as Exhibit G, together with a true and correct English translation thereof. In that case, the SES referred to Article 26, paragraph 7 of the Enforcement Law as a ground for refusing the commencement of an enforcement proceeding. Pursuant to Article 26, paragraph 7 of the Enforcement Law, a state enforcement officer refuses to commence an enforcement proceeding if there are other circumstances envisaged by the law that preclude the carrying out of an enforcement proceeding. Attached hereto as Exhibit H is Article 26, together with a true and correct English translation thereof.

        9.    Storm erroneously states that the enforcement of the December 1 Injunction against Telenor Mobile "is contemplated by the two other applications filed on December 4, which . . . ask the Ukrainian SES to take all necessary steps (including action against Telenor Mobile) to insure compliance with [the December 1 Injunction]." See Storm's Memorandum, page 15.[7] This is not correct.

---

[7] With regard to Alpren's applications to the SES, I note that Mr. Ilyashev says, "[b]ased on the resolution by the Golosyivsky District Court of Kiev of December 1, 2006, an employee of my firm, lawyer Iryna Mishanina, on behalf of Alpren Limited, filed an application with the State Enforcement Agency of Golosyivsky District of Kiev to institute enforcement proceedings on December 4, 2006." Ilyashev Decl. at ¶ 11. (emphasis added)

10.     First, neither of those two applications refers to Telenor Mobile.   As a matter of Ukrainian practice, where there are multiple debtors[8] (i.e., individuals or legal entities that must take certain actions (transfer property, perform other obligations envisaged by a decision) or refrain from certain actions under a decision) under the injunction, a recoverer must file separate applications and counterparts of the injunction with respect to each debtor.

11.     There are three debtors expressly identified in the December 1 Injunction—Mr. Klymenko, Storm and Telenor Mobile.  As discovered from our review of the enforcement file pertaining to the December 1 Injunction, Alpren has filed two separate applications and two originals of the December 1 Injunction attached to each application with respect to two of the debtors, Mr. Klymenko and Storm.  See Storm's Memorandum, p. 14.  It is also obvious from the text of these applications that Alpren sought enforcement of the December 1 Injunction where it concerned Mr. Klymenko and Storm, but did not request such enforcement against Telenor Mobile.  For this reason, a separate application and a counterpart of the December 1 Injunction should have been filed by Alpren and would have been necessary for the SES to have commenced an enforcement proceeding against Telenor Mobile.

12.     Second, Telenor Mobile was only informed of the enforcement proceeding to enforce the December 1 Injunction against it on February 19, 2007, over two and one half months after the Enforcement Ruling was issued.  Under Ukrainian law, a copy of the ruling on commencement of an enforcement proceeding is dispatched to the recoverer, the debtor and the authority (official) who issued the enforcement document no later than the next day.[9]

---

[8] See part 2 of Article 11 of Enforcement Law.

[9] See part 5 of Article 24 of the Enforcement Law.  Attached hereto as Exhibit I is Article 24, together with a true and correct English translation thereof.  Storm wrongly suggests that Alpren somehow effected service on Telenor Mobile when Storm emailed a copy of the December 1 order to Telenor Mobile's counsel in connection with the New York arbitration on December 4.  As a matter of Ukrainian law, Telenor Mobile was not properly served with the Enforcement Ruling because the Enforcement Ruling was never sent to Telenor Mobile's offices in Norway.  A

**The Fine Ruling**

13.    Storm is also incorrect when it states that the fine imposed by the Ukrainian SES was the "natural consequence" of Telenor Mobile's failure to comply with the December 1 Injunction and Alpren's applications for enforcement filed on December 4, 2006. See Storm's Memorandum, p. 16.

14.    Under Ukrainian law, after an enforcement proceeding is commenced under an enforcement document that requires the debtor to take certain actions or abstain from them, a state enforcement officer determines a period for voluntary compliance with a decision. In case of an unjustifiable failure to comply with these requirements, a state enforcement officer applies fines or other measures envisaged by the law to the debtor.[10] When commencing enforcement of a decision, a state enforcement officer must ascertain whether the debtor has received a copy of the ruling on commencement of the enforcement proceeding and whether it has taken any actions aimed at voluntary performance of the decision. In view of the fact that Telenor Mobile only received the Enforcement Ruling from the Enforcement Service on February 19, 2007 – more than three weeks after the fine was assessed by the Enforcement Service – there is no way the Enforcement Service could have independently determined that Telenor Mobile had been given notice in some other manner.[11]

---

ruling on commencement of enforcement proceeding is deemed to be served ton the debtor at the address specified in the enforcement document in the manner envisaged for service of summons. See part 3 of Section 4.1.1 of the Instruction on Enforcement Actions. Attached hereto as Exhibit J is Article 4.1.1, together with a true and correct English translation thereof. Summonses addressed to individuals are handed to them against acknowledgement and summonsed addressed to legal entities are handed to the appropriate officer who must acknowledge receipts of summonses. See part 1 of Article 76 of the Code of Civil Procedure. Attached hereto as Exhibit K is Article 76, together with a true and correct English translation thereof. To the best of my knowledge, to date, Telenor Mobile's office in Norway has never received a copy of the December 1 Injunction from the Golosiyivsky Court or a copy of the December 4 Enforcement Ruling.

[10] See parts 1 and 2 of Article 76 of the Enforcement Law. Attached hereto as Exhibit L is Article 76, together with a true and correct English translation thereof.

[11] It was procedurally improper for Telenor Mobile to receive the Enforcement Ruling after the Enforcement

15.    Moreover, the Fine Ruling explicitly states that the enforcement officer established that Telenor Mobile Communications AS failed to comply with the December 1 Injunction. It is unclear how the state enforcement officer could have learned of any actions of Telenor Mobile that are purportedly not in line with the December 1 Injunction from anyone other than Alpren, the recoverer, or from its corporate parent, Altimo.

**Notification To the Arbitration Panel**

16.    With respect to the Letter sent to the arbitration panel dated, December 20, 2006 (the "Notification Letter"), Mr. Ilyashev argues that "[t]he State Enforcement Agency is entitled to give notice to persons other than parties to a proceeding but affected by the enforcement procedure, such as arbitrators, who were given notice in this case of available court injunctions." See Ilyashev Decl. at ¶ 18. This is false.

17.    Under Ukrainian law, the responsibility for enforcement of court decisions is vested in state enforcement officers of, in particular, district offices of the SES under respective directorates of justice.[12] The rights of state enforcement officers are set forth in part 3 of Article 5 of the Enforcement Law. This Article does not provide for a right of a state enforcement officer to give notice to persons other than parties to a proceeding and who may be affected by the enforcement procedure.[13]

---

Service imposed a fine. Mr. Ilyashev implicitly acknowledges this when he describes the enforcement process as follows: "[a]fter December 4, 2006, neither Alpren nor its counsel had any contact with the State Enforcement Agency regarding the resolution of December 1, 2006, because usually, after giving notice of the injunction to the parties involved, SEA authorities independently resolve to terminate enforcement proceedings." See Ilyashev Decl. ¶ 27. Instead of giving notice of the December 1 Injunction to Telenor Mobile and terminating the enforcement proceeding, the Enforcement Service imposed a fine and then gave notice by dispatching the Enforcement Ruling and the Demand.

[12] See part 2 of Article 2 of the Enforcement Law. Attached hereto as Exhibit M is Article 2 of the Enforcement Law.

[13] Although the list of rights contained in the Article is non-exhaustive and provides for the right to exercise other powers envisaged by law, I am aware of no law giving a state enforcement officer or the SES the right to notify

18.    Moreover, under Ukrainian law,[14] a state enforcement officer must take appropriate measures to timely enforce the decision in the manner and according to the procedures stipulated in an enforcement document.  The December 1 Injunction, which is an enforcement document,[15] does not provide for enforcement in the form of the notice given to the arbitration panel (the "Panel").

19.    Under Ukrainian law, state and local self-government authorities and their officials must act only on the basis, within the powers of and in the manner envisaged by the Constitution and the laws of Ukraine.[16]  Thus, by sending the Enforcement Notification to the Panel, the state enforcement officer clearly overstepped the limits of his powers.

**The E & Y Litigation.**

20.    In his declaration, Mr. Vlasenko stated: "[a] cursory review of the case file shows that Telenor Mobile also invoked substantive grounds in arguing that the December 29 Injunction did not meet the requirements for an injunction under Ukrainian law."  See Vlasenko Decl. at ¶ 10.

21.    Telenor Mobile entered the First E&Y Case to express its position on the procedural aspects of the First E&Y case, without addressing its merits, as stated in Telenor Mobile's petition requesting permission to participate in the First E&Y Case.  Telenor Mobile's

---

persons other than parties to an enforcement proceeding and those who may be directly affected by such proceeding.

[14] See part 2 of Article 5 of the Enforcement Law.  Attached hereto as Exhibit N is Article 5, together with a true and correct English translation thereof.

[15] Under part 2 of Article 3 of the Enforcement Law, the enforcement documents that are subject to enforcement by the SES include, in particular, court decrees regarding civil cases in the instances envisaged by the law.  Under part 9 of Article 153 of the Code of Civil Procedure, a decree on injunctive relief is subject to immediate enforcement according to the procedure envisaged for enforcement of court decisions.  Attached hereto as Exhibit O is Article 153, together with a true and correct English translation thereof.

[16] See part 2 of Article 19 of the Constitution of Ukraine.  Attached hereto as Exhibit P is Article 19, together with a true and correct English translation thereof.

9

submission of a petition to cancel the E&Y Injunction was entirely in line with this position.

22.    Indeed, the same applies to Telenor Mobile's statement of appeal in the Second E&Y case. Pursuant to the Resolution of the Plenum of the Supreme Court of Ukraine, "On the Practice of Application of Civil Procedural Law by the Courts in the Course of Consideration of Petitions for Injunctive Relief" No. 9, dated December 22, 2006, injunctive relief is an aggregate of procedural actions that ensure the execution of a court decision if a claim is granted. Appealing an injunction is entirely a procedural action and does not relate to the merits of a case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of April, 2007 at Kyiv, Ukraine.

OLEKSIY DIDKOVSKIY

10

# EXHIBIT A

## Стаття 37. Закінчення виконавчого провадження

Виконавче провадження підлягає закінченню у випадках:

1) визнання відмови стягувача від примусового виконання рішення суду;

*(пункт 1 частини першої статті 37 у редакції*
*Закону України від 06.09.2005 р. N 2798-IV)*

2) визнання судом мирової угоди між стягувачем і боржником про закінчення виконавчого провадження;

*(пункт 2 частини першої статті 37 із змінами, внесеними*
*згідно із Законом України від 06.09.2005 р. N 2798-IV)*

3) смерті або оголошення померлим стягувача чи боржника, визнання безвісно відсутнім боржника або стягувача, ліквідації юридичної особи - сторони виконавчого провадження, якщо виконання їх обов'язків чи вимог у виконавчому провадженні не допускає правонаступництва;

*(пункт 3 частини першої статті 37 із змінами, внесеними*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

4) скасування рішення суду або іншого органу (посадової особи), яке підлягало виконанню на підставі виконавчого документа, або визнання судом виконавчого документа таким, що не підлягає виконанню;

*(пункт 4 частини першої статті 37 із змінами, внесеними*
*згідно із Законом України від 15.03.2006 р. N 3538-IV)*

5) письмової відмови стягувача від одержання предметів, вилучених у боржника при виконанні рішення про передачу їх стягувачеві, або знищення речі, яка мала бути передана стягувачеві в натурі;

6) закінчення передбаченого законом строку для даного виду стягнення;

7) передачі виконавчого документа ліквідаційній комісії у разі ліквідації боржника - юридичної особи або арбітражному керуючому у разі визнання боржника банкрутом;

*(пункт 7 частини першої статті 37 із змінами, внесеними*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

8) фактичного повного виконання рішення згідно з виконавчим документом;

9) повернення виконавчого документа без виконання на вимогу суду або іншого органу (посадової особи), які видали виконавчий документ, або на письмову вимогу стягувача;

10) направлення виконавчого документа за належністю до іншого відділу державної виконавчої служби;

11) повернення виконавчого документа до суду чи іншого органу (посадової особи), які видали виконавчий документ, у випадку, передбаченому частиною третьою статті 76 цього Закону;

12) якщо рішення фактично виконане, відповідно до пункту 8 частини першої цієї статті, під час виконання рішення Європейського суду з прав людини.

*(частину першу статті 37 доповнено пунктом 12*
*згідно із Законом України від 20.02.2007 р. N 668-V)*

Про закінчення виконавчого провадження державний виконавець виносить постанову, яка затверджується начальником відповідного органу державної виконавчої служби, якому він безпосередньо підпорядкований. Копія постанови у 3-денний строк надсилається сторонам та суду або іншому органу (посадовій особі), які видали виконавчий документ.

(частина друга статті 37 із змінами, внесеними
згідно із Законом України від 23.06.2005 р. N 2716-IV)

Постанова державного виконавця про закінчення виконавчого провадження може бути оскаржена  сторонами до начальника відповідного органу державної виконавчої служби, якому він безпосередньо підпорядкований, або до суду у 10-денний строк.

(частина третя статті 37 із змінами, внесеними
згідно із Законом України від 23.06.2005 р. N 2716-IV)

(стаття 37 у редакції Закону
України від 28.11.2002 р. N 327-IV)

*(Закон, ВР України від 1999.04.21. № 606-XIV "Про виконавче провадження" Редакція від 2007.02.26)*

© ЛІГА БізнесІнформ. Телефон (044) 538-01-01

### Article 37. Termination of enforcement proceeding

Enforcement proceeding shall be terminated in the following cases:

1) acceptance of recoverer's refusal of enforcement of the court decision;

(clause 1 of part one of Article 37 as restated by
the Law of Ukraine dated September 6, 2005, No. 2798-IV)

2) acceptance by the court of an amicable agreement between the recoverer and the debtor on termination of enforcement proceeding;

(clause 2 of part one of Article 37 as amended pursuant to
the Law of Ukraine dated September 6, 2005, No. 2798-IV)

3) death or acknowledgement as dead of the recoverer or the debtor, acknowledgement of the debtor or the recoverer as missing, liquidation of a legal entity that is a party to enforcement proceeding, if no legal succession can be admitted for fulfillment of their duties or demands in an enforcement proceeding;

(clause 3 of part one of Article 37 as amended pursuant to
the Law of Ukraine dated July 10, 2003, No. 1095-IV)

4) reversal of the decision of a court or other authority (official) that was subject to enforcement on the basis of the enforcement document, or declaration by the court that the enforcement document is not subject to enforcement;

(clause 4 of part one of Article 37 as amended pursuant to
the Law of Ukraine dated March 15, 2006, No. 3538-IV)

5) written refusal of the recoverer from receiving the objects seized from the debtor when enforcing a decision on their transfer to the recoverer, or destruction of an object that was to be transferred to the recoverer in kind;

6) expiration of the term provided by the law for the given kind of penalty;

7) transfer of enforcement document to a liquidation commission in the event of liquidation of a legal entity debtor or to the insolvency officer when the debtor is declared bankrupt;

(clause 7 of part one of Article 37 as amended pursuant to
the Law of Ukraine dated July 10, 2003, No. 1095-IV)

8) de facto full enforcement of the decision pursuant to the enforcement document;

9) return of the enforcement document without enforcement upon request of the court or other authority (official) that issued the enforcement document, or upon written request of the recoverer;

10) transmitting of the enforcement document to the proper division of state enforcement service;

11) return of the enforcement document to the court or other authority (official) that issued the enforcement document in the event envisaged by part three of Article 76 of this Law;

12) if the decision was de facto enforced, pursuant to clause 8 of part one of this Article during the enforcement of a decision of the European Court of Human Rights.

(part one of Article 37 is supplemented with clause 12 pursuant to the Law of Ukraine dated February 20, 2007, No. 668-V)

State enforcement officer shall issue a ruling on the termination of enforcement proceeding that shall be approved by the head of the respective state enforcement service authority, to who he/she is directly subordinated. Within 3 days, a copy of the ruling shall be sent to the parties and the court or other authority (official) that issued the enforcement document.

(part two of Article 37 as amended pursuant to the Law of Ukraine dated June 23, 2005, No. 2716-IV)

The parties may appeal the ruling of the state enforcement officer on the termination of enforcement proceeding to the head of the respective state enforcement service authority, to who he/she is directly subordinated, or to the court within 10 days.

(part three of Article 37 as amended pursuant to the Law of Ukraine dated June 23, 2005, No. 2716-IV)

(Article 37 as restated by the Law of Ukraine dated November 28, 2002, No. 327-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999, No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 37 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  B

### Стаття 372. Мирова угода в процесі виконання

1. Мирова угода, укладена між сторонами, або відмова стягувача від примусового виконання в процесі виконання рішення подається в письмовій формі державному виконавцеві, який не пізніше триденного строку передає її до суду за місцем виконання рішення для визнання.

2. Суд має право перевірити і не визнати мирову угоду або не прийняти відмови стягувача від примусового виконання, якщо це суперечить закону або порушує права чи свободи інших осіб.

3. За результатами розгляду мирової угоди або відмови від примусового виконання суд постановляє ухвалу відповідно до положень цього Кодексу.

*(Кодекс цивільний процесуальний, ВР України від 2004.03.18, № 1618-IV "Цивільний процесуальний кодекс України" Редакція від 2007.03.12)*

**Article 372. Amicable agreement in the course of enforcement**

1. Amicable agreement concluded between the parties or refusal of the recoverer from enforcement in the course of decision enforcement shall be submitted in a written form to the state enforcement officer, who, within three days, shall transfer it to the court at the place of the decision enforcement for its acceptance.

2. The court shall have the right to verify and refuse to acknowledge the amicable agreement or refuse to accept the refusal of the recoverer from enforcement if it contravenes the law or violates rights or freedoms of other persons.

3. As a result of consideration of an amicable agreement or refusal from enforcement, the court shall issue a decree according to the provisions of this Code.

*(The Code of Civil Procedure, the Verkhovna Rada of Ukraine, "The Code of Civil Procedure of Ukraine" dated March 18, 2004, No. 1618-IV, Amended as of March 12, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 372 of the Code of Civil Procedure of Ukraine No. 1618-IV, dated March 18, 2004, amended as of March 12, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  C

### Стаття 18. Підстави для відкриття виконавчого провадження

Державний виконавець відкриває виконавче провадження на підставі виконавчого документа:

(абзац перший статті 18 із змінами, внесеними
згідно із Законом України від 28.11.2002 р. N 327-IV)

1) за заявою стягувача або його представника про примусове виконання рішення, зазначеного в статті 3    цього Закону;

"(пункт 1 статті 18 із змінами, внесеними
згідно із Законом України від 28.11.2002 р. N 327-IV)

2) за заявою прокурора у випадках представництва інтересів громадянина або держави в суді;

3) в інших передбачених законом випадках.

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

### Article 18. Grounds for opening enforcement proceeding

State enforcement officer opens enforcement proceeding on the basis of enforcement document:

*(paragraph 1 of Article 18 as amended*
*pursuant to the Law of Ukraine, dated November 28, 2002, No. 327-IV)*

1) upon the application of recoverer or its representative on enforcement of decision specified in Article 3 of this Law;

*(clause 1 of Article 18 as amended*
*pursuant to the Law of Ukraine, dated November 28, 2002, No. 327-IV)*

2) upon the application of prosecutor in cases of representation of interests of a citizen or state in court;

3) in other cases provided by law.

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999,*
*No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 18 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  D

### Стаття 3. Виконавчі документи за рішеннями, що підлягають виконанню державною виконавчою службою

Примусове виконання рішень державною виконавчою службою здійснюється на підставі виконавчих документів, визначених цим Законом.

Відповідно до цього Закону державною виконавчою службою підлягають виконанню такі виконавчі документи:

1) виконавчі листи, що видаються судами, та накази господарських судів, у тому числі на підставі рішень третейського суду;

2) ухвали, постанови судів у цивільних, господарських, адміністративних та кримінальних справах у випадках, передбачених законом;

3) судові накази;

4) виконавчі написи нотаріусів;

5) посвідчення комісій по трудових спорах, що видаються на підставі відповідних рішень цих комісій;

6) постанови органів (посадових осіб), уповноважених розглядати справи про адміністративні правопорушення у випадках, передбачених законом;

7) рішення органів державної влади, прийняті з питань володіння і користування культовими будівлями та майном;

8) постанови державного виконавця про стягнення виконавчого збору, витрат на проведення виконавчих дій та накладення штрафу;

9) рішення інших органів державної влади у випадках, якщо за законом їх виконання покладено на державну виконавчу службу;

10) рішення Європейського суду з прав людини з урахуванням особливостей, передбачених Законом України "Про виконання рішень та застосування практики Європейського суду з прав людини".

(пункт 10 частини другої статті 3 у редакції
Закону України від 20.02.2007 р. N 668-V)

(стаття 3 із змінами, внесеними згідно із
Законами України від 11.07.2001 р. N 2618-III,
від 28.11.2002 р. N 327-IV,
від 10.07.2003 р. N 1095-IV,
від 18.11.2003 р. N 1255-IV,
від 11.05.2004 р. N 1701-IV,
від 06.09.2005 р. N 2798-IV,
від 08.09.2005 р. N 2875-IV,
від 17.11.2005 р. N 3108-IV,
у редакції Закону України
від 15.03.2006 р. N 3541-IV)

*(Закон, ВР України від 1999.04.21. № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

## Article 3. Enforcement documents upon decisions subject to enforcement by the state enforcement service

The state enforcement service shall perform enforcement of decisions on the basis of enforcement documents provided by this Law.

According to this Law, the following enforcement documents are subject to enforcement by the state enforcement service:

1) writs of execution issued by courts and orders of commercial courts, including based on decisions of court of arbitration;

2) decrees, rulings of courts in civil, commercial, administrative and criminal cases in cases provided by law;

3) court orders;

4) executive endorsements by notaries;

5) certificates of commissions on labor disputes issued on the basis of respective decisions of such commissions;

6) rulings of authorities (officials) empowered to consider cases on administrative offences in cases provided by law;

7) decisions of state authorities approved on the issues of possession and use of religious buildings and property;

8) rulings of a state enforcement officer on collection of enforcement fee, expenses for performance of enforcement efforts and imposition of a fine;

9) decisions of other state authorities if the law entrusts their enforcement to the state enforcement service;

10) decisions of the European Court of Human Rights, subject to peculiarities envisaged by the Law of Ukraine "On Execution of Decisions and Application of Practice of the European Court of Human Rights".

(Clause 10 of part two of Article 3 as restated by the Law of Ukraine as of February 20, 2007, No. 668-V)

(Article 3 amended pursuant to the Laws of Ukraine
as of July 11, 2001, No. 2618-III,
as of November 28, 2002, No. 327-IV,
as of July 10, 2003, No. 1095-IV,
as of November 18, 2003, No. 1255-IV,
as of May 11, 2004, No. 1701-IV,
as of September 6, 2005, No. 2798-IV,
as of September 8, 2005, No. 2875-IV,
as of November 17, 2005, No. 3108-IV,
as restated by the Law of Ukraine
as of March 15, 2006, No. 3541-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999, No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 3 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  E

## Стаття 11. Сторони виконавчого провадження

Сторонами у виконавчому провадженні є стягувач і боржник.

Стягувачем є фізична або юридична особа, на користь чи в інтересах якої видано виконавчий документ. Боржником є фізична або юридична особа, яка зобов'язана за рішенням вчинити певні дії (передати майно,    виконати і інші обов'язки, передбачені рішенням) або утриматися від їх вчинення.

> (частина друга статті 11 із змінами, внесеними
> згідно із Законом України від 10.07.2003 р. N 1095-IV)

У виконавчих провадженнях про стягнення сум у дохід Державного бюджету України стягувачем є орган, за позовом якого судом винесено відповідне рішення, або орган, який відповідно до закону прийняв таке рішення. У виконавчих провадженнях про стягнення у дохід Державного бюджету України судового збору (державного мита) стягувачем є орган державної податкової служби.

> (статтю 11 доповнено новою частиною третьою
> згідно із Законом України від 22.09.2005 р. N 2900-IV,
> у зв'язку з цим частини третю і четверту вважати
> відповідно частинами четвертою і п'ятою,
> частина третя статті 11 із змінами, внесеними згідно із
> Законом України від 15.03.2006 р. N 3541-IV)

У виконавчому провадженні можуть брати участь кілька стягувачів або боржників. Кожен з них щодо   іншої сторони має право брати участь у виконавчому провадженні самостійно або може доручити участь у виконавчому провадженні одному із співучасників.

У разі вибуття однієї з сторін державний виконавець з власної ініціативи або за заявою сторони, а також    сама заінтересована сторона мають право звернутися до суду з заявою про заміну сторони її правонаступником. Для правонаступника усі дії, вчинені до його вступу у виконавче провадження, обов'язкові тією мірою, в якій вони були    б обов'язковими для сторони, яку правонаступник замінив.

> (частина п'ята статті 11 у редакції
> Закону України від 28.11.2002 р. N 327-IV)

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

### Article 11. Parties to enforcement proceeding

Recoverer and debtor shall be parties to enforcement proceeding.

The recoverer shall be an individual or a legal entity for the benefit or in the interests of which the enforcement document is issued. The debtor shall be an individual or a legal entity that is obliged, under the decision, to take certain actions (transfer property, perform other obligations envisaged by the decision) or abstain from taking such actions.

(part two of Article 11 as amended pursuant to
the Law of Ukraine dated July 10, 2003 No. 1095-IV)

In enforcement proceedings on collecting amounts to the State Budget of Ukraine, the recoverer shall be the authority, upon claim of which the court issued a respective decision, or the authority that issued such a decision pursuant to the law. In enforcement proceedings on collecting court fees (state duty) to the State Budget of Ukraine, the recoverer shall be a state tax service authority.

(Article 11 is supplemented with new part three
pursuant to the Law of Ukraine dated September 22, 2005, No. 2900-IV,
in connection whereof parts three and four shall be deemed
as parts four and five accordingly,
part three of Article 11 as amended pursuant to
the Law of Ukraine dated March 15, 2006, No. 3541-IV)

Several recoverers or debtors may participate in enforcement proceeding. Each of them with regard to the other party shall have the right to participate in enforcement proceeding independently or may authorize a fellow participant to participate in enforcement proceeding.

In case of withdrawal of one of the parties, the state enforcement officer on his/her own initiative or upon request of the party, as well as the interested party itself shall have the right to petition the court to replace the party with its legal successor. All actions taken before entry of the legal successor in enforcement proceeding are binding on the legal successor to the extent the said actions would be binding on the party replaced by the legal successor.

(part five of Article 11 as restated by
the Law of Ukraine dated November 28, 2002, No. 327-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999,*
*No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 11 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  F

### 3.1. Підстави для відкриття виконавчого провадження

Державний виконавець відкриває виконавче провадження на підставі виконавчого документа:

(абзац другий пункту 3.1 із змінами, внесеними згідно з
наказом Міністерства юстиції України від 21.04.2005 р. N 40/5)

за заявою стягувача або його представника про примусове виконання рішення, зазначеного в пункті 1.1    цієї Інструкції;

(абзац третій пункту 3.1 із змінами, внесеними згідно з
наказом Міністерства юстиції України від 21.04.2005 р. N 40/5)

за заявою прокурора в разі представництва інтересів громадянина або держави в суді;

абзац п'ятий пункту 3.1 виключено

(згідно з наказом Міністерства
юстиції України від 21.04.2005 р. N 40/5)

в інших випадках, передбачених законом.

У разі, якщо стягувачем за виконавчим документом виступає держава, даний виконавчий лист скеровується    до виконання органові державної виконавчої служби органом, який видав відповідний виконавчий документ. У    цьому разі для відкриття виконавчого провадження застосовується положення абзацу шостого пункту 3.1 даної Інструкції.

(пункт 3.1 доповнено абзацом сьомим згідно з наказом
Міністерства юстиції України від 21.04.2005 р. N 40/5)

*(Наказ|Інструкція, Мінюст від 1999.12.15, № 74/5 "Про затвердження Інструкції про проведення виконавчих
дій" Редакція від 2005.11.11)*

### 3.1. Grounds for opening enforcement proceeding

State enforcement officer opens enforcement proceeding on the basis of enforcement document:

*(paragraph two of Section 3.1 as amended pursuant to the Order of the Ministry of Justice of Ukraine as of April 21, 2005, No. 40/5)*

upon the application of recoverer or its representative on enforcement of decision specified in Section 1.1 of this Instruction;

*(paragraph three of Section 3.1 as amended pursuant to the Order of Ministry of Justice of Ukraine as of April 21, 2005, No. 40/5)*

upon the application of prosecutor in cases of representation of interests of a citizen or state in court;

Paragraph five of Section 3.1 deleted

*(pursuant to the Order of Ministry of Justice of Ukraine as of April 21, 2005, No. 40/5)*

in other cases provided by law.

If the state is a recoverer under the enforcement document, such a writ of execution shall be sent for enforcement to the state enforcement service authority by the authority that has issued the respective enforcement document. In this case, the provision of paragraph six of Section 3.1 of this Instruction shall apply for the commencement of an enforcement proceeding.

*(Section 3.1 is supplemented with paragraph seven pursuant to the Order of Ministry of Justice of Ukraine as of April 21, 2005, No. 40/5)*

*(Order|Instruction, Ministry of Justice, "On the Approval of Instruction on Performing Enforcement Actions", dated December 15, 1999, No. 74/5, amended as of November 11, 2005)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Section 3.1 of Instruction on Performing Enforcement Actions approved by the Order of the Ministry of Justice of Ukraine No. 74/5, dated December 15, 1999, amended as of November 11, 2005, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  G

"ЗАТВЕРДЖУЮ"

В.о.Начальника відділу примусового
виконання рішень Державної
виконавчої служби міста Києва
20 грудня 2006 року

_____ С.В.Нижник

**ПОСТАНОВА № 23/2**
про відмову у відкритті виконавчого провадження

20 грудня 2006                                                        м. Київ

Мною, старшим державним виконавцем відділу примусового виконання рішень державної виконавчої служби міста Києва Луніною О.І. при примусовому виконанні виконавчого листа № 2а-199-1 виданого 13.12.2006 Святошинським районним судом м. Києва про зобов'язання Київського міського управління юстиції зареєструвати приватну нотаріальну діяльність гр. Манохіної Ганни Олексіївни в Київському міському нотаріальному окрузі та видати Манохіній Ганні Олексіївні реєстраційне посвідчення

що вступив в законну силу ( набрав чинності) 08.11.2006
у процесі проведеної перевірки

ВСТАНОВЛЕНО:

Відсутня заява стягувача про прийняття виконавчого документа до виконання.

Ураховуючи викладене та керуючись ст. 26 п. 7 Закону України "Про виконавче провадження",

ПОСТАНОВЛЯЮ :

1.Відмовити в прийнятті до провадження виконавчого документа та у відкритті виконавчого провадження з примусового виконання виконавчого листа № 2а-199-1 виданого 13.12.2006 Святошинським районним судом м. Києва про зобов'язання Київського міського управління юстиції зареєструвати приватну нотаріальну діяльність гр. Манохіної Ганни Олексіївни в Київському міському нотаріальному окрузі та видати Манохіній Ганні Олексіївні реєстраційне посвідчення

2.Копію постанови направити заявнику.

3.Постанова може бути оскаржена начальнику відділу примусового виконання рішень державної виконавчої служби міста Києва або до суду в 10-денний строк з моменту її одержання.

Старший державний виконавець                                        О.Луніна

"COPY"

**"APPROVED"**
Interim Head of the Decisions
Enforcement Department of the
State Enforcement Service
of the City of Kyiv
December 20, 2006
[*signature*]     S.V. Nyzhnyk
[*official seal*]

**RULING No. 231/2**
on the Refusal to Commence Enforcement Proceeding

December 20, 2006                                                          Kyiv

I, O.I. Lunina, a senior state enforcement officer of the Decisions Enforcement Department of the State Enforcement Service of the City of Kyiv, in the course of enforcement of the writ of execution No. 2a-199-1 issued by Svyatoshynsky District Court of the City of Kyiv of December 13, 2006, compelling the Kyiv City Justice Office to register Ganna O. Manokhina as a private notary in the Kyiv City Notarial District and issue a respective registration certificate to Ganna O. Manokhina

the writ of execution took effect (became effective) on November 8, 2006
in the course of investigation

HAVE ESTABLISHED THAT:

There is no application of the recoverer requesting commencement of enforcement upon the enforcement document.

Considering the foregoing and on the basis of Article 26 para. 7 of the Law of Ukraine "On Enforcement Proceedings",

IT IS HEREBY RULED TO:

1. Disallow the enforcement document in enforcement proceeding and refuse the commencement of enforcement proceeding to enforce the writ of execution No. 2a-199-1 issued by Svyatoshynsky District Court of the City of Kyiv of December 13, 2006, compelling the Kyiv City Justice Office to register Ganna O. Manokhina as a private notary in the Kyiv City Notarial District and issue a respective registration certificate to Ganna O. Manokhina.
2. Deliver a copy hereof to the applicant.
3. An appeal from the Ruling may, within 10 days of the receipt hereof, be taken to the Head of the Decisions Enforcement Department of the State Enforcement Service of the City of Kyiv or to court.

Senior State Enforcement Officer          [*signature*]          O. Lunina

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Ruling No. 231/2 on the Refusal to Commence Enforcement Proceeding approved by the Interim Head of the Decisions Enforcement Department of the State Enforcement Service of the City of Kyiv, dated December 20, 2006, of which I have seen a copy of the original.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  H

## Стаття 26. Відмова у відкритті виконавчого провадження

Державний виконавець відмовляє у відкритті виконавчого провадження у разі:

1) пропуску встановленого строку пред'явлення документів до виконання;

2) неподання виконавчого документа, зазначеного у статті 3 цього Закону;

> (пункт 2 частини першої статті 26 із змінами, внесеними
> згідно із Законом України від 28.11.2002 р. N 327-IV,
> у редакції Закону України від 15.03.2006 р. N 3541-IV)

3) якщо рішення, на підставі якого видано виконавчий документ, не набрало законної сили, крім випадків, коли воно у встановленому законом порядку допущено до негайного виконання;

> (частину першу статті 26 доповнено новим пунктом 3
> згідно із Законом України від 10.07.2003 р. N 1095-IV)

4) пред'явлення виконавчого документа до органу державної виконавчої служби не за місцем або підвідомчістю виконання рішення;

> (частину першу статті 26 доповнено новим пунктом 4
> згідно із Законом України від 10.07.2003 р. N 1095-IV,
> пункт 4 частини першої статті 26 із змінами,
> внесеними згідно із Законом України від 23.06.2005 р. N 2716-IV)

5) якщо не закінчилася відстрочка виконання рішення, надана судом, яким постановлено рішення;

> (частину першу статті 26 доповнено новим пунктом 5
> згідно із Законом України від 10.07.2003 р. N 1095-IV)

6) у разі невідповідності виконавчого документа вимогам, передбаченим статтею 19 цього Закону;

> (частину першу статті 26 доповнено новим пунктом 6
> згідно із Законом України від 10.07.2003 р. N 1095-IV,
> у зв'язку з цим пункт 3 вважати пунктом 7)

7) наявності інших обставин, передбачених законом, які виключають здійснення виконавчого провадження.

Про відмову у відкритті виконавчого провадження державний виконавець у 3-денний строк після надходження до нього виконавчого документа виносить постанову, яка затверджується начальником відповідного органу державної виконавчої служби, якому він безпосередньо підпорядкований, і не пізніше наступного дня надсилає її заявникові.

> (частина друга статті 26 у редакції
> Закону України від 10.07.2003 р. N 1095-IV,
> із змінами, внесеними згідно із
> Законами України від 23.06.2005 р. N 2716-IV,
> від 22.12.2006 р. N 521-V)

У разі відмови у відкритті виконавчого провадження на підставі пункту 6 частини першої цієї статті державний виконавець роз'яснює стягувачу право на звернення до суду чи іншого органу (посадової особи), які видали виконавчий документ, про приведення виконавчого документа у відповідність із вимогами статті 19 цього Закону.

> (статтю 26 доповнено новою частиною третьою
> згідно із Законом України від 10.07.2003 р. N 1095-IV,
> у зв'язку з цим частину третю вважати частиною четвертою)

Постанова про відмову у відкритті виконавчого провадження може бути оскаржена заявником начальнику відповідного органу державної виконавчої служби, якому він безпосередньо підпорядкований, або до відповідного суду в 10-денний строк з моменту її одержання.

(частина четверта статті 26 із змінами, внесеними
згідно із Законом України від 23.06.2005 р. N 2716-IV)

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

### Article 26. Refusal to commence enforcement proceeding

The state enforcement officer shall refuse the commencement of an enforcement proceeding in the event of:

1) omission of the established term for submission of documents for enforcement;

2) failure to submit an enforcement document specified in Article 3 of the Law;

> (clause 2 of part one of Article 26 as amended
> pursuant to the Law of Ukraine dated November 28, 2002, No. 327-IV,
> as restated by the Law of Ukraine dated March 15, 2006, No. 3541-IV)

3) if the decision, on the basis of which the enforcement document has been issued, has not become legally effective, except for cases when its immediate enforcement has been allowed according to the procedure provided by law;

> (part one of Article 26 is supplemented with the new clause 3
> pursuant to the Law of Ukraine dated July 10, 2003, No. 1095-IV)

4) failure to submit an enforcement document to the state enforcement service authority at due place or with due jurisdiction for decision enforcement;

> (part one of Article 26 is supplemented with the new clause 4
> pursuant to the Law of Ukraine dated July 10, 2003, No. 1095-IV,
> clause 4 of part one of Article 26 as amended
> pursuant to the Law of Ukraine dated June 23, 2005, No. 2716-IV)

5) if the suspension period of decision enforcement granted by the court that issued the decision has not expired;

> (part one of Article 26 is supplemented with the new clause 5
> pursuant to the Law of Ukraine dated July 10, 2003, No. 1095-IV)

6) non-compliance of the enforcement document with the requirements provided by Article 19 of this Law;

> (part one of Article 26 is supplemented with new clause 6
> pursuant to the Law of Ukraine dated July 10, 2003, No. 1095-IV,
> in connection whereof clause 3 shall be deemed as clause 7)

7) existence of other circumstances envisaged by law that preclude the carrying out of an enforcement proceeding.

Within 3 days after receiving the enforcement document, the state enforcement officer shall issue a ruling on refusal to commence enforcement proceeding that shall be approved by the head of the respective state enforcement service authority, to who he/she is directly subordinated, and shall send it to the applicant not later than the next day.

> (part two of Article 26 as restated by
> Law of Ukraine dated July 10, 2003, No. 1095-IV,
> as amended pursuant to
> Laws of Ukraine dated June 23, 2005, No. 2716-IV,
> dated December 22, 2006, No. 521-V)

In case of refusal to commence enforcement proceeding on the basis of clause 6 of part one of this Article, the state enforcement officer explains to the recoverer its right to petition the court or other authority (official), that issued the enforcement document, to bring the enforcement document into compliance with the requirements of Article 19 of this Law.

(Article 26 is supplemented with new part three
pursuant to the Law of Ukraine of July 10, 2007, No. 1095-IV,
in connection whereof part three shall be deemed as part four)

Applicant may appeal the ruling on refusal to commence enforcement proceeding to the head of the respective state enforcement service authority, to who he/she is directly subordinated, or to the respective court within 10 days of its receipt.

(part four of Article 26 as amended pursuant to
the Law of Ukraine dated June 23, 2005, No. 2716-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999,
No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 26 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  I

## Стаття 24. Прийняття виконавчого документа до виконання

Державний виконавець зобов'язаний прийняти до виконання виконавчий документ і відкрити виконавче провадження, якщо не закінчився строк пред'явлення виконавчого документа до виконання і цей документ відповідає вимогам, передбаченим цим Законом, та пред'явлений до виконання до органу державної виконавчої служби за належним місцем виконання рішення.

(частина перша статті 24 із змінами, внесеними

згідно із Законами України від 10.07.2003 р. N 1095-IV,

від 23.06.2005 р. N 2716-IV)

Державний виконавець у 3-денний строк з дня надходження до нього виконавчого документа виносить постанову про відкриття виконавчого провадження. В постанові державний виконавець встановлює строк для добровільного виконання рішення, який не може перевищувати семи днів, а рішень про примусове виселення - п'ятнадцяти днів, та попереджає боржника про примусове виконання рішення після закінчення встановленого строку зі стягненням з нього виконавчого збору і витрат, пов'язаних з провадженням виконавчих дій, передбачених цим Законом.

Виконавчий документ, виданий на підставі рішення, яким надана відстрочка виконання, приймається державним виконавцем до виконання після закінчення терміну відстрочки в межах строку, встановленого для пред'явлення цього виконавчого документа.

(статтю 24 доповнено новою частиною третьою

згідно із Законом України від 10.07.2003 р. N 1095-IV)

У разі відкриття виконавчого провадження за виконавчим документом про конфіскацію майна, стягнення періодичних платежів, забезпечення позовних вимог строк для добровільного виконання не встановлюється.

(статтю 24 доповнено новою частиною четвертою

згідно із Законом України від 10.07.2003 р. N 1095-IV,

у зв'язку з цим частини третю - п'яту

вважати відповідно частинами п'ятою - сьомою)

Копія постанови про відкриття виконавчого провадження не пізніше наступного дня надсилається стягувачу, боржнику та органу (посадовій особі), який видав виконавчий документ.

За заявою стягувача, з метою забезпечення виконання рішення про майнові стягнення, державний виконавець постановою про відкриття виконавчого провадження вправі накласти арешт на майно боржника (крім коштів) та оголосити заборону на його відчуження. Одночасно з винесенням такої постанови державний виконавець може провести опис і арешт майна боржника в порядку, визначеному цим Законом.

(частина шоста статті 24 у редакції

Закону України від 10.07.2003 р. N 1095-IV)

Постанова про відкриття виконавчого провадження може бути оскаржена сторонами начальнику відповідного органу державної виконавчої служби або до відповідного суду у 10-денний строк.

(частина сьома статті 24 із змінами, внесеними

згідно із Законом України від 23.06.2005 р. N 2716-IV)

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

© ЛІГА.БізнесІнформ. Телефон (044) 538-01-01

## Article 24. Acceptance of enforcement document for enforcement

State enforcement officer shall accept an enforcement document for enforcement and commence an enforcement proceeding if the term for submission of enforcement document for enforcement has not expired and if this document complies with requirements provided by this Law, and if it is submitted for enforcement to the state enforcement service authority at the due place of decision enforcement.

(part one of Article 24 as amended
pursuant to Laws of Ukraine of July 10, 2003, No. 1095-IV,
of June 23, 2005, No. 2716-IV)

Within 3 days of receipt of the enforcement document, state enforcement officer shall issue a ruling on the commencement of enforcement proceeding. In the ruling, state enforcement officer shall establish a term for voluntary execution of the decision, which cannot exceed seven days and, for decisions on forced eviction, fifteen days, and warns the debtor about enforcement of the decision after expiration of the established term, with collection from it of enforcement fee and expenses connected with enforcement efforts provided by this Law.

State enforcement officer shall accept for enforcement the enforcement document issued on the basis of decision granting suspension of execution after the term of suspension expires and within the term provided for submission of such enforcement document.

(Article 24 is supplemented with new part three
pursuant to the Law of Ukraine dated July 10, 2003, No. 1095-IV)

In case of commencement of enforcement proceeding on the basis of an enforcement document on seizure of property, collection of recurring payments, security of plaintiff's claims, the term for voluntary execution shall not be established.

(Article 24 is supplemented with new part four
pursuant to the Law of Ukraine dated July 10, 2003, No. 1095-IV,
in connection whereof parts three through five shall be deemed accordingly
as parts five through seven)

Not later than the next day, a copy of the ruling on the commencement of enforcement proceeding shall be sent to the recoverer, the debtor and the authority (official) that issued the enforcement document.

Upon application of the recoverer, in order to secure execution of a decision on property collection, in his/her ruling on the commencement of enforcement proceeding, state enforcement officer shall have the right to attach the debtor's property (except for funds) and declare prohibition of its alienation. Simultaneously with issuance of such a ruling, state enforcement officer may make an inventory and attach debtor's property according to the procedure provided by this Law.

(part six of Article 24 as restated pursuant to
the Law of Ukraine dated July 10, 2003, No. 1095-IV)

Ruling on the commencement of enforcement proceeding may be appealed by the parties to the head of respective state enforcement service body or to respective court within 10 days.

(part seven of Article 24 as amended
pursuant to Law of Ukraine dated June 23, 2005, No. 2716-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999, No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 24 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  J

4.1.1. Державний виконавець, починаючи виконувати рішення, повинен пересвідчитись, чи отримана боржником копія постанови про відкриття виконавчого провадження і чи здійснені ним дії, спрямовані на добровільне виконання рішення у встановлений постановою строк.

При цьому до отримання відомостей про одержання боржником копії постанови для захисту прав стягувача державний виконавець може вжити заходів щодо забезпечення виконання, передбачені частиною шостою статті 24 Закону.

(абзац другий пункту 4.1.1 із змінами, внесеними згідно з
наказами Міністерства юстиції України від 22.09.2003 р. N 115/5,
від 21.04.2005 р. N 40/5)

Постанова про відкриття виконавчого провадження вважається врученою боржнику за адресою, зазначеною у виконавчому документі, за умов, передбачених для вручення судових повісток.

У разі, якщо копія постанови про відкриття виконавчого провадження одержана боржником несвоєчасно, внаслідок чого боржник був позбавлений можливості добровільно виконати рішення у встановлений державним виконавцем строк, за письмовою заявою боржника при підтвердженні факту несвоєчасного одержання вказаної постанови державний виконавець відкладає провадження виконавчих дій у порядку, установленому статтею 32 Закону, та поновлює боржнику строк для добровільного виконання рішення.

(пункт 4.1.1 доповнено абзацом четвертим згідно з
наказом Міністерства юстиції України від 21.04.2005 р. N 40/5)

Якщо при відкритті виконавчого провадження державним виконавцем у порядку, установленому статтею 24 Закону, накладено арешт на майно боржника, за погодженням з державним виконавцем боржник має право у строк, установлений для добровільного виконання рішення, реалізувати належне йому майно в рахунок повного або часткового погашення боргу за виконавчим документом. У цьому разі покупець майна боржника повинен внести кошти за придбане майно на рахунок органу державної виконавчої служби в строк, установлений для добровільного виконання рішення. Після внесення покупцем коштів арешт з проданого майна боржника знімається за постановою державного виконавця.

(пункт 4.1.1 доповнено абзацом п'ятим згідно з
наказом Міністерства юстиції України від 21.04.2005 р. N 40/5)

*(Наказ\Інструкція, Мінюст від 1999.12.15, № 74/5 "Про затвердження Інструкції про проведення виконавчих дій" Редакція від 2005.11.11)*

4.1.1. When beginning enforcement of a decision, state enforcement officer shall ascertain whether the debtor has received a copy of ruling on the commencement of enforcement proceeding and whether he/she/it has taken any actions towards voluntary execution of the decision within the term established in the ruling.

Therewith, before obtaining information on the receipt by the debtor of a copy of the ruling, in order to protect the rights of the recoverer, the state enforcement officer may take measures to secure enforcement envisaged by part six of Article 24 of the Law.

(paragraph two of Section 4.1.1 as amended pursuant to
Orders of the Ministry of Justice of Ukraine dated September 22, 2003, No. 115/5,
dated April 21, 2005, No. 40/5)

The ruling on the commencement of enforcement proceeding shall be deemed as served to the debtor at the address specified in the enforcement document under the conditions envisaged for the service of court summons.

If the debtor has not timely received a copy of the ruling on the commencement of enforcement proceeding, and as a result the debtor was deprived of opportunity to execute the decision voluntarily within the term established by the state enforcement officer, upon written application of the debtor and given the fact of untimely receipt of the mentioned ruling is confirmed, the state enforcement officer shall postpone the enforcement efforts according to the procedure provided by Article 32 of the Law and shall renew the term for the debtor to execute the decision voluntarily.

(Section 4.1.1 is supplemented with paragraph four pursuant to
Order of the Ministry of Justice of Ukraine dated April 21, 2005, No. 40/5)

If, when commencing an enforcement proceeding, state enforcement officer has attached the debtor's property according to the procedure provided by Article 24 of the Law, the debtor has the right to sell his/her/its property on account of full or partial repayment of the debt under the enforcement document, upon coordination with state enforcement officer and within the term established for voluntary execution of the decision. In this case, the purchaser of the debtor's property shall transfer the money for the purchased property to the account of the state enforcement service authority within the term established for voluntary execution of the decision. After the purchaser transfers the money, the attachment of the sold property of the debtor is lifted under a ruling of state enforcement officer.

(Section 4.1.1 is supplemented with paragraph five pursuant to
Order of the Ministry of Justice of Ukraine dated April 21, 2005, No. 40/5)

*(Order\Instruction, Ministry of Justice, "On the Approval of Instruction on Performing Enforcement Actions", dated December 15, 1999, No. 74/5, amended as of November 11, 2005)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Section 4.1.1 of Instruction on Performing Enforcement Actions approved by the Order of the Ministry of Justice of Ukraine No. 74/5, dated December 15, 1999, amended as of November 11, 2005, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  K

## Стаття 76. Порядок вручення судових повісток

1. Судові повістки, адресовані фізичним особам, вручаються їм під розписку, а юридичним особам - відповідній службовій особі, яка розписується про одержання повістки.

2. Розписка про одержання судової повістки з поміткою про дату вручення в той самий день особами, які її вручали, повертається до суду.

3. Якщо особу, якій адресовано судову повістку, не виявлено в місці проживання, повістку під розписку вручають будь-кому з повнолітніх членів сім'ї, які проживають разом з нею, а за їх відсутності - відповідній житлово-експлуатаційній організації або виконавчому органу місцевого самоврядування.

4. У разі відсутності адресата особа, що доставляє судову повістку, негайно повертає її до суду з поміткою про причини невручення.

5. Вручення судової повістки представникові особи, яка бере участь у справі, вважається врученням повістки і цій особі.

6. Якщо особа, яка бере участь у справі, перебуває під вартою або відбуває покарання у виді довічного позбавлення волі, позбавлення волі на певний строк, тримання у дисциплінарному батальйоні військовослужбовців, обмеження волі, арешту, повістка та інші судові документи вручаються їй під розписку адміністрацією місця утримання особи, яка негайно надсилає розписку та письмові пояснення цієї особи до суду.

7. Особам, які проживають за межами України, судові повістки вручаються в порядку, визначеному міжнародними договорами, згода на обов'язковість яких надана Верховною Радою України, в разі відсутності таких - через дипломатичні представництва та консульські установи України за місцем проживання цих осіб.

8. У разі відмови адресата одержати судову повістку особа, яка її доставляє, робить відповідну помітку на повістці і повертає її до суду. Особа, яка відмовилася одержати судову повістку, вважається повідомленою.

9. Якщо місцеперебування відповідача невідоме, суд розглядає справу після надходження до суду відомостей щодо його виклику до суду в порядку, визначеному цим Кодексом.

*(Кодекс цивільний процесуальний, ВР України від 2004.03.18, № 1618-IV "Цивільний процесуальний кодекс України" Редакція від 2007.03.12)*

## Article 76. Procedure for serving court summons

1. Court summons addressed to individuals shall be served to them against acknowledgement, and to legal entities – to the relevant officer who shall acknowledge the receipt of a court summons.

2. Acknowledgement of receipt of a court summons with the mark of date of service shall be returned to the court by persons who served it at the same day.

3. If person, to whom a court summons is addressed, is not found at the place of residence, the court summons shall be served against acknowledgement to any adult member of the family who lives together with such person and, in case of their absence, to the relevant housing organization or to the executive body of local self-government.

4. In case of absence of the addressee, the person who delivers a court summons shall immediately return it to the court with the mark on reasons for non-service.

5. Delivery of a court summons to a representative of the person participating in a case shall be deemed as delivery of the summons to such person.

6. If the person participating in a case is under guard or endures the punishment in the form of life imprisonment, imprisonment for a specified period, holding in disciplinary battalion of military personnel, restraint of liberty, arrest, a court summons and other judicial documents shall be delivered to the said person against acknowledgement by the administration of confinement facility, which shall immediately forward the acknowledgement and written clarifications of this person to the court.

7. To the persons residing outside Ukraine, court summons shall be served according to the procedure envisaged by international treaties agreed to be binding by the Verkhovna Rada of Ukraine and, in case of absence of such treaties, through diplomatic missions and consular offices of Ukraine at the place of residence of these persons.

8. If the addressee refuses to receive a court summons, the person who delivers it shall make relevant mark on the summons and return it to the court. The person that refused to receive the court summons shall be deemed as notified.

9. If the whereabouts of the respondent are unknown, the court shall try a case after receiving the information regarding his/her summons to appear in court according to the procedure envisaged by this Code.

*(The Code of Civil Procedure, the Verkhovna Rada of Ukraine, "The Code of Civil Procedure of Ukraine" dated March 18, 2004, No. 1618-IV, Amended as of March 12, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 76 of the Code of Civil Procedure of Ukraine No. 1618-IV, dated March 18, 2004, amended as of March 12, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  L

**Стаття 76. Загальні умови виконання рішень, за якими боржник зобов'язаний особисто вчинити певні дії або утриматися від їх вчинення**

Після відкриття виконавчого провадження по виконавчому документу, який зобов'язує боржника вчинити певні дії або утриматися від їх вчинення, державний виконавець відповідно до статті 24 цього Закону визначає йому строк добровільного виконання рішення.

У разі невиконання без поважних причин цих вимог державний виконавець застосовує до боржника штрафні санкції чи інші заходи, передбачені законодавством, і призначає новий строк виконання. Якщо після цього рішення не буде виконано і виконання може бути проведено без участі боржника, державний виконавець організовує виконання відповідно до повноважень, наданих йому законом, а на боржника державним виконавцем накладається штраф у сумі двократного розміру витрат на проведення виконавчих дій у порядку, встановленому частиною другою статті 87 цього Закону.

*(частина друга статті 76 із змінами, внесеними*
*згідно із Законом України від 18.11.2003 р. N 1255-IV)*

Якщо виконати рішення без участі боржника неможливо, державний виконавець застосовує до боржника штрафні санкції та інші заходи, передбачені статтею 87 цього Закону, після чого, виконавчий документ постановою державного виконавця, затвердженою начальником відповідного органу державної виконавчої служби, якому він безпосередньо підпорядкований, повертається до суду чи іншого органу, що видав виконавчий документ.

*(частина третя статті 76 із змінами, внесеними*
*згідно із Законами України від 18.11.2003 р. N 1255-IV,*
*від 23.06.2005 р. N 2716-IV)*

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

## Article 76. General terms of enforcement of decisions obliging the debtor to personally take certain actions or abstain from actions

Upon commencement of an enforcement proceeding under an enforcement document requiring the debtor to take certain actions or abstain from actions, according to Article 24 of this Law, the state enforcement officer shall establish the term for voluntary execution of the decision by the debtor.

Where those requirements fail to be complied with without a good reason, the state enforcement officer shall impose upon the debtor penalties or undertake other measures provided by law, and shall determine a new term for execution. Where the decision is not subsequently executed and its enforcement may be conducted without the debtor's involvement, the state enforcement officer shall arrange for the enforcement within the authority vested in him/her by law and, according to the procedure established by part two of Article 87 of this Law, the state enforcement officer shall impose upon the debtor a fine in the amount double the amount of expenses incurred for the enforcement efforts.

(part two of Article 76 as amended pursuant to
the Law of Ukraine dated November 18, 2003, No. 1255-IV)

Where the decision can not be enforced without the debtor's participation, the state enforcement officer shall impose on the debtor penalties and undertake other measures contemplated by Article 87 of this Law, whereupon, pursuant to a ruling of state enforcement officer, as approved by the head of respective state enforcement service authority to who the state enforcement officer is directly subordinate, the enforcement document shall be returned to the court or other authority, which issued that enforcement document.

(part three of Article 76 as amended pursuant to
the Laws of Ukraine dated November 18, 2003, No. 1255-IV,
dated June 23, 2005, No. 2716-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999,
No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 76 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[seal]

# EXHIBIT  M

## Стаття 2. Органи і посадові особи, які здійснюють примусове виконання рішень

Примусове виконання рішень в Україні покладається на Державну виконавчу службу, яка входить до системи органів Міністерства юстиції України.

Відповідно до Закону України "Про державну виконавчу службу" примусове виконання рішень здійснюють державні виконавці Департаменту державної виконавчої служби Міністерства юстиції України, відділів державної виконавчої служби Головного управління юстиції Міністерства юстиції України в Автономній Республіці Крим, обласних, Київського та Севастопольського міських управлінь юстиції, районних, міських (міст обласного значення), районних в містах відділів державної виконавчої служби відповідних управлінь юстиції (далі - державні виконавці).

(частина друга статті 2 із змінами, внесеними
згідно із Законами України від 10.07.2003 р. N 1095-IV,
від 23.06.2005 р. N 2716-IV)

За наявності обставин, що ускладнюють виконання рішення, або у разі виконання зведеного виконавчого провадження при органах державної виконавчої служби можуть утворюватися виконавчі групи в порядку, встановленому Міністерством юстиції України, до складу яких включаються державні виконавці одного або кількох органів державної виконавчої служби. За наказом Міністерства юстиції України або Головного управління юстиції Міністерства юстиції України в Автономній Республіці Крим, обласних, Київського та Севастопольського міських управлінь юстиції на керівників групи можуть покладатися права та повноваження, встановлені цим Законом, у виконавчому провадженні для начальників районних, міських (міст обласного значення), районних в містах відділів державної виконавчої служби відповідних управлінь юстиції.

(статтю 2 доповнено новою частиною третьою
згідно із Законом України від 10.07.2003 р. N 1095-IV,
у зв'язку з цим частину третю вважати частиною четвертою,
частина третя статті 2 із змінами, внесеними згідно
із Законами України від 23.06.2005 р. N 2716-IV,
від 22.12.2006 р. N 521-V)

Інші органи, установи, організації і посадові особи здійснюють виконавчі дії у випадках, передбачених законом, у тому числі відповідно до статті 6 цього Закону на вимогу чи за дорученням державного виконавця.

(частина четверта статті 2 із змінами, внесеними
згідно із Законом України від 28.11.2002 р. N 327-IV)

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

### Article 2. Authorities and Officials Empowered to Enforce Decisions

Enforcement of decisions in Ukraine shall be entrusted to the State Enforcement Service incorporated in the system of authorities of the Ministry of Justice of Ukraine.

According to the Law of Ukraine "On Enforcement Proceedings", decisions shall be enforced by state enforcement officers of the State Enforcement Service Department of the Ministry of Justice of Ukraine, state enforcement service offices of the Main Directorate of Justice of the Ministry of Justice of Ukraine in the Autonomous Republic of Crimea, oblast, Kyiv and Sevastopol City Directorates of Justice, and district, city (cities being oblast administrative centers), city district offices of the state enforcement service under respective directorates of justice (hereinafter, "state enforcement officers").

(part two of Article 2 is as amended by the Laws of Ukraine of
July 10, 2003, No. 1095-IV and
of June 23, 2005, No. 2716-IV)

Where circumstances complicating decision enforcement persist, or in cases where a consolidated enforcement proceeding is undertaken, within authorities of the state enforcement service, and in the manner established by the Ministry of Justice of Ukraine, there may be set up enforcement teams, to include state enforcement officers of one or several bodies of the state enforcement service. Pursuant to an order by the Ministry of Justice of Ukraine or the Central Directorate of the Ministry of Justice of Ukraine in the Autonomous Republic of Crimea, oblast, Kyiv and Sevastopol City Directorates of Justice, the team leader may be conferred with rights and authorities established by this Law in an enforcement proceeding for heads of district, city (cities being oblast administrative centers), city district offices of the state enforcement service under respective directorates of justice.

(pursuant to the Law of Ukraine of July 10, 2003,
No. 1095-IV, Article 2 is supplemented with new part three,
in connection whereof part three shall be deemed as part four,
part three of Article 2 is as amended by the Laws of Ukraine of June 23, 2005
No. 2716-IV, and of December 22, 2006, No. 521-V)

Other authorities, institutions, organizations and officials shall undertake enforcement efforts in cases provided by law, including pursuant to Article 6 of this Law, at the request or upon instruction of a state enforcement officer.

(part four of Article 2 is as amended by
the Law of Ukraine of November 28, 2002, No. 327-IV)

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999,*
*No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 2 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  N

### Стаття 5. Обов'язки і права державних виконавців

Державний виконавець зобов'язаний вживати заходів примусового виконання рішень, встановлених цим Законом, неупереджено, своєчасно, повно вчиняти виконавчі дії.

Державний виконавець:

здійснює необхідні заходи щодо своєчасного і повного виконання рішення, зазначеного в документі на примусове виконання рішення (далі - виконавчий документ), у спосіб і порядок, визначені виконавчим документом;

(абзац другий частини другої статті 5 із змінами, внесеними
згідно із Законом України від 10.07.2003 р. N 1095-IV)

надає сторонам виконавчого провадження та їх представникам можливість ознайомитися з матеріалами виконавчого провадження;

розглядає заяви сторін та інших учасників виконавчого провадження та їх клопотання;

заявляє в установленому порядку про самовідвід за наявності обставин, передбачених цим Законом;

роз'яснює сторонам їх права і обов'язки;

проводить оцінку (переоцінку) майна в порядку, встановленому законодавством про оцінку майна, майнових прав та професійну оціночну діяльність.

(частину другу статті 5 доповнено абзацом сьомим
згідно із Законом України від 06.09.2005 р. N 2801-IV)

Державний виконавець при здійсненні виконавчого провадження має право:

одержувати необхідні для проведення виконавчих дій пояснення, довідки, іншу інформацію;

проводити перевірку виконання рішень юридичними особами всіх форм власності, а також громадянами, які провадять підприємницьку діяльність без створення юридичної особи і в установленому порядку набули статусу суб'єкта підприємницької діяльності, що є боржниками за виконавчими документами;

(частину третю статті 5 доповнено новим абзацом третім
згідно із Законом України від 10.07.2003 р. N 1095-IV,
у зв'язку з цим абзаци третій - тринадцятий
вважати абзацами четвертим - чотирнадцятим)

здійснювати перевірку виконання юридичними особами рішень стосовно працюючих у них боржників;

безперешкодно входити до приміщень і сховищ, що належать боржникам або зайняті ними, проводити огляд зазначених приміщень і сховищ, при необхідності примусово відкривати їх в установленому порядку, опечатувати ці приміщення і сховища;

(абзац п'ятий частини третьої статті 5 із змінами, внесеними
згідно із Законом України від 10.07.2003 р. N 1095-IV)

накладати арешт на майно боржника, опечатувати, вилучати, передавати таке майно на зберігання та реалізовувати його в порядку, встановленому законодавством;

(абзац шостий частини третьої статті 5 із змінами, внесеними
згідно із Законом України від 10.07.2003 р. N 1095-IV)

на виконання рішення суду про стягнення коштів або накладення арешту в порядку, встановленому цим Законом, накладати арешт на грошові кошти та інші цінності боржника, в тому числі на кошти, які знаходяться на

рахунках та вкладах в установах банків, інших кредитних установах, на рахунки в цінних паперах, а також опечатувати каси, приміщення і місця зберігання грошей;

> (абзац сьомий частини третьої статті 5 із змінами, внесеними
> згідно із Законами України від 10.07.2003 р. N 1095-IV,
> від 02.06.2005 р. N 2631-IV,
> від 15.03.2006 р. N 3541-IV)

використовувати за згодою власника приміщення, в тому числі, що є в комунальній власності, для тимчасового зберігання вилученого майна, а також транспорт стягувача або боржника для перевезення майна;

> (абзац восьмий частини третьої статті 5
> у редакції Закону України від 10.07.2003 р. N 1095-IV)

звертатися до органу, який видав виконавчий документ, за роз'ясненням рішення з заявою про видачу дубліката виконавчого документа, порушувати клопотання про встановлення чи зміни порядку і способу виконання, відстрочку та розстрочку виконання рішення;

> (абзац дев'ятий частини третьої статті 5 із змінами,
> внесеними згідно із Законом України від 28.11.2002 р. N 327-IV)

звертатися до суду з поданням про розшук боржника - фізичної особи або дитини чи про постановлення вмотивованого рішення про примусове проникнення до житла чи іншого володіння боржника - фізичної особи або іншої особи, у якої знаходиться майно боржника чи майно та кошти, належні боржникові від інших осіб, або дитина щодо якої є виконавчий документ про її відібрання;

> (абзац десятий частини третьої статті 5 із змінами, внесеними
> згідно із Законами України від 10.07.2003 р. N 1095-IV,
> від 15.03.2006 р. N 3538-IV)

викликати громадян та посадових осіб з приводу виконавчих документів, що знаходяться у виконавчому провадженні, а у разі неявки боржника без поважних причин виносити постанову про його привід через органи внутрішніх справ;

> (абзац одинадцятий частини третьої статті 5 із змінами,
> згідно із Законом України від 10.07.2003 р. N 1095-IV)

залучати до проведення виконавчих дій понятих, працівників органів внутрішніх справ, інших осіб у встановленому порядку, а також експертів, спеціалістів, а для оцінки майна - суб'єктів оціночної діяльності - суб'єктів господарювання;

> (абзац дванадцятий частини третьої статті 5 із змінами, внесеними
> згідно із Законами України від 10.07.2003 р. N 1095-IV,
> від 06.09.2005 р. N 2801-IV)

накладати стягнення у вигляді штрафу на громадян і посадових осіб у випадках, передбачених законом;

застосовувати під час проведення виконавчих дій відеозапис, фото- і кінозйомки;

> (частину третю статті 5 доповнено абзацом чотирнадцятим
> згідно із Законом України від 10.07.2003 р. N 1095-IV)

при виконанні судових рішень безперешкодно входити на земельні ділянки, в житлі та інші приміщення боржників - фізичних осіб, проводити в цих приміщеннях огляд, за необхідності примусово відкривати їх в установленому порядку із залученням працівників органів внутрішніх справ, опечатувати ці приміщення, арештовувати, опечатувати та вилучати належне боржникові майно, яке там знаходиться та на яке за законом можливо

звернути стягнення;

*(частину третю статті 5 доповнено абзацом п'ятнадцятим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

вимагати від матеріально відповідальних і службових осіб боржників - юридичних осіб або від боржників фізичних осіб відомості та пояснення по фактах невиконання рішень або законних вимог державного виконавця чи інших порушень вимог законодавства про виконавче провадження;

*(частину третю статті 5 доповнено абзацом шістнадцятим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

повідомляти з метою профілактичного впливу органи державної влади, громадські об'єднання, трудові колективи і громадськість за місцем проживання або роботи особи про факти порушення нею вимог законодавства про виконавче провадження;

*(частину третю статті 5 доповнено абзацом сімнадцятим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

у разі необхідності для проведення чи організації виконавчих дій залучати на платній основі, у тому числі за рахунок авансового внеску стягувача, суб'єктів господарювання, які у встановленому законом порядку одержали ліцензії на:

*(частину третю статті 5 доповнено абзацом вісімнадцятим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

1) будівельну діяльність (вишукувальні та проектні роботи для будівництва, зведення несучих та огороджувальних конструкцій, будівництво та монтаж інженерних і транспортних мереж);

*(частину третю статті 5 доповнено абзацом дев'ятнадцятим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

2) надання послуг з перевезення пасажирів і вантажів автомобільним транспортом загального користування (крім надання послуг з перевезення пасажирів та їх багажу на таксі);

*(частину третю статті 5 доповнено абзацом двадцятим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

3) операції у сфері поводження з небезпечними відходами;

*(частину третю статті 5 доповнено абзацом двадцять першим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

4) надання послуг, пов'язаних з охороною державної та іншої власності, надання послуг з охорони громадян;

*(частину третю статті 5 доповнено абзацом двадцять другим*
*згідно із Законом України від 10.07.2003 р. N 1095-IV)*

5) проведення землевпорядних та землеоцінювальних робіт;

*(частину третю статті 5 доповнено абзацом двадцять третім*
*згідно із Законом України від 10.07.2003 р. N 1095-IV,*
*у зв'язку з цим абзац чотирнадцятий*
*вважати абзацом двадцять четвертим)*

здійснювати інші повноваження, передбачені цим та іншими законами.

*(Закон, ВР України від 1999.04.21, № 606-XIV "Про виконавче провадження" Редакція від 2007.02.20)*

## Article 5. Rights and Obligations of State Enforcement Officers

The state enforcement officer shall be obligated to undertake decision enforcement efforts as provided by this Law, and without prejudice, in a timely manner, and in full carry through the enforcement efforts.

The state enforcement officer shall:

undertake any necessary efforts to ensure timely and complete enforcement of the decision set forth in a document for the decision enforcement (hereinafter, "enforcement document"), in the manner and following the procedure set forth in the enforcement document;

> (paragraph two of part two of Article 5 as amended
> pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV)

allow parties to the enforcement proceeding and their representatives to review the materials of the enforcement proceeding;

review petitions brought by the parties and other participants in the enforcement proceeding;

where circumstances contemplated by this Law persist, announce his refusal to accept the appointment according to the established procedure;

clarify to the parties their rights and obligations;

have appraisal (re-appraisal) of property in the manner established by the laws on appraisal of property, property rights, and professional appraisal operations.

> (pursuant to the Law of Ukraine of September 6, 2005, No. 2801-IV
> part two of Article 5 is supplemented with paragraph seven)

When undertaking enforcement proceedings, the state enforcement officer shall have the right to:

obtain explanations, notes, and other information necessary for the enforcement efforts;

exercise control over implementation of decisions by legal entities of all forms of ownership, as well as by individuals doing business as sole entrepreneurs that acquired the status of a subject of entrepreneurial activity according to the established procedure, which the enforcement documents set forth as debtors;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with new paragraph three,
> in connection whereof paragraphs three through thirteen shall be deemed as
> paragraphs four through fourteen)

exercise control over implementation of decisions by legal entities in respect of the debtors that are their employees;

have free access to premises and storage facilities owned or occupied by debtors, inspect said premises and storage facilities, and, if necessary, enforce their opening as established by law, seal up those premises and storage facilities;

> (paragraph five of part three of Article 5 is as amended
> pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV)

attach debtor's property, seal up, seize, transfer such property for storage and sell the same in the manner established by law;

> (paragraph six of part three of Article 5 is as amended
> pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV)

in pursuit of enforcement of a judicial decision on recovery of funds or attachment, in the manner

upon which is allowed by law;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph fifteen)

request that accountable officers and officials of the legal entity debtors, and individual debtors provide information and explanations upon any incidences of failure to comply with decisions or lawful requirements of the state enforcement officer or of other violations of legal requirements in respect of enforcement proceedings;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph sixteen)

with the aim of prevention, at the person's home or business address, notify state authorities, non-governmental associations, teams of employees, and the general public of the person's failure to comply with legal requirements in respect of enforcement proceedings;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph seventeen)

where necessary for undertaking or arranging for the enforcement efforts, on a paid basis, including at the cost of a recoverer's deposit, engage undertakings, which in the manner established by law received licenses for:

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph eighteen)

1) construction operations (exploration and design work for construction, building of support and protecting structures, construction and assembly of engineering and transport networks);

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph nineteen)

2) provision of passenger and cargo transportation services by motor general-purpose vehicles (save passenger and luggage transportation by taxi);

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph twenty)

3) hazardous waste handling operations;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph twenty one)

4) provision of services related to security of public and other property, provision of bodyguard services;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph twenty two)

5) land management and land appraisal operations;

> (pursuant to the Law of Ukraine of July 10, 2003, No. 1095-IV
> part three of Article 5 is supplemented with paragraph twenty three,
> in connection whereof paragraph fourteen
> shall be deemed as paragraph twenty four)

exercise other authority envisaged by this Law and other laws.

*(Law, the Verkhovna Rada of Ukraine, "On Enforcement Proceedings", dated April 21, 1999, No. 606-XIV, amended as of February 20, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 5 of the Law of Ukraine "On Enforcement Proceedings" No. 606-XIV, dated April 21, 1999, amended as of February 20, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  O

**Стаття 153. Розгляд заяви про забезпечення позову, виконання ухвали про забезпечення позову**

1. Заява про забезпечення позову розглядається судом, у провадженні якого перебуває справа, в день її надходження без повідомлення відповідача та інших осіб, які беруть участь у справі.

2. Заява про забезпечення позову, подана до подання позовної заяви, розглядається судом не пізніше двох днів з дня її подання. У разі обґрунтованої вимоги заявника заява про забезпечення позову, подана до подання позовної заяви, розглядається лише за його участю без повідомлення особи, щодо якої просять вжити заходи забезпечення позову.

3. Суд, розглядаючи заяву про забезпечення позову, подану до подання позовної заяви, може вимагати від заявника подати додаткові документи та інші докази, що підтверджують необхідність забезпечення позову.

4. Суд, допускаючи забезпечення позову, може вимагати від позивача забезпечити його вимогу заставою, достатньою для того, щоб запобігти зловживанню забезпеченням позову, яка вноситься на депозитний рахунок суду. Розмір застави визначається судом з урахуванням обставин справи, але не повинен бути більшим за розмір ціни позову.

5. Про вжиття заходів забезпечення позову суд постановляє ухвалу, в якій зазначає вид забезпечення позову і підстави його обрання, порядок виконання, розмір застави, якщо така призначена. Копія ухвали надсилається заявнику та заінтересованим особам негайно після її постановлення.

6. Залежно від обставин справи суд може забезпечити позов повністю або частково.

7. У разі постановлення ухвали без повідомлення особи, щодо якої просять вжити заходи забезпечення позову, копія ухвали надсилається особі, щодо якої вжито заходи забезпечення позову, негайно після її виконання.

8. Суд, встановивши, що заяву про забезпечення позову подано без додержання вимог статті 151 цього Кодексу, повертає її заявнику, про що постановляє ухвалу.

9. Ухвала про забезпечення позову виконується негайно в порядку, встановленому для виконання судових рішень. У разі забезпечення вимог заявника заставою ухвала про забезпечення позову звертається до виконання негайно після внесення предмета застави в повному розмірі.

10. Оскарження ухвали про забезпечення позову не зупиняє її виконання, а також не перешкоджає подальшому розгляду справи.

11. Оскарження ухвали про скасування забезпечення позову або про заміну одного виду забезпечення іншим зупиняє виконання цієї ухвали.

12. Особи, винні в порушенні заходів забезпечення позову, несуть відповідальність, встановлену законом.

*(Кодекс цивільний процесуальний, ВР України від 2004.03.18, № 1618-IV "Цивільний процесуальний кодекс України" Редакція від 2007.03.12)*

### Article 153. Consideration of petition to secure a claim, execution of decree
### on securing a claim

1. A petition to secure a claim shall be reviewed by the court considering the case, on the day of its receipt without notifying the respondent and other persons participating in the case.

2. A petition to secure a claim submitted before the statement of claim is filed shall be considered by the court not later than two days after its submission. In the event of a reasoned request of the petitioner, the petition to secure a claim submitted before the statement of claim is filed shall be considered only in its presence without notifying the person, in respect of whom the injunctive relief to secure a claim is sought.

3. When considering the petition to secure a claim submitted before the statement of claim is filed, the court may require the petitioner to submit additional documents and other evidence that confirm the need for securing the claim.

4. When allowing the claim to be secured, the court may require the claimant to secure its demand with security deposit that is sufficient to prevent abuse of injunctive relief to secure the claim and that shall be transferred to the deposit account of the court. The amount of security deposit shall be determined by the court taking into account the circumstances of the case, but shall not exceed the amount of the claim.

5. The court shall issue a decree on injunctive relief to secure a claim, wherein it shall specify the type of injunctive relief and the grounds for electing it, the procedure for execution, the amount of security deposit, if it has been prescribed. A copy of the decree shall be sent to the petitioner and other interested persons immediately after its issuance.

6. Depending on the circumstances of the case, the court may secure the claim in full or in part.

7. If the decree has been issued without notifying the person, in respect of whom the injunctive relief to secure a claim is sought, a copy of the decree shall be sent to the person, in respect of whom the injunctive relief to secure a claim has been granted, immediately after its enforcement.

8. If the court ascertains that the petition to secure a claim has been submitted not in conformity with requirements of Article 151 of this Code, it shall return the petition to the petitioner and shall issue a decree to that effect.

9. A decree on securing a claim shall be enforced immediately according to the procedure provided for the enforcement of court decisions. If the demands of the petitioner are secured by the security deposit, the decree on securing a claim shall be submitted for enforcement immediately after the security deposit object has been transferred in full.

10. Appeal of the decree on securing a claim shall not suspend its enforcement and shall not prevent further consideration of the case.

11. Appeal of the decree on cancellation of security for a claim or on replacement of one type of security with another shall suspend the enforcement of such decree.

12. Persons guilty of violating the injunctive relief to secure a claim shall be held liable according to the law.

*(The Code of Civil Procedure, the Verkhovna Rada of Ukraine, "The Code of Civil Procedure of Ukraine" dated March 18, 2004, No. 1618-IV, Amended as of March 12, 2007)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 153 of the Code of Civil Procedure of Ukraine No. 1618-IV, dated March 18, 2004, amended as of March 12, 2007, of which I have seen a printed out copy.

April 16, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

# EXHIBIT  P

Стаття 19. Правовий порядок в Україні ґрунтується на засадах, відповідно до яких ніхто не може бути примушений робити те, що не передбачено законодавством.

Органи державної влади та органи місцевого самоврядування, їх посадові особи зобов'язані діяти лише на підставі, в межах повноважень та у спосіб, що передбачені Конституцією та законами України.

*(Конституція\Закон, ВР України від 1996.06.28, № 254к/96-ВР "КОНСТИТУЦІЯ УКРАЇНИ" Редакція від 2004.12.08)*

**Article 19.** The legal order in Ukraine is based on the principles, according to which no one may be forced to do what is not envisaged by legislation.

State authorities and local self-government authorities, and their officials shall be obliged to act only on the grounds, within the limits of authority, and in the manner envisaged by the Constitution and the laws of Ukraine.

*(Constitution\Law, the Verkhovna Rada of Ukraine, "CONSTITUTION OF UKRAINE", dated June 28, 1996, No. 254k/96-VR, Amended as of December 8, 2004)*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of Article 19 of the Constitution of Ukraine, No. 254k/96-VR, dated June 28, 1996, amended as of December 8, 2004, of which I have seen a printed out copy.

April 16, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]